# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br><br> Defendants, | **Civil Action No. 2021-0253** |
| **HELEN SHIRLEY, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br><br> Defendants, | **Civil Action No. 2021-0259** |
| **FRANCIS E. CHARLES and THERESA J. CHARLES,** <br><br> Plaintiffs, <br><br> v. <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br><br> Defendants, | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br><br> Defendants, | **Civil Action No. 2021-0261** |

# STATUS REPORT REGARDING BANKRUPTCY CASES
# AND RELEVANT PROVISIONS OF CONFIRMATION ORDER

Nominal defendant Limetree Bay Refining, LLC ("LBR"), hereby files this *Status Report Regarding Bankruptcy Cases and Relevant Provisions of Confirmation Order* to provide the Court with information regarding the status of the bankruptcy cases of LBR and its affiliated debtors (collectively, the "Debtors"), and certain provisions of the confirmation order entered by the Bankruptcy Court bearing upon the above-captioned cases.[1]

**A.   The Commencement and Removal of the USVI Litigation**

1.   In May 2021, several lawsuits, including putative class actions, were filed in the Superior Court of the Virgin Islands, Division of St. Croix against LBR and other non-Debtor defendants. *Shirley et al. v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2021-CV-00411; *Charles et al. v. Limetree Bay Refining, LLC et al.*, St. Croix Superior Court case no. SX-2021-CV-00413; *Cotton et al. v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2021-CV-00414. The plaintiffs in these cases allege that while attempting to re-start operations, the Limetree Bay Oil Refinery emitted pollutants. Shortly thereafter, another putative class action based on the same events was filed in this Court. *Boynes et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-253 (the "Boynes Action").

2.   On June 24, 2021, the *Shirley*, *Charles* and *Cotton* cases were removed to this Court.[2] *Shirley et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00259-WAL-

---

[1] The Debtors in the chapter 11 cases are: Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operating, LLC; and Limetree Bay Refining Marketing, LLC. The undersigned, who is not bankruptcy counsel to the LBR Liquidating Trust, the Liquidating Trustee, or nominal defendant LBR submits this status report to update the Court on the posture of these cases, upon review of all pertinent dockets and documents referenced herein and upon consultation with bankruptcy counsel. Orders granting admission *pro hac vice* have been entered in the Cotton Action for Abigail O'Brient and Joseph Dunn, who are counsel to the Liquidating Trustee in the Bankruptcy Cases.

[2] In addition to the lawsuits pending in this Court, several cases based on the same events remain pending in Superior Court: *C. McCurdy et al. v. Limetree Bay Refining, LLC et al.*, St. Croix Superior Court case no. SX-2021-

EAH (the "Shirley Action"), Dkt. 1; *Charles et al. v. Limetree Bay Refining, LLC et al.*, D.V.I. case no. 1:21-cv-00260-WAL-EAH (the "Charles Action"), Dkt. 1; *Cotton et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00261-WAL-EAH (the "Cotton Action"; together with the Boynes Action, Shirley Action, and Charles Action, the "USVI Actions"), Dkt. 1.

B. **The Commencement of the Bankruptcy Cases, the *Cotton* Adversary Proceeding, the Mediation, and the Voluntary Water Program**

3. A few weeks later, on July 12, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), commencing the cases captioned as *In re Limetree Bay Services, LLC, et al.* case no. 21-32351 (DRJ) (the "Bankruptcy Case").

4. Pursuant to 11 U.S.C. § 362(a), the USVI Actions were stayed against LBR as of the Petition Date, and on July 14, 2021, the Debtors filed a *Notice of Commencement of Chapter 11 Bankruptcy Cases* in each of the USVI Actions informing the Court and the parties of the Bankruptcy Case and the resulting automatic stay. Boynes Action, Dkt. 48; Charles Action, Dkt. 31; Cotton Action, Dkt. 82; Shirley Action, Dkt. 12. In certain USVI Actions, this Court subsequently entered a Memorandum Opinion and Order providing, *inter alia*, that the USVI Actions were stayed against LBR and directing the parties to provide further briefing regarding the applicability of the automatic stay to non-debtor co-defendants. Cotton Action, Dkt. 100; Shirley Action, Dkt. 14.

