DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>        Defendants. | **Civil Action No. 2021-0253** |
| HELEN SHIRLEY, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>        Defendants. | **Civil Action No. 2021-0259** |
| FRANCIS E. CHARLES and THERESA J. CHARLES,<br><br>        Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>        Defendants. | **Civil Action No. 2021-0260** |
| BEECHER COTTON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>        Defendants. | **Civil Action No. 2021-0261** |

**Attorneys:**

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Jennifer Jones, Esq.,**
St. Thomas, U.S.V.I.
**Hugh P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**Kerry J. Miller, Esq.,**
**C. Hogan Paschal, Esq.,**
**Paul C. Thibodeaux, Esq.,**
**Rebekka C. Veith, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
New Orleans, Louisiana
    *For the Boynes Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**John-Russell Bart Pate, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Warren T. Burns, Esq.,**
**Daniel H. Charest, Esq.,**
Dallas, Texas
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A. Nelson, Esq.,**
**Harry Richard Yelton, Esq.,**
New Orleans, Louisiana
    *For the Shirley Plaintiffs*

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I
**Hugh. P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
New Orleans, Louisiana
    *For the Charles Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**Rhea Lawrence, Esq.,**
**Marina Leonard, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I
**Shanon Jude Carson, Esq.,**
**Daniel H. Charest, Esq.,**
**Quinn Burns, Esq.,**
**Warren T. Burns, Esq.,**
Dallas, Texas
**John Quin Kerrigan, I, Esq.,**
Doylestown, Pennsylvania
**John Albanese, Esq.,**
Minneapolis, Minnesota
**Dena R. Young, Esq.,**
**Yechiel M Twersky, Esq.**
Philadelphia, Pennsylvania
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A Nelson**
**Harry Richard Yelton, Esq.,**
New Orleans, Louisiana
    *For the Cotton Plaintiffs*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
**Earnesta L. Taylor, Esq.,**
St. Croix, U.S.V.I.
**Kevin J. Bruno, Esq.,**
New York, New York
**Melanie S. Carter, Esq.,**
Philadelphia, Pennsylvania
    *For Defendant Limetree Bay*
    *Terminals*, *LLC*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Limetree Bay Terminals LLC's ("Terminals") "Motion to Stay Orders Related to Preliminary Injunction Pending Appeal" ("Motion to Stay")[1] pursuant to Federal Rule of Civil Procedure 62. (Dkt. No. 412). For the reasons that follow, the Court will deny Terminals' Motion to Stay.

### I. BACKGROUND

The Court assumes the parties' familiarity with the relevant procedural history and factual background, which were detailed at length in the Court's April 28, 2023 Memorandum Opinion. (Dkt. No. 285) ("Phase One Opinion"). As such, the Court provides only a brief procedural history here.

On January 31, 2023, the Cotton Plaintiffs[2] filed an "Amended Motion for Temporary Restraining Order and Preliminary Injunction" ("Motion for Preliminary Injunction"), which the remaining Plaintiffs joined, seeking, *inter alia*, the establishment of a water distribution program to provide water to individuals whose water supply was allegedly contaminated as a result of the refinery's flare. (Civ. No. 2021-0261, Dkt. No. 170). By Order dated February 2, 2023, this Court determined that the complexity of Plaintiffs' Motion for Preliminary Injunction warranted dividing the motion into two phases: "entitlement" to the relief and, if appropriate, "scope and structure" of

---

[1] Terminals filed its Motion to Stay in each of the four cases, Civ. No. 2021-0253 ("Boynes Dkt."), Dkt. Nos. 412, 413; Civ. No. 2021-0260 ("Charles Dkt."), Dkt. Nos. 296, 297; Civ. No. 2021-0261 ("Cotton Dkt."), Dkt. Nos. 449, 450; Civ. No. 2021-0259 ("Shirley Dkt."), Dkt. Nos. 233, 234, which were consolidated for this stage of the proceedings. (Dkt. No 122). Unless otherwise noted, all citations herein refer to the Boynes Dkt.

[2] The use of the word "Plaintiffs" refers to plaintiffs in all four of the above-captioned actions unless otherwise specified.

1

any such relief. (Dkt. No. 136 at 5). On April 28, 2023, and after a four-day evidentiary hearing relating to Plaintiffs' entitlement to a preliminary injunction, the Court issued its Phase One Opinion and an accompanying Order, wherein the Court found that "Plaintiffs having satisfied the preliminary injunction factors with respect to those Plaintiffs and putative class members who cannot afford to purchase water without trading off other basic necessities, preliminary injunctive relief for a water provision program for that group of individuals is warranted." (Dkt No. 284 at 3). The Court otherwise denied Plaintiffs' Motion for Preliminary Injunction. *Id*. On July 20, 2023, and after another four-day evidentiary hearing related to the proper scope and implementation of a water distribution program, the Court issued its Phase Two Opinion, (Dkt. No. 389), and an accompanying Order Implementing Water Distribution Program (Dkt. No. 390) (together with first and second phase preliminary injunction orders ("PI Orders")). On August 7, 2023, Terminals filed a notice of appeal as to the PI Orders. (Dkt. No. 410). On August 8, 2023, Terminals filed the instant Motion to Stay, seeking to stay the PI Orders pending Terminals' appeal to the Third Circuit. (Dkt. No. 412).

