# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIMETREE BAY VENTURES, LLC, et al., )<br>)<br>Defendants. )<br>_____) | **Civil Action No. 2021-0253** |
| HELEN SHIRLEY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIMETREE BAY VENTURES, LLC, et al., )<br>)<br>Defendants. )<br>_____) | **Civil Action No. 2021-0259** |
| FRANCIS E. CHARLES and THERESA J. )<br>CHARLES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIMETREE BAY VENTURES, LLC, et al., )<br>)<br>Defendants. )<br>_____) | **Civil Action No. 2021-0260** |
| BEECHER COTTON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIMETREE BAY VENTURES, LLC, et al., )<br>)<br>Defendants. )<br>_____) | **Civil Action No. 2021-0261** |

**Attorneys:**

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Jennifer Jones, Esq.,**
St. Thomas, U.S.V.I.
**Hugh P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**Kerry J. Miller, Esq.,**
**C. Hogan Paschal, Esq.,**
**Paul C. Thibodeaux, Esq.,**
**Rebekka C. Veith, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
New Orleans, Louisiana
    *For the Boynes Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**John-Russell Bart Pate, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Warren T. Burns, Esq.,**
**Daniel H. Charest, Esq.,**
Dallas, Texas
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A. Nelson, Esq.,**
**Harry Richard Yelton, Esq.,**
New Orleans, Louisiana
    *For the Shirley Plaintiffs*

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I
**Hugh. P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
New Orleans, Louisiana
    *For the Charles Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**Rhea Lawrence, Esq.,**
**Marina Leonard, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I
**Shanon Jude Carson, Esq.,**
**Daniel H. Charest, Esq.,**
**Quinn Burns, Esq.,**
**Warren T. Burns, Esq.,**
Dallas, Texas
**John Quin Kerrigan, I, Esq.,**
Doylestown, Pennsylvania
**John Albanese, Esq.,**
Minneapolis, Minnesota
**Dena R. Young, Esq.,**
**Yechiel M Twersky, Esq.**
Philadelphia, Pennsylvania
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A Nelson**
**Harry Richard Yelton, Esq.,**
New Orleans, Louisiana
    *For the Cotton Plaintiffs*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
**Earnesta L. Taylor, Esq.,**
St. Croix, U.S.V.I.
**Kevin J. Bruno, Esq.,**
New York, New York
**Melanie S. Carter, Esq.,**
Philadelphia, Pennsylvania
    *For Defendant Limetree Bay*
    *Terminals, LLC*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' and Limetree Bay Terminals' ("Terminals") August 11, 2023 "Notice of Joint Submission Re: July 20, 2023 Order" (Dkt. No. 415)[1] ("Joint Notice"). In the Court's July 20, 2023 Order granting in part Plaintiffs' "Amended Motion[s] for Temporary Restraining Order and Preliminary Injunction" the Court ordered the parties to jointly submit, for the Court's approval, "a proposed Claim Form consistent with the Court's 'Order Implementing Water Distribution Program;'" "a proposed map . . . depicting the Covered Area consistent with the Court's 'Order Implementing Water Distribution Program;'" an individual to serve as Administrator for the Water Distribution Program; and an individual to serve as Special Master for the Water Distribution Program. (Dkt. No. 388 at 2).

In their Joint Notice, the parties submitted an agreed upon proposed Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), and two agreed upon maps depicting the Covered Area. However, the parties raised a dispute regarding who should be appointed Special Master and three disputes as to the Proposed Claim Form: 1) whether Terminals could change the locations of the distribution centers to grocery stores; 2) whether mortgages and deeds should be used as proof of occupancy; and 3) whether a section of the Claim Form describing how an applicant might be eligible for the Water Distribution Program could "include the $45,000 baseline for a family of four." (Dkt. No. 415 at 1-2).

On August 16, 2023, the Court held a Status Conference to address the disputed issues raised in the Joint Notice. This Memorandum Opinion and Order memorializes the issues

---

[1] The Parties filed their Joint Notice in each of the four actions, *See* Civ. No. 2021-0253 ("Boynes"), Dkt. No. 415; Civ. No. 2021-0260 ("Charles"), Dkt. No. 298; Civ. No. 2021-0261 ("Cotton"), Dkt. No. 451; Civ. No. 2021-0259 ("Shirley"), Dkt. No. 235, which were consolidated for the preliminary injunction stage of the proceedings. (Dkt. No. 122). All citations herein refer to the Boynes Dkt.

1

discussed and the Court's rulings at the Status Conference, and further addresses those portions of the Parties' Joint Submission requiring the Court's approval.

## DISPUTED ISSUES

A.       Distribution Centers

In the Joint Notice, Terminals seeks to change the locations of the three water distribution centers mandated by the Court's Order Implementing Water Distribution Program to local grocery stores, noting that "[a]t least one of the previous distribution centers, Sunshine Mall, has not yet confirmed that its facility is available for use as a distribution center." (Dkt. No. 415 at 1). The mandated locations that Terminals now seeks to change had been jointly proposed by the parties and were the same locations the parties had used in the earlier water distribution program to which the parties voluntarily agreed during the bankruptcy proceedings.

At the Status Conference, Terminals informed the Court that the Sunshine Mall location was indeed available, although subject to certain new conditions,[2] and that the other two previously locations were also available. Nonetheless, Terminals argued that its proposal to change the locations to local grocery stores would alleviate logistical issues with operating the contemplated water distribution program; ensure that the water distribution program was operational by the Court's deadline; and was a better proposal overall for everyone involved. In response, Plaintiffs argued that there was no issue with the locations to which the parties had agreed and previously used. Plaintiffs additionally argued that the Court had already ordered Terminals to use the prior locations; that Terminals' proposal was a dilatory tactic; that Terminals' proposal would subject Plaintiffs to public embarrassment; that Terminals' proposal would depend on third-party grocery

---

[2] The Court noted that, should conditions imposed by the Sunshine Mall location be commercially unreasonable, the Court would consider a proposal to move the location to a similar alternative location.

