DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0259 |
| MARY L. MOOREHEAD, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br>    Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0261 |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the proposed Agreed Confidentiality and Protective Order ("Protective Order") submitted by the parties, pursuant to Federal Rule of Civil Procedure 26, to govern discovery in this action. The Court hereby approves the Protective Order and orders as follows:

**1.  Purpose and Definition**

    i.    Purpose. The Parties enter this Protective Order to facilitate their production, exchange, and discovery of documents and testimony that they and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony"). Nothing in this Protective Order is intended to abridge the public's right of access to judicial records to which they are otherwise entitled.

    b.    Definitions. As used herein:

    i.    "Confidential Information" means Documents, Testimony, or information of any type that contain trade secrets, proprietary business information, or competitively or commercially sensitive information and the disclosure of which would, in the good faith judgment of the Designating Party (as defined below) be detrimental to the conduct of the Designating Party's business or the business of any of the Designating Party's customers or clients. All copies of, summaries of, and information derived from Confidential Information are Confidential Information. Any information that has been designated as Confidential Information and is also legally and properly within the public domain need not be treated as Confidential Information.

    ii.    "Highly Confidential Information" means: Documents, Testimony, or information of any type: a) that contains non-public personal identifying information and/or medical/health information, or other information required by law or agreement to be kept confidential; or b) that contain trade secrets, proprietary business information, or competitively or commercially sensitive information and the disclosure of which would, in the good faith judgment

of the Designating Party, cause serious and irreparable competitive or other harm that cannot be avoided by less restrictive means. All copies of, summaries of, and information derived from Highly Confidential Information are Highly Confidential Information. Any information that has been designated as Highly Confidential Information and is also legally and properly within the public domain need not be treated as Highly Confidential Information.

        iii.    "Protected Information" means Confidential Information or Highly Confidential Information.

        iv.    "Designating Party" means any Party designating as confidential any information that is produced or furnished in response to any Party's discovery requests regardless of who produced or furnished such information.

        v.    "Producing Party" means any Party or non-party producing Protected Information in this action.

        vi.    "Qualified Persons" means the persons entitled to access Protected Information pursuant to paragraph 2 below.

        vii.    "Receiving Party" means any Party receiving Confidential Information in this action.

**2.    Access to Protected Information**

    a.    Confidential Information. Except with the prior written consent of the Designating Party or by order of the Court, a Receiving Party shall not disclose Confidential Information to any person except:

        i.    outside counsel for the parties in this litigation and their respective staff (including support staff, e-discovery vendors, and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      ii.      actual or potential independent technical experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation; provided, however, that before any such expert or consultant receives any Confidential Information, the Receiving Party shall provide to such person a copy of this Protective Order and obtain such person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

      iii.      this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

      iv.      any party, if a natural person, provided the party has first received a copy of this Protective Order and agreed in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

      v.      if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case, provided the officer or employee has first received a copy of this Protective Order and agreed in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

      vi.      litigation vendors, court reporters, and other litigation support personnel retained in connection with this litigation; provided, however, that such persons have first received a copy of this Protective Order and agreed in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

      vii.      any person who was an author, addressee, or authorized recipient of the Confidential Information as shown on the face of the Document or Testimony;

      viii.      any deponent or in-court witness to whom the disclosure of Confidential Information is, in a party's good faith belief, reasonably necessary to prosecute or defend this action, and is privy to the Confidential Information;

      ix.      any deponent or in-court witness to whom the disclosure of Confidential Information is, in a party's good faith belief, reasonably necessary to prosecute or defend this action, but only with two business days' prior notice to the Designating Party and further provided that such witness has first received a copy of this Protective Order and agreed in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

      x.      representatives of a party's insurers, auditors, reinsurers, and retrocessionaires; and

      xi.      such other persons as agreed to by the Designating Party in writing, or designated by this Court, after notice and an opportunity to be heard.

      b.      <u>Highly Confidential Information.</u>  A Receiving Party may disclose Highly Confidential Information pursuant to Paragraph 2(a) except that it may not disclose Highly

Confidential Information to the persons enumerated in sub-paragraphs 2(a)(iv) or (v) without the prior written consent of the Designating Party.

  c. All Protected Information disclosed or furnished to Qualified Persons pursuant to the terms of this Protective Order shall be treated by such Qualified Persons as constituting Confidential Information or Highly Confidential Information as appropriate, held by such Qualified Persons in the strictest confidence, and not divulged by such Qualified Persons, either verbally or in writing, to any other person except other Qualified Persons for purposes associated with the litigation.

3. **Use of Protected Information**

All Protected Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

The designations and the associated restrictions set forth in this Protective Order shall not apply to Documents or Testimony that: (a) was, is, or becomes public knowledge, not in violation of this Protective Order; (b) was or is acquired from a non-party having the right to disclose such Documents or Testimony; or (c) the Receiving Party otherwise lawfully possesses, provided, however, that nothing herein shall modify or vary the restrictions set forth in any other Order issued by the Court in this action providing for the sealing of any Document or Testimony.

4. **Identification of Protected Information**

A Producing Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential" either by (i) notation on each page of a Document so designated; (ii) in the case of electronically stored information produced in native format, by including "confidential" or "highly confidential" in the file or directory name; or

(iii) statement on the record of a deposition. If a Producing Party inadvertently fails to designate Protected Information upon production, the Producing Party may designate it by written notice to counsel to the other Parties within a reasonable time after discovering that the Protected Information was produced without the proper designation.

A Designating Party that is not the Producing Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential" by (i) statement on the record of a deposition; (ii) written advice to counsel for the Parties; or (iii) other appropriate means.

5. **Protection of Confidentiality**

Protected Information and any notes, summaries, memoranda, exhibits, or other documents which include or describe Protected Information, shall be retained by counsel for the party to whom disclosure of the Protected Information was made and shall not be disclosed to any person other than Qualified Persons for purposes of this action. All Qualified Persons shall keep such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use, and non-disclosure including, without limitation, precautions against unauthorized copying.

6. **Disclosure at Depositions**

Information disclosed by a deponent during a deposition may be designated by any party as Protected Information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential" and is subject to the provisions of the Protective Order.

Any party also may designate information disclosed by a deponent during a deposition as Protected Information by notifying all parties and the court reporter in writing not later than thirty

[

(30) days after receipt of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. Each party shall make reasonable good faith efforts to annotate as "Confidential" or "Highly Confidential" any copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential Information for a period of thirty (30) days after the initial receipt of the transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who (other than the deponent) is not authorized to receive Protected Information pursuant to this Protective Order. But such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

### 7. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Highly Confidential Information during inspection. At the time of copying for the receiving parties, Protected Information, to the extent it qualifies for the designation under this Protective Order, shall be marked prominently "Confidential" or "Highly Confidential" by the Producing Party.

### 8. Manner of Use in Proceedings

In the event a party wishes to use any Protected Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) file publicly a redacted and/or slip-sheeted version of the filing and cause to be served on this Court and all counsel of record in this matter a complete and unredacted version of the same (with service made electronically to all counsel of record the same day as the submission of the redacted version and to the Court within three (3) business days); (2) where appropriate

(e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such filings inclusive of Protected Information under seal with the Court, consistent with the sealing requirements of the Court.

After any filing that is either sealed, or redacted in any way, the Designated Party shall have twenty-one (21) days to file with the Court a Motion justifying the sealing or redactions of such Protected Information considering the public's right of access to judicial records. After twenty-one (21) days, if no such motion is filed, the party that filed any paper containing such Protected Information may refile it publicly.

9. **Objecting to a Confidentiality Designation**

The Receiving Party may, at any time, notify the Designating Party that the Receiving Party objects to the designation of Documents or Testimony as Protected Information. If the Designating Party does not agree to declassify or reclassify such Protected Information, the Receiving Party may move the Court for an order declassifying or reclassifying the Protected Information. If the Receiving Party does not file such a motion, the parties shall continue to treat the Protected Information as originally designated. If the Receiving Party does file such a motion, the parties shall treat the Protected Information as originally designated unless and until the Court rules otherwise. On such a motion, the Designating Party shall bear the burden of establishing the propriety of its designation of its Documents or Testimony as Protected Information.

10. **Dispute as to Qualified Persons**

In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Protected Information to such person, the objecting party shall provide notice in writing and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have fourteen

(14) days from service of the notice to move the Court for an Order denying the person (a) status as a Qualified Person, or (b) access to particular Protected Information. The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless and until the Court enters an Order preserving the designation.

11. **Voluntary Waiver**

At any time after any information, Document, or Testimony is designated as Confidential or Highly Confidential under this Protective Order, the Designating Party may agree that the Protected Information may be disclosed to designated persons other than those described in Paragraph 2. Any such agreement must be in writing or by statement made on the record at a deposition or hearing.

12. **Trial**

The parties agree that at trial the use of information or documents designated as Protected Information shall be decided by the Court. The Designating Party shall raise all such issues with the Court at the time of the final pre-trial conference.

13. **Ongoing Obligations and Use in Open Court**

The provisions of this Protective Order, or any other protective orders entered in this litigation that restrict the disclosure and use of Protected Information, shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Designating Party or order of the Court with respect to dissolution or modification of this, or any other, protective order. Prior to any court proceeding in

which Protected Information is to be used, the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Information.

### 14. Advice to Clients

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 15. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 16. No Waiver of Objections

A Producing Party's production or disclosure of Protected Information shall not constitute a waiver of that Producing Party's right to object to the production or disclosure of other information in this action. Nothing in this Protective Order shall operate as an admission by any party or non-party that any particular Document or Testimony is or is not Confidential or Highly Confidential.

### 17. Improper Disclosure

If any party learns of any unauthorized disclosure of Protected Information, the party shall immediately, upon learning of such disclosure, inform all other parties of all pertinent, non-

privileged facts relating to such disclosure. The party through which the unauthorized disclosure was made shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**18. Privileged Information**

    a.    <u>Inadvertent Production of Privileged Information.</u> If a party inadvertently produces or provides a document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("<u>Inadvertent Production Material</u>"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

    b.    <u>Notice of Inadvertent Production Material.</u> A Producing Party must provide written notice to Receiving Parties that any information it has produced in this action is Inadvertent Production Material; <u>provided</u>, however, that if a Producing Party discovers the inadvertent production during a deposition or hearing, it may provide oral notice during the deposition or hearing and provide written notice within three (3) business days. A Producing Party's written notice shall include sufficient information for Receiving Parties to assess the claim of privilege (that is, the information that the Producing Party would provide on a privilege log). A Producing Party's written notice shall constitute its representation that the Inadvertent Production Material has been reviewed by an attorney and there is a good faith basis for the Producing Party to assert an applicable privilege.

    c.    <u>Discovery of Inadvertent Production Material.</u> If a Receiving Party receives information that reasonably appears to be Inadvertent Production Material, it shall immediately provide written notice to counsel for the Producing Party.

d. <u>No Use of Inadvertent Production Material.</u> If a Receiving Party discovers or receives notice of Inadvertent Production Material it shall promptly: (a) refrain from any further examination or disclosure of the Inadvertent Production Material for any purpose; and (b) return the claimed Inadvertent Production Material to counsel for the Producing Party, or at its option destroy it, and certify in writing to that fact.

e. <u>Contesting Notice of Inadvertent Production Material.</u> A Receiving Party may apply to the Court for an order compelling production of claimed Inadvertent Production Material; <u>provided</u>, however, that (a) while such application is pending, the information in question shall be treated as Inadvertent Production Material; (b) in such an application, the moving party may not assert as a ground for requesting such an order the fact or circumstance of the inadvertent production; and (c) in such an application, the moving party may not refer to the content of the Inadvertent Production Material (or any portion thereof) that is the subject of such application; further provided, however, that the moving Party may request that the Producing Party provide a copy of the claimed Inadvertent Production Material to the Court for in camera review or may generally describe the subject matter of the Inadvertent Production Material if the description is filed under seal with the Court, consistent with the sealing requirements of the Court.

19. **General Provisions**

a. <u>Non-Parties.</u> Any Party, in conducting discovery from non-parties in this action, shall provide any non-party from which it seeks discovery with a copy of this Protective Order to inform each such non-party of its rights herein. The production of any Protected Information by any non-party shall be subject to and governed by the terms of this Protective Order.

b.  <u>Newly Joined Parties.</u>  If an additional party joins or is joined in this litigation, it shall not have access to Protected Information until it or its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

c.  <u>Continued Effect.</u>  Absent written consent of the parties, this Protective Order shall continue to be binding after the conclusion of this action except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Receiving Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of the Protective Order.

d.  <u>No Privilege Waiver.</u>  Nothing herein shall be deemed to waive any privilege recognized by law, including any applicable common law or statutory privilege or work product protection, or shall be deemed a concession as to the admissibility in evidence of any facts, documents, or testimony revealed in the course of disclosure. Additionally, this Protective Order is not intended to, nor does it, enlarge, limit or otherwise modify Virgin Islands law with respect to privileges as codified under title 5, sections 851, *et seq.*, of the Virgin Islands Code to the extent such law is otherwise applicable.

e.  <u>Compliance Pending Entry.</u>  The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

f.  <u>Modification and Exceptions.</u>  The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order.

g.   <u>Retained Jurisdiction.</u> The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Protected Information at the termination of these consolidated actions.

20.   Return or Destruction of Documents

Not later than 120 days after the conclusion of this litigation and any appeal related to it, any Protected Information, all reproductions of such information, and any notes, summaries, or descriptions of such information shall be returned to the producing party or destroyed, except as this Court may otherwise order to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, and final expert reports so long as that work product does not duplicate verbatim substantial portions of the text of any Protected Information.

SO ORDERED.

Dated: June 14, 2024

U.S. DISTRICT JUDGE WILMA A. LEWIS