# Exhibit I

**Excel's Supplemental Reply**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 1:21-cv-253** |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **HELEN SHIRLEY, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 1:21-cv-259** |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **FRANCIS E. CHARLES** and **THERESA J. CHARLES,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 1:21-cv-260** |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **BEECHER COTTON, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 1:21-cv-261** |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**EXCEL'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS**

I.   Introduction.

Like its defectively pled Consolidated Amended Complaint ("CAC"), Plaintiffs' Opposition to the Contractor Defendants' Joint Motion to Dismiss has virtually nothing to say about Excel specifically.  The only specific reference to Excel in the Opposition is its citation an Excel contract identified in paragraph 73. *See* Plaintiffs' Opposition to Contractor Defendants' Motion, pp. 1-2 (citing to ¶ 73 of the CAC).  But it is telling that even that reference to a specific Excel contract is not to an Excel contract with the Refinery, but instead to one with Terminals.  In any event, Plaintiffs allege no specific facts showing that any work Excel did for either Terminals or the Refinery caused the petroleum release Incidents that are at the heart of the CAC.  It is apparent that they have no such specific facts to allege.

Plaintiffs' Opposition really fails to offer any meaningful rebuttal to the Contractor Defendants' arguments that the CAC is pervaded by at least three kinds of impermissible shotgun pleading, and that it is virtually devoid of any specific facts to support the elements of the claims against these Defendants.  The Contractor Defendants' Reply to that Opposition expounds in detail on that failure, and there is no need to repeat it here.  The individual Replies of other Contractor Defendants elaborate somewhat on these arguments in the Joint Reply, and Excel joins in those arguments.

The focus of this Reply is on the Plaintiffs' Opposition to Certain Contractor Defendants' Motions to Dismiss for Failure to File Within the Statute of Limitations (the "Opposition").  *See* Dkt. No.  670-10.  That Opposition responds to the contentions in three supplemental memoranda

of law submitted separately by Excel, Versa, and Pinnacle and National jointly that the claims brought by the *Shirley* and Moorhead Plaintiffs, other than trespass, are time-barred.[1]

Plaintiffs' Opposition first contends that the discovery rule saves their claims. *See* Plaintiffs' Opposition at p. 3-4. Next, they argue that even if the discovery rule does not overcome the time bar, the statute of limitations was tolled because these Plaintiffs were part of the putative classes in the amended complaints in the two other class action cases – *Boynes* and *Cotton* – in which are not time-barred as to Excel. Both arguments are without merit, and they cannot avoid dismissal of the claims in the consolidated amended complaint (the "CAC") brought against Excel by the *Shirley* and Moorhead Plaintiffs.

II.  Argument

A.  Tolling Arguments Do Not Save Plaintiffs' Claims

Excel will address the tolling issue first. Plaintiffs argue that *American Pipe*[2] tolling is available to a putative class member in one class action who asserts claims against a defendant in a second class action that would otherwise be time-barred as to that Defendant. As argued in Excel's Supplemental Motion, *"When a class complaint is filed, American Pipe tolls the limitations period governing the individual claims of putative members." Aly v. Valeant Pharms. Int'l Inc,* 1 F.4th 168, 169 (3d Cir. 2021) (emphasis added). *American Pipe* tolling protects putative members of a class where class certification is denied, where putative members opt out before resolution of the class certification issue, or in certain other cases where a putative class action is dismissed voluntarily or otherwise. *See id*. at 172, 175-176. This tolling doctrine enables the putative class member in these situations to assert a separate individual claim for relief even if the

---

[1]Excel adopts the arguments in the Pinnacle/National Joint Reply being filed contemporaneously with Excel's Reply.

[2]*American Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974).

3

statute of limitation would have otherwise run on the claim during the pendency of the class action. *See id*.

What *American Pipe* tolling does not do, however, is enable the putative class member in that situation who would be otherwise be time barred from asserting a claim to bring a second class action. The Supreme Court so held in *China Agritech v. Resh*, 584 U.S. 732 (2018). A Third Circuit case which Plaintiffs try in vain to distinguish in a footnote, *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701 (3d Cir. 2019), could not be clearer on this point. As the Court in *Blake* stated, "[I]n *China Agritech*, the Supreme Court reasoned that *American Pipe* tolling is available only for individual claims, not for class claims." *Id*. at 708; *see also id*. at 703 ("But in *China Agritech, Inc. v. Resh*, the Supreme Court reasoned that a timely class action should never toll other class actions under *American Pipe*") and at 709 ( *China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period"). As such, even if *American Pipe* tolling would permit a putative class member to opt out and bring an individual action after the expiration of the statute of limitations, it does not allow him or her to bring a new class action after the statute has run.

To be sure, the Plaintiffs in *Shirley* and *Charles* did not bring a new class action after the running of the statute of limitations, but rather they amended an existing class action to add claims against Excel and other Contractor Defendants after the statute had run as to them. And more recently, the Moorheads substituted for the Plaintiffs in the *Charles* case. But the logic of the U.S. Supreme Court's holding in *China Agritech*, together with the policy reasons supporting it, compels the conclusion that the *Shirley* and Moorhead Plaintiffs cannot benefit from *American Pipe* tolling, and hence that these claims should be dismissed. Permitting *American Pipe* tolling in the instant scenario would encourage duplicative and repetitive class action filings and allow endless amendments to add parties to subsequent class actions cases. *See id*. at 709. Plaintiffs'

Opposition offers no persuasive reasons why the ruling in *China Agritech* should not apply to the untimely amendments and substitutions in the *Shirley* and *Charles* class actions.

        B.   Discovery Rule Arguments Do Not Save Plaintiffs' Claims

Plaintiffs also argue in effect that the Court need not even reach the *China Agritech* issues because the amendments to add claims against Excel and the other Contractor Defendants in *Shirley* and *Charles* are not barred by the two-year statute of limitations. Plaintiffs contend that the discovery rule delayed the accrual of the claims governed by that statute such that the assertion of these claims was not untimely. *See* Plaintiffs' Opposition at 3-4. But Plaintiffs offer no explanation of why, if the named Plaintiffs in *Boynes* and *Cotton* were able to discover their claims against Excel before the running of the 2-year statute, the *Shirley* and *Charles* Plaintiffs were not.

As noted in Excel's Supplemental Motion (at page 2), Excel was named as a Defendant in the *Boynes* and *Cotton* cases by first amended complaints which were filed, respectively, on February 2, 2023 [1:21-cv-00253 – Dkt. 139] and January 20, 2023 [1:21-cv-00261 – Dkt. 143]. The Plaintiffs in each of the four cases (either through their counsel or directly) necessarily knew of the existence of the other three cases by then.[3] The named Plaintiffs in *Shirley* and *Charles* therefore must be charged with notice of those filings on the date they were made. The Plaintiffs' Opposition offers no explanation whatsoever of why they waited until well after May 12, 2023 to Amend their Class Action Complaints to add claims against Excel.

Instead, what Plaintiffs argue is that Excel received notice of the Amended Complaints adding them to the *Boynes* and *Cotton* cases shortly after they were filed, and hence, knew or should have known that they might later be added to other class actions. *See* Plaintiffs' Opposition at 4. What Plaintiffs appear to be arguing is that Excel would not be unfairly prejudiced by any

---

[3]*See, e.g*., Dkt. No. 328 in *Boynes* Case (January 31, 2023 Order of Court addressing all four cases).

tardy assertion of claims against it in the *Shirley* and *Charles* cases. But Excel is aware of no authority – and Plaintiffs have cited to none – that makes application of the discovery rule depend on when the Defendant should have known that claims would be asserted against it, or on whether allowing untimely assertion of claims would engender unfair prejudice.

## II. Conclusion

In short, Plaintiffs offer nothing of substance to support their invocation of the discovery rule to delay the running of the statute of limitations. Neither that rule nor *American Pipe* tolling rule can save any of the claims in *Shirley* and *Charles* for which the 2-year statute applies – *i.e.*, the counts other than the claim for trespass in Count X. It follows that all of the claims asserted by the *Shirley* and Moorhead Plaintiffs against Excel other than trespass – *i.e.* Counts I, II, IV, VI, VII, VIII, IX, XI and XII – should be dismissed.

Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED**: June 21, 2024          By:/s/ Stefan Herpel
                                                      **STEFAN B. HERPEL** (VI Bar No. 1019)
                                                      1131 King Street #204
                                                      Christiansted, VI 00820
                                                      Telephone:    (340) 773-3200
                                                      E-Mail:        sherpel@dnfvi.com

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED**: June 21, 2024          By:/s/ Charlotte K. Perrell
                                                      **CHARLOTTE K. PERRELL**
                                                      (VI Bar No. 1281)
                                                      Law House – 1000 Frederiksberg Gade
                                                      St. Thomas, VI 00802-6736
                                                      P.O. Box 756 - St. Thomas, VI 00804-0756
                                                      Telephone:    (340) 774-4422
                                                      E-Mail:        cperrell@DNFvi.com

                                                      Counsel for Defendant,
                                                      EXCEL CONSTRUCTION AND MAINTENANCE
                                                      VI, INC.

6

R:\DOCS\9557\7\PLDG\34R134002.DOCX