# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **CLIFFORD BOYNES, et al.,** | ) |
| | ) |
| | ) **Civil Action No. 2021-0253** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **HELEN SHIRLEY, et al.,** | ) |
| | ) |
| | ) **Civil Action No. 2021-0259** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **MARY L. MOORHEAD, et al.,** | ) |
| | ) |
| | ) **Civil Action No. 2021-0260** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **BEECHER COTTON, et al.,** | ) |
| | ) |
| | ) **Civil Action No. 2021-0261** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

**Attorneys:**
**John K. Dema, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
**Hugh P. Lambert, Esq.**
**Brian James Mersman, Esq.**
**Kerry J. Miller, Esq.**
**C. Hogan Paschal, Esq.**
**Paul C. Thibodeaux, Esq.**
**Rebekka C. Veith, Esq.**
**J. Christopher C. Zainey, Jr., Esq.**
**Carly Jonakin, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
**Quinn Burns, Esq.**
*For the Boynes Plaintiffs*

**Vincent A. Colianni, II, Esq.**
**John-Russell Bart Pate, Esq.**
**Lee J. Rohn, Esq.**
**Warren T. Burns, Esq.**
**Quinn Burns, Esq.**
**Daniel H. Charest, Esq.**
**Charles Jacob Gower, Esq.**
**Hugh. P. Lambert, Esq.**
**Korey A. Nelson, Esq.**
**Harry Richard Yelton, Esq.**
**Carly Jonakin, Esq.**
**David Andrew Safranek, Esq.**
*For the Shirley Plaintiffs*

**John K. Dema, Esq.**
**Lee J. Rohn, Esq.**
**Hugh. P. Lambert, Esq.**
**Brian James Mersman, Esq.**
**J. Christopher C. Zainey, Jr., Esq.**
**Carly Jonakin, Esq.**
*For the Charles Plaintiffs*

**Vincent A. Colianni, II, Esq.**
**Rhea Lawrence, Esq.**
**Marina Leonard, Esq.**
**Lee J. Rohn, Esq.**
**Shanon Jude Carson, Esq.**
**Daniel H. Charest, Esq.**
**Quinn Burns, Esq.**
**Warren T. Burns, Esq.**
**John Quin Kerrigan, I, Esq.**
**John Albanese, Esq.**
**Dena R. Young, Esq.**
**Yechiel M Twersky, Esq.**
**Charles Jacob Gower, Esq.**
**Hugh. P. Lambert, Esq.**
**Korey A Nelson, Esq.**
**Harry Richard Yelton, Esq.**
**Carly Jonakin, Esq.**
*For the Cotton Plaintiffs*

**Carl A. Beckstedt, III, Esq.**
**Robert J. Kuczynski, Esq.**
**Earnesta L. Taylor, Esq.**
**Kevin J. Bruno, Esq.**
**Melanie S. Carter, Esq.**
*For Defendants Limetree Bay Terminals, LLC and Limetree Bay Ventures, LLC*

**Charles Edward Lockwood, Esq.**
**Daniel T. Donovan, Esq.**
**Gregg R Kronenberger, Esq.**
**Meredith Pohl, Esq.**
**Alexis B. Hill, Esq.**
**Matthew Scott Owen, Esq.**
**Alexis B. Hill, Esq.**
*For Defendants ArcLight Capital Partners, LLC, ArcLight Energy Partner Fund VI, L.P., Arcllight Limetree AIV, LP, Limetree Bay Holdings, LLC and Limetree Bay Preferred Holdings, LLC*

**J. Daryl Dodson, Esq.**
**Arthur Justin Herskowitz, Esq.**
**Francis Healy, Esq.**
**Kanaan Le'Roy Wilhite, Esq.**
**Melvin Brosterman, Esq.**
*For Defendant Freepoint Commodities, LLC*

**Adam Nicholas Marinelli, Esq.**
**Andrew Hammond, Esq.**
**Isaac Glassman, Esq.**
*For Defendant EIG Global Energy Partners, LLC*

**Lori B. Leskin, Esq.**
**Rhonda R. Trotter, Esq.**
**Robert Franciscovich, Esq.**
**Schuyler A Smith, Esq.**
**Andres Pino, Esq.**
**Chivonne Thomas, Esq.**
**Jennifer Quildon Brooks, Esq.**
*For Defendant BP Products North America*

**Michael L. Sheesley, Esq.**
**Jon F. Carmer, Jr., Esq.**
**Rob Dillie, Esq.**
*For Defendant Versa Integrity Group, Inc.*

**Kevin F. D'Amour, Esq.**
**Gaylin Vogel, Esq.**
*For Defendant National Industries Services, LLC*

**Alex M Moskowitz, Esq.**
**Ke Zhang, Esq.**
**Keith Kodosky, Esq.**
**Martin A Shelton, Esq.**
**Ronald Scott Masterson, Esq.**
*For Defendant Pinnacle Services, LLC*

**Kevin A Rames, Esq.**
**Karin A. Bentz, Esq.**
**Michelle M. Byers, Esq.**
**James M. Campbell, Esq.**
*For Defendant Universal Plant Services (VI), LLC*

**Adam G. Christian, Esq.**
**Ernest Paul Gieger, Jr, Esq.**
**Simone D. Francis, Esq.**
**Brendan Doherty, Esq.**
**John Michael DiGiglia, Esq.**
**Kimberly Fojtik, Esq.**
*For Defendant Elite Turnaround Specialists, Ltd.*

**Charlotte K. Perell, Esq.**
For *Defendant Excel Construction and Maintenance VI, Inc.*

**ORDER**

THIS MATTER comes before the Court on the parties May 29, 2024 "Rule 26(f) Report And Proposed Rule 16 Scheduling Order," wherein the parties submit their "Proposed Discovery Plan[s]," including their competing proposals for deadlines to be set in this matter, and certain disputes regarding the scope of discovery.  (Dkt. No. 666 at 1).[1]

## 1.  DISCOVERY SCHEDULE

As of the entry of this Order, fact discovery shall be considered open.[2] Pursuant to the parties' agreement, "fact discovery, including on merits, damages, and class certification, will proceed simultaneously." *Id.* at 6. Further, upon review of the parties proposed pre-trial deadlines for this matter, the following deadlines are set.

| Pre-Trial Deadlines | |
| --- | --- |
| Final Deadline to Serve Fact Discovery Document Requests and Interrogatories | November 10, 2024 |
| Substantial Completion of Document Production | March 7, 2025 |
| Completion of Document Production, Including Privilege Logs, and Interrogatory Responses | April 7, 2025 |
| Parties' Identification of Experts and General Subject Matter of Testimony | May 7, 2025 |
| Parties' Identification of Rebuttal Experts and General Subject Matter of Testimony | June 4, 2025 |
| Fact Discovery Closes | July 11, 2025 |
| Deadline to Amend the Pleadings or to Add Parties | July 11, 2025 |
| Initial Expert Reports | July 11, 2025 |

---

[1] Citations to the Docket, unless otherwise specified, refer to the Boynes docket. (Civ. No. 2021-0253).

[2] "Defendants propose that fact discovery open 30 days after Defendants file their replies in support of their dispositive motions." (Dkt. No. 666 at 9). Defendants first argue that "[i]t is ordinarily best to defer commencement of discovery until after a [scheduling] plan has been adopted." *Id.* at 10 (quoting Manual Complex Lit. § 11.421 (4th ed.)). This argument does not present any reason for delaying the start of discovery beyond the filing of this Scheduling Order. Defendants next argue that the dispositive motion briefing is time intensive and consuming of Defendants' resources. *Id.* at 10. The Court rejects this argument for the same reasons that it rejected Moving Defendants' Motion to Stay Discovery. *See* (Dkt. No. 663).

| Rebuttal Expert Reports | August 11, 2025 |
|---|---|
| Reply Expert Reports | September 5, 2025 |
| Expert Discovery Closes | November 4, 2025 |
| Plaintiffs' Motion for Class Certification | December 8, 2025 |
| Responses to Class Certification Motion | January 9, 2026 |
| Replies to Class Certification Motion | January 30, 2026 |
| Dispositive and Daubert Motions | 30 days after the Court's Ruling on Class Certification |
| Responses to Dispositive and Daubert Motions | 30 days after Dispositive and Daubert Motions are filed |
| Replies to Dispositive and Daubert Motions | 21 days after Responses to Dispositive and Daubert Motions are filed |
| Trial | November 2026 |

## 2. LIMITATIONS OR MODIFICATIONS TO DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(A), "the court may alter the limits in these rules on the number of depositions and interrogatories . . . the court may also limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A).[3]

Here, the parties are in agreement that the discovery limits should be modified and that the limitations, in some cases, should be based on different groups of Defendants—namely the

---

[3] Federal Rule of Civil Procedure 33(a)(1) provides in pertinent part that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "The Federal Rules of Civil Procedure presumptively limit to ten the number of depositions that each side may conduct." *Galgano v. Cty. of Putnam*, 2021 U.S. Dist. LEXIS 99702, at *4 (S.D.N.Y. May 26, 2021) (citing Fed. R. Civ. P. 30(a)(2)(A)). While "the Federal Rules of Civil Procedure do not provide a limit on the number of requests for admission or requests for production," the Court may, pursuant to Rule 26, set appropriate limits. *Tomasini v. Chau*, 2022 U.S. Dist. LEXIS 191703, at *3-4 (E.D. Cal. Oct. 19, 2022) (citing Fed. R. Civ. P. 26).

"Investor Defendants;"[4] the "Limetree Entities;"[5] and the "Contractor Defendants."[6] (Dkt. No. 666 at 11). The parties report that they "agree to the modifications as relates to Interrogatories, Document Requests, and Requests for Admissions, but disagree as relates to depositions[.]" *Id.*

As discussed below, the Court approves the parties' modifications as to Interrogatories, Document Requests, and Requests for Admissions, and will, pursuant to Rule 26(b)(2)(A), set an appropriate limit for the number of fact depositions. Where the Court does not order a modification of the discovery rules, the Federal Rules of Civil Procedure will continue to govern discovery in this matter.

### A. Requests for Production and Interrogatories

The parties agree to, and the Court approves, the following modifications regarding Interrogatories and Requests for Production.

- "Plaintiffs may serve up to 45 Interrogatories and 70 requests for production of documents on each Defendant Group, which each respective Defendant entity will answer individually. Additionally, Plaintiffs may also separately serve 10 additional Interrogatories and 10 additional requests for production of documents on each

---

[4] The Parties define the term "Investor Defendants" as collectively referring to Defendants ArcLight Capital Partners, LLC,  ArcLight Energy Partners Fund VI, L.P., ArcLight AIV LP, Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC, EIG Global Energy Partners LLC, BP Products North America, Inc., and Freepoint Commodities LLC. (Dkt. No. 666 at 3).

[5] The Parties define the term "Limetree Entities" as collectively referring to Defendants Limetree Bay Ventures, LLC, and Limetree Bay Terminals LLC, d.b.a. Ocean Point Terminals. (Dkt. No. 666 at 3).

[6] The Parties define the term "Contractor Defendants" as collectively referring to Defendants Universal Plant Services (VI), LLC, Excel Construction & Maintenance VI, Inc., Elite Turnaround Specialist, Ltd., Pinnacle Services, LLC, Versa Integrity Group, Inc., and National Industries Services, LLC. (Dkt. No. 666 at 3).

Defendant, provided they are not duplicative of the Interrogatories or requests for documents served on the Defendant Group to which such Defendant is in."

- "Defendants may serve up to 50 Interrogatories and 50 requests for production of documents collectively on Named Plaintiffs as well as 10 additional Interrogatories and 10 additional requests for production of documents per Defendant Group, to be answered by each Named Plaintiff individually. Defendants agree to coordinate among Defendant Groups to avoid duplicative and overlapping requests on Named Plaintiffs."

(Dkt. No. 666 at 12).

**B. Requests for Admission**

The parties agree to, and the Court approves, the following modifications regarding Requests for Admission.

- "Plaintiffs may serve up to 70 requests for admission on each Defendant Group, to be answered by each Defendant entity individually."

- "Plaintiffs may separately serve 10 additional requests for admission on each Defendant, provided they are not duplicative of the requests for admission served on the Defendant Group to which such Defendant is in."

- "Defendants may serve up to 50 requests for admission collectively on Named Plaintiffs as well as 10 additional requests for admission per Defendant Group, to be answered by each Named Plaintiff individually."

- "There shall be no limit on the number of requests for admission served solely for authentication purposes."

- "Defendants agree to coordinate among Groups to avoid duplicative and overlapping requests on Named Plaintiffs."

4

(*Id.* at 12-13).

### C. Depositions

Although the parties agree that the presumptive limit on the number of depositions set by the Federal Rules of Civil Procedure should not apply to this complex matter, the parties were unable to reach agreement as to the exact limits that should apply. *Id.* at 13. Accordingly, the Court sets the following limitations for depositions in this matter.

- Plaintiff shall be limited to one Rule 30(b)(6) deposition for each corporate Defendant.

- Plaintiff shall be limited to a total of fifty Rule 30(b)(1) depositions of Defendants' fact witnesses collectively. However, Plaintiff shall not conduct more than six 30(b)(1) depositions of any single Defendant's fact witnesses.

- Defendants may collectively depose each named Plaintiff once and for a maximum of ten hours. Defendants shall notify Plaintiffs in advance as to how they anticipate allocating the ten-hour maximum among Defendants.[7]

- Prior to serving any subpoenas for third-party depositions, the parties shall meet and confer and propose any necessary modifications with respect to third-party depositions.[8]

### 3.      MEDIATION

The parties represent that they "have engaged in preliminary settlement discussions and

---

[7] The parties dispute whether Defendants should be able to depose unnamed class members. (Dkt. No. 666 at 14-15). The Court declines to make a ruling on this question until there is a concrete dispute as to a particular unnamed class member presented to the Court.

[8] While the parties' submission proposed some modifications for third-party depositions, it is possible that, once the parties have begun to identify the particular groups of third parties for which discovery will be needed, the parties may be in a better position to reach a more fulsome and comprehensive agreement regarding the appropriate modifications for those third parties. In the absence of agreement at that point, the parties can present the issue in dispute to the Court.

are open to continue to engage in settlement discussions at the appropriate time, including before a Court-appointed or private mediator. The Parties agree to meet and confer at a minimum every three months regarding the appropriateness of engaging in mediation at that time." (Dkt. No. 666 at 18).

The parties shall begin mediation by no later than September 15, 2024.

*            *            *

**UPON CONSIDERATION** of the parties' proposed schedule, areas of disagreement and the Court's consideration thereof, it is hereby **ORDERED** that the following Scheduling Order shall govern the proceedings in this matter.

1. All **Fact Discovery**, including on merits, damages, and class certification, is **OPEN** effective with the entry of this Order.

2. The parties shall have up to and including **November 10, 2024** within which to **Serve Fact Discovery Requests for Production and Interrogatories**.

3. The parties shall have up to and including **March 7, 2025** for the **Substantial Completion of Document Production**.

4. The parties shall have up to and including **April 7, 2025** for the **Completion of Document Production**, including Privilege Logs, and Interrogatory Responses.

5. The parties shall have up to and including **May 7, 2025** for the **Identification of Experts and General Subject Matter of Testimony**.

6. The parties shall have up to and including **June 4, 2025** for the **Identification of Rebuttal Experts and General Subject Matter of Testimony**.

7. **Fact Discovery** shall **CLOSE** on **July 11, 2025.**

8. Plaintiffs shall have up to and including **July 11, 2025** within which to **Amend the Pleadings or to Add Parties**.

9. The parties shall have up to and including **July 11, 2025** within which to file **Initial Expert Reports**.

10. The parties shall have up to and including **August 11, 2025** within which to file **Rebuttal Expert Reports**.

11. The parties shall have up to and including **September 5, 2025** within which to file any **Reply Expert Reports**.

12. **Expert Discovery** shall **CLOSE** on **November 4, 2025**.

13. Plaintiffs shall have up to and including **December 8, 2025** within which to file their **Motion for Class Certification**.

14. Defendants shall have up to and including **January 9, 2026** within which to file their **Responses to Plaintiffs' Class Certification Motion**.

15. Plaintiffs shall have up to and including **January 30, 2026** within which to file their **Replies to Defendants' Responses to Plaintiffs' Motion for Class Certification**.

16. The parties shall have up to and including **30 days after the Court's Ruling on Class Certification** within which to file **Dispositive and Daubert Motions**.

17. The parties shall have up to and including **30 days after the filing of Dispositive and Daubert Motions** within which to file their **Responses to Dispositive and Daubert Motions**.

18. The parties shall have up to and including **21 days after the filing of Responses to Dispositive and Daubert Motions** within which to file their **Replies** thereto.

19. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the above-discussed modifications to limitations on interrogatories, requests for production, requests for admission, and depositions shall govern in this matter.

20. The parties shall begin **MEDIATION** by no later than **September 15, 2024**.

21. The parties shall have up to and including **November 15, 2024** to advise the Court as to the **STATUS OF MEDIATION**.

It is further **ORDERED** that any extensions, changes, and/or modifications of any dates or deadlines contained herein shall be made only for good cause and only with the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

**SO ORDERED**.

Date:  June 11, 2024                                    _____/s/_____
                                                        WILMA A. LEWIS
                                                        District Judge

8