AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of the Virgin Islands

| | |
|---|---|
| CLIFFORD BOYNES, ET AL.<br>*Plaintiff*<br>v.<br>LIMETREE BAY VENTURES, LLC, ET AL.<br>*Defendant* | Civil Action No. 1:21-cv-00253-WAL-EAH |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Port Hamilton Refining and Transportation, LLP, c/o Resident Agent, Hibiscus Business Services, LLC, 5093 Dronningens Gade, Ste. 1, Charlotte Amalie, United States Virgin Islands, 00802

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 2120 Company Street<br>Christiansted, St. Croix, USVI, 00820<br>via email to dcharest@burnscharest.com | Date and Time:<br>09/13/2024 10:00 am |
|---|---|

☑ **Inspection of Premises: YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: 1 Estate Hope, Christiansted, Virgin Islands 00820-5652  Designated Object: all refinery equipment in operation from February 2021 to May 2021. | Date and Time:<br>TBD |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/29/2024

| *CLERK OF COURT* | OR | /s/ Daniel H. Charest |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Clifford Boynes, et al., who issues or requests this subpoena, are:

Daniel H. Charest, 900 Jackson St., Ste. 500, Dallas, TX 75202, dcharest@burnscharest.com, (469) 904-4550.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**

Case: 1:21-cv-00253-WAL-EAH   Document #: 881-2   Filed: 12/18/24   Page 2 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00253-WAL-EAH

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:21-cv-00253-WAL-EAH    Document #: 881-2    Filed: 12/18/24    Page 3 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Port Hamilton" refers to Port Hamilton Refining and Transportation, LLP, and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on behalf of Port Hamilton.

2. "Plaintiffs" means the named Plaintiffs in Plaintiffs' Consolidated Amended Class Action Complaint (*Boynes v. Limetree Bay Ventures, LLC*, Case No. 1:21-cv-00253 (D. V.R.), ECF No. 529) and anyone within the putative classes.

3. "Limetree Defendants" means Limetree Bay Ventures, LLC, Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC, Limetree Bay Terminals, LLC, ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., EIG Global Energy Partners, LLC, Freepoint Commodities, LLC, BP Products North America, Inc., and any of their predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on behalf of the Limetree Defendants.

4. "Contractor Defendants" means Universal Plant Services (VI), LLC, Excel Construction & Maintenance VI, Inc., Elite Turnaround Specialists, Ltd., Pinnacle Services LLC, National Industrial Services, LLC, and Versa Integrity Group, Inc., and any of their predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on behalf of the Contractor Defendants.

5. "Relevant Time Period" means January 1, 2020 to the present.

6.      "Refining" means Limetree Bay Refining, LLC., and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on behalf of Limetree Bay Refining, LLC.

7.      "Limetree Entity" means the Limetree Defendants and Refining.

8.      "Limetree Bay Refinery" refers to the refinery located at 1 Estate Hope, Christiansted, Virgin Islands 00820-5652, which was previously owned and/or operated by Limetree Bay Refining, LLC ("Limetree Bay Refining"), Limetree Bay Terminals, LLC ("Limetree Bay Terminals"), and affiliates thereof, and which was purchased by Port Hamilton on or about December 2021.

9.      "Agreement" means any offer, acceptance, contract, bid, agreement, arrangement, work order, sale, or transcription, whether consummated or not, and irrespective of its mode of communication (*i.e.*, oral, written, electronic, etc.).

10.     "Communication" means the transmission, sending, and/or receipt of information of any kind by any means including, but not limited to, writings, correspondence, facsimile, computer electronics of any kind (*e.g.*, email, Facebook Messenger, LinkedIn messages, WhatsApp messages, Teams chats, or similar platforms), cell phone or text messages, videotapes, photographs, telecommunications, telegrams, photographic film of all types, and other media of any kind.

11.     "Document" has the same meaning as in Federal Rule of Civil Procedure 34, meaning any tangible thing which is in Port Hamilton's possession, custody, or control, regardless of where located, including the original and any copy, regardless of origin or location, of any kind of written, typewritten, printed, graphic, or recorded material.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Produce all term sheets, letters of intents, memoranda of understanding, and Agreements between Port Hamilton and any Limetree Entity during the Relevant Period relating to the Limetree Bay Refinery, and all Documents and Communications relating to any such Agreements.

REQUEST FOR PRODUCTION NO. 2:

Produce all term sheets, letters of intents, memoranda of understanding, and Agreements between Port Hamilton and any Contractor Defendant during the Relevant Period relating to the Limetree Bay Refinery, and all Documents and Communications relating to any such Agreements.

REQUEST FOR PRODUCTION NO. 3:

Produce all Communications between Port Hamilton and any Limetree Entity during the Relevant Period relating to the condition of the Limetree Bay Refinery or the emission events from February 2021 to May 2021, and any Documents or Communications attached thereto.

REQUEST FOR PRODUCTION NO. 4:

Produce all Communications between Port Hamilton and any Contractor Defendant during the Relevant Period relating to the condition of the Limetree Bay Refinery or the emission events from February 2021 to May 2021, and any Documents or Communications attached thereto.

REQUEST FOR PRODUCTION NO. 5:

Produce all purchase Agreements, financing Agreements and closing documents related to Port Hamilton's acquisition of the Limetree Bay Refinery.

REQUEST FOR PRODUCTION NO. 6:

Produce all diligence materials produced, obtained, and/or reviewed by Port Hamilton prior to acquiring the Limetree Bay Refinery, including but not limited to memoranda, opinions,

assessments, evaluations, and reports, and any other due diligence Documents and related Communications concerning the Limetree Bay Refinery in advance of Port Hamilton's acquisition of the Limetree Bay Refinery, including, but not limited to, the ability to proceed with the restart process of the Limetree Bay Refinery following Port Hamilton's acquisition.

REQUEST FOR PRODUCTION NO. 7:

Produce all Documents and Communications, including but not limited to reports, inspections, assessments, analyses or evaluations regarding the condition of the Limetree Bay Refinery during the Relevant Time Period prior to the time of Port Hamilton's acquisition, including, but not limited to, materials regarding equipment condition, operational readiness, regulatory compliance, and/or safety or maintenance concerns.

REQUEST FOR PRODUCTION NO. 8:

Produce any and all photographs and/or videos of the Limetree Bay Refinery—including, but not limited to, of all refinery equipment in operation from February 2021 to May 2021—taken, obtained or possessed by Port Hamilton during the Relevant Time Period, including, but not limited to, photographs and/or videos that reflect the condition of the Limetree Bay Refinery at the time of Port Hamilton's acquisition.

REQUEST FOR PRODUCTION NO. 9:

Produce all environmental assessments or evaluations, including those conducted by or on behalf of Port Hamilton regarding the Limetree Bay Refinery, including, but not limited to, Documents and Communications highlighting any environmental or operational risks, equipment condition, and/or operational practices at the Limetree Bay Refinery.

REQUEST FOR PRODUCTION NO. 10:

Produce all operations, maintenance and repair Documents and Communications for the Limetree Bay Refinery, including, but not limited to, any Documents and Communications reflecting any maintenance or repairs needed at the time Port Hamilton acquired the Limetree Bay Refinery or since its acquisition by Port Hamilton, including, but not limited to (i) repairs Port Hamilton believed were, or believes are, necessary due to conduct by a Limetree Entity or a Contractor Defendant, and (ii) repairs of any refining equipment at the Limetree Bay Refinery, including, but not limited to, the Coker unit and/or flare #8.

REQUEST FOR PRODUCTION NO. 11:

Produce all Communications and Documents related to (i) the capital investments that Port Hamilton estimated it would make to restart the Limetree Bay Refinery, or certain refinery equipment, upon Port Hamilton's acquisition, (ii) the capital investments that Port Hamilton did make upon its acquisition of the Limetree Bay Refinery, and (iii) any assessment by Port Hamilton regarding the sufficiency or insufficiency of the capital investments in the Limetree Bay Refinery prior to its acquisition by Port Hamilton.

REQUEST FOR PRODUCTION NO. 12:

Produce all Documents and Communications, including allegations, records, reports, findings, or reviews relating to mismanagement, operational deficiencies, or negligence at the Limetree Bay Refinery during the Relevant Period prior to Port Hamilton's acquisition of the Limetree Bay Facility.

REQUEST FOR PRODUCTION NO. 13:

Produce all Documents and Communications regarding any allegations or findings of failures, neglect or other deficiencies related to any Contractor Defendant.

REQUEST FOR PRODUCTION NO. 14:

5

Produce all Documents and Communications related to Port Hamilton's efforts to make the Limetree Bay Refinery compliant with environmental, health, and safety regulations and law, including, but not limited to, Documents and Communications relating to previous violations at the Limetree Bay Refinery and/or regulatory compliance issues at the Limetree Bay Refinery prior to Port Hamilton's acquisition.

REQUEST FOR PRODUCTION NO. 15:

Produce all remediation plans or proposals for addressing environmental and/or safety issues at the Limetree Bay Refinery, including, but not limited to, any plans or proposals that predated Port Hamilton's acquisition.

REQUEST FOR PRODUCTION NO. 16:

Produce documentation sufficient to show the names, job titles, and qualifications of all Port Hamilton employees or contractors who participated in due diligence, acquisition and/or operations of the Limetree Bay Refinery during the Relevant Time Period.

REQUEST FOR PRODUCTION NO. 17:

Produce all Documents and Communications that concern the relationship between Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC.

REQUEST FOR PRODUCTION NO. 18:

Produce all Documents and Communications related to the Shared Services Systems Agreement between Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC.