*Lee J. Rohn*
(Lic. Texas and U.S.V.I.)
lee@rohnlaw.com

*Mary Faith Carpenter*
(Lic. New Jersey and U.S.V.I.)
maryfaith@rohnlaw.com

*Rhea R. Lawrence*
(Lic. U.S.V.I.)
rhea@rohnlaw.com

*Robin P. Seila*
(Lic. Massachusetts and U.S.V.I.)
robin@rohnlaw.com

# Lee J. Rohn and Associates, LLC

Mailing: 1108 King Street, Suite 3
Physical: 56 King Street, Third Floor
Christiansted, **St. Croix** VI 00820
**340.778.8855 · Fax 340.773.2954**

Mailing: 1026 Norre Gade, K.Q.
Physical: 24B/24BA/24BB Norre Gade, K.Q.
Charlotte Amalie, **St. Thomas** VI 00802
**340.774.8558**

*TOLL FREE*
**866.778.0044 · Fax 866.778.0055**

*Blake M. Feamster*
(Lic. Oklahoma, Colorado* and U.S.V.I.)
blake@rohnlaw.com

*Natalie Nelson Tang How*
Of Counsel
(Lic. U.S.V.I.)
natalie@rohnlaw.com

*Paul E. Sims*
Of Counsel
(Lic. Missouri and U.S.V.I.)
paul@rohnlaw.com

November 26, 2024

**VIA HAND DELIVER & ELECTRONIC MAIL**
Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
(340) 719-3900
asimpson@coralbrief.com

   **Re: Request to Meet-and-Confer for Non-Compliance with Subpoena Served on Port Hamilton Refining and Transportation, LLP;** *Boynes, et al. v. Limetree Bay Ventures, LLC, et al.*, **Civil Action No. 1:21-cv-00253-WAL-EAH (D.V.I.)**

Dear Attorney Simpson:

   I write regarding Plaintiffs' subpoena served on Port Hamilton Refining and Transportation, LLP ("Port Hamilton") and the deficiencies in the response.

   Plaintiffs served their subpoena on Port Hamilton on September 3, 2024. The subpoena includes a request to produce certain documents.[1] It has been nearly two months since the deadline, and Port Hamilton has failed to produce any documents or provide a timeline for compliance. Furthermore, Port Hamilton has not served any written objections to the subpoena.[2]

---

[1] The subpoena also includes an inspection of premises. This letter does not address that request, which Plaintiffs will address by separate future correspondence.

[2] Because Port Hamilton did not timely object, any objections it may have enjoyed are waived. *See* Fed. R. Civ. P. 45(d)(2)(b) (regarding subpoenas); Fed. R. Civ. P. 34(b)(2)(A) & (C) (regarding requests for production); and *Illinois Nat'l Ins. Co. v. Cornett*, 1:20-CV-00008, 2021 WL 1376570, at *4 (D.V.I. Apr. 12, 2021) (quoting *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356,





Letter to Attorney Simpson re; Subo. To Port Hamilton
November 26, 2024
Page 2

Plaintiffs' subpoena seeks documents directly relevant to this litigation, including materials concerning Port Hamilton's acquisition of the Limetree Bay Refinery, environmental assessments, and operational records. These documents are critical for Plaintiffs to understand the refinery's condition at the time of acquisition, as well as the potential liability of multiple parties in our litigation. Port Hamilton's continued failure to comply obstructs Plaintiffs' ability to prepare their case effectively.

Pursuant to Rule 37.1 of the Local Rules of the District Court of the Virgin Islands, Plaintiffs request a meet-and-confer to discuss Port Hamilton's non-compliance with the subpoena. Specifically, Plaintiffs <u>need</u> to discuss Port Hamilton's timeframe for the prompt production of all responsive documents, especially considering its waiver of objections.

If Port Hamilton does not commit to a prompt production of all responsive documents without objection, Plaintiffs will move for an order to show cause. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv), 45(d)(2)(B)(i), and 45(g).

I am available on December 10, 2024, all day, December 13, 2024, all day, meet and confer as to Port Hamilton's failure to respond to the subpoena discuss Plaintiffs' concerns. If none of these dates and times work for you, please proposed an alternative, understanding that we intend to complete the meet-confer process by December 13, 2024.

I trust that this matter can be resolved without court intervention, and I look forward to your prompt response by November 30, 2024.

Cordially,

Lee J. Rohn, Esq.

LJR/kjg

---

1360 (D. Kan. 1995) ("When a producing party fails to make a timely objection, a court may find that the party has waived any objections to a document request under Rule 34."), and *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) ("If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections.")).