# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,**<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>　　　　Defendants. | **Civil Action No. 2021-0253** |
| **HELEN SHIRLEY, et al.,**<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>　　　　Defendants. | **Civil Action No. 2021-0259** |
| **MARY L. MOORHEAD, et al.,**<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>　　　　Defendants. | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,**<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>　　　　Defendants. | **Civil Action No. 2021-0261** |

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

　　THIS MATTER comes before the Court on Defendant BP Products North America Inc.'s ("BPPNA") "Motion to Seal Unredacted Exhibits from Public View" ("Motion") (Dkt. No. 689).

In the Motion, Defendant BPPNA requests leave to file under seal unredacted copies of Exhibits 1 through 7 ("Proposed Sealed Exhibits") (Dkt. No. 643-11) referenced in Defendant BPPNA's "Memorandum of Law in Support of Motion to Dismiss Claims Against BPPNA" ("Memorandum") (Dkt. No. 643-10). The Proposed Sealed Exhibits consist of contractual agreements which were referenced and excerpted in redacted form in the Memorandum.[1] (Dkt. No. 689 at 2). In support of its request, Defendant BPPNA states that these documents "contain unambiguous confidentiality provisions" designed "to keep the negotiated terms of the transactions secret from competitors and potential future transactional counterparties," and "economic deal terms," the disclosure of which "could threaten the contracting parties business's competitive advantage in similar business transactions." *Id.* at 3. Plaintiffs have not filed a response to Defendant BPPNA's Motion.[2]

For the reasons discussed below, the Court will grant Defendant BPPNA's Motion.

There is a common law public right of access to judicial records and proceedings. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). This right of access "extends beyond" the public's "ability to attend open court proceedings"; it also encompasses the right of the public "to inspect and to copy" judicial records. *Id*. A document is deemed a judicial record when it "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Judicial records include "the material filed in connection" with "pretrial motions of a nondiscovery nature." *Id.* at 192-93; *see also Leucadia, Inc. v. Applied*

---

[1] Defendant BPPNA represents that Plaintiffs were provided with unredacted copies of the agreements on June 20, 2024 pursuant to the June 14, 2024 Confidentiality and Protective Order. (Dkt. No. 689 at 3; *see also* Dkt. No. 680).

[2] Defendant BPPNA represents that BPPNA's counsel contacted Plaintiff's counsel on June 19, 20, and 21 of 2024 in attempts "to gain Plaintiffs' concurrence as to the relief sought" and "received no response . . . by the time of filing." (Dkt. No. 689 at 5).

Case: 1:21-cv-00253-WAL-EAH    Document #: 1090    Filed: 03/31/25    Page 3 of 4
Opinion & Order re: Sealing MtD Exhibits                                                    EDW
*Boynes v. LimeTree Bay Ventures* (21-cv-00253)                                              v.5

*Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (detailing the "wide variety of civil records and documents" that have received "the presumption of public access"). Courts also routinely recognize exhibits filed in connection with a motion to dismiss as judicial records within the public right to access. *See, e.g., Bryan v. United States*, 2017 WL 1347681 at *5 (D.V.I. Jan. 27, 2017); *Ingenus Pharm., LLC v. Nevakar Injectables, Inc.*, 2023 WL 11852437 at *1 (D.N.J. July 13, 2023).

The "strong presumption" of public access "disallows the routine and perfunctory closing of judicial records." *In re Cendant Corp.*, 260 F.3d at 193-94. This presumption attaches when a document becomes a judicial record. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, "[t]he presumption is just that, and thus may be rebutted." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). The party seeking the sealing of judicial proceedings and records bears "the burden" of demonstrating "that the interest in secrecy outweighs the presumption." *Leucadia*, 998 F.2d at 165. Specifically, the movant must show that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In doing so, "specificity is essential" because "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194.

As noted earlier, Defendants represent that the Proposed Sealed Exhibits that they seek to file under seal "contain unambiguous confidentiality provisions" designed "to keep the negotiated terms of the transactions secret from competitors and potential future transactional counterparties," and "economic deal terms," the disclosure of which "could threaten the contracting parties business's competitive advantage in similar business transactions." (Dkt. No. 689 at 3). The Third Circuit has "expressly recognized that courts may deny access to judicial records where they are

3

sources of business information that might harm a litigant's competitive standing." *Westinghouse*, 949 F.2d at 662 (quotations omitted).  Upon consideration of Defendant BPPNA's representations and the Court's review of unredacted versions of the documents, the Court will grant Defendant BPPNA's "Motion to Seal Unredacted Exhibits from Public View."

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant BP Products North America Inc.'s "Motion to Seal Unredacted Exhibits from Public View" (Dkt. No. 689) is **GRANTED**; and it is further

**ORDERED** that Defendant BP Products North America Inc. shall file **UNDER SEAL** unredacted copies of the Proposed Sealed Exhibits 1 through 7 (Dkt. No. 643-11) referenced in Defendant BPPNA's "Memorandum of Law in Support of Motion to Dismiss Claims Against BPPNA" (Dkt. No. 643-10); and it is further

**ORDERED** that the Clerk's Office shall grant access to the sealed documents to Plaintiffs and Defendant BP Products North America Inc.

**SO ORDERED.**

Dated: March 31, 2025

                                                                               _____/s/_____
                                                             WILMA A. LEWIS
                                                              Senior District Judge