## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
| Plaintiffs, | **Civil Action No. 2021-0253** |
| v. | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| Defendants. | |
| **HELEN SHIRLEY, et al.,** | |
| Plaintiffs, | **Civil Action No. 2021-0259** |
| v. | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| Defendants. | |
| **MARY L. MOORHEAD, et al.,** | |
| Plaintiffs, | **Civil Action No. 2021-0260** |
| v. | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| Defendants. | |
| **BEECHER COTTON, et al.,** | |
| Plaintiffs, | **Civil Action No. 2021-0261** |
| v. | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| Defendants. | |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

This Class Action Settlement Agreement ("Agreement," "Settlement," or "Settlement Agreement") sets forth the terms of settlement between Plaintiffs Ryan Alleyne, Agnes Augustus, Esther Clifford, Sirdina Isaac Joseph, Isidore Jules, John Sonson, Mary Moorhead, Margaret Thompson, Alvina (Jean-Marie) Ilarraza, Cristel Rodriguez, Clifford Boynes, Delia Almestica, Helen Shirley, Guidrycia Wells & Minor Child "O.N.", Edna Santiago, and Virginie George (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class Members as defined below, and ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC, and Freepoint Commodities LLC (collectively, the "Settling Defendants"), in the above-captioned Litigation.

## I.    <u>RECITALS</u>

WHEREAS, the above-captioned Litigation (the "Consolidated Cases" or the "Litigation") was filed in May 2021, and on March 1, 2024, was consolidated "for all purposes." *Boynes*, Dkt. 526;

WHEREAS, on March 5, 2024, Plaintiffs filed the Complaint (as defined below) alleging that all of the Defendants in the Litigation, through their alleged actions, were responsible for the emission, release, and discharge on multiple occasions of hazardous and toxic chemicals, substances, gases, and odors, including, without limitation, oil, hydrogen sulfide, sulfur dioxide, polycyclic aromatic hydrocarbons, including naphthalenes, other petroleum hydrocarbons, and other chemicals, toxins, and particulates from the Limetree Bay Refinery (the "Refinery") that took place during the time period from February 2021 to May 2021, at which time the Refinery was forced to shut down;

WHEREAS, Plaintiffs' Complaint alleges that Plaintiffs and those similarly situated suffered economic and non-economic injuries, including, but not limited to, bodily injury and property damage, resulting from the environmental releases from the Refinery;

WHEREAS, the Settling Defendants dispute Plaintiffs' allegations, do not believe they are responsible for any of Plaintiffs' alleged harms, and have filed motions to dismiss the Consolidated Cases, which Plaintiffs have opposed, and which are currently pending;

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough investigation of the facts and law relating to the matters alleged in the Litigation, have conducted extensive written discovery and participated in numerous depositions, and have retained and worked with expert witnesses and consultants who have analyzed facts and evidence relating to Plaintiffs' claims and contentions;

WHEREAS, Plaintiffs and Class Counsel have concluded that it is in the best interests of Plaintiffs and the Settlement Class as defined herein to resolve their claims asserted in the Litigation against the Settling Defendants, and to settle these claims on the terms set forth herein, and that the proposed settlement with the Settling Defendants as set forth in this Agreement is fair, reasonable, adequate, and is in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, the Settling Defendants have conducted a thorough investigation of the facts and law relating to the matters alleged in the Litigation, have participated in the preparation of extensive written discovery, and continue to deny the allegations asserted by Plaintiffs in the Litigation and maintain that they have meritorious defenses to Plaintiffs' claims, but have entered into this Agreement to avoid further expenses, inconvenience, and the distraction of burdensome and protracted litigation, and in order to resolve this controversy and avoid the risks inherent in complex litigation;

WHEREAS, the Parties to this Settlement Agreement engaged in extensive, difficult, complex, and arm's-length negotiations regarding the settlement of Plaintiffs' and the Settlement Class Members' claims, including through mediation overseen by the Court-appointed mediator, John W. Perry, Jr. (the "Mediator"); and

WHEREAS, the Parties desire and intend by this Agreement to settle finally and completely, and effectuate a final resolution of the Released Claims of the Settlement Class Members against the Settling Defendants.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree that the Released Claims (as defined below) that were asserted in the Litigation against the Settling Defendants shall be settled, released, and dismissed on their merits with prejudice, according to the terms and conditions set forth herein.

## II.    **DEFINITIONS**

1.    As used in this Settlement Agreement, the following terms have the meanings set forth below:

A.    **"Affected Geographic Area"** means the western portion of the Island of St. Croix, more particularly described as bounded by 64.74 degrees West Longitude and the sea.

B.    **"ArcLight"** means ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., Limetree Bay Holdings, LLC, and Limetree Bay Preferred Holdings, LLC, and any of their predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, and agents or any persons acting or purporting to act on those entities' behalf (though the term "ArcLight" as used herein excludes any Non-Released Parties as defined below).

C.      "**Claim**" means a claim made by a Claimant via the submission of a Claim Form to the Settlement Administrator pursuant to this Settlement Agreement.

D.      "**Claimant**" means a Settlement Class Member who submits a Claim Form pursuant to this Settlement Agreement.

E.      "**Claim Form**" means a proposed Claim Form to be agreed to by the Parties which will be used by Settlement Class Members to submit a Claim under this Settlement Agreement. The Parties will agree to the Claim Form prior to the filing of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and such Claim Form will be an exhibit to that motion and subject to the approval of the Court.

F.      "**Claim Deadline**" means the date by which a Claim Form must be submitted or postmarked to be considered timely. The Claim Deadline shall be set forth in the Preliminary Approval Order, all forms of notice of this Settlement, and the Settlement Website, and shall be one hundred and twenty (120) days from the Notice Date.

G.      "**Class Counsel**" means all attorneys of record for Plaintiffs in the cases comprising the Litigation.

H.      "**Class Notice**" or "**Notice of Settlement**" mean the various forms of notice that will be provided to Settlement Class Members to inform them about the terms of this Settlement Agreement, their right to participate in the Settlement and how to do so, to opt out or object to the Settlement, and to appear at the Final Approval Hearing. A copy of the proposed long form Notice of Class Action Settlement ("Long Form Notice") and a copy of the proposed short-form Summary Notice ("Summary Notice") will be agreed to by the Parties prior to the filing of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and such Long Form Notice and Summary Notice will be an exhibit to that motion and subject to the approval of the

Court. The Class Notice will be disseminated to Settlement Class Members in accordance with the Notice Plan set forth below.

I.      **"Co-Lead Class Counsel"** means Kerry Miller of Fishman Haygood, L.L.P., Daniel Charest of Burns Charest LLP, and Shanon J. Carson of Berger Montague PC.

J.      **"Complaint"** means Plaintiffs' Consolidated Class Action Complaint filed on March 5, 2024, in the Litigation (No. 21-CV-253, ECF No. 529) and any amendments thereto.

K.      "**Counsel for Settling Defendants**" means Daniel T. Donovan and Jennifer G. Levy of Kirkland & Ellis LLP on behalf of ArcLight and Francis Healy of Hogan Lovells US LLP on behalf of Freepoint.

L.      "**Court**" means the United States District Court for the Virgin Islands, Division of St. Croix.

M.      **"Defendants"** means all Defendants named in the Complaint.

N.      **"Effective Date"** means (a) if no objection is raised to the proposed Settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed Settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

O.    "**Eligible Claimant**" means a Claimant who has submitted a valid and timely Claim Form as determined by the Settlement Administrator.

P.    "**Final Approval Hearing**" means the hearing set by the Court to consider final approval of the Settlement.

Q.    "**Final Approval Order**" means the Court's Final Approval Order and Judgment with respect to this Settlement and the Settling Defendants.

R.    "**Freepoint**" means Freepoint Commodities LLC and any of its predecessors, successors, direct and indirect subsidiaries, affiliates, assigns, and agents or any persons acting or purporting to act on those entities' behalf (though the term "Freepoint" as used herein excludes any Non-Released Parties as defined below).

S.    "**Gross Settlement Fund**" means the total settlement payment of $17,500,000.00 to be paid by the Settling Defendants as set forth in Section IV, below, as damages to resolve the allegations against them in the Complaint for the benefit of the Settlement Class as a non-reversionary common fund to be used as set forth in this Agreement to make Settlement Payments to Settlement Class Members, pay attorneys' fees and costs to Class Counsel, any service awards, and all Settlement Administration Costs arising from this Settlement with the Settling Defendants, all as approved by the Court and pursuant to the terms set forth in the Settlement Agreement.

T.    "**Incidents**" shall have the same meaning as used in Plaintiffs' Complaint. *See* Dkt. 529 at ¶ 8.

U.    "**Litigation**" means the following litigations pending in the Court, including any consolidated litigation thereof: (1) *Shirley, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00259 (D.V.I.); (2) *Cotton, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-

7

cv-00261 (D.V.I.); (3) *Moorhead, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00260 (D.V.I.); and (4) *Boynes, et al. v. Limetree Bay Refining, LLC, et al.*, No. 1:21-cv-00253 (D.V.I.) ("*Boynes*").

V.     **"Limetree Bay Refinery" or "Refinery"** shall have the same meaning as used in Plaintiffs' Complaint. *See* Dkt. 529 at ¶ 1.

W.     "**Net Settlement Fund**" means the Gross Settlement Fund minus any Court-approved attorneys' fees and costs to Class Counsel, service awards, and Settlement Administration Costs.

X.     **"Non-Released Parties"** means (a) any non-Settling Defendant in the Litigation, or their parent companies, subsidiaries, shareholders, members, officers, directors, employees, contractors, insurers, attorneys, and successors, (b) Limetree Bay Energy, LLC, and (c) Limetree Bay Refining, LLC or its Trustee.

Y.     "**Notice Date**" means the date on which the Settlement Administrator has implemented the Notice Plan approved by the Court in its Preliminary Approval Order and shall not be later than thirty (30) days after the entry of the Court's Preliminary Approval Order.

Z.     "**Notice Plan**" means the plan of providing notice of the Settlement Agreement to the Settlement Class as approved by the Court in its Preliminary Approval Order.

AA.     **"Objection and Opt-Out Deadline"** means the date sixty (60) days after the Notice Date.

BB.     "**Parties**" means Plaintiffs and Settling Defendants.

CC.     **"Plaintiffs"** or "**Class Representatives**" means Ryan Alleyne, Agnes Augustus, Esther Clifford, Sirdina Isaac Joseph, Isidore Jules, John Sonson, Mary Moorhead, Margaret Thompson, Alvina (Jean-Marie) Ilarraza, Cristel Rodriguez, Clifford Boynes, Delia

Almestica, Helen Shirley, Guidrycia Wells & Minor Child "O.N.", Edna Santiago, and Virginie George.

DD.    "**Preliminary Approval Order**" means the Court's Order granting preliminary approval of the Parties' Settlement Agreement. The Parties will agree to the Preliminary Approval Order prior to the filing of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and such Preliminary Approval Order will be filed with that motion and subject to the approval of the Court.

EE.    "**Released Claims**" means the released claims as set forth in Section VIII, below.

FF.    "**Released Parties**" means the released parties as set forth in Section VIII, below.

GG.    "**Settlement Administrator**" means Epiq Class Action & Mass Tort Solutions, Inc., or another independent third-party administrator to be agreed upon by the Parties to effectuate the Notice Plan, administer this Settlement, and perform all duties assigned to the Settlement Administrator in this Agreement. All reasonable fees and costs billed by the Settlement Administrator will be paid from the Gross Settlement Fund.

HH.    "**Settlement Administration Costs**" means the reasonable fees and expenses of the Settlement Administrator incurred in providing notice to the Settlement Class and administering the Settlement. Settlement Administration Costs that have been incurred are not recoverable by the Settling Defendants in the event the Settlement is not finally approved, is not upheld on appeal, or does not reach the Effective Date, but the remainder of the Gross Settlement Fund (including any interest earned on the Gross Settlement Fund) if the Settlement is not finally approved shall be returned to the Settling Defendants by the Settlement Administrator.

9

II.    "**Settlement Class**" or "**Settlement Class Members**" means all persons or entities: a) who owned or rented property (real and/or personal) in the Affected Geographic Area on or after February 3, 2021; or b) who resided in, worked in, operated a business in, or were present in the Affected Geographic Area during the time period from February 3, 2021 to May 26, 2021, and includes, without limitation, all persons or entities who are retained clients of any law firms comprising Class Counsel before the date of execution of the Settlement Agreement and who assert claims arising out of the Incidents.

JJ.    "**Settlement Escrow Account**" means an interest-bearing escrow account at Huntington Bank to be treated as a "Qualified Settlement Fund" for federal income tax purposes pursuant to Internal Revenue Code Section 468B and the Regulations issued thereto. Co-Lead Class Counsel shall be parties to the escrow agreement for the Settlement Escrow Account. The Settlement Administrator shall timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter cause the appropriate filings to occur. The Settlement Administrator shall be responsible for filing federal, state, and local tax returns for the Settlement Escrow Account and paying from the Settlement Escrow Account any taxes owed with respect to the Qualified Settlement Fund.

KK.    "**Settlement Payment**" means any settlement payment issued to a Settlement Class Member by the Settlement Administrator for approved payments made pursuant to the method by which Settlement Class Members qualify for payment as described in this Agreement. Settlement Payments may be made via check if a paper check is requested by the Settlement Class Member on their Claim Form, or via other reasonable payment methods such as Zelle, Venmo, or payment card.

LL.    "**Settlement Website**" means the settlement website established by the Settlement Administrator, on which the Class Notice and other information relevant to this Settlement Agreement will be posted for the Settlement Class Members' benefit. The URL of the Settlement Website shall be www.LimetreeBaySettlement.com.

## III.    MOTION FOR PRELIMINARY APPROVAL

2.    Within fourteen (14) days of this Settlement Agreement being executed, Plaintiffs shall file with the Court a Motion for Preliminary Approval of Class Action Settlement that seeks entry of the Preliminary Approval Order, that:

a.    Conditionally certifies the Settlement Class and preliminarily approves the Settlement as fair, reasonable, and adequate;

b.    Appoints Co-Lead Class Counsel to represent the Settlement Class;

c.    Approves the proposed Class Notice;

d.    Establishes the Objection & Opt-Out Deadline;

e.    Appoints the Settlement Administrator; and

f.    Sets a date for the Final Approval Hearing.

## IV.    SETTLEMENT CONSIDERATION

3.    Within ten (10) business days after the execution of this Agreement, the Settling Defendants shall deposit or cause to be deposited into the Settlement Escrow Account an amount equal to $2,000,000.00. The Settling Defendants shall deposit the remainder of the Gross Settlement Fund into the Settlement Escrow Account within ten (10) business days after the Effective Date. Any interest that accrues on any portion of the Gross Settlement Fund shall be included in the definition of "Gross Settlement Fund." Other than its contribution of the Gross Settlement Fund as set forth above, Settling Defendants shall have no obligation to make any

Docusign Envelope ID: 6233476B-1BP6-49CB-B474-15916BB999F6

additional payment in connection with the Settlement. If the Settlement is not finally approved, is not upheld on appeal, or does not reach the Effective Date, the Gross Settlement Fund (including any interest earned) other than any Settlement Administration Costs incurred up to that date, shall be returned to the Settling Defendants by the Settlement Administrator within ten (10) days of, as applicable, the failure to obtain a Final Approval Order, issuance of a mandate by the appellate court, or an occurrence indicating a final failure to reach the Effective Date.

4.      Plaintiffs shall develop an Allocation Plan for the distribution of the Net Settlement Fund to be approved by the Settling Defendants prior to the filing of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Allocation Plan will be proposed by Plaintiffs with their Motion for Preliminary Approval for the Court's approval and shall be described in the Notice of Settlement and on the Settlement Website.

5.      No Claims shall include any amounts that have been or will be reimbursed by an insurance company, *i.e.*, there shall be no double recovery to any Settlement Class Member.

6.      All Claims must be submitted to the Settlement Administrator by the Claim Deadline. Any Settlement Class Member who wishes to submit a Claim must timely complete, sign (by hard copy or electronic signature), and submit a Claim Form and provide the Settlement Administrator with all requested information and documentation. All Claim Forms shall be submitted to the Settlement Administrator with an attestation under penalty of perjury. A Claim Form that does not meet each of the above requirements, and those contained in the Claim Form, is deficient and shall be responded to by the Settlement Administrator.

7.      The Settlement Administrator shall receive, process, and make determinations regarding all Claim Forms as promptly as possible and as Claim Forms are received. Co-Lead Class Counsel and Counsel for Settling Defendants have the right to review the Claim files of the

Docusign Envelope ID: 6233476B-13B6-49CB-B474-15916BB999F6

Settlement Administrator at any time. The Settlement Administrator may confer with Class Counsel with respect to any Claim.

8.      If a Claim provided by a Claimant to the Settlement Administrator when submitting a Claim Form conclusively establishes (as determined by the Settlement Administrator) that the Claim is not eligible for a remedy under this Settlement Agreement, then the Settlement Administrator shall deny the Claim.

9.      A Claimant shall have one opportunity to cure any deficienc(ies) with their Claim Form. If a Claim Form is determined to be deficient, the Settlement Administrator shall send a deficiency letter giving the Settlement Class Member twenty-one (21) days to respond.

## V.      SETTLEMENT CLASS CERTIFICATION

10.      The Parties stipulate and agree for purposes of effectuating this Agreement that all prerequisites for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met. If the Court does not grant final approval of this Settlement Agreement, or if this Settlement Agreement does not reach the Effective Date for any reason, then the certification of the Settlement Class shall be void and any order conditionally certifying the Settlement Class shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Litigation or in any other case or controversy, and the Parties shall be restored to their respective positions as of the date before this Settlement Agreement was executed.

## VI.      SETTLEMENT ADMINISTRATION AND NOTICE PLAN

11.      In the proposed Preliminary Approval Order, the Parties will propose that Epiq Class Action & Mass Tort Solutions, Inc., or another independent third-party administrator agreed upon by the Parties be appointed by the Court as the Settlement Administrator to facilitate and

implement the Class Notice pursuant to the Notice Plan, oversee and administer the Claim Form process, and perform all other duties assigned to the Settlement Administrator under this Agreement. All Notice Plan and Settlement Administration Costs will be paid from the Gross Settlement Fund. The Settlement Administrator shall:

      a.    Use personal information acquired as a result of this Agreement solely for purposes of administering this Settlement and evaluating and paying Claims under this Agreement;

      b.    Assign a manager to oversee the protection and appropriate management of personal information and review the Settlement Administrator's internal system to manage the protection of personal information to ensure consistent performance and constant improvement;

      c.    Take security countermeasures to prevent unauthorized access to personal information and the loss, destruction, theft, falsification, and leakage of personal information;

      d.    If outsourcing the handling of personal information to other entities, determine that those entities take steps to ensure appropriate management of the information to prevent leaks of personal or confidential information, and prohibit reuse of information for any other purposes;

      e.    Respond immediately with appropriate measures when necessary to disclose, correct, stop using, or eliminate contents of information;

      f.    Notify Co-Lead Class Counsel and Counsel for the Settling Defendants in writing within twenty-four (24) hours of learning of any potential data or privacy breach involving the information obtained by the Settlement Administration under this Agreement; and

      g.    Within ninety (90) days after the conclusion of the Litigation, and in compliance with applicable retention law, destroy all personal information obtained in connection

Docusign Envelope ID: 6233476B-13B6-49CB-8474-15916BB999F6

with this Settlement in a manner most likely to guarantee that such information shall not be obtained by unauthorized persons.

12.     The Settlement Administrator shall implement the Notice Plan to reach Settlement Class Members and inform them of this Settlement. The Notice of Settlement and Notice Plan shall be designed to provide clear and concise notice of the terms of this Settlement Agreement in plain, easily understood language to Settlement Class Members. The Parties acknowledge and agree that the Notice Plan constitutes due and sufficient notice under FED. R. EVID. P. 23 and due process. The Settlement Administrator will provide a declaration that in its opinion the Notice Plan is the best notice practicable under the circumstances and comports with due process.

13.     The Notice Plan used to provide notice of this Settlement to the Settlement Class shall be approved in the Court's Preliminary Approval Order. The cost of the Notice Plan shall be paid out of the Gross Settlement Fund. The Notice Plan shall be effectuated by the Settlement Administrator and shall include, at a minimum:

        A.      Individual Notice–Direct Mailing. The Settlement Administrator will use the United States Postal Service's direct mailing service of "Every Door Direct Mail," or another similar service, to send the Summary Notice to all addresses in the Affected Geographic Area. The Summary Notice will be addressed to "Occupant or Current Resident," and, as a result, there will be no undeliverable mail or remail.

        B.      Email. The Settlement Administrator shall email the long-form Notice of Settlement and Claim Form to all Settlement Class Members for whom it is provided an email address, including by Class Counsel.

        C.      Publication Notice. The Settlement Administrator will disseminate agreed-upon notice that will target Settlement Class Members in the Affected Geographic Area and that

shall consist of radio advertisements, print advertisements in the Virgin Islands Consortium and/or other local publications, search-engine marketing targeting residents of the Affected Geographic Area, and a press release with language agreed to by the Parties.

    D. Settlement Website. Within twenty-one days after the entry of the Preliminary Approval Order, the Settlement Administrator shall establish and make live the Settlement Website. The domain name of the Settlement Website shall be included in all forms of notice under the Notice Plan. The Settlement Website shall provide, at a minimum: (i) information concerning deadlines for submitting a Claim Form; (ii) the date and location of the Final Approval Hearing; (iii) the toll-free phone number applicable to the Settlement; (iv) copies of the Settlement Agreement, the Claim Form, the Long Form Notice, the Summary Notice, Court Orders regarding this Settlement, and any Motion for Approval of Attorneys' Fees, Costs, and Service Awards; and (v) information concerning the submission of Claim Forms, including the ability to submit Claim Forms electronically using an electronic signature service such as DocuSign or a similar service through the Settlement Website. The Settlement Website shall be maintained by the Settlement Administrator until the later of 180 days after the conclusion of the check-cashing period; or 180 days after the conclusion of the Litigation.

    E. Toll-Free Number. The Settlement Administrator shall establish a toll-free telephone number and facility that will provide members of the Settlement Class with information and direct them to the Settlement Website by no later than the Notice Date. The toll-free telephone number shall be included in all forms of notice under the Notice Plan and on the Settlement Website and shall be capable of providing general information concerning deadlines for filing a claim form, opting out of or objecting to the Settlement, and the dates and locations of relevant

Docusign Envelope ID: 6233476B-1BD6-49CB-B474-15916BB999F6

Court proceedings, including the Final Approval Hearing. The toll-free number(s) shall be maintained by the Settlement Administrator during the period that the Settlement Website is active.

F.    <u>Law Offices.</u> Class Counsel will make available copies of the Settlement Agreement, the Claim Form, the Long Form Notice, and the Summary Notice at the following law offices:

| Lee J. Rohn & Associates 56 King Street, Third Floor Hamilton House Christiansted, U.S.V.I (340) 778-8855 info@rohnlaw.com | Colianni and Leonard 2120 Company Street, Christiansted, St. Croix (340) 719-1766 marina@colianni.com | Dema Law 1236 Strand Street, Suite 103 Christiansted, St. Croix (340) 773-6142 dsugimura@demalaw.com |
|---|---|---|

14.    The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Settling Defendants with a declaration detailing all of its efforts regarding the Notice Plan and of its timely completion of the Notice Plan and its outreach to the members of the Settlement Class, to be filed as an exhibit to Plaintiffs' Motion for Final Approval of Class Action Settlement.

15.    The Settling Defendants shall give notice of the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), by mailing the CAFA notice within ten (10) days of the filing of the Motion for Preliminary Approval of Class Action Settlement and shall provide Class Counsel with a copy of all such notices.

## VII.    <u>CLAIMS SUBMISSION PROCESS AND ADMINISTRATION</u>

16.    The Settlement Administrator shall cause the Claim Form to be available and capable of being electronically completed on the Settlement Website. Any Settlement Class Member who wishes to submit a Claim must timely complete, sign (by hard copy or electronic signature, or through the Settlement Website), and submit a Claim Form providing the Settlement Administrator with all requested information and supporting documents as applicable. A Claim Form that does not meet these requirements is deficient and shall promptly be responded to by the

Settlement Administrator using a deficiency letter giving the Settlement Class Member twenty-one (21) days to respond. A Claimant shall have one opportunity to cure any deficiency associated with their Claim Form.

17.     The Settlement Administrator shall receive, process, and make determinations regarding all Claim Forms pursuant to the terms of this Agreement, as promptly as possible, and shall not wait until the end of the Claim process to do so. All Claim Forms shall be reviewed as they are received for deficiencies and any required follow-up actions.

18.     The Settlement Administrator shall have the right to audit Claims and, when deemed necessary, to request additional information from Settlement Class Members submitting a Claim Form.

19.     The Settlement Administrator shall approve or deny all Claim Forms pursuant to the terms set forth in this Settlement Agreement, the Notice of Settlement, and the Claim Form. If any fraud is detected or reasonably suspected, the Settlement Administrator may request further information from the Settlement Class Member or deny the claim subject to the ultimate oversight of the Parties and the Court. The Settlement Administrator will immediately notify and provide all details to Co-Lead Class Counsel and Counsel for Settling Defendants if it suspects any person of committing fraud at any time, so that the Parties can meet and confer and advise the Settlement Administer and the Court, if necessary, concerning any response to be taken.

20.     The Settlement Administrator shall issue all payments owed to Eligible Claimants as soon as practicable and within sixty (60) days following the Effective Date. The Settlement Administrator shall issue its payments via check (standard mail), Venmo, Zelle, ACH, or virtual prepaid card at the election of the Settlement Class Member, who can make such election on their Claim Form or via the Settlement Website.

21.     All checks issued by the Settlement Administrator to Eligible Claimants shall remain valid for one hundred eighty (180) days ("Check Cashing Period"). Any check sent to an Eligible Claimant that is not cashed within the Check Cashing Period shall be void but a new check shall be reissued to the applicable Eligible Claimant upon request if such request is made during the Check Cashing Period or during the pendency of the Litigation. Any replacement check will remain valid for sixty (60) days. The Settlement Administrator may send check-cashing reminders to Eligible Claimants who have not yet cashed their check and may call, email, or text Eligible Claimants to remind them to cash their checks.

22.     Ninety (90) days after the later of (i) the Check Cashing Period, or (ii) the conclusion of the Litigation, any monies still remaining from uncashed checks shall be sent to a *cy pres* recipient to be agreed to by the Parties, subject to approval by the Court.

23.     The Settlement Administrator shall maintain and preserve records of all of its activities in connection with administering this Settlement Agreement, including logs of all telephone calls, emails, text messages, mailings, visits to the Settlement Website, and all other contacts with actual and potential Settlement Class Members, in a computerized database with readily retrievable records. The database shall also include a running tally of the number and types of materials disseminated by the Settlement Administrator. The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Settling Defendants with weekly written reports, beginning on the Notice Date and continuing until the end of the Check Cashing Period, summarizing all statistics and actions taken by the Settlement Administrator in connection with administering the Settlement.

24.     The Settlement Administrator also shall provide reports and declarations to the Parties as Co-Lead Class Counsel or Counsel for Settling Defendants requests, or as the Court

requires.

## VIII.    **RELEASED CLAIMS**

25.    Upon the Effective Date, Plaintiffs and the Settlement Class shall release and discharge Settling Defendants and their present and former parent companies, subsidiaries, shareholders, members, officers, directors, employees, attorneys, and successors (the "Released Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or any Settlement Class Members ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties, on the basis of, arising from, or relating to the claims alleged in the Litigation. With respect to the subject matter of the Litigation, Plaintiffs and Settlement Class Members hereby expressly waive the benefits of any statutory provision or common law rule that provides, in substance or effect, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party. The term Released Parties shall not include Non-Released Parties.

## IX.    **OBJECTIONS AND OPT-OUTS**

26.    Any Settlement Class Member who wishes to object to this Settlement Agreement must serve on the Settlement Administrator their objection no later than the Objection and Opt-Out Deadline. Class Counsel shall use reasonable, good faith efforts to encourage participation in the Settlement Class. Any objection must be in writing, and include the following information: (a)

the objector's name, address, telephone number, email address, and, if represented by counsel, the name, address, telephone number, and email address of his or her counsel; (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (c) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his or her counsel intends to rely; (d) a statement of whether the objector or their counsel intends to appear at the Final Approval Hearing, either in person or through counsel; and (e) the objector's handwritten signature. Any objector or their counsel who intends to make an appearance at the Final Approval Hearing shall serve on all Co-Lead Class Counsel and Counsel for Settling Defendants a notice of intention to appear at the Final Approval Hearing by no later than the Objection and Opt-Out Deadline.

27.     The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Settling Defendants with copies of any objections received by it on a weekly basis.

28.     Any Settlement Class Member who wishes to be excluded from the Settlement (i.e., to opt out of the Settlement Class such that they are not bound by the Settlement Agreement) must serve a written request for exclusion to the Settlement Administrator, emailed or postmarked by the Objection and Opt-Out Deadline. The written request must provide the Settlement Class Member's name, address, telephone number, and email address, state that the Settlement Class Member requests exclusion from the Settlement Class and must be personally signed by the Settlement Class Member.

29.     Any Settlement Class Member who does not submit a timely objection or request for exclusion shall be bound by all subsequent proceedings and orders in the Litigation.

30.     The Settlement Administrator shall receive and maintain the exclusion requests and provide copies of any exclusion requests to Co-Lead Class Counsel and Counsel for Settling

Defendants as they are received. A complete list of all Settlement Class Members who submitted timely, valid exclusion requests, as well as any objections to the Settlement, will be filed with the Court as part of a Declaration of the Settlement Administrator at the same time that Plaintiffs file their Motion for Final Approval of Class Action Settlement.

31.     Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

32.     No later than five (5) days after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Co-Lead Class Counsel and Counsel for Settling Defendants a complete list of opt-outs together with copies of the opt-out requests and any other related information.

33.     In the event that there are opt-outs that exceed five percent (5%) of the total number of Settlement Class Members who submitted timely, valid Claim Forms, the Settling Defendants shall have the right, in their sole and absolute discretion, within ten (10) days after receiving from the Settlement Administrator the total percentage of opt-outs as of the Objection and Opt-Out Deadline, to notify Co-Lead Class Counsel in writing that the Settling Defendants have elected to terminate this Settlement Agreement and withdraw from the Settlement.

## X.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

34.     On behalf of all Class Counsel, Co-Lead Class Counsel will file a Motion for Attorneys' Fees, Costs, and Service Awards twenty-one (21) days before the Opt-Out and Objection Date, with the total amount of attorneys' fees requested not to exceed one-third of the Gross Settlement Fund, plus reimbursement of out-of-pocket expenses as documented to the Court. These amounts, as approved by the Court, shall be paid to Co-Lead Class Counsel within thirty (30) days after the Effective Date, and thereafter allocated to Class Counsel by Co-Lead Class Counsel. Plaintiffs may make an application for service awards in amounts not to exceed Five

Thousand Dollars ($5,000) for each Settlement Class Representative to compensate them for their time and efforts, and services performed, on behalf of the Settlement Class, which, if granted by the Court, will be paid out of the Gross Settlement Fund within thirty (30) days after the Effective Date.

35.     The Parties acknowledge that they negotiated and agreed upon all consideration to the Settlement Class and that Settling Defendants have not discussed or negotiated and will play no part in determining the amount or allocation of Class Counsels' attorneys' fees and expenses, or service awards. The Settling Defendants shall not be responsible for or otherwise obligated to pay any amounts whatsoever in excess of the Gross Settlement Fund for attorneys' fees, expenses, and service awards, or any other costs.

## XI.    ENTRY OF FINAL APPROVAL ORDER AND JUDGMENT

36.     This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Settlement Agreement. The Final Approval Order shall:

a.      Grant final certification of the Settlement Class for settlement purposes only;

b.      Finally approve the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23;

c.      Find that the Notice Plan complied with the Due Process Clause, and was fair, adequate, and sufficient, as the best practicable notice under the circumstances, and reasonably calculated to apprise Settlement Class Members of the Litigation, the Settlement Agreement, their objection rights, and their opt-out rights;

      d.      Direct that the Litigation be dismissed with prejudice as to the Settling Defendants; and

      e.      Retain the Court's continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce this Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

## XII.  **TERMINATION**

37.      If this Settlement Agreement is not finally approved, is not upheld on appeal, or does not reach the Effective Date, including if Settling Defendants elect to terminate this Settlement Agreement pursuant to Paragraph 33, above, then this Settlement Agreement shall be terminated and rendered null and void; all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, including but not limited to with respect to the Settlement Class definition; and all Parties to this Agreement shall be restored to their respective positions as of the date before this Settlement Agreement was executed and stand in the same procedural position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XIII.  **DENIAL OF WRONGDOING AND LIABILITY**

38.      By negotiating and signing this Settlement Agreement and settling the Litigation, the Settling Defendants are not admitting any liability, fault, or violation of law. The Settling Defendants deny all allegations and claims asserted against them, and do not believe they are liable for any of Plaintiffs' alleged harms.  The Parties agree and acknowledge that Settling Defendants are entering into this Agreement and are settling the Litigation to avoid the risk, burden, and

expense of continued litigation.

## XIV.   **ADDITIONAL PROVISIONS**

39.    **Offsetting**. To the extent any Plaintiff or Settlement Class Member obtains a final and non-appealable judgment against a Non-Released Party for any claims or causes of action arising out of or related to the Litigation that are subject to the release contained in this Settlement Agreement, the specific portion of any such judgment that is later found pursuant to a final, non-appealable judgment of a court of competent jurisdiction to be the responsibility of any Settling Defendant in any way, shall not be recoverable by any Plaintiff or Settlement Class Member, and each Plaintiff and Settlement Class Member expressly agrees as part of the Release set forth here to disclaim any right of recovery with respect to such portion and agrees to forfeit it. In the event of a third-party claim, crossclaim, or counterclaim by any Non-Released Party against any Settling Defendant relating to the Incidents, such Settling Defendant(s) agree to oppose such third-party claims, crossclaim, or counterclaims, and to notify and cooperate with all Plaintiffs and Settlement Class Members (through Class Counsel) in the defense and any settlement of such third-party claim, crossclaim, or counterclaim, as reasonable and necessary. Plaintiffs further agree that in any future class settlement in the Litigation with any future settling Defendant(s), that Plaintiffs will make best efforts to obtain a release from such settling Defendant(s) of any third-party claims, crossclaims, or counterclaims that such future settling Defendant(s) may have or assert against Settling Defendants.

40.    **Contribution Protection**.  The Parties intend that this Settlement Agreement shall result in a *pro rata* reduction of the Plaintiffs' and Settlement Class Members' damages recoverable against any Non-Released Party but only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against the

Docusign Envelope ID: 6233476B-13B6-49CB-8474-15916BB999F6

Settling Defendants concerning any claim relating to the Litigation. For the avoidance of doubt, such *pro rata* reduction would allow any Non-Released Parties to reduce the amount of the Plaintiffs' and Class Settlement Members' recoverable damages against them in an amount equal to any share that is actually apportioned to any Settling Defendant(s) pursuant to a final, non-appealable judgment of a court of competent jurisdiction. Nothing herein shall require, or be construed to require, Plaintiffs or Settlement Class Members to provide any Non-Released Party with a credit to or reduction of any settlement, verdict, award, or judgment (whichever is the final judicial determination) greater than the amount required to preclude common law or statutory contribution claims against any Settling Defendant(s).

41.    **Assignment of Claims**. To the extent that any Settling Defendant determines that it has any claim related to the Incidents against any Non-Released Party and does not assert the claim itself, such claims shall be assigned to Plaintiffs and the Settlement Class (as represented by Class Counsel). This provision does not apply to any Settling Defendant's ability to defend against any crossclaim filed against such Settling Defendant by a Non-Released Party, including by counterclaiming against said Non-Released Party.

42.    **Cooperation**. The Settling Defendants shall be relieved of their discovery obligations in the Litigation aside from the following: (a) the Settling Defendants shall each produce an agreed-upon and defined set of relevant non-privileged documents responsive to Plaintiffs' previously served written discovery requests by March 21, 2025; (b) Plaintiffs reserve the right to take no more than two depositions of ArcLight witnesses upon request on topics that are negotiated in advance and in good faith with ArcLight counsel.

43.    **Settling Defendants' Attorneys' Fees and Costs**. The Settling Defendants shall bear their own attorney' fees and costs in the Litigation.

44.    **Limitation on Liability**. No person or entity shall have any claim against the Settling Defendants, Counsel for Settling Defendants, Plaintiffs, Class Counsel, Co-Lead Class Counsel, the Released Parties, and/or the Settlement Administrator based on any determinations, distributions, or payments made with respect to any Claim so long as this Agreement is administered in accordance with the Court's Preliminary Approval Order and Final Approval Order. Settling Defendants, Counsel for Settling Defendants, Plaintiffs, Class Counsel, and Co-Lead Class Counsel shall not have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator.

45.    **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to this Settlement and shall supersede any previous agreements, representations, communications, and understandings among the Parties with respect to the subject matter of this Settlement Agreement. This Settlement Agreement may not be changed, modified, or amended except in a writing signed by all Parties and if required, approved by the Court. The Parties contemplate that certain of the exhibits to this Settlement Agreement relating to the Notice Plan and Notice may have non-material modifications made by subsequent agreement of the Parties prior to dissemination to the Settlement Class without requirement of Court approval.

46.    **Governing Law**. This Settlement Agreement shall be construed under and governed by the laws of the Virgin Islands, applied without regard to laws applicable to choice of law.

47.    **Counterparts and Electronic Signatures**. This Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Electronic signatures sent by

email or by electronic signature service such as DocuSign shall be treated as original signatures and shall be binding.

48.    **No Assignment**. Plaintiffs and Class Counsel represent and warrant that none of Plaintiffs' Claims referred to in the Litigation or this Settlement Agreement have been assigned, encumbered, or in any manner transferred in whole or in part.

49.    **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. Each Party represents that it understands the terms and consequences of agreeing to this Agreement and agrees to be bound by the terms set forth herein knowingly, intelligently, and voluntarily.

50.    **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, assigns, executors, and legal representatives of the Parties to this Settlement Agreement and all Released Parties.

51.    **No Primary Drafter**. The drafting of this Settlement Agreement has been by mutual participation of the Parties and their respective counsel after negotiation. None of the Parties shall be considered to be the primary drafter of this Settlement Agreement.

52.    **Effect of Waiver**. The waiver by any Party of any provision of this Settlement Agreement shall not constitute a waiver of any other provision of this Settlement Agreement.

53.    **Authorization**. All individuals signing this Settlement Agreement are fully authorized to do so.

54.    **Press Releases**. The Parties, including Class Counsel and Counsel for Settling Defendants, shall provide one another any draft press releases regarding this Settlement at least five (5) days in advance of issuing any press release and each such press release is subject to the

reasonable, good faith approval of the other party. Any other written public statement issued to the media concerning the Settlement that specifically mentions the Settling Defendants must contain reference to this Agreement's acknowledgment of the Settling Defendants' denial of any wrongdoing or liability as a part of settlement.

      55.   **Notices**.  All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by mail and email to the following addresses:

      a.    If to the Plaintiffs or Co-Lead Class Counsel:

Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net

Kerry J. Miller
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
kmiller@fishmanhaygood.com

Daniel H. Charest
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
dcharest@burnscharest.com

      b.    If to Defendants:

Daniel T. Donovan
Jennifer G. Levy
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
ddonovan@kirkland.com
jlevy@kirkland.com

Jeanna Simeone
General Counsel, ArcLight Capital Partners LLC
200 Clarendon Street, 55th Floor
Boston, MA 02116
jsimeone@arclight.com

*Counsel for the ArcLight Entities*

Francis C. Healy
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Francis.healy@hoganlovells.com

*Counsel for Freepoint*

**AGREED TO BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL.**

Dated: March 17, 2025

Dated: _____3/18/2025_____

Signed by:
*Daniel T. Donovan*
571FC8200F6142D...

Daniel T. Donovan
Jennifer G. Levy
KIRKLAND & ELLIS LLP
1300 Pennsylvania Ave. N.W.
Telephone: (202)-389-5174
ddonovan@kirkland.com
jennifer.levy@kirkland.com

Dated: _____3/17/2025_____

Signed by:
*Francis C. Healy*
D39BB570BCA744D...

Francis C. Healy
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
francis.healy@hoganlovells.com

Dated: 3/17/2025

Signed by:

Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net

Dated: 3/17/2025

Signed by:

Kerry J. Miller
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com

Dated: 3/18/2025

DocuSigned by:

Daniel H. Charest
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
dcharest@burnscharest.com