**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>LIMETREE  BAY  VENTURES,  LLC,  et al.,<br>  Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br>  Plaintiffs,<br>  v.<br>LIMETREE  BAY  VENTURES,  LLC,  et al.,<br>  Defendants. | Civil Action No. 2021-0259 |
| MARY L. MOOREHEAD, et al.,<br>  Plaintiffs,<br>  v.<br><br>LIMETREE  BAY  VENTURES,  LLC,  et al.,<br>  Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br><br>  Plaintiffs,<br>  v.<br>LIMETREE  BAY  VENTURES,  LLC,  et al.,<br>  Defendants. | Civil Action No. 2021-0261 |

## CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND RELATED RELIEF

Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"), Limetree Bay Ventures, LLC ("LBV"), EIG Global Energy Partners, LLC ("EIG GEP"), BP Products North America, Inc. ("BPPNA"), Universal Plant Services (VI), LLC ("UPS"), Elite Turnaround Specialists, Ltd., and intervening nominal defendant Limetree Bay Refining, LLC ("LBR") (collectively, the "Non-Settling Defendants"), by and through undersigned counsel, submit this Response in Opposition to Plaintiffs' Motion for Preliminary Settlement Approval and Related Relief (Dkt. Nos. 1098-1099), showing the Court as follows:

## **INTRODUCTION**

On April 3, 2025, Plaintiffs filed their Motion for Preliminary Settlement Approval and Related Relief, seeking preliminary approval of a settlement with certain defendants to this case,[1] and to certify a settlement class. (Dkt. No. 1098). As explained more fully below, preliminary approval of the settlement and certification of the settlement class would unduly prejudice the Non-Settling Defendants, as it interferes with and does not adequately protect their rights to contribution, apportionment of fault, or potential indemnity claims against the Settling Defendants, before the Non-Settling Defendants have the procedural opportunity to pursue cross claims, in light of their pending motion(s) to dismiss the Plaintiffs' claims against them. The settlement also purports to otherwise preclude any right to reduction or credit for the settlement amount against any judgment Plaintiffs may obtain against Non-Settling Defendants, which is unduly prejudicial and contrary to Virgin Island's public policy of precluding a windfall or double recovery to Plaintiffs.

---

[1] These defendants are ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC and Freepoint Commodities, LLC (collectively, the "Settling Defendants").

Further, Non-Settling Defendants believe that Plaintiffs will seek to utilize any preliminary determination regarding class certification of the Settlement Class to limit or preclude challenges to Plaintiffs' subsequent efforts to certify one or more litigation class(es) for the trial of any claims against Non-Settling Defendants, thereby impeding the Non-Settling Defendants' ability to challenge Plaintiffs' proposed litigation class(es) (including class definitions and geography), or to have Plaintiffs' proposed litigation class(es) fully and fairly adjudicated.

Accordingly, Non-Settling Defendants respectfully request that this Court defer consideration of Plaintiffs' Motion to certify Plaintiffs' proposed settlement class until the Court is prepared, in accordance with the Amended Scheduling Order (Dkt. No. 1160) allowing the completion of class certification related discovery, to address certification of Plaintiffs' proposed litigation class(es) for the purposes of trial. Adjudicating these issues concurrently will promote both efficiency and fairness. Class discovery is still underway, and consideration of the certification issue should be deferred until such discovery is closed and the full certification picture is presented to the Court at the appropriate time under the Court's Amended Scheduling Order. In addition, a mediation is scheduled for June 20, 2025 for the remaining parties; if such mediation is successful, it would make sense to defer any ruling on Plaintiffs' preliminary approval requests so that a similar request to certify a full settlement class might be made.

Alternatively, should the Court elect to move forward with consideration of Plaintiffs' Motion at this time, Non-Settling Defendants respectfully request that any Order issued by the Court explicitly state that: (a) Non-Settling Defendants retain the rights to bring third-party claims for contribution or indemnity against Settling Defendants to preserve apportionment of fault  as well as any claim for *pro tanto* reduction or credit for any settlement amounts obtained by Plaintiffs; and (b) any preliminary determination regarding class certification is for settlement

purposes only, is without prejudice to the litigating defendants, and shall  have no bearing or precedential or preclusive effect on certification of one or more litigation classes for purposes of trial.

For these reasons, Non-Settling Defendants respectfully request that this Court: (a) defer consideration of Plaintiffs' Motion until it is prepared to address certification of Plaintiffs' proposed litigation class(es) for the purposes of trial; or, alternatively (b) include explicit language in any Order on Plaintiffs' Motion indicating that: (i) Non-Settling Defendants retain the right to bring third-party claims for contribution or indemnity against Settling Defendants to preserve apportionment of fault  as well as any claim for *pro tanto* reduction or credit for any settlement amounts obtained by Plaintiffs; and (ii) any conditional certification of the Settlement Class is without prejudice, and shall have no bearing or precedential effect on certification of Plaintiffs' proposed litigation class(es) for purposes of trial.

**ARGUMENT AND CITATION TO AUTHORITIES**

I.      **The Non-Settling Defendants Have Standing to Challenge the Proposed Settlement.**

Non-settling defendants, in general, lack standing to object to a partial settlement, because they are ordinarily not affected by such a settlement. *See Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995); and *In re School Asbestos Litig.*, 921 F.2d 1330, 1332 (3d Cir. 1990). There is, however, a recognized exception to this general rule, which permits non-settling defendants to object to a partial settlement where they can demonstrate that they will suffer some legal prejudice as a result of a partial settlement. There is a consensus that a non-settling defendant has standing to object to a partial settlement that purports to deprive it of a legal claim or cause of action, an action for indemnity or contribution for example, or to invalidate its contract rights. *Eichenholtz*, 52 F.3d at 482*; accord*, *In re Rite Aid Corp. Securities Litig.*, 146 F. Supp. 2d 706, 716 (n. 12)

(E.D. Pa. 2001). These exceptions to the general rule are directly applicable to the Non-Settling Defendants, as the impact of the proposed settlement is anticipated to be used against the Non-Settling Defendants to argue that they should be precluded from any right of apportionment against Settling Defendants as well as precluded from any right to credit or reduction for the settlement amount, which is contrary to Virgin Islands law.

Plaintiffs' own complaint alleges that: (1) the Settling Defendants directly caused Plaintiffs' alleged injuries by "hands-on" active control of the acquisition, rehabilitation, permitting and operation of the "undercapitalized Refinery," (Consolidated Class Action Compl., DE 400 at ¶ 92), (2) "dominated and controlled the Limetree Bay Facility," (*id*. at ¶ 195), and (3) "were directly involved in the decision to continue Refinery operations after the first, second, third and fourth toxic events." (*id*. at ¶ 197.) However, because this Court has not ruled on Non-Settling Defendants' motion to dismiss Plaintiffs' claims against them, the time for the Non-Settling Defendants to raise crossclaims against the Settling Defendants has yet to occur.

Nonetheless, should this Court grant Plaintiffs' Motion, the Non-Settling Defendants' ability to apportion fault among the Settling Defendants, pursue potential crossclaims against the Settling Defendants for indemnity or contribution, or seek a *pro tanto* reduction for the settlement amount would not be adequately protected both under the terms of the proposed Settlement Agreement and related Proposed Order Approving Class Action Settlement. This is in conflict with Virgin Islands law.

In relevant part, Paragraph 39 of the proposed Settlement Agreement provides:

> In the event of a third-party claim, crossclaim or counterclaim by any Non-Released Party against any Settling Defendant relating to the Incidents such Settling Defendant(s) agree to oppose such third-party claim, crossclaim, or counterclaim, as reasonable and necessary.

Paragraph 40 of the Proposed Settlement Agreement provides in pertinent part:

> The Parties intend that this Settlement Agreement shall result in a *pro rata* reduction of the Plaintiffs' and Settlement Class Members' damages recoverable against any Non-Released Party but only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against the Settling Defendants concerning any claim related to the litigation. For the avoidance of doubt, such *pro rata* reduction would allow any Non-Released party to reduce the amount of the Plaintiff's and Class Settlement Member's recoverable damages against them in an amount equal to any share that is actually apportioned to any Settling Defendant(s) pursuant to a final, non-appealable judgment of a court of competent jurisdiction. Nothing herein shall require, or be construed to require, Plaintiffs or Settlement Class Members to provide any Non-Released Party with a credit or reduction of any settlement, verdict, award, or judgment (whichever is the final judicial determination) greater than the amount required to preclude common law or statutory contribution claims against any Settling Defendant(s).

These provisions interfere with and do not adequately protect the non-settling Defendants' rights to apportionment against any Settling Defendant under *World Fresh Markets, LLC v. Palermo*, 74 V.I. 455 (2021). There, the Supreme Court of the Virgin Islands held that section 1451(d) of the Virgin Islands Code limits apportionment of fault to "defendants," which does not include settling defendants who are no longer parties to the case. *Id.* at 467. However, the Court further held that its interpretation of section 1451(d) was consistent with the fact that the applicable procedural rules allow a party to "return a settling defendant to the case in order to provide for apportionment of liability." *Id.* "Consequently, there is very little risk that a plaintiff who settles with one defendant may receive a windfall in the form of double recovery, since nothing in the plain text of Rule 14 prohibits a non-settling defendant from naming the settling defendant as a third-party defendant after becoming aware of the settlement—since a third-party defendant is a defendant, section 1451(d) would require apportionment to prevent the plaintiff from receiving a double recovery." *Id.*

Plaintiffs and the Settling Defendants seem to have intentionally left these provisions and the right of preserving apportionment against settling parties via third party claims intentionally vague, *to wit*: "The Parties intend that this Settlement Agreement shall result in a *pro rata* reduction of the Plaintiffs' and Settlement Class Members' damages recoverable against any Non-Released Party **but only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against the Settling Defendants concerning any claim related to the litigation**." (emphasis added). To this end, as Plaintiffs' counsel is no doubt aware, by limiting the "*pro rata* reduction" to contribution rights available under applicable law and/or amount actually apportioned to any Settling Defendants, the Plaintiffs and Settling Defendants are open to argue that no such rights exist in order to avoid apportionment entirely. Accordingly, this provision does not adequately protect Non-Settling Defendants' rights to apportion fault or obtain a *pro rata* reduction for apportionment to any Settling Defendants. *See, e.g., In re Sch. Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990) (class settlement upheld where it includes a provision that will reduce the judgment against non-settling defendants **by expressly recognizing** potential contribution rights of non-settling parties does not strip them of contribution or indemnity and the Order approving the settlement contains no ruling purporting to limit any claims the non-settling defendants may have).

For example, cases from the U.S. District Court for the Virgin Islands and the Virgin Islands Superior Court, **decided pre-*Palermo***, suggest that once a co-defendant has been dismissed from a case, the remaining Defendants are precluded from pursuing contribution claims against the settling defendant. *See Vandenhouten v. Olde Towne Tours, LLC*, No. CIV. 2008-41, 2009 WL 1956360, at *3 (D.V.I. July 8, 2009) ("contribution actions against tortfeasors who settle with a plaintiff are precluded as a matter of law in the Virgin Islands"); *accord In re Kelvin Manbodh*

*Asbestos Litig. Series*, 47 V.I. 375 394 (V.I Super. Ct. 2006). However, these cases clearly conflict with *Palmero*'s holding and interpretation of section 1451(d), which the Virgin Islands Supreme Court has confirmed must preserve a mechanism to allocate fault to third-parties via a third-party claim or cross-claim. Any such third-party claim or cross-claim under Rule 14 necessarily would include a right of contribution to preserve allocation of fault to joint tortfeasors. *See also Gomes v. Brodhurst*, 394 F.2d 465, 470 (3d Cir. 1967) (applying Virgin Islands law and adopting apportionment of fault for all joint tortfeasors at trial).

In *Palermo*, the Virgin Islands Supreme Court held that the rule announced in *Gomes* is a common law rule superseded by section 1451(d). 74 V.I. at 464. The Court also explained that section 1451(d) codified the adoption of "comparative fault" and "mandated apportionment among defendants" and "recognized a cause of action for contribution." *Id.* "In doing so, the Legislature adopted substantive law governing the very same issues addressed in the *Gomes* decision." 74 V.I. at 465-466 (further distinguishing "joint tortfeasor" used in *Gomes* from "defendant" used in section 1451(d)). Therefore, the rule announced in *Gomes* should still be applied to "third-party defendants" via the statutory and procedural mechanisms espoused by the Virgin Island Supreme Court in order to apportion fault to settling defendants via third-party claims for contribution. *Palermo*, 74 V.I. at 465 ("since a third-party defendant is a defendant, section 1451(d) would require apportionment and prevent the plaintiff from receiving a double recovery."). As such, Plaintiffs' and the Settling Defendants' proposed language does not adequately protect the Non-Settling Defendants' rights to apportion fault to settling parties because it suggests that dismissal of the claims against the Settling Defendants could preclude apportionment of liability to the Settling Defendants where no rights of contribution exist.

Plaintiffs and Settling Defendants attempt to further disclaim any potential right to *pro tanto* reduction or credit for the settlement against any judgment they may obtain against the Non-Setting Defendants. The proposed Settlement Agreement provides, in part: "Nothing herein shall require, or be construed to require, Plaintiffs or Settlement Class Members to provide any Non-Released Party with a credit to or reduction of any settlement, verdict, award, or judgment (whichever is the final judicial determination) greater than the amount required to preclude common law or statutory contribution claims against any Settling Defendant(s)." *See* Paragraph 40 of proposed Settlement Agreement. This provision conflicts with Virgin Island's public policy of preventing a "windfall" to the Plaintiff in the form of double recovery or more than one full recovery for their injuries. *See, e.g.*, *Palermo*, 74 V.I. at 467 (identifying the risk of plaintiff who settles with one defendant receiving a windfall in the form of double recovery); *Lentz v. Freeman Assoc. Caribbean, Inc.*, 441 F. Supp. 892, 898 (Dist. Ct. V.I. 1977) (discussing a hypothetical where the plaintiff recovers against a governmental entity first before proceeding against other parties, the other parties will be entitled to a credit or setoff for the amount plaintiff recovered against the government); *see also Eichenholtz*, 52 F.3d at 486  (discussing jurisdictions which entitle non-settling defendants to a *pro tanto* credit against any judgment entered against them, but upholding the district court's decision to impose a proportionate judgment reduction provision in the class settlement); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 211 (1994) (discussing *pro tanto* versus proportionate reduction alternatives to protect non-settling defendants); *cf. Willie v. Amerada Hess Corp.*, 2017 WL 772808, at *39-40 (Super. Ct. 2017) (discussing "set off" rights as applicable to mutual debts or obligations between the parties).

Because granting Plaintiffs' Motion interferes with and does not adequately protect the Non-Settling Defendants' rights to bring potential crossclaims for contribution and indemnity

against the Settling Defendants, the ability to have liability for Plaintiffs' alleged injuries fairly apportioned among the Non-Settling and the Settling Defendants, or the right to a credit or reduction for any settlement amounts already obtained, this Court should reject these portions of the proposed Settlement Agreement.

II.    **Settlement Class Certification Should be Deferred, or Alternatively, This Court Should Explicitly State that Settlement Certification Will Have No Binding Effect on Certification of One or More Litigation Classes for Trial.**

Courts generally do not consider objections that non-settling Defendants have to proposed settlement classes because the requesting parties, and/or the courts, make clear that the certification of a settlement class will not be binding on a subsequent request for certification of a litigation class, or otherwise be considered the "law of the case" with respect to issues of compliance with Rule 23 requirements.  *See In re Aetna UCR Litig.*, No. CIV.A. 07-3541, 2013 WL 4697994, at *5 and *6 (D.N.J. Aug. 30, 2013); *In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 104 (D.N.J. 2012) (noting that "[t]he Settlement Class has been preliminarily certified for settlement purposes only . . . and if this case were to proceed to trial, Plaintiffs acknowledge that Defendants will 'undoubtedly' contest class certification on various grounds . . . Thus, Plaintiffs concede that 'the eventual outcome of litigating class certification remains uncertain.'").

Here, however, Plaintiffs' Motion makes no reference to any intended limitation of certification of the broadly defined proposed settlement class (all persons or entities who (a) owned or rented property (real and/or personal) in the Affected Geographic Area between February 3, 2021 and May 26, 2021; or (b) resided, worked, operated a business, or were present in the Affected Geographic Area between February 3, 2021 and May 26, 2021) to only settlement procedures.  Non-Settling Defendants understandably fear that Plaintiffs will seek to use any approval by this Court of a settlement class as a precedent for approval of an equally broad

litigation class, thereby improperly curtailing the non-settling Defendants' ability to challenge certification of Plaintiffs' proposed litigation class or classes for purposes of trial.

Recognizing the inefficiency of going through two independent analyses of compliance with Rule 23's requirements of numerosity, commonality, and adequacy of representation, the Court in the case of *In re K-Dur Antitrust Litig.*, No. CIV.A. 01-1652 (JAG), 2007 WL 5297757, at *5 (D.N.J. Oct. 10, 2007), elected to defer certification of a settlement class and preliminary approval of a proposed partial settlement to be considered concurrently with certification of a litigation class for purposes of trial.  Similar considerations warrant a deferral in the current action, particularly when there is a mediation scheduled in June 2025 and the Court has set deadlines for the parties to flesh out facts and expert opinions concerning Rule 23 issues, along with a class certification hearing early next year.

Alternatively, should this Court elect to move forward with consideration of Plaintiff's Motion and certification this Court should make clear in any Order issued in response to the Motion that certification of a settlement class is without prejudice to any challenges the Non-Settling Defendants may raise to certification of any litigation class or classes proposed by Plaintiffs, regardless of any similarities between the proposed settlement and litigation classes, and furthermore that any settlement class certification should have no precedence nor be considered the "law of the case" with respect to compliance with Rule 23's requirements.

Respectfully submitted this 17th day of April, 2025.

**Beckstedt & Kuczynski LLP**

Dated: April 17, 2025

*/s/ Carl A. Beckstedt III*
Carl A. Beckstedt III, Esq.
VI Bar No. 684
Beckstedt & Kuczynski LLP
2162 Church Street

Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
carl@beckstedtlaw.com

**Weinberg Wheeler Hudgins Gunn & Dial, LLC**

Dated: April 17, 2025

/s/ Nick Panayotopoulos
Nicholas Panayotopoulos
Ga. Bar No. 560679
Shubhra R. Mashelkar
Ga. Bar No. 475388
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA  30326
Tel: (404) 876-2600 / Fax: (404) 875-9433
smashelkar@wwhgd.com
*Both Admitted Pro Hac Vice*

*Attorneys for Defendant Limetree Bay Terminals,
LLC*

Dated: April 17, 2025

/s/ Kenneth M. Klemm
Kenneth M. Klemm (solely with respect to case nos.
21-00253, 00260 & 00261, admitted *pro hac vice*)
Adam B. Zuckerman (solely with respect to case
nos. 21-00253, 00259 & 00260, admitted *pro hac
vice*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
kklemm@bakerdonelson.com
azuckerman@bakerdonelson.com

*and*

Amy L. Champagne (solely with respect to case nos.
21-00253, 00259 & 00261, admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8912
achampagne@bakerdonelson.com

*and*

Dated: April 17, 2025

*/s/ Adam N. Marinelli*

Adam N. Marinelli (V.I. Bar No. 1294)
BOLTNAGI PC
Merchants Financial Center
4608 Tutu Park Mall, Suite 202
St. Thomas, Virgin Islands 00802-1816
Telephone: (340) 774-2944
amarinelli@vilaw.com

*Attorneys for Defendants EIG Global Energy Partners, LLC and Limetree Bay Ventures, LLC*

Dated: April 17, 2025

*/s/ Chivonne A.S. Thomas*

Schuyler A. Smith (V.I. Bar No. 1271)
Jennifer Miller Brooks (V.I. Bar No. 1109) Chivonne A.S. Thomas (V.I. Bar No. 1168)
**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
150 Southeast Second Ave, Ste. 1200
Miami, Florida 33131
Telephone: (305) 379-3686
ssmith@hamiltonmillerlaw.com
jmiller@hamiltonmillerlaw.com
cthomas@hamiltonmillerlaw.com

*and*

Dated: April 17, 2025

*/s/ Robert T. Franciscovich*

Lori B. Leskin (admitted *pro hac vice*)
Rhonda R. Trotter (admitted *pro hac vice*) Robert Franciscovich (admitted *pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
lori.leskin@arnoldporter.com
rhonda.trotter@arnoldporter.com
robert.franciscovich@arnoldporter.com

*Attorneys for Defendant BP Products North America, Inc.*

**CAMPBELL CONROY & O'NEIL, P.C.**

Dated: April 17, 2025

*/s/ Michelle M. Byers*
James M. Campbell, *pro hac vice*
Michelle M. Byers, *pro hac vice*
20 City Square, Suite 300
Boston, MA 02129
Tel:  (617) 241-3052
Fax: (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mbyers@campbell-trial-lawyers.com

**LAW OFFICES OF KARIN A. BENTZ, P.C**.

Dated: April 17, 2025

*/s/ Karin A. Bentz*
Karin A. Bentz, V.I. Bar 413
7605 Lower Hull
St. Thomas, VI 00802
Tel: (340) 774-2669
kbentz@virginlaw.com

*Attorneys for Defendant Universal Plant Services (VI), LLC*

Dated: April 17, 2025

*/s/ Brendan P. Doherty*
Brendan P. Doherty
Texas Bar No. 24075923
Louisiana Bar No. 28556
bdoherty@glllaw.com
J. Michael DiGiglia
Louisiana Bar No. 24378
Colorado Bar No. 30712
jdigiglia@glllaw.com
Alexander L. Cochran
Texas Bar No. 24108163
acochran@glllaw.com
LABORDE SIEGEL, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, LA 70139
504-561-0400 (Phone)
504-561-1011 (Fax)

and

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

Dated: April 17, 2025

By: *Adam G. Christian*
ADAM G. CHRISTIAN
V.I. Bar Number 441
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI 00802
Telephone: (340) 714-1235
Facsimile: (340) 714-1245
Email: adam.christian@ogletree.com

*Attorneys for Defendant Elite Turnaround Specialists, Ltd.*

**Wilson Elser Moskowitz Edelman & Dicker LLP**

Dated: April 17, 2025

By: */s/ Carolyn F. O'Connor*
Carolyn F. O'Connor, Esq.
V.I. Bar Number R2100
7 Giralda Farms,
Madison, NJ 07940
(973) 624-0800
carolyn.oconnor@wilsonelser.com

Dated: April 17, 2025

By: */s/ Joseph T. Hanlon*
Joseph T. Hanlon, Esq.
**V.I. Bar Number R2099**
7 Giralda Farms,
Madison, NJ 07940
(973) 624-0800
joseph.hanlon@wilsonelser.com

*Attorneys for Limetree Bay Refining, LLC, an Intervening Nominal Defendant*