**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 2021-0253** |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |
| **HELEN SHIRLEY, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0259** |
| **MARY L. MOORHEAD, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0261** |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiffs in the above-captioned matters, through their undersigned counsel, respectfully submit this reply in further support of their Motion for Preliminary Settlement Approval ("Motion," Dkt. No. 1098).[1]

In their response in opposition to the Motion (the "Response," Dkt. No. 1172), certain Non-Settling Defendants[2] claim they can oppose the Motion because the Settlement prejudices their rights to contribution and apportionment of fault. They fail to demonstrate any such prejudice; thus, they cannot satisfy the *limited* exception to the general rule that non-settling defendants lack standing to object to a partial settlement. Far from stripping the Non-Settling Defendants of their rights, the proposed Settlement Agreement (Dkt. No. 1099-1) contains robust Contribution Protection and Offsetting provisions that ensure these Defendants will not suffer prejudice from the proposed Settlement, and that their rights to assert claims to protect their interests are sufficiently preserved.

Without any substantive basis to establish standing to object to the proposed Settlement, the Non-Settling Defendants ignore the plain language of the Settlement Agreement, and current law, and resort to unsupported conjecture to suggest that the proposed Settlement *might* compromise their rights. This speculation, without more, does not amount to the prejudice necessary to confer standing. The Non-Settling Defendants thus lack standing to challenge the proposed Settlement.

---

[1] References to "Dkt. No. __" refer to docket entries in the *Boynes* matter.

[2] As defined in the Response, the certain "Non-Settling Defendants" include Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"), Limetree Bay Ventures, LLC ("LBV"), EIG Global Energy Partners, LLC ("EIG GEP"), BP Products North America, Inc. ("BPPNA"), Universal Plant Services (VI), LLC ("UPS"), Elite Turnaround Specialists, Ltd., and intervening nominal defendant Limetree Bay Refining, LLC ("LBR").

The Non-Settling Defendants' second argument, that the Court's consideration of Settlement Class certification should be deferred to run concurrently with the Court's consideration of litigation class certification, fares even worse. Given the current pre-trial schedule, Defendants' proposal would effectively delay the Court's consideration of the proposed Settlement for over a year for no reason and contrary to the well-established policy favoring the settlement of complex litigation. In addition to failing to offer any compelling rationale for deferring the Court's consideration of Settlement Class certification, the Non-Settling Defendants essentially concede that provisional certification of the proposed Settlement Class *is* appropriate.

Finally, the Non-Settling Defendants' alternative argument, that any Order certifying the proposed Settlement Class should be made without prejudice to any challenges to certification of any litigation classes proposed by Plaintiffs, is unnecessary given that Plaintiffs and the Settling Defendants[3] are explicitly seeking certification for settlement purposes only. Accordingly, there is no risk of prejudice to the Non-Settling Defendants.

Plaintiffs' Motion should be granted.

I.    **The Non-Settling Defendants Do Not Have Standing to Object to the Proposed Settlement**

Settlement of complex litigation before trial is favored. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004). Non-settling defendants generally lack standing to object to a partial settlement[4] and Rule 23(e) only contemplates class members objecting to settlement

---

[3] "Settling Defendants" refer to ArcLight Capital Partners, LLC; ArcLight Energy Partners Fund VI, LP; ArcLight Limetree AIV, LP; Limetree Bay Holdings, LLC; Limetree Bay Preferred Holdings, LLC; and Freepoint Commodities LLC.

[4] *See also, In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation,* 2024 WL 3444059, at \*3 (W.D. Pa., Jul. 17, 2024) (*citing In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1087 (3d Cir. 1980)) (general rule that a non-settling party may not object to the terms of a settlement which do not affect its own rights); *In re Zetia (Ezetimbe) Antitrust*

proposals in class action litigation. Fed. R. Civ. P. 23 (e)(5) (noting process for class member objections); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("Beginning from the unassailable premise that settlements are to be encouraged, it follows that to routinely allow non-class members to inject their concerns via objection at the settlement stage would tend to frustrate this goal."). The general rule that non-settling defendants lack standing to object "advances the policy of encouraging the voluntary settlement of lawsuits." *Waller*, 828 F.2d at 583 (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1232 (7th Cir. 1983)).

There is one limited exception to this rule: if a non-settling defendant can demonstrate that they will suffer formal legal prejudice from the partial settlement. *In re School Asbestos Litig.,* 921 F.2d 1330, 1332–33 (3d Cir. 1990), *cert. denied*, 499 U.S. 976 (1991) (noting that non-settling defendant did not have standing to object to a partial settlement because the settlement agreement "specifically recognizes the existence of indemnification and contribution rights of non-settling defendants and the Order approving the settlement contains no ruling purporting to limit any claims non-settling defendants may have."); *see also Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 91 (2d Cir. 2019) (holding that prejudice to non-settling defendants "exists only in those rare circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action") (emphasis original); *Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) (holding that non-settling defendants lacked standing to object where "[n]othing in the

---

*Litig.*, No. 2:18-md-2836, 2019 WL 6122038, at *4 (E.D. Va. Oct. 1, 2019) ("[A] non-settling defendant generally lacks standing to challenge a partial settlement agreement."); *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582–83 (9th Cir. 1987) ("[A] non-settling defendant, in general, lacks standing to object to a partial settlement.") (citing cases).

Final Order precludes the [n]on-[s]ettling [d]efendants from asserting in the district court or in other litigation any claims or defenses that may be available to them").

"Mere allegations of injury in fact or tactical disadvantage as a result of a settlement do not rise to the level of prejudice required to confer standing on non-defendants." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1103 (10th Cir. 2001) (citations omitted) (emphasis original); *see also In re Mushroom Direct Purchaser Antitrust Litigation*, 2018 WL 6603868, at *6 (E.D. Pa.,  Dec. 17, 2018) ("that some aspect of a settlement undercut[s the non-settling defendants] through the loss of some practical or strategic advantage does not amount to a 'formal legal prejudice' and thus, does not confer standing") (internal citations omitted). As Non-Settling Defendants' own cited case makes clear, where, as here, a settlement agreement includes a provision that "future contribution judgments will be handled according to applicable law or, in the absence of statute, by a reduction in the judgment against non-settling defendants, such a settlement provision expressly recognizes potential contribution rights of non-settling parties, and does not strip them of any rights of contribution or indemnity." *In re School Asbestos*, 921 F.2d at 1333 (citing 2 *Newberg on Class Actions* § 11.54 n. 472 (2d ed. 1990 Pocket Part at 103)). In such cases, "non-settling defendants do not gain standing to challenge a settlement by another defendant in multi-party litigation, based on grounds that their contribution or indemnity rights are being affected by the proposed settlement." *Id*.

Here, the proposed Settlement Agreement does not strip the Non-Settling Defendants of a claim or cause of action, and it does not otherwise cause Non-Settling Defendants to suffer "plain legal prejudice" sufficient to confer standing. To the contrary, the Settlement Agreement contains Contribution Protection and Offsetting provisions that assure that whatever rights the Non-Settling

4

Defendants have under the law are adequately protected. On this basis alone, these Defendants do not have standing to object to the proposed Settlement.

Because they cannot (and do not) argue formal legal prejudice, the Non-Settling Defendants try to manufacture standing by arguing without support that the proposed Settlement Agreement is violative of public policy in that it might risk a windfall to Plaintiffs in the form of a double recovery; that the Settlement "is anticipated to be used against the Non-Settling Defendants to argue that they should be precluded from any right of apportionment against Settling Defendants as well as precluded from any right to credit or reduction"; and that, if granted, the proposed Settlement might interfere with or not adequately protect their rights to "apportion fault among the Settling Defendants, pursue potential crossclaims against the Settling Defendants for indemnity or contribution, or seek a *pro tanto* reduction for the settlement amount."  Response at 5. It defies logic, however, to conclude the Settlement Agreement's existing terms *actually* threaten any rights sufficient to constitute formal legal prejudice.

Non-Settling Defendants' concerns about claims for contribution are unmoored from the Settlement Agreement and applicable law. The provisions with which the Non-Settling Defendants take issue—paragraphs 39 and 40—instead indicate how, should Plaintiffs recover, that recovery will proceed in light of the Settlement. Both paragraphs specifically contemplate the existence of third-party claims, cross claims, and counterclaims and outline the processes for defending those claims. *See* Settlement Agreement ¶ 39 ("***In the event of a third-party claim, crossclaim, or counterclaim by any Non-Released Party against any Settling Defendant relating to the Incidents***, such Settling Defendant(s) agree to oppose such third-party claims, crossclaim, or counterclaims, and to notify and cooperate with all Plaintiffs and Settlement Class Members (through Class Counsel) in the defense and any settlement of such third-party claim, crossclaim,

or counterclaim, as reasonable and necessary.") (emphasis added); *id.* ¶ 40 ("The Parties intend that this Settlement Agreement shall result in a *pro rata* reduction of the Plaintiffs' and Settlement Class Members' damages recoverable against any Non-Released Party but ***only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against the Settling Defendants concerning any claim relating to the Litigation***.") (emphasis added).

In re School Asbestos is instructive. The provision at issue in *In re School Asbestos* was nearly identical to the provision Non-Settling Defendants contest here:

> The Class shall reduce any judgment it obtains against any defendant by the amount, percentage or share of such judgment attributable to LAQ so as to bar, discharge and release under applicable law any claims for contribution or indemnity against LAQ arising from or related to the Claims. In the event that the Class obtains a judgment (including pursuant to a settlement agreement) against one or more of those defendants, obtains a judgment over, in whole or in part, against one or more of those defendants in the Litigation and any of those defendants obtains a judgment over, in whole or in part, against LAQ for contribution or indemnity, then the Class will be required to reduce or remit any judgment or portion thereof obtained from those defendants by the amount of the judgment over against LAQ.

921 F.2d at 1333. The Third Circuit concluded that, because the provision specifically recognized the existence of indemnification and contribution rights, that would result in the final judgment being offset by the settlement amount, the non-settling defendants lacked standing to object to the settlement. *Id.* So too here.

With respect to their alleged concerns regarding the potential for a windfall to Plaintiffs and the ability to apportion fault, the Non-Settling Defendants ignore the plain terms of the Settlement Agreement that outline a process for offsetting the judgment in a way that both protects the Non-Settling Defendants and prevents any windfall recovery. Relevant here, Paragraph 39 states:

6

> To the extent any Plaintiff or Settlement Class Member obtains a final and non-appealable judgment against a Non-Released Party . . . , the specific portion of any such judgment that is later found pursuant to a final, non-appealable judgment of a court of competent jurisdiction to be the responsibility of any Settling Defendant in any way, ***shall not be recoverable by any Plaintiff or Settlement Class Member, and each Plaintiff and Settlement Class Member expressly agrees as part of the Release set forth here to disclaim any right of recovery with respect to such portion and agrees to forfeit it***.

(emphasis added). In other words, Plaintiffs will not recover against the Non-Settling Defendants the amount ascribed to the Settling Defendants by any final non-appealable judgment. This language expressly establishes that Plaintiffs disclaim the right to recover the portion of a future judgment that is determined by the Court to be the responsibility of any Settling Defendant. So, it is wrong for the Non-Settling Defendants to argue that the Settlement Agreement leaves open the possibility of Plaintiffs receiving a windfall in the form of a double recovery. Paragraph 40 goes on to say:

> The Parties intend that this Settlement Agreement ***shall result in a pro rata reduction of the . . . damages recoverable against any Non-Released Party*** but only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against the Settling Defendants concerning any claim relating to the Litigation. For the avoidance of doubt, ***such pro rata reduction would allow any Non-Released Parties to reduce the amount of . . . damages against them in an amount equal to any share that is actually apportioned to any Settling Defendant(s)*** pursuant to a final, non- appealable judgment of a court of competent jurisdiction. Nothing herein shall require, or be construed to require, Plaintiffs or Settlement Class Members to provide any Non-Released Party with a credit to or reduction of any settlement, verdict, award, or judgment (whichever is the final judicial determination) greater than the amount required to preclude common law or statutory contribution claims against any Settling Defendant(s).

(emphasis added). In other words, any final judgment would be reduced by the *pro rata* amount apportioned to any Settling Defendant to the extent contribution is recognized and available by law. Read in conjunction with paragraph 39, it is clear that the Non-Settling Defendants suffer no harm that would give rise to standing to oppose the proposed Settlement.

7

Non-Settling Defendants' cited cases are inapposite and involve wholly different agreement language. For example, in both *Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 2007), and *In re Rite Aid Corp Securities Litig.*, 146 F. Supp. 2d 706 (E.D. Pa. 2001), the proposed settlements included provisions completely barring any claims for contribution against the settling parties. *See Eichenholtz*, 52 F.3d at 481; *In re Rite Aid*, 146 F. Supp. 2d at 719. The Settlement Agreement here contains no such absolute contribution bar and, in fact, specifically contemplates future third-party claims, crossclaims, and counterclaims.

The Non-Settling Defendants' reliance on *World Fresh Markets v. Palermo*, 74 V.I. 455 (2021) on this point is particularly confounding. The Settlement Agreement specifically contemplates claims for contribution as available by law. As the Non-Settling Defendants explain in their Response, *World Fresh Markets* recognizes a legal right to assert appropriate claims against settling defendants even once the non-settling defendants discover the settlement. *Id*. at 466. So too here, there is no provision of the Settlement Agreement that has prevented or unduly restricted the Non-Settling Defendants from similarly asserting third-party claims subject to whatever defenses the Settling Defendants may have under the law.[5] The Non-Settling Defendants admit as much.[6]

---

[5] Nor has the current pendency of the motions to dismiss filed by Non-Settling Defendants foreclosed those Defendants' ability to bring such cross claims, as the Non-Settling Defendants seem to infer. As the court in *World Fresh Markets* acknowledged, at least one Virgin Islands court has held that a cause of action for contribution may be brought even as part of a separate action after judgment is rendered in the original matter. 74 V.I. at 467; *see also Integra Realty* at 1103 (where a settlement agreement "does not prevent the later assertion of a non settling party's claims, although it may force a second lawsuit against the dismissed parties, [it] does not cause plain legal prejudice to the non-settling party.").

[6] *See* Response at 7-8 (acknowledging that older cases decided prior to *World Fresh Markets* that precluded a non-settling defendant from pursuing contribution claims against a settling defendant "clearly conflict" with *World Fresh Markets*' "holding and interpretation of section 1451(d), which the Virgin Islands Supreme Court has confirmed must preserve a mechanism to allocate fault to third-parties via a third-party claim or cross-claim.").

Notwithstanding their attempts to suggest otherwise, the language of the Settlement Agreement in no way compromises the rights of the Non-Settling Defendants, let alone to the extent that it would constitute formal legal prejudice to those Defendants. The Non-Settling Defendants lack standing to object to the proposed Settlement Agreement.

**II.     There Is No Basis for the Court to Defer Consideration of Class Certification for Settlement Purposes**

The Non-Settling Defendants next argue that the Court should "defer consideration of Plaintiffs' Motion until it is prepared to address certification of Plaintiffs' proposed litigation class(es) for the purposes of trial." Response at 4.  In the alternative, the Non-Settling Defendants argue that if the Court considers certification of the proposed Settlement Class, it should make clear in any Order issued in response to the Motion that certification of the Settlement Class is without prejudice to any challenges the Non-Settling Defendants may raise to certification of any litigation class or classes proposed by Plaintiffs. *Id*. at 11. Neither argument passes muster.

As an initial matter, the Non-Settling Defendants' attempted objection to the proposed Settlement is untimely, given that the Court has not entered an Order preliminarily approving the proposed Settlement and has not set a schedule for issuing Notice and the submission of Class Member objections. In other words, the actual appropriate time for lodging any objection would be after preliminary approval and prior to the "Objection and Opt-Out Deadline."

As further addressed *supra*, the Non-Settling Defendants also lack standing to object to the proposed Settlement (s*ee e.g.* Fed. R. Civ. P. 23 (e)(5); *Gould*, 883 F.2d at 284), including the Court's consideration of the present Motion and preliminary approval of the proposed Settlement. *See e.g. In re Aetna UCR Litigation*, No. 07–3541, 2013 WL 4697994, at *6 (D.N.J., Aug 30, 2013) (finding that preliminary approval of subscriber settlement did not affect United defendants and that they, therefore, lacked standing, particularly "when issues that would need to be addressed

9

before claims could be certified for litigation class treatment, such as manageability at trial, were not considered when addressing the sufficiency of the proposed settlement classes."). Any concerns about class certification do not confer that standing, as Non-Settling Defendants concede. *See* Response at 10 (collecting cases).

But, even if the Non-Settling Defendants had standing to object, their proposal to defer the Court's consideration of Settlement Class certification will unnecessarily delay the Court's consideration of the proposed Settlement, which cuts against the well-established public policy favoring the settlement of complex litigation. To this end, the Non-Settling Defendants' reliance on *In re K-Dur Antitrust Litig.*, No. CIV.A. 01-1652 (JAG), 2007 WL 5297757 (D.N.J. Oct. 10, 2007) to suggest that deferring consideration of Settlement Class certification would promote efficiency (Response at 11) is misplaced. In *K-Dur*, the court deferred its determination of a motion for certification of a settlement class to consider it concurrently with a motion for certification of a litigation class only because briefing on the motion to certify the litigation class was to be completed "in less than one week" and with oral argument one month later. 2007 WL 5297757, at *5. That is certainly not the case here, as the current schedule in this litigation calls for class certification briefing to conclude on May 8, 2026. Dkt. No. 1160. Thus, under the Non-Settling Defendants' proposal, the Court would not consider certification of the proposed Settlement Class (or the Settlement generally) *for over a year*. The Non-Settling Defendants' other stated reasons for delay (e.g. a forthcoming mediation in June 2025 and the Court's deadlines concerning Rule 23 issues) are highly speculative and hardly support delaying the Court's consideration of the proposed Settlement or certification of the Settlement Class for any extended period of time.

Contrary to the Non-Settling Defendants' assertions, the Court is well-equipped to consider the provisional certification of the proposed Settlement Class. Further, through the Motion,

10

Plaintiffs and the Settling Defendants have demonstrated that provisional certification of the proposed Settlement Class is warranted given that, in the context of the Settlement, the Court will "likely be able to" certify the Settlement Class for purposes of judgment on the Settlement proposal. Fed. R. Civ. P. 23(e)(1). Indeed, the Court should find that the requirements for certification set forth in Fed. R. Civ. P. 23(a) and (b)(3) are likely to be met and, further, that it need not consider manageability issues that might otherwise be presented by the trial of a class action involving these claims, and need not consider the Settling Defendants' denial of Plaintiffs' allegations or their legal arguments. *See* Dkt. No. 1134-1 (Proposed Order of Preliminary Approval of Class Action Settlement). It is notable that in their Response, the Non-Settling Defendants do not actually contest any of these elements or make any argument (beyond speculation) about why certification is inappropriate, essentially conceding that provisional certification of the Settlement Class is appropriate.

The alternative relief requested by the Non-Settling Defendants, that any Order certifying a Settlement Class should be made without prejudice to any challenges to certification of any litigation class or classes proposed by Plaintiffs, is equally unavailing and wholly unnecessary. Paragraph 36 of the Settlement Agreement explicitly states that the Agreement "is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Settlement Agreement. The Final Approval Order shall: a. Grant final certification of the Settlement Class *for settlement purposes only*" (emphasis added). Further, the proposed Order submitted with the Motion explicitly contemplates that the Court will provisionally certify the Settlement Class for settlement purposes only. *See* Dkt. No. 1134-1. This Court is doubtlessly capable of considering both the certification of the proposed Settlement Class here and any future proposed certification of a litigation Class or Classes in their respective contexts and without

causing prejudice to the Non-Settling Defendants. Thus, the Non-Settling Defendants' alternative relief is unnecessary.

Accordingly, the Court should proceed to consider the proposed Settlement, including the certification of the proposed Settlement Class, as set forth in the Motion and related submissions.

## III.    Conclusion

For the reasons set forth herein and those previously set forth in Plaintiffs' Motion and Memorandum of Law in Support of the Motion, Plaintiffs respectfully request that the Court grant the Motion and enter an Order preliminarily approving the proposed Settlement between Plaintiffs and the Settling Defendants.

Respectfully submitted,

DATED: April 28, 2025                BY:    /s/ *Y. Michael Twersky*

Shanon J. Carson, Esq.
Yechiel Michael Twersky, Esq.
John Kerrigan, Esq.
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
mitwersky@bm.net
jkerrigan@bm.net

DATED: April 28, 2025                BY:    /s/ *Lee J. Rohn*

Lee J. Rohn, Esq.
Rhea R. Lawrence, Esq.
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com
rhea@rohnlaw.com

Counsel for the *Cotton* Plaintiffs

12

DATED: April 28, 2025                    BY:   /s/ Kerry J. Miller
                                              Kerry J. Miller, Esq.
                                              Paul C. Thibodeaux, Esq.
                                              E. Blair Schilling, Esq.
                                              Rebekka C. Veith, Esq.
                                              C. Hogan Paschal, Esq.
                                              Carly E. Jonakin, Esq.
                                              FISHMAN HAYGOOD, L.L.P.
                                              201 St. Charles Avenue, 46th Floor
                                              New Orleans, Louisiana 70170
                                              Telephone: (504) 586-5252
                                              kmiller@fishmanhaygood.com
                                              pthibodeaux@fishmanhaygood.com
                                              bschilling@fishmanhaygood.com
                                              rveith@fishmanhaygood.com
                                              hpaschal@fishmanhaygood.com
                                              cjonakin@fishmanhaygood.com

DATED: April 28, 2025                    BY:   /s/ Hugh Lambert
                                              Hugh Lambert, Esq.
                                              J. Christopher Zainey, Esq.
                                              Brian Mersman, Esq.
                                              LAMBERT ZAINEY SMITH & SOSO, APLC
                                              701 Magazine Street
                                              New Orleans, Louisiana 70130
                                              Telephone: (504) 581-1750
                                              Facsimile: (504) 529-2931
                                              hlambert@lambertainey.com
                                              czainey@lambertzainey.com
                                              bmersman@lambertzainey.com

DATED: April 28, 2025                    BY:   /s/ John K. Dema
                                              John K. Dema, Esq.
                                              LAW OFFICES OF JOHN K. DEMA, PC
                                              1236 Strand Street, Suite 103
                                              Christiansted, St. Croix, VI 00820

DATED: April 28, 2025                    BY:   /s/ Jennifer Jones
                                              Jennifer Jones, Esq.
                                              9003 Havensight Mall, Ste. 319
                                              St. Thomas, V.I. 00802
                                              Telephone: (340) 779-7386
                                              jjones@vienvironmentallaw.com

                                              Counsel for the *Boynes* Plaintiffs

13

DATED: April 28, 2025                    BY: /s/ *Daniel H. Charest*
                                             Warren T. Burns, Esq.
                                             Daniel H. Charest., Esq.
                                             Martin D. Barrie, Esq.
                                             Quinn M. Burns, Esq.
                                             Anna Katherine Benedict, Esq.
                                             BURNS CHAREST LLP
                                             900 Jackson Street, Suite 500
                                             Dallas, Texas 75202
                                             Telephone: (469) 904-4550
                                             wburns@burnscharest.com
                                             dcharest@burnscharest.com
                                             mbarrie@burnscharest.com
                                             qburns@burnscharest.com
                                             abenedict@burnscharest.com

DATED: April 28, 2025                    BY: /s/ *Korey A. Nelson*
                                             Korey A. Nelson, Esq.
                                             H. Rick Yelton, Esq.
                                             BURNS CHAREST LLP
                                             365 Canal Street, Suite 1170
                                             New Orleans, LA 70130
                                             Telephone: (504) 799-2845
                                             knelson@burnscharest.com
                                             ryelton@burnscharest.com

DATED: April 28, 2025                    BY: /s/ *Timothy W. Burns*
                                             Timothy W. Burns
                                             BURNS BAIR LLP
                                             10 E. Doty Street, Suite 600
                                             Madison, Wisconsin 53703
                                             Telephone: (608) 286-2302
                                             tburns@burnsbair.com

DATED: April 28, 2025                    BY: /s/ *Vincent Colianni II*
                                             Vincent Colianni, II, Esq.
                                             Vincent A. Colianni, Esq.
                                             Marina Leonard, Esq.
                                             COLIANNI & LEONARD LLC
                                             2120 Company Street
                                             Christiansted, VI 00820
                                             Telephone: (340) 719-1766
                                             vinny@colianni.com
                                             vince@colianni.com
                                             marina@colianni.com

14

DATED: April 28, 2025                    BY:   */s/ C. Jacob Gower*
                                              C. Jacob Gower, Esq.
                                              GOWER LEGAL LLC
                                              1919 Pine Street
                                              New Orleans, LA 70118
                                              Telephone: (337) 298-9734
                                              jacob@gowerlegal.com

                                              Counsel for the *Shirley* Plaintiffs

DATED: April 28, 2025                    BY: */s/ John K. Dema*
                                              John K. Dema, Esq. (V.I. Bar. No. 357)
                                              LAW OFFICES OF JOHN K. DEMA, PC
                                              1236 Strand Street, Suite 103
                                              Christiansted, St. Croix, VI 00820
                                              Telephone: (340) 773-6142
                                              jdema@demalaw.com

DATED: April 28, 2025                    BY:   */s/ Hugh Lambert*
                                              Hugh Lambert, Esq.
                                              J. Christopher Zainey, Esq.
                                              Brian Mersman, Esq.
                                              LAMBERT ZAINEY SMITH & SOSO, APLC
                                              701 Magazine Street
                                              New Orleans, Louisiana 70130
                                              Telephone: (504) 581-1750
                                              Facsimile: (504) 529-2931
                                              hlambert@lambertainey.com
                                              czainey@lambertzainey.com
                                              bmersman@lambertzainey.com

                                              Counsel for the *Moorhead* Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Court's ECF system on April 28, 2025, which sent notice to counsel of record.

/s/ *Y. Michael Twersky*
Y. Michael Twersky