**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
|     **Plaintiffs,** | **Civil Action No. 2021-0253** |
|     **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
|     **Defendants.** | |
| **HELEN SHIRLEY, et al.,** | |
|     **Plaintiffs,** | **Civil Action No. 2021-0259** |
|     **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
|     **Defendants.** | |
| **MARY L. MOORHEAD, et al.,** | |
|     **Plaintiffs,** | **Civil Action No. 2021-0260** |
|     **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
|     **Defendants.** | |
| **BEECHER COTTON, et al.,** | |
|     **Plaintiffs,** | **Civil Action No. 2021-0261** |
|     **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
|     **Defendants.** | |

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs in the above-captioned Litigation ("Plaintiffs") have asserted claims against Defendants with respect to the emission, release, and discharge on multiple occasions of hazardous and toxic chemicals, substances, gases, and odors, from the Limetree Bay Refinery (the "Refinery") that took place during the time period from February 2021 to May 2021 (the "Incidents").

Plaintiffs and Defendant Pinnacle Services, LLC ("Defendant Pinnacle,"[1] and together with Plaintiffs, the "Parties"), have participated in arm's-length negotiations and mediation overseen by the Court-appointed mediator, John W. Perry, Jr. (the "Mediator"), and have agreed to and executed a proposed Settlement Agreement with respect to Plaintiffs' claims against Defendant Pinnacle (the "Settlement Agreement" or "Settlement"). Plaintiffs have moved for entry of an Order granting preliminary settlement approval pursuant to Fed. R. Civ. P. 23(e), and Defendant Pinnacle does not oppose the motion. A copy of the Settlement Agreement has been filed with the Court.

Having reviewed the Settlement Agreement and the submissions in support of preliminary approval of the Settlement, the Court finds for purposes of preliminary settlement approval under Fed. R. Civ. P. 23(e)(1)(B), that Plaintiffs have made a sufficient showing that the Court will "likely be able to" approve the proposal under Fed. R. Civ. P. 23(e)(2) and certify the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3). Therefore, the Court **Orders** as follows:

---

[1] The Court acknowledges that the proposed Settlement between Plaintiffs and Defendant Pinnacle and the separate Arclight/Freepoint Settlement (as that term is defined in the Settlement Agreement) do not include all the Defendants in the above-captioned Litigation and that Plaintiffs' claims against any non-settling Defendant are not impacted by the proposed Settlement or the Arclight/Freepoint Settlement.

## I.      CERTIFICATION OF SETTLEMENT CLASS

The Court has considered: (1) the record in this case, including the briefing provided by Plaintiffs in support of their motion for entry of this Preliminary Approval Order; (2) the terms of the Settlement Agreement and benefits to be provided to the Settlement Class; and (3) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Litigation continued with respect to Plaintiffs' claims against Defendant Pinnacle. Based on those considerations, the Court finds:

A.      Plaintiffs have showed in the context of this Settlement that the Court will "likely be able to" certify the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3). Specifically, the following requirements are likely to be met: (a) there are thousands of Settlement Class Members and therefore the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting any individual members; and (f) a class action provides a fair and efficient method for settling the controversy under Rule 23.

B.      Because Plaintiffs' claims against Defendant Pinnacle are being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving these claims. Likewise, the Court need not consider the Defendant Pinnacle's denial of Plaintiffs' allegations or their legal arguments.

C.      As such, the Court provisionally certifies the Settlement Class for settlement purposes defined as follows:

all persons or entities: a) who owned or rented property (real and/or personal) in the Affected Geographic Area[2] on or after February 3, 2021; or b) who resided in, worked in, operated a business in, or were present in the Affected Geographic Area during the time period from February 3, 2021 to May 26, 2021, and includes, without limitation, all persons or entities who are retained clients of any law firms comprising Class Counsel[3] before the date of execution of the Settlement Agreement and who assert claims arising out of the Incidents.

D.    Plaintiffs Ryan Alleyne, Agnes Augustus, Esther Clifford, Sirdina Isaac Joseph, Isidore Jules, John Sonson, Mary Moorhead, Margaret Thompson, Alvina (Jean-Marie) Ilarraza, Cristel Rodriguez, Clifford Boynes, Delia Almestica, Helen Shirley, Guidrycia Wells & Minor Child "O.N.", Edna Santiago, and Virginie George are appointed as the Class Representatives of the Settlement Class, and Kerry Miller of Fishman Haygood, L.L.P., Daniel Charest of Burns Charest LLP, and Shanon J. Carson of Berger Montague PC are appointed as Co-Lead Class Counsel, and Lee J. Rohn of Lee J. Rohn & Associates LLC is appointed as Liaison Counsel.

## II.    PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.    The Settlement requires Defendant Pinnacle to make a payment of Five Hundred Fifty Thousand Dollars ($550,000.00) into an interest-bearing account to be handled as detailed in the Settlement Agreement.

B.    The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through significant discovery and motion practice, and whose settlement negotiations included mediation supervised by the Court-appointed Mediator.

C.    The Settlement confers substantial benefits upon the Settlement Class and avoids

---

[2] As defined in the Settlement Agreement, the term "Affected Geographic Area" means the western portion of the Island of St. Croix, more particularly described as bounded by 64.74 degrees West Longitude and the sea.
[3] As defined in the Settlement Agreement, the term "Class Counsel" means all attorneys of record for Plaintiffs in the Litigation.

the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal in this Litigation with respect to Plaintiffs' claims against Defendant Pinnacle. The consideration provided to the Settlement Class under the Settlement falls within the range of reasonable recovery when balanced against the risks and delay of continuing the Litigation with respect to Plaintiffs' claims against Defendant Pinnacle, and does not grant preferential treatment to Plaintiffs, Class Counsel, or any subgroup of the Settlement Class. The plan of allocation is fair and reasonable, and consequently, the Settlement is likely to gain final approval under Fed. R. Civ. P. 23(e)(2).

D.      The Court thus conditionally certifies the Settlement Class as defined in the Settlement Agreement and preliminarily approves the Settlement as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

## III.    APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, the Parties have stated an intention that the proposed Settlement shall be administered jointly with the ArcLight/Freepoint Settlement. Accordingly, they have submitted the same proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form, as set forth in the ArcLight/Freepoint Settlement, modified to account for the Settlement between Plaintiffs and Defendant Pinnacle. Having reviewed these documents, the Court finds as follows:

A.      The Notice of Settlement and Claim Form fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement, in particular, through the

Settlement Website; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so.

B.      Defendant Pinnacle shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

C.      The Notice of Settlement and Claim Form, and the notice methods described in the Settlement Agreement, satisfy due process, Rule 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

D.      Accordingly, the Court hereby approves the proposed Notice Plan and orders that the proposed Notice of Settlement and Claim Form are approved and shall be provided to the Settlement Class as set forth in the Settlement Agreement.

E.      Epiq Systems, Inc. is appointed by the Court as the Settlement Administrator and shall perform all duties ascribed to it under the Settlement Agreement.

## IV.     REQUESTS FOR EXCLUSION AND OBJECTIONS

A.      All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement. A member of the Settlement Class who submits a timely and valid request for exclusion cannot object to the Settlement and is not eligible to receive a Settlement Payment, as that term is defined in the Settlement Agreement.

B.      To request exclusion from the Settlement Class, a Settlement Class Member must submit a written request for exclusion to the Settlement Administrator so that it is postmarked by

the Objection and Opt-Out Deadline, which is sixty (60) days after the Notice Date, stating in clear and unambiguous language that they request exclusion from the Settlement Class. The written request for exclusion must also contain the Settlement Class Member's printed name, address, telephone number, and email address. The request for exclusion must contain the actual written signature of the Settlement Class Member seeking exclusion. Requests for exclusion cannot be made on a group or class basis.

C.      Any Settlement Class Member who does not submit a valid and timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgment in this Litigation.

D.      Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

E.      Any Settlement Class Member who does not submit a written request for exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator a detailed written statement, postmarked by the Objection and Opt-Out Deadline, which is sixty (60) days after the Notice Date, explaining why they believe that the Settlement Agreement should not be approved by the Court as fair, reasonable and adequate.

F.      That written objection must include the following information: (a) the objector's name, address, telephone number, email address, and, if represented by counsel, the name, address, telephone number, and email address of his or her counsel; (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (c) copies of any papers, briefs, or other documents upon which the objection is based or upon

which the objector or his or her counsel intends to rely; (d) a statement of whether the objector or their counsel intends to appear at the Court's Final Approval Hearing concerning the Settlement, either in person or through counsel; and (e) the objector's handwritten signature.

G.      A Settlement Class Member may object on his or her own behalf or through an attorney, however, even if represented, the Settlement Class Member must individually sign the objection, and all attorneys involved must be listed on the objection.

H.      Any objector who files and serves a valid and timely written objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her objection; provided, however, that any objector or attorney for an objector who intends to make an appearance at the Final Approval Hearing must in the objection state their intention to appear.

I.      Any Settlement Class Member who does not comply with these requirements shall waive any and all rights that he, she, or it may have to appear separately and/or to object to the Settlement, and shall be bound by the terms of the Settlement Agreement and by all proceedings, orders and judgment in the Litigation.

J.      A Settlement Class Member who requests exclusion can withdraw their request for exclusion prior to the deadline for Settlement Class Member's to file Claim Forms by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their request for exclusion.

## V.      **FINAL APPROVAL HEARING**

The Court hereby schedules a Final Approval Hearing at _____:_____   ___ on _____, 2025, to determine whether the Settlement should receive final approval. At that

time, the Court will also consider Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award, which shall be filed twenty-one (21) days before the Objection and Opt-Out deadline and posted on the Settlement Website. Plaintiff's Motion for Final Approval of Class Action Settlement shall be filed twenty-one (21) days before the Final Approval Hearing. The Final Approval Hearing may be postponed or rescheduled by the Court, but any rescheduled date will be posted on the Settlement Website.

## VI. STAY OF PROCEEDINGS AND DEADLINES WITH RESPECT TO PLAINTIFFS' CLAIMS AGAINST DEFENDANT PINNACLE

Pending the Final Approval Hearing as scheduled above, the Court hereby stays all proceedings in this case with respect to Plaintiffs' claims against Defendant Pinnacle other than those necessary to carry out or enforce the terms of the Settlement Agreement. In accord with the above, the Court sets the following deadlines:

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice and Claim Form to Settlement Class Members ("Notice Date") | No later than 30 days after entry of Preliminary Approval Order |
| Deadline for Settlement Class Members to file Claim Forms | 120 days from the Notice Date |
| Deadline for Settlement Class Members to opt-out or object to the settlement ("Opt-Out and Objection Date") | 60 days after the Notice Date |
| Deadline for Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Service Awards | 21 days before the Opt-Out and Objection Date |
| Deadline for Plaintiff to file a Motion for Final Approval of Class Action Settlement | 21 days prior to the Final Approval Hearing |

| Event | Time for Compliance |
|---|---|
| Deadline for Class Counsel to file with the Court a declaration regarding mailing of the Notice | With Plaintiff's Motion for Final Approval of Class Action Settlement |
| Deadline for filing any reply papers in further support of the settlement, attorneys' fees and expenses and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Final Approval Hearing | _____, 2025 at _____ _.m in Courtroom _____, at the United States District Court of the Virgin Islands, 3013 Estate Golden Rock, Suite 219, St. Croix, Virgin Islands 00820. |

**SO ORDERED** on this _____ day of _____, 2025.

_____

U.S. DISTRICT JUDGE WILMA A. LEWIS