**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2021-0253** |
| **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |
| **HELEN SHIRLEY, et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2021-0259** |
| **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |
| **MARY L. MOORHEAD, et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2021-0260** |
| **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |
| **BEECHER COTTON, et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2021-0261** |
| **v.** | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement," "Settlement," or "Settlement Agreement") sets forth the terms of settlement between Plaintiffs Ryan Alleyne, Agnes Augustus, Esther Clifford, Sirdina Isaac Joseph, Isidore Jules, John Sonson, Mary Moorhead, Margaret Thompson, Alvina (Jean-Marie) Ilarraza, Cristel Rodriguez, Clifford Boynes, Delia Almestica, Helen Shirley, Guidrycia Wells & Minor Child "O.N.", Edna Santiago, and Virginie George (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class Members as defined below, and Defendant Pinnacle Services, LLC ("Pinnacle"), in the above-captioned Litigation.

### I.    RECITALS

WHEREAS, the above-captioned Litigation (the "Consolidated Cases" or the "Litigation") was filed in May 2021, and on March 1, 2024, was consolidated "for all purposes." *Boynes*, Dkt. 526;

WHEREAS, on March 5, 2024, Plaintiffs filed the Complaint (as defined below) alleging that all of the Defendants in the Litigation, through their alleged actions, were responsible for the emission, release, and discharge on multiple occasions of hazardous and toxic chemicals, substances, gases, and odors, including, without limitation, oil, hydrogen sulfide, sulfur dioxide, polycyclic aromatic hydrocarbons, including naphthalenes, other petroleum hydrocarbons, and other chemicals, toxins, and particulates from the Limetree Bay Refinery (the "Refinery"), that took place during the time period from February 2021 to May 2021, at which time the Refinery was forced to shut down;

WHEREAS, Plaintiffs' Complaint alleges that Plaintiffs and those similarly situated suffered economic and non-economic injuries resulting from the environmental releases from the Refinery;

2

Docusign Envelope ID: 897FE4AB-ED2A-4B67-BE05-76B44BDB832E

WHEREAS, Pinnacle disputes Plaintiffs' allegations, does not believe it is responsible for any of Plaintiffs' alleged harms, and has filed motions to dismiss the Consolidated Cases, which Plaintiffs have opposed, and which are currently pending;

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough investigation of the facts and law relating to the matters alleged in the Litigation, have conducted extensive written discovery and participated in numerous depositions, and have retained and worked with expert witnesses and consultants who have analyzed facts and evidence relating to Plaintiffs' claims and contentions;

WHEREAS, Plaintiffs and Class Counsel have concluded that it is in the best interests of Plaintiffs and the Settlement Class as defined herein to resolve their claims asserted in the Litigation against Pinnacle, and to settle these claims on the terms set forth herein, and that the proposed settlement with Pinnacle as set forth in this Agreement is fair, reasonable, adequate, and is in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, Pinnacle has conducted a thorough investigation of the facts and law relating to the matters alleged in the Litigation, has participated in the preparation of extensive written discovery, and continues to deny the allegations asserted by Plaintiffs in the Litigation and maintains that it has meritorious defenses to Plaintiffs' claims, but has entered into this Agreement to avoid further expenses, inconvenience, and the distraction of burdensome and protracted litigation, and in order to resolve this controversy and avoid the risks inherent in complex litigation;

WHEREAS, the Parties to this Settlement Agreement engaged in extensive, difficult, complex, and arm's-length negotiations regarding the settlement of Plaintiffs' and the Settlement Class Members' claims, including through mediation overseen by the Court-appointed mediator, John W. Perry, Jr. (the "Mediator"); and

3

WHEREAS, the Parties desire and intend by this Agreement to settle finally and completely, and effectuate a final resolution of the Released Claims of the Settlement Class Members against Pinnacle; and

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree that the Released Claims (as defined below) that were asserted in the Litigation against Pinnacle shall be settled, released, and dismissed on their merits with prejudice, according to the terms and conditions set forth herein.

## II.    DEFINITIONS

1.    As used in this Settlement Agreement, the following terms have the meanings set forth below:

A.    **"Affected Geographic Area"** means the western portion of the Island of St. Croix, more particularly described as bounded by 64.74 degrees West Longitude and the sea.

B.    **"ArcLight/Freepoint Settlement"** means that settlement agreement (No. 21-CV-253, ECF No. 1099-1) signed on March 17-18, 2025, between Plaintiffs, on the one hand, and, on the other, ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., Limetree Bay Holdings, LLC, and Limetree Bay Preferred Holdings, LLC (collectively, "ArcLight") and Freepoint Commodities LLC ("Freepoint").

C.    **"Class Counsel"** means all attorneys of record for Plaintiffs in the cases comprising the Litigation.

D.    **"Co-Lead Class Counsel"** means Kerry Miller of Fishman Haygood, L.L.P., Daniel Charest of Burns Charest LLP, and Shanon J. Carson of Berger Montague PC.

E.      **"Complaint"** means Plaintiffs' Consolidated Class Action Complaint filed on March 5, 2024, in the Litigation (No. 21-CV-253, ECF No. 529) and any amendments thereto.

F.      **"Counsel for Pinnacle"** means Martin A. Shelton of Lewis Brisbois Bisgaard & Smith LLP.

G.      "**Court**" means the United States District Court for the Virgin Islands, Division of St. Croix.

H.      **"Defendants"** means all Defendants named in the Complaint.

I.      **"Effective Date"** means (a) if no objection is raised to the proposed Settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed Settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

J.      "**Final Approval Hearing**" means the hearing set by the Court to consider final approval of the Settlement.

K.      "**Final Approval Order**" means the Court's Final Approval Order and Judgment with respect to the Settlement.

L.      "**Gross Settlement Fund**" means the total settlement payment of Five Hundred and Fifty Thousand Dollars ($550,000.00) to be paid by Pinnacle as set forth in Section IV, below, as damages to resolve the allegations against it in the Complaint for the benefit of the Settlement Class as a non-reversionary common fund to be used as set forth in this Agreement to make settlement payments to Settlement Class Members, pay attorneys' fees and costs to Class Counsel, any service awards, and Settlement Administration Costs arising from this Settlement with Pinnacle, all as approved by the Court and pursuant to the terms set forth in the Settlement Agreement.

M.      "**Incidents**" shall have the same meaning as used in Plaintiffs' Complaint. *See* Dkt. 529 at ¶ 8.

N.      "**Litigation**" means the following litigations pending in the Court, including any consolidated litigation thereof: (1) *Shirley, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00259 (D.V.I.); (2) *Cotton, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00261 (D.V.I.); (3) *Moorhead, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00260 (D.V.I.); and (4) *Boynes, et al. v. Limetree Bay Refining, LLC, et al.*, No. 1:21-cv-00253 (D.V.I.) ("*Boynes*").

O.      "**Limetree Bay Refinery**" or "**Refinery**" shall have the same meaning as used in Plaintiffs' Complaint. *See* Dkt. 529 at ¶ 1.

P.      "**Non-Released Parties**" means (a) any of the Defendants in the Litigation (including their parent companies, subsidiaries, shareholders, members, officers, directors, employees, contractors, insurers, attorneys, and successors), except Arclight, Freepoint, and Pinnacle, (b) Limetree Bay Energy, LLC, and (c) Limetree Bay Refining, LLC or its Trustee.

6

Q.    "**Notice Date**" means the date on which the Settlement Administrator has implemented the Notice Plan approved by the Court in its Preliminary Approval Order and shall not be later than thirty (30) days after the entry of the Court's Preliminary Approval Order. It is the intention of the Parties that the Notice Date shall be the same for both this Settlement, and the ArcLight/Freepoint Settlement.

R.    "**Notice Plan**" means the plan of providing notice of the Settlement Agreement to the Settlement Class as approved by the Court in its Preliminary Approval Order.

S.    **"Objection and Opt-Out Deadline"** means the date sixty (60) days after the Notice Date. It is the intention of the Parties that the Objection and Opt-Out Deadline shall be the same for both this Settlement, and the ArcLight/Freepoint Settlement.

T.    "**Parties**" means Plaintiffs and Pinnacle.

U.    "**Pinnacle**" means Pinnacle Services, LLC, a U.S. Virgin Islands limited liability company located at 6002 Diamond Ruby 125 Christiansted, St. Croix Virgin Islands 00820 any of its predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, and agents or any persons acting or purporting to act on those entities' behalf (though the term "Pinnacle" as used herein excludes any Non-Released Parties as defined above).

V.    **"Plaintiffs"** or "**Class Representatives**" means Ryan Alleyne, Agnes Augustus, Esther Clifford, Sirdina Isaac Joseph, Isidore Jules, John Sonson, Mary Moorhead, Margaret Thompson, Alvina (Jean-Marie) Ilarraza, Cristel Rodriguez, Clifford Boynes, Delia Almestica, Helen Shirley, Guidrycia Wells & Minor Child "O.N.", Edna Santiago, and Virginie George.

W.    "**Preliminary Approval Order**" means the Court's Order granting preliminary approval of the Parties' Settlement Agreement. The Preliminary Approval Order will

be and exhibit to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, subject to the approval of the Court.

X.    "**Released Claims**" means the released claims as set forth in Section VI, below.

Y.    "**Released Parties**" means the released parties as set forth in Section VI, below.

Z.    "**Settlement Administrator**" means Epiq Class Action & Mass Tort Solutions, Inc., or another independent third-party administrator agreed to by the Parties to the ArcLight/Freepoint Settlement. The Settlement Administrator will administer this Settlement jointly with the ArcLight/Freepoint Settlement, and perform all duties assigned to the Settlement Administrator in this Settlement and the ArcLight/Freepoint Settlement. All reasonable fees and costs billed by the Settlement Administrator will be paid from the Gross Settlement Fund and the ArcLight/Freepoint Settlement's Gross Settlement Fund.

AA.    "**Settlement Class**" or "**Settlement Class Members**" means all persons or entities: a) who owned or rented property (real and/or personal) in the Affected Geographic Area on or after February 3, 2021; or b) who resided in, worked in, operated a business in, or were present in the Affected Geographic Area during the time period from February 3, 2021 to May 26, 2021, and includes, without limitation, all persons or entities who are retained clients of any law firms comprising Class Counsel before the date of execution of the Settlement Agreement and who assert claims arising out of the Incidents.

BB.    "**Settlement Escrow Account**" means an interest-bearing escrow account at Huntington Bank to be treated as a "Qualified Settlement Fund" for federal income tax purposes pursuant to Internal Revenue Code Section 468B and the Regulations issued thereto. Co-Lead

Class Counsel shall be parties to the escrow agreement for the Settlement Escrow Account. The Settlement Administrator shall timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter cause the appropriate filings to occur. The Settlement Administrator shall be responsible for filing federal, state, and local tax returns for the Settlement Escrow Account and paying from the Settlement Escrow Account any taxes owed with respect to the Qualified Settlement Fund.

### III.    MOTION FOR PRELIMINARY APPROVAL

2.    Concurrent with efforts to seek approval of the Arclight/Freepoint Settlement Agreement, Plaintiffs shall file with the Court a Motion for Preliminary Approval of Class Action Settlement that seeks entry of the Preliminary Approval Order, that:

a.    Conditionally certifies the Settlement Class and preliminarily approves the Settlement as fair, reasonable, and adequate; and

b.    Otherwise seeks to include the Gross Settlement Fund for administration consistent with the Arclight/Freepoint Settlement administration program.

### IV.    SETTLEMENT CONSIDERATION

3.    Within ten (10) business days after the execution of this Settlement, Pinnacle shall deposit or cause to be deposited into the Settlement Escrow Account the amount of $550,000.00.

4.    Any interest that accrues on any portion of the Gross Settlement Fund shall be included in the definition of "Gross Settlement Fund." Other than its contribution of the Gross Settlement Fund as set forth above, Pinnacle shall have no obligation to make any additional payment in connection with the Settlement. If the Settlement is not finally approved, is not upheld on appeal, or does not reach the Effective Date, the Gross Settlement Fund (including any interest earned) other than any Settlement Administration Costs incurred up to that date (as allocated to

this Settlement), shall be returned to Pinnacle by the Settlement Administrator within ten (10) days of, as applicable, the failure to obtain a Final Approval Order, issuance of a mandate by the appellate court, or an occurrence indicating a final failure to reach the Effective Date.

5.    If approved by the Court as provided herein, the Gross Settlement Fund shall be added to the Arclight/Freepoint Settlement Agreement's Gross Settlement Fund and managed and distributed through the Allocation Plan set forth in the Arclight/Freepoint Settlement Agreement including all notices and plan administration.

## V.    SETTLEMENT CLASS CERTIFICATION

6.    The Parties stipulate and agree for purposes of effectuating this Agreement that all prerequisites for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met. If the Court does not grant final approval of this Settlement Agreement, or if this Settlement Agreement does not reach the Effective Date for any reason, then the certification of the Settlement Class shall be void and any order conditionally certifying the Settlement Class shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Litigation or in any other case or controversy, and the Parties shall be restored to their respective positions as of the date before this Settlement Agreement was executed.

## VI.    RELEASED CLAIMS

7.    Upon the Effective Date, Plaintiffs and the Settlement Class shall release and discharge Pinnacle and its present and former parent companies, subsidiaries, shareholders, members, officers, directors, employees, attorneys, and successors (the "Released Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated,

10

foreseen or unforeseen, developed or undeveloped, arising under common law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or any Settlement Class Members ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties, on the basis of, arising from, or relating to the claims alleged in the Litigation. With respect to the subject matter of the Litigation, Plaintiffs and Settlement Class Members hereby expressly waive the benefits of any statutory provision or common law rule that provides, in substance or effect, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party. The term Released Parties shall not include Non-Released Parties.

## VII.    SETTLEMENT ADMINISTRATION AND NOTICE PLAN

8.    The Parties intend that the Settlement shall be administered jointly with the ArcLight/Freepoint Settlement and utilize the same Notice Plan and Notice of Settlement as set forth in Section VI of the ArcLight/Freepoint Settlement, which shall be modified to account for the Settlement. The Parties acknowledge and agree that the Notice Plan constitutes due and sufficient notice under FED. R. EVID. P. 23 and due process.

9.    Pinnacle shall give notice of the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), by mailing the CAFA notice within ten (10) days of the filing of the Motion for Preliminary Approval of Class Action Settlement and shall provide Class Counsel with a copy of all such notices.

## VIII.   CLAIMS SUBMISSION PROCESS AND ADMINISTRATION

10.    The Parties intend that the Settlement shall utilize the same Claim Submission

Process, and Claim Form as set forth in Section VII of the ArcLight/Freepoint Settlement.

## IX.    OBJECTIONS AND OPT-OUTS

11.    Any Settlement Class Member who wishes to object to this Settlement Agreement must serve on the Settlement Administrator their objection no later than the Objection and Opt-Out Deadline. Class Counsel shall use reasonable, good faith efforts to encourage participation in the Settlement Class. Any objection must be in writing, and include the following information: (a) the objector's name, address, telephone number, email address, and, if represented by counsel, the name, address, telephone number, and email address of his or her counsel; (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (c) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his or her counsel intends to rely; (d) a statement of whether the objector or their counsel intends to appear at the Final Approval Hearing, either in person or through counsel; and (e) the objector's handwritten signature. Any objector or their counsel who intends to make an appearance at the Final Approval Hearing shall serve on all Co-Lead Class Counsel and Counsel for Pinnacle a notice of intention to appear at the Final Approval Hearing by no later than the Objection and Opt-Out Deadline.

12.    The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Pinnacle with copies of any objections received by it on a weekly basis.

13.    Any Settlement Class Member who wishes to be excluded from the Settlement (*i.e.*, to opt out of the Settlement Class such that they are not bound by the Settlement Agreement) must serve a written request for exclusion to the Settlement Administrator, emailed or postmarked by the Objection and Opt-Out Deadline. The written request must provide the Settlement Class Member's name, address, telephone number, and email address, state that the Settlement Class

Member requests exclusion from the Settlement Class and must be personally signed by the Settlement Class Member.

14.     Any Settlement Class Member who does not submit a timely objection or request for exclusion shall be bound by all subsequent proceedings and orders in the Litigation.

15.     The Settlement Administrator shall receive and maintain the exclusion requests and provide copies of any exclusion requests to Co-Lead Class Counsel and Counsel for Pinnacle as they are received. A complete list of all Settlement Class Members who submitted timely, valid exclusion requests, as well as any objections to the Settlement, will be filed with the Court as part of a Declaration of the Settlement Administrator at the same time that Plaintiffs file their Motion for Final Approval of Class Action Settlement.

16.     Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

17.     No later than five (5) days after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Co-Lead Class Counsel and Counsel for Pinnacle a complete list of opt-outs together with copies of the opt-out requests and any other related information.

18.     In the event that there are opt-outs that exceed five percent (5%) of the total number of Settlement Class Members who submitted timely, valid claim forms, Pinnacle shall have the right, in their sole and absolute discretion, within ten (10) days after receiving from the Settlement Administrator the total percentage of opt-outs as of the Objection and Opt-Out Deadline, to notify Co-Lead Class Counsel in writing that Pinnacle has elected to terminate this Settlement Agreement and withdraw from the Settlement.

## X.     ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

19.     On behalf of all Class Counsel, Co-Lead Class Counsel will file a Motion for Attorneys' Fees, Costs, and Service Awards twenty-one (21) days before the Opt-Out and

Objection Deadline, with the total amount of attorneys' fees requested not to exceed one-third of the Gross Settlement Fund, plus reimbursement of out-of-pocket expenses as documented to the Court. These amounts, as approved by the Court, shall be paid to Co-Lead Class Counsel within thirty (30) days after the Effective Date, and thereafter allocated to Class Counsel by Co-Lead Class Counsel. At the option of Co-Lead Class Counsel, a motion under this section may address this Settlement Agreement, the Arclight/Freepoint Settlement Agreement, and any other settlement agreement in a combined motion.

## XI.    ENTRY OF FINAL APPROVAL ORDER AND JUDGMENT

20.    This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Settlement Agreement. The Final Approval Order shall:

a.    Grant final certification of the Settlement Class for settlement purposes only;

b.    Finally approve the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23;

c.    Find that the Notice Plan complied with the Due Process Clause, and was fair, adequate, and sufficient, as the best practicable notice under the circumstances, and reasonably calculated to apprise Settlement Class Members of the Litigation, the Settlement Agreement, their objection rights, and their opt-out rights;

d.    Direct that the Litigation be dismissed with prejudice as to Pinnacle; and

e.    Retain the Court's continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce this

14

Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

## XII.   **TERMINATION**

21.   If this Settlement Agreement is not finally approved, is not upheld on appeal, or does not reach the Effective Date, including if Pinnacle elects to terminate this Settlement Agreement pursuant to Paragraph 18, above, then this Settlement Agreement shall be terminated and rendered null and void; all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, including but not limited to with respect to the Settlement Class definition; and all Parties to this Agreement shall be restored to their respective positions as of the date before this Settlement Agreement was executed and stand in the same procedural position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XIII.   **DENIAL OF WRONGDOING AND LIABILITY**

22.   By negotiating and signing this Settlement Agreement and settling the Litigation, Pinnacle is not admitting any liability, fault, or violation of law. Pinnacle denies all allegations and claims asserted against it and does not believe that it is liable for any of Plaintiffs' alleged harms. The Parties agree and acknowledge that Pinnacle is entering into this Agreement and settling the Litigation to avoid the risk, burden, and expense of continued litigation.

## XIV.   **ADDITIONAL PROVISIONS**

23.   **Parties to the Arclight/Freepoint Settlement Agreement**. Pinnacle releases Arclight and Freepoint for any claims, third-party claims, crossclaims, counterclaims, or causes of action arising out of or related to the Litigation. Plaintiffs further agree that, in any future class

settlement in the Litigation with any future settling Defendant(s), that Plaintiffs will make best efforts to obtain a release from such settling Defendant(s) of any third-party claims, crossclaims, or counterclaims that such future settling Defendant(s) may have or assert against Pinnacle.

24.    **Contribution Protection**. The Parties intend that this Settlement Agreement shall result in a *pro rata* reduction of the Plaintiffs' and Settlement Class Members' damages recoverable against any Non-Released Party but only to the extent provided under any applicable law, statute, regulation, or common law principle that provides contribution rights against Pinnacle concerning any claim relating to the Litigation. For the avoidance of doubt, such *pro rata* reduction would allow any Non-Released Parties to reduce the amount of the Plaintiffs' and Class Settlement Members' recoverable damages against them in an amount equal to any share that is actually apportioned to Pinnacle pursuant to a final, non-appealable judgment of a court of competent jurisdiction. Nothing herein shall require, or be construed to require, Plaintiffs or Settlement Class Members to provide any Non-Released Party with a credit to or reduction of any settlement, verdict, award, or judgment (whichever is the final judicial determination) greater than the amount required to preclude common law or statutory contribution claims against Pinnacle.

25.    **Assignment of Claims**. To the extent that Pinnacle determines that it has any claim related to the Incidents against any Non-Released Party and does not assert the claim itself, such claims shall be assigned to Plaintiffs and the Settlement Class (as represented by Class Counsel). This provision does not apply to Pinnacle's ability to defend against any crossclaim filed against it by a Non-Released Party, including by counterclaiming against said Non-Released Party.

26.    **Cooperation**. Pinnacle shall be relieved of its discovery obligations in the Litigation aside from the following: (a) it shall produce an agreed-upon and defined set of relevant non-privileged documents responsive to Plaintiffs' previously served written discovery requests

16

Docusign Envelope ID: 897FE4AB-ED2A-4B67-BE0E-76B44BDB832F

within 30 days of signing this Settlement Agreement; (b) Plaintiffs reserve the right to take no more than one deposition of Pinnacle. Further, Pinnacle agrees, upon signing of this Settlement Agreement, to withdraw any pending motions and/or oppositions to Plaintiffs' motions (without prejudice to refiling if appropriate) including motions to dismiss, motions to strike, opposition to motions to amend, and similar motions, or oppositions.

27.    **Pinnacle's Attorneys' Fees and Costs**. Pinnacle shall bear its own attorney' fees and costs in the Litigation.

28.    **Limitation on Liability**. No person or entity shall have any claim against Pinnacle, Counsel for Pinnacle, Plaintiffs, Class Counsel, Co-Lead Class Counsel, the Released Parties, and/or the Settlement Administrator based on any determinations, distributions, or payments made with respect to any claim so long as this Agreement is administered in accordance with the Court's Preliminary Approval Order and Final Approval Order. Pinnacle, Counsel for Pinnacle, Plaintiffs, Class Counsel, and Co-Lead Class Counsel shall not have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator.

29.    **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to this Settlement and shall supersede any previous agreements, representations, communications, and understandings among the Parties with respect to the subject matter of this Settlement Agreement. This Settlement Agreement may not be changed, modified, or amended except in a writing signed by all Parties and if required, approved by the Court. The Parties contemplate that certain of the exhibits to the Arclight/Freepoint Settlement Agreement relating to the Notice Plan and Notice may be modified by subsequent agreement of the Parties to the Arclight/Freepoint Settlement Agreement prior to dissemination to the Settlement Class without requirement of Court approval.

30.    **Governing Law**. This Settlement Agreement shall be construed under and governed by the laws of the Virgin Islands, applied without regard to laws applicable to choice of law.

31.    **Counterparts and Electronic Signatures**. This Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Electronic signatures sent by email or by electronic signature service such as DocuSign shall be treated as original signatures and shall be binding.

32.    **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. Each Party represents that it understands the terms and consequences of agreeing to this Agreement and agrees to be bound by the terms set forth herein knowingly, intelligently, and voluntarily.

33.    **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, assigns, executors, and legal representatives of the Parties to this Settlement Agreement and all Released Parties.

34.    **No Primary Drafter**. The drafting of this Settlement Agreement has been by mutual participation of the Parties and their respective counsel after negotiation. None of the Parties shall be considered to be the primary drafter of this Settlement Agreement.

35.    **Effect of Waiver**. The waiver by any Party of any provision of this Settlement Agreement shall not constitute a waiver of any other provision of this Settlement Agreement.

36.    **Authorization**. All individuals signing this Settlement Agreement are fully authorized to do so.

37. **Notices**. All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by mail and email to the following addresses:

a. If to the Plaintiffs or Co-Lead Class Counsel:

Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net

Kerry J. Miller
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
kmiller@fishmanhaygood.com

Daniel H. Charest
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
dcharest@burnscharest.com

b. If to Pinnacle:

Martin A. Shelton
Lewis Brisbois Bisgaard & Smith LLP
Pachtree Street NE, Suite 4700
Atlanta, GA 30308
martin.shelton@lewisbrisbois.com

*Counsel for Pinnacle*

**AGREED TO BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL.**

Dated: 4/29/2025

Signed by:
*Martin A. Shelton*
F0E497BEA63145F...
Martin A. Shelton
Lewis Brisbois Bisgaard & Smith LLP
For Pinnacle

Docusign Envelope ID: 897FE4AB-ED2A-4B67-BE0E-76B44BDB832F

Dated: 4/29/2025

Signed by:

5A9289ABD8B54D8...

Shanon J. Carson
BERGER MONTAGUE PC
For Plaintiffs

Dated: 4/28/2025

Signed by:

B9895F069295419...

Kerry J. Miller
FISHMAN HAYGOOD, L.L.P.
For Plaintiffs

Dated: 4/28/2025

DocuSigned by:

F7002A52720E4A7...

Daniel H. Charest
BURNS CHAREST LLP
For Plaintiffs