EXHIBIT 2

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br>    Plaintiffs,<br>v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | **Civil Action No. 2021-0253** |
| HELEN SHIRLEY, et al.,<br>    Plaintiffs,<br>v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | **Civil Action No. 2021-0259** |
| MARY L. MOORHEAD, et al.,<br>    Plaintiffs,<br>v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | **Civil Action No. 2021-0260** |
| BEECHER COTTON, et al.,<br>    Plaintiffs,<br>v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | **Civil Action No. 2021-0261** |

## NON-PARTIES' OBJECTIONS TO DEFENDANT LIMETREE BAY TERMINALS, INC.'S SUBPOENAS DUCES TECUM

Non-parties Burns Charest LLP, Colianni & Leonard LLC, and the Pate Law Firm (collectively, the "Non-Party Law Firms") object to Limetree Bay Terminals, Inc's ("LBT") Notice of Intent to Serve Non-Party Subpoenas, served on January 21, 2015.

## OBJECTIONS

**REQUEST NO. 1:** The entire case file(s) related to all litigation concerning *baudoinia compniacensis* (commonly referred to as 'Rum Fungus'), excluding materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

**OBJECTIONS:** The Non-Party Law Firms object to the general request as irrelevant, overly broad, and unduly burdensome. First, prior litigation in a separate case is entirely irrelevant to this case. The

1

rum fungus litigation concerns separate facts, injuries, claims, and parties. Any issues regarding property and cisterns, including testing, concerned *baudoinia compniacensis*, not oil and/or the other contaminants at issue in the Limetree litigation. Second, the request is overly broad in that seeks thousands of documents from years of litigation. The request also fails to describe any documents with sufficient particularity. Third, the request is unduly burdensome. Requiring the Non-Party Law Firms to sift through thousands of documents, identify any non-privileged documents that might exist, and create privilege logs would create an undue burden. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(A):** All non-privileged correspondence, including communications with third parties.

**OBJECTIONS:** The Non-Party Law Firms object to this request as irrelevant, overly broad, and unduly burdensome. Any correspondence and communications between the plaintiffs in unrelated litigation and any third parties have no relevance to this case. This request is overly broad because it does not specify the content of any communications sought and makes no attempt to narrow it to communications that may be relevant—if any such communications exist. And this request is unduly burdensome as it requires the Non-Party Law Firms to review thousands of irrelevant documents and identify any non-privileged documents that might exist. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(B):** Pleadings, motions, and other court filings.

**OBJECTIONS:** The Non-Party Law Firms object to this request as seeking information that is equally available to LBT. These documents are available on the public docket.

**REQUEST 1(C):** Discovery requests and responses, including all documents produced herewith.

**OBJECTIONS:** The Non-Party Law Firms object to this request as seeking information that falls under the Rum Fungus Litigation Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firms also object to this request to the extent it seeks information equally available to LBT. Some discovery requests and responses are filed on the public docket. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(D):** Any other exhibits, evidence, or materials filed or exchanged between the parties or third parties, including the results of any testing performed.

**OBJECTIONS:** The Non-Party Law Firms object to this request to the extent it seeks information covered by the Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firms also object to this request as irrelevant. Any testing involved in the Rum Fungus Litigation was designed to test for *baudoinia compniacensis*, not oil. Further, the Non-Party Law Firms object to this request as overbroad and unduly burdensome—it is not tailored whatsoever to seek relevant documents, should any exist, and would require the Non-Party Law Firms to cull through thousands of documents to find any that might be relevant and not privileged. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(E):** Non-privileged expert reports, opinions, and materials.

**OBJECTIONS:** The Non-Party Law Firms object to this request to the extent it seeks information covered by the Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firms also object to this request to the extent it seeks information already available to LBT. For example, the expert report of Dr. Taylor is filed as an exhibit on the public docket. The Non-Party Law Firms also object to this request as irrelevant. LBT does not specify the subject matter of any reports or materials sought. To the extent LBT seeks expert reports regarding water testing, these reports would concern *baudoinia compniacensis*, not oil or the other contaminants at issue in the Limetree litigation. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(F):** The operative class action settlement agreement.

**OBJECTIONS:** The Non-Party Law Firms object to this request as seeking documents and information equally available to LBT. The settlement agreement was filed on the public docket as an exhibit to the motion for preliminary approval. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

**REQUEST 1(G):** Mailers and publications sent to potential class members, along with the list(s) of addresses to which they were distributed.

**OBJECTIONS:** The Non-Party Law Firms object to this request as seeking information equally available to LBT. The proposed notices were attached as exhibits to the settlement agreement, which is available on the public docket. The Non-Party Law Firms also object to this request to the extent it seeks documents and information outside the Non-Party Law Firms' possession, custody, or control. A third-party settlement administrator was appointed by the court in the Rum Fungus Litigation to effectuate notice. The Pate Law Firm objects to this request on the basis that it does not have any responsive documents in its possession, custody, or control.

DATED: February 4, 2025                          Respectfully submitted,

                                    BY:    */s/Daniel H. Charest*
                                           Warren T. Burns
                                           Daniel H. Charest
                                           Martin D. Barrie
                                           Quinn M. Burns
                                           BURNS CHAREST LLP
                                           900 Jackson Street, Suite 500
                                           Dallas, Texas 75202
                                           Telephone: (469) 904-4550
                                           wburns@burnscharest.com
                                           dcharest@burnscharest.com
                                           mbarrie@burnscharest.com
                                           qburns@burnscharest.com

Korey A. Nelson
H. Rick Yelton
BURNS CHAREST LLP
201 Saint Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

BY:    /s/ *Vincent Colianni II*

Vincent Colianni, II, Esq.
Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, St. Croix, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

BY:    /s/ *J. Russell B. Pate*

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370
Christiansted, St. Croix, VI 00821-0370
Telephone: (340) 777-7283
sunlawvi@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, a true and correct copy of the foregoing document was electronically served pursuant to the Federal Rules of Civil Procedure.

/s/ *Daniel H. Charest*
Daniel H. Charest