EXHIBIT 3

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>    Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0259 |
| FRANCIS E. CHARLES and THERESA J. CHARLES,<br>    Plaintiffs,<br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br><br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0261 |

### OBJECTIONS TO SUBPOENA DUCES TECUM ISSUED TO COLIANNI & LEONARD LLC

Pursuant to Federal Rule of Civil Procedure 45(2)(B), non-party Colianni & Leonard LLC (the "Non-Party Law Firm") objects to Limetree Bay Terminals, Inc's ("LBT") Subpoena Duces Tecum served on February 4, 2025. We reserve all rights, including the right to supplement or amend these objections, with respect to this or any future subpoena. The Non-Party Law Firm's objections to the Subpoena include the following:

### OBJECTIONS

**REQUEST NO. 1:** The entire case file(s) related to all litigation concerning *baudoinia compniacensis* (commonly referred to as 'Rum Fungus'), excluding materials protected by the attorney-client privilege and/or the attorney work-product doctrine.

**OBJECTIONS:** The Non-Party Law Firm objects to the general request as irrelevant, overly broad, and unduly burdensome. First, prior litigation in a separate case is entirely irrelevant to the Limetree case (Civ. Action Nos. 2021-0253, 2021-0259, 2021-0260, & 2021-0261). The rum fungus litigation concerns separate facts, injuries, claims, and parties. Any issues regarding property and cisterns, including testing, concerned *baudoinia compniacensis*, not oil and/or the other contaminants at issue in the Limetree litigation. Second, the request is overly broad in that seeks thousands of documents from years of litigation. The request also fails to describe any documents with sufficient particularity. Third, the request is unduly burdensome. Requiring the Non-Party Law Firm to sift through thousands of documents, identify any

**Colianni & Leonard LLC's Objections To Subpoena Duces Tecum**
Page 3 of 7

non-privileged documents that might exist, and create privilege logs would create an undue burden.

**REQUEST 1(a):** All non-privileged correspondence, including communications with third parties.

**OBJECTIONS:** The Non-Party Law Firm objects to this request as irrelevant, overly broad, and unduly burdensome. Any correspondence and communications between the plaintiffs in unrelated litigation and any third parties have no relevance to this case. This request is overly broad because it does not specify the content of any communications sought and makes no attempt to narrow it to communications that may be relevant—if any such communications exist. And this request is unduly burdensome as it requires the Non-Party Law Firm to review thousands of irrelevant documents and identify any non-privileged documents that might exist.

**REQUEST 1(b):** Pleadings, motions, and other court filings.

**OBJECTIONS:** The Non-Party Law Firm objects to this request as seeking information that is equally available to LBT. These documents are available on the public docket.

**REQUEST 1(c):** Discovery requests and responses, including all documents produced herewith.

**Colianni & Leonard LLC's Objections To Subpoena Duces Tecum**
Page 4 of 7

**OBJECTIONS:** The Non-Party Law Firm objects to this request as seeking information that falls under the Rum Fungus Litigation Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firm also objects to this request to the extent it seeks information equally available to LBT. Some discovery requests and responses are filed on the public docket.

**REQUEST 1(d):** Any other exhibits, evidence, or materials filed or exchanged between the parties or third parties, including the results of any testing performed.

**OBJECTIONS:** The Non-Party Law Firm objects to this request to the extent it seeks information covered by the Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firm also objects to this request as irrelevant. Any testing involved in the Rum Fungus Litigation was designed to test for *baudoinia compniacensis*, not oil. Further, the Non-Party Law Firm objects to this request as overbroad and unduly burdensome—it is not tailored whatsoever to seek relevant documents, should any exist,

and would require the Non-Party Law Firm to cull through thousands of documents to find any that might be relevant and not privileged.

**REQUEST 1(e):** Non-privileged expert reports, opinions, and materials.

**OBJECTIONS:** The Non-Party Law Firm objects to this request to the extent it seeks information covered by the Protective Order. The Protective Order requires all information, including discovery requests, responses, and produced documents, labeled Confidential or Highly Confidential to be used only in the Rum Fungus Litigation. Any information covered by the Protective Order cannot be disclosed without the consent of the producing party or the court in the Rum Fungus Litigation. The Non-Party Law Firm also objects to this request to the extent it seeks information already available to LBT. For example, the expert report of Dr. Taylor is filed as an exhibit on the public docket. The Non-Party Law Firm also objects to this request as irrelevant. LBT does not specify the subject matter of any reports or materials sought. To the extent LBT seeks expert reports regarding water testing, these reports would concern *baudoinia compniacensis*, not oil or the other contaminants at issue in the Limetree litigation.

**REQUEST 1(f):** The operative class action settlement agreement.

**OBJECTIONS:** The Non-Party Law Firm objects to this request as seeking documents and information equally available to LBT. The settlement agreement was filed on the public docket as an exhibit to the motion for preliminary approval.

**Colianni & Leonard LLC's Objections To Subpoena Duces Tecum**
Page 6 of 7

**REQUEST 1(g):** Mailers and publications sent to potential class members, along with the list(s) of addresses to which they were distributed.

**OBJECTIONS:** The Non-Party Law Firm objects to this request to the extent it seeks documents and information outside the Non-Party Law Firms' possession, custody, or control. A third-party settlement administrator was appointed by the court in the Rum Fungus Litigation to effectuate notice.

We believe these objections satisfy any obligation to respond to the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

Respectfully submitted,

**COLIANNI & LEONARD LLC**

DATED: February 12, 2025          By:        /s/Vincent Colianni II
                                              Vincent Colianni II
                                              Vincent A. Colianni
                                              Marina Leonard
                                              2120 Company Street
                                              Christiansted, VI 00820
                                              Telephone: (340) 719-1766
                                              Facsimile: (340) 719-1770
                                              mailbox@colianni.com

**Colianni & Leonard LLC's Objections To Subpoena Duces Tecum**
Page 7 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February 2025, I caused a true and correct copy of the foregoing document to be emailed to:


Carl A. Beckstedt III
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
carl@beckstedtlaw.com


Shubhra R. Mashelkar
Weinberg Wheeler Hudgins Gunn & Dial, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
smashelkar@wwhgd.com                    /s/Vincent Colianni II