**Scott, Jas**

EXHIBIT 4

| | |
|---|---|
| **From:** | Garten, Chris |
| **Sent:** | Monday, February 24, 2025 11:04 AM |
| **To:** | Daniel Charest; Russell Pate; Chad Messier; Carl Beckstedt |
| **Cc:** | Todd Newman; Charles Lockwood; Mashelkar, Shubhra; Panayotopoulos, Nicholas; Julianna Gravois; Quinn Burns; Anna Kate Benedict; Limetree-AllPlaintiffs; Joel Holt; Adams, Aimee M.; Adler, Jennifer A. |
| **Subject:** | RE: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al. |
| **Attachments:** | 2025e-sig_054ad49d-157a-4a5f-8ea2-539d5e16bef2.png |

Dan,

We can understand why you are arguing so vigorously and refusing to comply with your obligation to respond to a proper subpoena by offering numerous excuses. Some of the very individuals you now claim were harmed by the Defendants in this case previously asserted, while represented by your firm, that they suffered the same harm—roof and cistern pollution—in a separate case against a different defendant; and they obtained a recovery in the other case.

You further argue that these individuals, on whose behalf you seek to recover damages, are shielded from discovery, thereby preventing us from obtaining highly relevant information from them. Meanwhile, Defendants are forced to sift through millions of documents to respond to requests that ultimately serve to benefit these same individuals—whose discovery you improperly refuse to provide.

We've made clear, multiple times, what we are requesting. You even confirmed your understanding in your February 13 email. But, to be certain, it's the following:
1. All written discovery exchanged between the parties;
2. All documents produced by the parties;
3. All deposition transcripts;
4. All expert files exchanged between the parties and any expert files for designated testifying experts, regardless of whether they were exchanged;
5. Any motions, pleadings, or other court filings that were sealed;
6. Mailer and publications sent to potential class members; and
7. The settlement agreement.

As you're aware, none of these materials are protected by attorney-client privilege or the work-product doctrine. Therefore, neither you nor your former clients have any legitimate basis for asserting privilege or work-product objections. We are unaware of any authority requiring your former clients to provide consent before you produce non-privileged, non-work-product materials in response to a valid subpoena. If any such authority exists, please direct us to it.

Moreover, the court will inevitably have to weigh in on the discoverability of these documents. Once the court deems them discoverable, your former clients' consent—unnecessary from the outset—becomes entirely irrelevant.

Finally, we issued three subpoenas to ensure that we receive all requested files. If one Nonparty Law Firm possesses all the requested documents and produces them, the others do not need to provide duplicative

materials. Of course, had we served only one of the Nonparty Law Firms, you would be questioning that decision.  In any event, this information should be readily available in your electronic files.  We are amenable to making the process as easy as possible for you but cannot simply let go of the request for these documents.

---

**From:** Daniel Charest <dcharest@burnscharest.com>
**Sent:** Wednesday, February 19, 2025 5:43 PM
**To:** Garten, Chris <cgarten@wwhgd.com>; Russell Pate <pate@sunlawvi.com>; Chad Messier <Cmessier@dnfvi.com>; Carl Beckstedt <Carl@beckstedtlaw.com>
**Cc:** Todd Newman <TNewman@dnfvi.com>; Charles Lockwood <clockwood@dnfvi.com>; Mashelkar, Shubhra <SMashelkar@wwhgd.com>; Panayotopoulos, Nicholas <NPanayo@wwhgd.com>; Julianna Gravois <jgravois@burnscharest.com>; Quinn Burns <qburns@burnscharest.com>; Anna Kate Benedict <abenedict@burnscharest.com>; Limetree-AllPlaintiffs <Limetree-AllPlaintiffs@burnscharest.com>; Joel Holt <joelholtpc@gmail.com>
**Subject:** Re: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

**This Message originated outside your organization.**

---



One of the co-defendants' law firms is in the identical position (or. Perhaps, better) as the target law firm. Failing to try there, where (presumably) interests are aligned and can be handled more cleanly is a failure to try to avoid undue cost/burden. Further, it is probably incorrect to say the burden is the same among all law firms. The defense firms need only ask their singular clients, whereas the plaintiffs' firms need to ask many, many more. (That said, the other firms may not be inclined to produce without confirming with each of the plaintiffs too, which is an appropriate consideration.) As to the number of firms, given that Limetree has not stated a basis for issuing subpoenas to three firms as opposed to one, targeting the plaintiffs' firms suggests more harassment than purpose. Finally, Limetree has not identified what materials, after any search of the docket, in needs. Asking for everything, when so much has been filed in the public record, further demonstrates Limetree's lack of cost-avoiding effort.

As to relevance, however broad, there are limits. And the lawyers who handled the case (and even for the defense!) explained in detail the inapplicability of those records to this case. I won't explain it again. Any questions about prior cleaning or other contaminants can be (and, I believe, have been) directed to the class representatives. Going beyond that ignores well-established limitations on class discovery.

Finally, the reference to possession, custody, or control ignores the unique relationship of the firms to their clients' records. We hold what we hold in care of our clients. As the other lawyer said, the files belong to the clients, not the firms. My firm is not (and I expect the same is true for the others are not) in a position to produce our client's records without consent. And the burden of getting that consent (plus the additional burden of sorting/sifting) gets us back to the top.

Please accept this response (and the entire exchange below) as a supplement to any Rule 45 letter that we, the targeted firms, have issued in connection with the subpoenas.

Thanks.

**Daniel H. Charest**
469.904.4555 direct
214.681.8444 mobile

**From:** Garten, Chris <cgarten@wwhgd.com>
**Date:** Friday, February 14, 2025 at 14:56
**To:** Russell Pate <pate@sunlawvi.com>, Chad Messier <Cmessier@dnfvi.com>, Carl Beckstedt <Carl@beckstedtlaw.com>, Daniel Charest <dcharest@burnscharest.com>
**Cc:** Todd Newman <TNewman@dnfvi.com>, Charles Lockwood <clockwood@dnfvi.com>, Shubhra Mashelkar, Esq <smashelkar@wwhgd.com>, Nick P. Panayotopoulos <npanayo@wwhgd.com>, Julianna Gravois <jgravois@burnscharest.com>, Quinn Burns <qburns@burnscharest.com>, Anna Kate Benedict <abenedict@burnscharest.com>, Limetree-AllPlaintiffs <Limetree-AllPlaintiffs@burnscharest.com>, Joel Holt <joelholtpc@gmail.com>
**Subject:** RE: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

Hi everyone,

Thanks for all your responses. We respectfully disagree. I've attached the subpoena for those who haven't seen it.

1. Rule 45's requirement to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena does not require that defendants seek the documents from other law firms. We chose to subpoena Burns Charest, Colianni & Leonard, and The Pate Law Firm (the "Nonparty Law Firms"). Parties are not required to seek discovery from alternate sources unless doing so would be "more convenient, less burdensome or less expensive" and the Nonparty Law Firms cannot show that subpoenaing a rum fungus defendant's counsel will be any more convenient, less burdensome, or less expensive.

   a. The burden of producing the documents is minor and no greater for the Nonparty Law Firms than for any other law firm. The fact that Burns Charest and Colianni & Leonard represent Plaintiffs in this lawsuit does not increase their burden in any way. The fact that Dudley Newman Feuerzeig LLP represents a Co-defendant does not decrease its burden in any way.

   b. Furthermore, based on Chad and Charles' responses, it seems clear that seeking this discovery from Dudley Newman Feuerzeig LLP will not be any more convenient, less burdensome, or less expensive.

2. Regarding the relevance issue, we strongly disagree. As everyone on this thread is aware, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

     a. The primary complaint in the rum fungus litigation was that *Baudoinia compniacensis*, an allegedly harmful black fungus, accumulated on <u>roofs and cisterns</u>. While rum fungus and petroleum are different, both have been alleged to contaminate roofs and cisterns in the same geographic areas, leading to similar claims for remediation. If, for example, individuals in these areas previously claimed their roofs and cisterns were contaminated but failed to remediate or continued using their cisterns for drinking water, that fact is directly relevant to the claims and defenses in this case. This is just one of many ways in which the requested materials are likely to lead to relevant, admissible evidence. In short, prior roof and cistern contamination incidents—involving individuals in the same geographic area as the purported putative class who recovered damages—is discoverable.

3. Finally, in response to Chad and Russell's assertion that Terminals is somehow obligated to subpoena rum fungus plaintiffs or defendants, Rule 45 makes clear that the person subject to a subpoena is required to produce materials in that person's *possession, custody, **or** control*. There is no "ownership" requirement.

     a. As stated in the subpoenas, Terminals is seeking only non-privileged, non-work product documents (e.g., written discovery, documents, and expert materials exchanged between the parties; deposition transcripts; etc.). Subpoenas for case files—excluding attorney-client communications and attorney work-product—from past lawsuits are not uncommon. *See, e.g.*, *Green v. Cosby*, 314 F.R.D. 164 (E.D. Pa. 2016); *Detrick v. Costa*, No. 4:06-cv-01556, 2012 WL 5421793 (M.D. Pa. 2012); *AP Links, LLC v. Russ*, 299 F.R.D. 7 (E.D.N.Y. 2014).

     b. Furthermore, it seems clear that if subpoenaed, both the rum fungus plaintiffs and defendants—if they responded at all—would simply state that they "are not in possession of responsive documents."

As Dan and I discussed, we agree that the Nonparty Law Firms need not produce pleadings, motions, or other court filings that are publicly available and have not been sealed, and we are only requesting the production of non-privileged, non-work product materials.

---

**From:** Russell Pate <pate@sunlawvi.com>
**Sent:** Thursday, February 13, 2025 8:25 PM
**To:** Chad Messier <Cmessier@dnfvi.com>; Garten, Chris <cgarten@wwhgd.com>; Carl Beckstedt <Carl@beckstedtlaw.com>; Daniel Charest <dcharest@burnscharest.com>
**Cc:** Todd Newman <TNewman@dnfvi.com>; Charles Lockwood <CLockwood@dnfvi.com>; Mashelkar, Shubhra <SMashelkar@wwhgd.com>; Panayotopoulos, Nicholas <NPanayo@wwhgd.com>; Julianna Gravois <jgravois@burnscharest.com>; Quinn Burns <qburns@burnscharest.com>; Anna Kate Benedict <abenedict@burnscharest.com>; Limetree-AllPlaintiffs <Limetree-AllPlaintiffs@burnscharest.com>; Joel Holt <joelholtpc@gmail.com>; Garten, Chris <cgarten@wwhgd.com>; Mashelkar, Shubhra <SMashelkar@wwhgd.com>; Carl Beckstedt <Carl@beckstedtlaw.com>
**Subject:** Re: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

**This Message originated outside your organization.**

---

And this is why Chad is the best lawyer in the Virgin Islands. Besides the clear relevance and burden / cost shifting argument - The documents are not Dudley Newman's but Cruzans. Same for Burns Charest, the documents are not BC's but all the Plaintiffs. When all the plaintiffs in Rum Fungus receive subpoenas - and they consent - then a determination can be made.
~ Russell Pate
Sent from my iPhone

On Feb 13, 2025, at 3:36 PM, Chad Messier <Cmessier@dnfvi.com> wrote:

Respectfully, I have not seen any subpoena, so I'm not sure what precisely the issue is.  I represented Cruzan in the "rum fungus" cases.  Joel Holt represented Diageo in the "rum fungus" cases.  To the extent that I have documents, they are Cruzan's documents, and if Cruzan receives a subpoena, it may or may not engage me to respond to it.  At this time, it's not my issue.  Beyond that, it's not clear to me why anyone would want to subpoena Cruzan.  All pleadings in the rum fungus cases, which were resolved as a settled class action, should be public record.  Once the settlement fund was funded, neither Cruzan nor Diageo had anything whatsoever to do with determining how claims are made, assessed, validated, adjudicated, or paid (or if that process even has begun or where it may presently stand).   As I understand it, and I may understand it incorrectly, the discovery exercise at issue is in essence an effort to determine whether certain individuals within the neighborhoods encompassed by the class action settlement may be seeking double payment (i.e. are they seeking to be compensated for roof cleaning, cistern cleaning, etc. both from the approved class fund and from Limetree et al.).  Cruzan will not have any of that information.  Beyond that, there is little similarity between organic microflora (at issue in the rum fungus cases) whether naturally occurring or otherwise, and aerosolized petroleum (at issue in your cases), so I'd think relevance would also be a consideration.

All the best,
Chad

**Chad C. Messier**
**Partner**
**Dudley Newman Feuerzeig LLP**
**Street Address: 1000 Frederiksberg Gade, St. Thomas, VI 00802**
**Mailing Address: P.O. Box 756, St. Thomas, VI 00804**
**Main Office: (340) 774-4422**
**Cell: (615) 727-3182**
**Email: cmessier@dnfvi.com**

**<image001.png>**

---

**From:** Daniel Charest <dcharest@burnscharest.com>
**Sent:** Thursday, February 13, 2025 2:55 PM
**To:** Chris Garten <cgarten@wwhgd.com>; Russell Pate <pate@sunlawvi.com>; Chad Messier <Cmessier@dnfvi.com>; Todd Newman <TNewman@dnfvi.com>; Charles Lockwood <CLockwood@dnfvi.com>
**Cc:** Shubhra Mashelkar, Esq <smashelkar@wwhgd.com>; Nick P. Panayotopoulos <npanayo@wwhgd.com>; Carl Beckstedt <Carl@beckstedtlaw.com>; Julianna Gravois <jgravois@burnscharest.com>; Quinn Burns <qburns@burnscharest.com>; Anna Kate Benedict <abenedict@burnscharest.com>; Limetree-AllPlaintiffs <Limetree-AllPlaintiffs@burnscharest.com>
**Subject:** Re: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

So that everyone can be in the loop, I am adding @Russell Pate (principal of a target of the subpoenas) and lawyers from Dudley Newman Feuerzeig who, as I understand it, were involved in the Rum Fungus litigation.

**Daniel H. Charest**
469.904.4555 direct
214.681.8444 mobile

**From:** Daniel Charest <dcharest@burnscharest.com>
**Date:** Thursday, February 13, 2025 at 12:24
**To:** Chris Garten <cgarten@wwhgd.com>
**Cc:** Shubhra Mashelkar, Esq <smashelkar@wwhgd.com>, Nick P. Panayotopoulos <npanayo@wwhgd.com>, Carl Beckstedt <Carl@beckstedtlaw.com>, Julianna Gravois <jgravois@burnscharest.com>, Quinn Burns <qburns@burnscharest.com>, Anna Kate Benedict <abenedict@burnscharest.com>, Limetree-AllPlaintiffs <Limetree-AllPlaintiffs@burnscharest.com>
**Subject:** Re: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

Sorry to be slow in getting back to folks on this, Chris; I've been on the road this week.

But to answer the question below, Limetree need only look to Rule 45, which imposes a duty on the issuer of a subpoena to avoid imposing undue burden on the subpoena targets:

> Fed. R. Civ. P. 45(d)(1) – Avoiding Undue Burden or Expense; Sanctions. **A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.** The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

To my understanding, one of the defendants in Rum Fungus was represented by Dudley Newman Feuerzeig, which also represents a co-defendant in this case. Please indicate whether Limetree has sought the requested materials from its co-defendant, rather than harassing plaintiffs' counsel.

The targeted law firms are in the same position as the rum fungus defendants on most (if not all) non-privileged documents sought by the subpoena:
1. Pleadings, motions, and other court filings (also public);
2. Discovery requests and responses, including all documents;
3. Non-privileged expert reports, opinions, and materials;

4. Operative class action settlement agreement;
5. Mailers and publications sent to potential class members.

To the extent the subpoenas seek only non-privileged information, which Limetree claims they do, Dudley Newman Feuerzeig would be just as likely to have the materials.

### Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

**From:** Garten, Chris <cgarten@wwhgd.com>
**Date:** Thursday, February 6, 2025 at 16:16
**To:** Daniel Charest <dcharest@burnscharest.com>
**Cc:** Shubhra Mashelkar, Esq <smashelkar@wwhgd.com>, Nick P. Panayotopoulos <npanayo@wwhgd.com>, Carl Beckstedt <Carl@beckstedtlaw.com>, Julianna Gravois <jgravois@burnscharest.com>, Quinn Burns <qburns@burnscharest.com>, Anna Kate Benedict <abenedict@burnscharest.com>, Shubhra Mashelkar, Esq <smashelkar@wwhgd.com>
**Subject:** RE: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

What obligation do we have to attempt to collect these materials from the defendants in that case or the defenses law firms?

**From:** Daniel Charest <dcharest@burnscharest.com>
**Sent:** Wednesday, February 5, 2025 1:14 PM
**To:** Garten, Chris <cgarten@wwhgd.com>
**Cc:** Mashelkar, Shubhra <SMashelkar@wwhgd.com>; Panayotopoulos, Nicholas <NPanayo@wwhgd.com>; Carl Beckstedt <Carl@beckstedtlaw.com>; Julianna Gravois <jgravois@burnscharest.com>; Quinn Burns <qburns@burnscharest.com>; Anna Kate Benedict <abenedict@burnscharest.com>; Mashelkar, Shubhra <SMashelkar@wwhgd.com>
**Subject:** Re: Case 1:21-cv-00253-WAL-EAH Boynes et al. v. Limetree Bay Ventures, LLC et al.

**This Message originated outside your organization.**

Before we stipulate to anything, what efforts, if any, has LBT made to collect these materials from defendants in that case or the defenses law firms?

Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

On Feb 5, 2025, at 12:09, Garten, Chris <cgarten@wwhgd.com> wrote:

Dan,

Thanks again for the call earlier. After further consideration, we maintain our position that serving the Nonparty Law Firms with the subpoena is proper, despite their objection to the Notice of Intent. As the objection itself acknowledges, the Law Firms are non-parties. They only received the Notice of Intent because they also represent Plaintiffs in the underlying action. Ordinarily, as you know, a non-party would not receive a Notice of Intent and would have no opportunity to object.

We want to move this issue forward as fast as possible and not delay discovery. If the Non-Parties are willing to accept service and/or waive any objection based upon lack of service in writing, then we can proceed to motion practice. We would also ask that Burns Charest stipulate to having the issuing court (Judge Lewis) hear the motion, rather than having this issue before both Judge Lewis (as to the local VI law firms) and a judge in the Northern District of Texas. Please advise asap as we have these subpoenas out for service as we speak.

Best,


<2025e-sig_054ad49d-157a-4a5f-8ea2-539d5e16bef2.png>
Chris Garten
Attorney
3344 Peachtree Road NE | Suite 2400 | Atlanta, GA 30326
D: 404.591.9620 | F: 404.875.9433
www.wwhgd.com  | vCard


The information contained in this message may contain privileged client confidential information. If you have received this message in error, please delete it and any copies immediately.