---

cv-781; *H. McCurdy et al. v. Limetree Bay Refining, LLC et al.*, St. Croix Superior Court case no. SX-2022-cv-142; and *Liger v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2022-cv-301 (the "Liger Action"). Plaintiff's counsel in the Liger Action has filed a notice of appearance in the Cotton Action. Cotton Action, Dkt. 159.

5. On July 26, 2021, LBR commenced an adversary proceeding in the Bankruptcy Court, *Limetree Bay Refining, LLC v. Cotton et al.*, Bankr. S.D. Tex. case no. 21-03791, against the plaintiffs in the USVI Actions (the "Adversary Proceeding"). In the Adversary Proceeding, LBR sought declaratory and, additionally or in the alternative, injunctive relief to stay or enjoin the continued prosecution of the USVI Actions against the non-debtor defendants due to the cost, distraction, and disruption to the Debtors and their estates. Adversary Proceeding, Dkt. 1, ¶ 1.

6. In connection with the Adversary Proceeding, on August 10, 2021, the Bankruptcy Court entered the *Stipulation and Agreed Order Among the Debtor, the Official Committee of Unsecured Creditors and Certain Class Action Plaintiffs* (the "AP Mediation Stipulation"), pursuant to which the Debtors, the Official Committee of Unsecured Creditors, and the plaintiffs in the Boynes, Cotton and Shirley Actions agreed to a voluntary stay so the parties could engage in mediation of certain matters.[3] Adversary Proceeding, Dkt. 56. Prior to entry into the Mediation Stipulation, the Debtors and non-debtor co-defendant Limetree Bay Terminals, LLC ("LBT") voluntarily established a program for distributing water to certain residents near the Limetree Bay Oil Refinery.

7. Following the Mediation Stipulation, the Debtors, LBT and the plaintiffs in the USVI Actions agreed to expand the voluntary water distribution program. On October 29, 2021, the Bankruptcy Court entered the *Stipulation and Agreed Order Adopting Water Distribution Program* (the "Voluntary Stay Stipulation"), pursuant to which, *inter alia*, the parties agreed to an expanded voluntary water distribution program, and further agreed the Boynes, Cotton and Shirley Actions would remain voluntarily stayed against the non-debtor co-defendants in those cases until at least December 1, 2021, subject to extension upon agreement of the parties,

---

[3] The plaintiffs in the Charles Action were not parties to this stipulation, but voluntarily participated in the mediation.

provided that any party could terminate the voluntary stay if mediation terminated or reached an impasse. Adversary Proceeding, Dkt. 126. The Voluntary Stay Stipulation specifically authorized the Debtors and LBT to discontinue or modify the water program if the voluntary stay terminated or expired. *Id.* at ¶ 8.

8. In light of the Voluntary Stay Stipulation, on December 23, 2021, this Court directed the Clerk of the Court to place the USVI Actions on the Civil Suspense Docket and ordered the parties to provide periodic updates on the voluntary stay. Boynes Action, Dkt. 82; Charles Action, Dkt. 49; Cotton Action, Dkt. 121; Shirley Action, Dkt. 23.

9. The mediation of the USVI Actions continued until September 26, 2022, when the plaintiffs terminated the mediation. Cotton Action, Dkts. 132, 132-5.

## C. Sale of the Refinery, Confirmation of the Plan and Creation of the Liquidating Trust

10. During the Bankruptcy Case, on January 21, 2022, the Debtors sold substantially all of their assets, including the Limetree Bay Oil Refinery, to a third-party purchaser. Bankruptcy Case, Dkt. 1112.

11. On March 18, 2022, the Debtors proposed their *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* (as amended, supplemented, or otherwise modified, the "Plan"). Bankruptcy Case, Dkts. 1204, 1273-1, 1413-1. The Plan provides for the liquidation of each of the Debtors and their estates, and upon the occurrence of the Effective Date, the transfer of all remaining assets in the Debtors' estates (the "Liquidating Trust Assets") to the LBR Liquidating Trust. *See* Plan, §§ I.A-B.

12. On May 20, 2022, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"). Bankruptcy Case, Dkt. 1454. A copy of the Confirmation Order, which

in turn attaches the confirmed Plan and the Liquidating Trust Agreement, and is now final and non-appealable, is attached hereto as **Exhibit 1**.

13. On June 10, 2022, the Debtors filed a notice with the Bankruptcy Court that the Effective Date under the Plan had occurred on that same date. Bankruptcy Case, Dkt. 1511. A copy of this notice is attached hereto as **Exhibit 2**. On the Effective Date, (i) David Dunn of Province LLC was appointed to serve as the Liquidating Trustee, (ii) the LBR Liquidating Trust was established, and (iii) the Liquidating Trust Assets were transferred and assigned to the LBR Liquidating Trust as set forth in the Plan and the Liquidating Trust Agreement. *See* Plan Art. IX.B.

14. The primary purposes of the LBR Liquidating Trust are to (i) administer, monetize and liquidate the Liquidating Trust Assets, (ii) resolve all Disputed Claims (as defined in the Plan), and (iii) make all Distributions (as defined in the Plan) from the LBR Liquidating Trust as provided under the Plan and the Liquidating Trust Agreement. *Id*.

15. The Liquidating Trustee is required by the Plan, Confirmation Order and Liquidating Trust Agreement to make distributions in accordance with the waterfall set forth in the Plan and the Liquidating Trust Agreement, which is generally consistent with the Bankruptcy Code's priority scheme. For example, creditors holding over $800 million in secured debt are entitled to receive distributions before general unsecured creditors (such as litigation claimants). Plan, §§ VII.A.2-5; Liquidating Trust Agreement, § 6.03.

**D.    The Confirmation Order's Impact on the USVI Litigation**

16. Upon the occurrence of the Effective Date, the automatic stay imposed by section 362 of the Bankruptcy Code immediately terminated; however, the voluntary stay pursuant to the Voluntary Stay Stipulation remained in effect, and the USVI Actions remained on the Civil

Suspense Docket pursuant to this Court's order. In addition, as set forth below, certain provisions of the Plan and Confirmation Order impose strict limitations on the continued prosecution of the USVI Actions.

17. The Confirmation Order explicitly finds that "Except for purposes of compliance with Section 1145, or otherwise expressly provided herein, **the Liquidating Trust and its affiliates, successors, or assigns are not, as a result of actions taken in connection with the Plan, a successor to the Debtors** or a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. The Liquidating Trust shall be deemed to be a successor to the Debtors only for purposes of compliance with Section 1145 and 1123(b)(3)(B) and for no other reason under any state or federal law." Confirmation Order, ¶ WW (emphasis added).

18. The Confirmation Order approves certain releases, exculpations, and injunctions as set forth in Article XIV of the Plan, which bind the plaintiffs in the USVI Actions. *See* Confirmation Order, ¶ 18.

19. In pertinent part, the Confirmation Order provides for an injunction (the "Plan Injunction") prohibiting "all Persons" from taking any action against the LBR Liquidating Trust or the Liquidating Trustee:

> Except as otherwise expressly provided for in this Combined Plan and Disclosure Statement, with respect to obligations issued pursuant to this Combined Plan and Disclosure Statement, or to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim, **all Persons are permanently enjoined, on and after the Effective Date, on account of any Claim** or Equity Interest satisfied and released hereby, **from: commencing or continuing in any manner any action or other proceeding of any kind against any [of] the Liquidating Trust or the Liquidating Trustee**, or their successors and assigns, and their assets and properties; enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any [of] the Liquidating Trust or the Liquidating Trustee . . . ." (emphasis added)

Confirmation Order, ¶ 18 (emphasis added).

20. The Plan Injunction also prohibits "all Persons" from taking action against any assets distributed under the Plan (including the Liquidating Trust Assets):

> Except as otherwise specifically provided in the Combined Plan and Disclosure Statement or this Confirmation Order, **all Persons who have held, hold, or may hold Claims against** or Equity Interests in **the Debtors . . . shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action or other proceeding of any kind against any of the assets to be distributed under the Plan**, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order with respect to any of the assets to be distributed under the Plan, . . . .

*Id.* (emphasis added).

21. Notwithstanding the broad releases, exculpations, and injunctions set forth in the Plan and the Confirmation Order, the Confirmation Order permits the plaintiffs (to the extent their claims are covered by the Debtors' insurance policies) to continue to prosecute the USVI Actions, subject to specific limitations: "the Insurance Claimants and their counsel may file, assert, and/or continue to assert their Claims and/or related litigation, including the Putative Class Action Litigation, against any of the Debtors **as nominal defendants** for the purpose of (a) establishing claims against the Debtors and their Estates, **and** (b) preserving rights with respect to insurance coverage for such Claims, if any, **and for no other purpose**." Confirmation Order, ¶¶ 18, 19(a) (emphasis added).

22. In other words, upon the Effective Date of the Plan, the plaintiffs in the USVI Actions are *only* permitted to continue to assert claims against the Debtors as *nominal defendants*, provided such claims are asserted solely in order to both establish claims against the Debtors and their estates *and* to preserve rights with respect to insurance coverage for such claims. *Id.* However, the Confirmation Order expressly enjoins the plaintiffs in the USVI Actions from asserting any claims against the LBR Liquidating Trust or the Liquidating Trustee, and from taking any action with respect to any Liquidating Trust Assets. *Id.* at ¶ 18.

**E. The Liquidating Trust's Efforts To Obtain Insurance Coverage Related to the USVI Actions**

23. To date, no insurer has agreed to provide coverage for the USVI Actions (or LBR's defense thereof). LBR and LBT are insured under two pollution liability insurance policies providing a total of $10 million in coverage after LBR and LBT meet a $500,000 retention. *Limetree Bay Terminals, LLC et al. v. Euclid Enviant, LLC et al.*, Bankr. S.D. Tex. Case no. 22-03306 ("Insurance AP"), Dkt. 25 (First Amended Complaint) at ¶¶ 16-19 and Exs. A, B. The First Amended Complaint filed in the Insurance AP is attached hereto as **Exhibit 3**. These pollution policies generally cover LBR and LBT for any claims made against them arising out of pollution incidents. *Id.* at ¶ 1. LBR and LBT satisfied the self-insured retention under the pollution policies, and turned to the pollution insurers to cover the USVI Actions, which allege LBR and LBT are liable for pollution incidents during the policy period. *Id.* at ¶¶ 40-49. The pollution insurers refused to provide coverage, asserting that other insurers should cover the USVI Actions first, and the pollution insurers would provide coverage only after those other insurers paid the limits of their policies. *Id.* at ¶ 42. None of the other insurers has agreed to cover any of the USVI Actions. *Id.* at ¶ 45.

24. The Liquidating Trustee, on behalf of LBR, and LBT therefore filed the Insurance AP on October 21, 2022 to require the pollution insurers to provide coverage for the USVI Actions, including reimbursing LBR and LBT for defense costs and certain other expenses incurred. *See generally id.* The Liquidating Trustee and LBT intend to resolve the Insurance AP expeditiously, and have filed a motion for partial summary judgment asking the court adjudicating the Insurance AP to determine that the other insurance clause does not allow the pollution insurers to avoid providing coverage to LBR and LBT now. Insurance AP, Dkt. 38. This summary judgment motion is attached hereto as **Exhibit 4**.

### F. Plaintiffs' Actions in the USVI Actions Following the Effective Date, and the Pending Motion to Enforce the Confirmation Order

25. Following their termination of mediation and the Voluntary Stay, the plaintiffs in the USVI Actions have taken various actions barred by the Confirmation Order.

26. First, the plaintiffs in the Boynes, Charles and Cotton Actions have each amended, or requested leave to amend, their respective complaints to name the LBR Liquidating Trust and the Liquidating Trustee as additional defendants. Boynes Action, Dkt. 117 (motion for leave to amend); Charles Action, Dkt. 60 (motion for leave to amend); Cotton Action, Dkt. 143 (amended complaint). As noted above, the Plan Injunction expressly enjoins "all Persons . . . from: commencing or continuing in any manner any action or other proceeding of any kind against any [of] the Liquidating Trust or the Liquidating Trustee." Confirmation Order, ¶ 18.

27. On January 30, 2023, following numerous requests by counsel for the Liquidating Trustee, the plaintiffs in the Cotton Action dismissed their complaint as against the LBR Liquidating Trust and the Liquidating Trustee. Cotton Action, Dkt. 169. In addition, counsel for the plaintiffs in the Boynes Actions informed counsel for the Liquidating Trustee by email that they intend to "forego without prejudice [their] claims" against the Trust Parties and would "amend as of right to remove the Trustee and Liquidating Trust as defendants." However, these dismissals are without prejudice; the plaintiffs in the Charles Action have not dismissed the LBR Liquidating Trust and the Liquidating Trustee or withdrawn their motions for leave to amend the operative complaints to name the Trust Parties as defendants; and all plaintiffs in the USVI Actions apparently continue to seek injunctive relief against the LBR Liquidating Trust and the Liquidating Trustee pursuant to the TRO/PI Motions.[4]

---

[4] On January 30, 2023, after business hours in the U.S. Virgin Islands, plaintiffs in the Cotton Action filed an amended TRO/PI Motion that removed this reference to the funding of the water program from proceeds of

28. In addition to violating the Confirmation Order, each amended complaint includes demonstrably false allegations concerning the LBR Liquidating Trust or the Liquidating Trustee. *See, e.g.*, Boynes Action, Dkt. 117, at ¶ 38 (alleging the LBR Liquidating Trust and Liquidating Trustee "own and operate the aforementioned Limetree Bay Refinery"); Cotton Action, Dkt. 143, at ¶ 406 (alleging the LBR Liquidating Trust and Liquidating Trustee "purchase[d], undercapitalize[d], restart[ed], operat[ed] and owne[d] [] the Refinery"). Other allegations in the amended complaints concerning the Liquidating Trust or the Liquidating Trustee are collaterally estopped by the Confirmation Order. *Compare* Boynes Action, Dkt. 117, at ¶ 233 (alleging the Liquidating Trust is "successor-in-interest" to LBR); Cotton Action, Dkt. 143, at ¶ 394 (same) *with* Confirmation Order, ¶ WW ("the Liquidating Trust . . . [is] not, as a result of actions taken in connection with the Plan, a successor to the Debtors").

29. Second, the plaintiffs in the USVI Actions have each filed, or joined in, a motion for a temporary restraining order and preliminary injunction (the "TRO/PI Motions") seeking relief that would require the LBR Liquidating Trust, the Liquidating Trustee, and LBT to provide plaintiffs and class members "with safe, clean, and potable water, and to immediately remediate, at a minimum, the roofs, pipes, and cisterns that are contaminated."[5] Cotton Action, Dkts. 156-157 (TRO/PI Motion); *see also* Boynes Action, Dkt. 120 (same); Charles Action, Dkt. 62 (same);

---

litigation being pursued LBR Liquidating Trust, and appears to attempt to substitute LBR as the party against which those Plaintiffs seek mandatory injunctive relief. Cotton Action, Dkts. 170-71. However, in the Expedited Discovery Motion filed thereafter, those same plaintiffs continue to reference their request for injunctive relief against the Liquidating Trustee and the LBR Liquidating Trust. Cotton Action, Dkt. 172.

[5] As of the date of this Status Report: (a) the plaintiffs in the Shirley Action have not named or requested leave to name the LBR Liquidating Trust or the Liquidating Trustee as defendants; (b) the Boynes and Charles plaintiffs' motions for leave to amend their complaints to name the LBR Liquidating Trust or the Liquidating Trustee as defendants have not been granted; and (c) the Cotton plaintiffs filed an amended complaint naming the LBR Liquidating Trust or the Liquidating Trustee as defendants, but later dismissed these parties without prejudice prior to serving process on the trust or the trustee. Thus, through the TRO/PI Motions, the plaintiffs in each USVI Action appear to request this Court order injunctive relief against parties that are not before this Court (though the extent to which the Cotton plaintiffs continue to seek relief against the LBR Liquidating Trust and the Liquidating Trustee is unclear, as described above in Footnote 4).

Shirley Action, Dkt. 33 (joinder). The TRO/PI Motions violate the Plan Injunction because they "commenc[e] or continu[e] in any manner any action or other proceeding of any kind against any [of] the Liquidating Trust or the Liquidating Trustee." Confirmation Order, ¶ 18.

30. In addition, the TRO/PI Motions violate the Plan Injunction because they "commenc[e] or continu[e] in any manner any Claim, action or other proceeding of any kind against any of the assets to be distributed under the Plan." *Id.* Specifically, the TRO/PI Motions contend funds from certain adversary proceedings instituted by the Liquidating Trustee should be earmarked to pay for the water program and remediation, but fail to inform the Court that the subject litigation proceeds are required, pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, to be used only for specific purposes (such as payment of other creditors) and are not available to be used to fund a water program. *See, e.g.* Cotton Action, Dkt. 157, at p. 8 ("Defendant Dunn in his capacity as Liquidating Trustee has recently initiated eighteen adversary proceedings seeking to recover in excess of $9 million to the bankruptcy estate, some of which can and should be utilized upon its recovery to fund the water program."); Liquidating Trust Agreement, § 6.03 (explaining distribution waterfall).

### G. The Bankruptcy Court Emergency Motion and LBR's Position Concerning the USVI Actions

31. As a result of these improper actions by the plaintiffs in the USVI Actions, on January 30, 2023, the Liquidating Trustee filed an *Emergency Motion to Enforce the Confirmation Order* (the "Emergency Motion"). Bankruptcy Case Dkt. 1647. The Emergency Motion is attached hereto as **Exhibit 5.** Through the Emergency Motion, the Liquidating Trustee requests the Bankruptcy Court enforce the Confirmation Order and, *inter alia*:

- Enjoin the plaintiffs in the USVI Actions from continuing to prosecute the USVI Actions against the Liquidating Trustee and/or the LBR Liquidating Trust, including by (a)

naming the Liquidating Trustee and/or the LBR Liquidating Trust as defendants, (b) requesting leave to amend the operative complaints to name the Liquidating Trustee and/or the LBR Liquidating Trust as defendants, and (c) seeking relief by motion against the Liquidating Trustee and/or the LBR Liquidating Trust or assets vested in the LBR Liquidating Trust.

- Order the plaintiffs in the USVI Actions to immediately take all actions necessary to cease their violations of the Confirmation Order and Plan, including, without limitation, ordering (a) the plaintiffs in the Boynes, Charles, and Cotton Actions to, within two (2) days of entry of any Order on the Emergency Motion, take all actions necessary to dismiss the Liquidating Trustee and/or the LBR Liquidating Trust from such actions, with prejudice, to the extent such actions have not been taken prior to entry of such Order; and (b) the plaintiffs in the USVI Actions to, within two (2) days of entry of any Order on the Emergency Motion, take all actions necessary to withdraw the TRO/PI Motions to the extent such motions seek relief against the Liquidating Trustee and/or the LBR Liquidating Trust or the assets of the Liquidating Trustee and/or the LBR Liquidating Trust, or seek to compel LBR to take any action or expend any funds.

- Enjoin the plaintiffs in the USVI Actions from continuing to prosecute the USVI Actions against LBR unless and until LBR is named only as a nominal defendant, and (a) insurance coverage has been confirmed for the applicable USVI Action, and/or (b) an insurance carrier has agreed to provide a defense of the applicable USVI Action.

*Id.* at ¶ 1.

32. The Liquidating Trustee has requested the Bankruptcy Court hear the Emergency Motion by no later than February 7, 2023.

13

33. Pending the Bankruptcy Court's decision interpreting its Confirmation Order, LBR intends to request that the Court stay the USVI Actions as to LBR, the Liquidating Trust, and the Liquidating Trustee.

Dated: January 30, 2023

Respectfully Submitted,

*/s/ Ryan C. Stutzman*
Ryan C. Stutzman, Esq. (V.I. Bar #R2053)
CSA ASSOCIATES, P.C.
1138 King Street, Suite 100
Christiansted, VI 00820
TEL: (340) 773-3681
rstutzman@saastx.vi
Attorney for Nominal Defendant Limetree Bay Refining, LLC

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on January 30, 2023 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in these cases.

                                        */s/ Ryan C. Stutzman*
                                        Ryan C. Stutzman, Esq.