The majority of the arguments Terminals raises in its Motion to Stay are substantially the same arguments Terminals raised in opposition to Plaintiffs' Motion for Preliminary Injunction. For the same reasons articulated in the Court's Phase One and Phase Two Opinions, which are incorporated herein by reference, and for the reasons that follow, the Court will deny Terminals' Motion to Stay.

## II.   APPLICABLE LEGAL PRINCIPLES

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialties Corp. v. Sec'y of the United States HHS*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). Consequently, the same "four

factors" that the Court previously analyzed at length in considering Plaintiffs' Motion for Preliminary Injunction are the same four factors currently at issue for Terminals' Motion to Stay. Those factors are:

> whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting [the stay] will result in even greater harm to the nonmoving party; and (4) whether granting the [stay] will be in the public interest.

*N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012) (internal citation and quotation marks omitted). Nonetheless, "a motion for stay pending appeal is not a second bite at the preliminary injunction apple." *Coalition For Economic Equity v. Wilson*, 1997 WL 70641, at *5 (N.D. Cal. Feb. 7, 1997). Indeed, a motion for stay pending appeal of a granted preliminary injunction is properly denied where a party's motion to stay merely re-raises the same arguments the Court already decided in the course of issuing the underlying preliminary injunction. *See, e.g., Nat'l Shooting Sports Found. v. Platkin*, 2023 WL 2344635, at *1 (D.N.J. Mar. 3, 2023) ("granting Defendant's motion for a stay would arguably be tantamount to a reconsideration and reversal of the Court's [prior] decision."); *Eli Lilly & Co. v. Arla Foods Inc.*, 2017 WL 2976697, at *3 (E.D. Wis. July 11, 2017) ("I granted in part Elanco's motion for a preliminary injunction after already considering many of the same arguments Arla now asserts…Rather than address those issues in detail, I will incorporate my conclusions set forth during the preliminary injunction hearing and in my decision on the motion for a preliminary injunction…. Accordingly, Arla's request for a stay of the preliminary injunction pending appeal will be denied.").

While there are four factors to consider in deciding a motion to stay pending appeal, "[i]f the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis." *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 571 (3d Cir.

3

2015) (internal quotation marks and citation omitted); *see Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018) ("The first two factors are prerequisites for a movant to prevail."). "Likewise, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [stay opponent] if a stay is granted, [it] is still required to show, at a minimum, serious questions going to the merits." *Revel AC, Inc.*, 802 F.3d at 570 (internal quotation marks and citation omitted); *7-Eleven, Inc. v. Sodhi*, 2017 WL 466514, at *2 (D.N.J. Jan. 31, 2017) ("If the movant fails to demonstrate a likelihood of success on the merits, the Court may deny the motion and decline to analyze any of the remaining three factors"). Re-raising arguments rejected during the issuance of a preliminary injunction is insufficient to establish likelihood of success on the merits for the purposes of a stay of that same preliminary injunction pending appeal. *Theorem, Inc. v. Citrusbyte, LLC*, 2022 WL 1314041, at *2 (C.D. Cal. Jan. 18, 2022) ("Defendants largely rely on the very same arguments that the Court has repeatedly rejected en route to granting Plaintiffs' request for a preliminary injunction…. Defendants include no new arguments or facts in the instant motion to stay pending appeal that would cause the Court to alter its original determination as to likelihood of success."); *Coalition For Economic Equity v. Wilson*, 1997 WL 70641 at *5 (similar).

### III. DISCUSSION

For the same reasons expressed in its 52-page Phase One Opinion and 45-page Phase Two Opinion, the Court concludes that Terminals has not demonstrated that a stay of the preliminary injunction is warranted. Specifically, Terminals does not raise any new facts or law suggesting its appeal is likely to succeed on the merits. This alone is dispositive. As to the other factors, Terminals only raises two partially new arguments in support of granting a stay: 1) that operating a water distribution program subjects Terminals to irreparable reputation damage, (Mot. at 5), and 2) that the public interest is not served by an order that risks causing massive panic as to the safety

4

of the water supply, (Mot. at 10). The Courts finds both arguments unpersuasive and is otherwise unpersuaded by Terminals' repetition of previously rejected arguments. As such, the Court finds the remaining factors also weigh against granting Terminals' Motion.

### A. Likelihood of Success on the Merits

Terminals recognizes that it must raise a "serious question going to the merits" in order to prevail on its Motion to Stay. (Mot. at 5). Nonetheless, Terminals' arguments as to likelihood of success on the merits merely echo the arguments the Court has already rejected at length in its Phase One Opinion. Terminals "include[s] no new arguments or facts in the instant motion to stay pending appeal that would cause the Court to alter its original determination as to likelihood of success." *Coalition For Economic Equity v. Wilson*, 1997 WL 70641 at *5. As such, Terminals has not established a serious question as to the likelihood of success on the merits. Failure to do so is dispositive of Terminals' Motion in itself and the Court need not reach the other factors to deny it. *7-Eleven, Inc. v. Sodhi*, 2017 2017 WL 466514 at *2. In any event, the remaining factors do not weigh in Terminals' favor.

### B. Irreparable Harm

Terminals' arguments as to irreparable harm are focused primarily on the underlying merits of the case and the proper scope of the water distribution program: that there is no evidence of a "water or health crisis warranting such a program;" that the water distribution program provides residents too many gallons of water; that too many households will sign up for the program; and that too many estates are included in the program. (Mot. at 10). These arguments do not show an irreparable harm and were squarely rejected by the Court's Phase One Opinion on the merits of establishing a water distribution program and Phase Two Opinion as to the scope of the water distribution program. *See Eli Lilly & Co.*, 2017 WL 2976697 at *3 ("incorporat[ing] conclusions

5

set forth during preliminary injunction…decision" to address repetitive arguments made in a subsequent motion to stay pending appeal).

Terminals additionally argues that, if it is forced to operate a water distribution program, "residents of St. Croix will *continue* to conflate [Terminals and Refining] and believe that Terminals is responsible for the alleged contamination." (Mot. at 9) (emphasis added). Here, Terminals' suggestion that its reputation may "continue" to suffer is an implicit acknowledgment that any reputational damage has already occurred. Indeed, a connection between Terminals and the alleged water contamination is already a matter of public record in that Terminals, themselves, as well as government agencies and media networks have already published notices that connect Terminals to the alleged contamination. *See* (Dkt. No. 285 at 4 n.8, 7, 16, 32 n.102). Moreover, Terminals has previously voluntarily participated in a water distribution program on St. Croix in connection with the alleged contamination. *See* (Dkt. No. 285 at 7 n.18).

Further, even if operating the contemplated water distribution program was the first instance in which Terminals was publicly linked to alleged water contamination—which it is not— Terminals has not articulated why such reputational injury would constitute irreparable harm. *See Acierno v. New Castle County*, 40 F.3d 645, 654 (3d Cir. 1994) ("showing some potential harm to reputation is usually insufficient to support a conclusion that irreparable harm exists"); *Noorhasan v. De Jongh*, 2012 WL 1153285, at *6 (D.V.I. Mar. 31, 2012) ("the Third Circuit set a high bar for a plaintiff's reputational damage to constitute irreparable harm"). Terminals does not articulate any basis for concluding that any harm to its reputation would be irreparable.

Since "[t]he first two factors are prerequisites for a movant to prevail," Terminals' failure to raise a new argument suggesting its appeal is likely to be successful and its failure to articulate

an irreparable harm are sufficient for the Court to deny Terminals' Motion. *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018)

### C. Balance of Equities

Terminals has not provided any new arguments suggesting that the balance of equities favor granting a stay. As such, the Court finds that the balance of equities continues to favor issuance of the preliminary injunction, and, therefore, denial of Terminals' Motion for Stay. (Dkt. No. 285 at 47-49).

### D. Public Interest

Terminals attempts to rebrand its merits argument that there is no evidence of contamination in the record into a matter of public concern. Specifically, Terminals argues that "[i]f the Water Distribution Program is put into place it can *further add to* this fear that there is a human health crisis on St. Croix as a result of the releases, when this has not been proven." (Mot. at 10) (emphasis added). First, the Court already discussed at length and rejected the premise of this argument—that there is no evidence of contamination—in its Phase One Opinion. (Dkt. No. 285 at 31-32) ("the Court finds that the totality of the evidence is indicative of contamination, and rejects Terminals' argument to the contrary."). Second, Terminals' suggestion that a water distribution program would "further add to" the fear of a human health crisis is an implicit acknowledgment that such fear already exists on St. Croix. As with Terminals' irreparable injury argument, the water distribution program would not be the first instance in which the community will be confronted with the alleged contamination. To the contrary, fear of the alleged contamination already exists and, as the Court explained in its Phase One Opinion, is such that "it is reasonable for those in the impacted communities to purchase water instead of relying on their cistern water as they had done before the release events." (Dkt. No. 285 at 39-40) (outlining

7

evidence showing the community is aware of the alleged contamination). Therefore, Terminals' argument does not alter the Court's prior conclusion that establishing a water distribution program is in the public interest. *See* (Dkt. No. 285 at 49-50).

## IV. CONCLUSION

In view of the foregoing, the Court concludes that Terminals has not established the two pre-requisite factors—likelihood of success on the merits and irreparable harm—necessary to grant its Motion to Stay, and that, in any case, all four factors favor denying Terminals' Motion. Accordingly, the Court will deny Terminals' Motion to Stay.

Date: August 14, 2023                                          _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              District Judge