2

stores not contractually obligated or bound by Court order; and that Terminals' proposal was not proposed in sufficient detail or through a formal motion such that Plaintiffs could fairly object.

The Court rejected Terminals' alternative grocery store proposal, noting the untimeliness of the proposal, and the fact that the Court had ordered the use of the specific locations based on the parties' June 21, 2023 Joint Submission in which they agreed to the use of those locations. The Court further noted that any potential change at this point would have to be presented with full briefing by the parties containing specificity and detail so as to allow the Court to make an informed decision.[3]

B.     Proof of Occupancy

In the Joint Notice, Terminals raised an objection to the inclusion of mortgages and deeds as proof of occupancy because those documents "display ownership and not occupancy." Dkt. No. 415-1 at 1. At the Status Conference, Terminals repeated their objection and, in response to the Court's questions, acknowledged that the use of mortgages and deeds as proof of occupancy was not likely to be a significant issue as a practical matter. Plaintiffs argued that the parties had agreed to the inclusion of mortgages and deeds as proof of occupancy; they previously used mortgages and deeds in the prior water distribution program without issue; and, that, in conjunction with the required attestation, a mortgage or deed properly serves as proof of occupancy.

The Court concluded that it would not change its Order Implementing Water Distribution Program at this stage because it doubted that the use of mortgages or deeds, to which the parties had agreed, would become a problem. The Court noted that, in the event of a problem, the issue can be raised with the Court.

---

[3] At the Status Conference, there was a suggestion that Terminals could file a motion regarding its alternative proposal. Such a motion would have to be in the form of a Moton to Modify the Court's Order Implementing Water Distribution Program because an Order has already been entered.

3

C.        Income Baseline

In the Joint Notice, the parties disputed whether it was proper to include in the Claim Form a reference to a $45,000 "baseline" indication of financial eligibility for the Water Distribution Program. Plaintiffs argue that the inclusion of the dollar figure was permissible because it was the underlying financial criteria for one of the government programs that serves as a basis for establishing eligibility for the Water Distribution Program. Terminals argued that Plaintiffs' inclusion of a dollar figure on the Claim Form was an improper attempt at relitigating the eligibility criteria that the Court had already decided in its Phase Two Memorandum Opinion and its Order Implementing Water Distribution Program. Terminals further argued that the inclusion of a dollar figure would be more confusing than clarifying because the underlying government program criteria are more complex than Plaintiffs suggest.

The Court agreed with Terminals and ruled that the parties may not include any dollar figure in the Claim Form.

D.        Appointment of a Special Master

At the Status Conference, the parties each proposed their respective candidate for appointment as Special Master. Terminals argued for Gregory H. Hodges, Esq. and Plaintiffs argued for Henry C. Smock, Esq.. While the Court deems both individuals qualified to serve as the Special Master, the Court will appoint Attorney Henry C. Smock based on the amount and relevance of his experience.

E.        Court's Concern Regarding the Claim Form

At the Status Conference, the Court raised a concern that Section 3 of the proposed Claim Form contains language indicating that the Claim Form "*may* be rejected" if it "contains false information." Dkt. No. 415-1 at 2 (emphasis added). The Court specified that the parties must

make clear in the Claim Form that forms containing false information *will be* rejected. The parties represented that they could mutually agree on language to resolve the Court's concern.

### UNDISPUTED ISSUES

In the Joint Notice, the parties apprised the Court that they had agreed on two issues: the appointment of Epiq as Administrator, and the maps depicting the Covered Area. The Court will approve both.

\*     \*     \*

In view of the foregoing, and for the reasons stated at the Status Conference and herein, it is hereby

**ORDERED** that the Court's July 20, 2023 Order Implementing Water Distribution Program **IS NOT MODIFIED** to change the locations of the water distribution centers; and it is further

**ORDERED** that the Court's July 20, 2023 Order Implementing Water Distribution Program **IS NOT MODIFIED** to delete mortgages and deeds as documentation that may be used as "Reasonable Proof of Occupancy"; and it is further

**ORDERED** that the Claim Form **SHALL NOT INCLUDE** any reference to a dollar figure or income threshold suggesting that a party is potentially eligible for enrollment in the Water Distribution Program; and it is further

**ORDERED** that the parties shall have up to and including **August 24, 2023** to submit to the Court for approval an updated Claim Form reflecting the Court's Order Implementing Water Distribution Program and this Order; and it is further

**ORDERED** that the parties' jointly proposed maps depicting the Covered Area (Dk. Nos. 415-2 and 415-3) are **APPROVED**; and it is further

**ORDERED** that the parties' jointly proposed Administrator, Epiq Class Action & Claims Solutions, Inc., is hereby **APPOINTED** as Administrator for the Water Distribution Program, in accordance with the Court's July 20, 2023 Order; and it is further

**ORDERED** that the parties shall inform Epiq of this Appointment and provide it with a copy of this Order and the Court's Order Implementing Water Distribution Program; and it is further

**ORDERED** that Attorney Henry C. Smock is hereby **APPOINTED** as Special Master for the Water Distribution Program, in accordance with the Court's July 20, 2023 Order; and it is further

**ORDERED** that the parties shall inform Attorney Smock of this Appointment and provide him with a copy of this Order and the Court's Order Implementing Water Distribution Program.

**SO ORDERED**.

Date:   August 22, 2023                            _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge