**FishmanHaygood**

Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
fishmanhaygood.com

Kerry J. Miller
(504) 556-5549
kmiller@fishmanhaygood.com

February 20, 2025

<u>Via Email:</u>   judge_henderson_chambers@vid.uscourts.gov

Honorable Emile A. Henderson III
District Court of the Virgin Islands
Ron de Lugo Federal Building and U.S. Courthouse
5500 Veterans Drive, Suite 310
St. Thomas, VI  00802

Re:   *Boynes et al. v. Limetree Bay Ventures, LLC et al.*, No. 1:21-cv-00253-WAL-EAH

Dear Honorable Judge Henderson,

Plaintiffs write to request an informal conference with Your Honor for assistance in resolving a discovery dispute involving the February 26, 2025 deposition of Jeff Rinker, who served as CEO of Limetree Bay Ventures at the time of the release events giving rise to this litigation and whose counsel, Robert J. Bittman, is included on this communication. Mr. Rinker, through his counsel, refuses to appear for his agreed-upon and scheduled deposition because undersigned counsel will not provide him with an advance list of deposition topics and advance copies of deposition exhibits.

Counsel for Mr. Rinker agreed to accept service of his deposition notice in lieu of service by process on October 21, 2024. Upon request from Mr. Rinker, Plaintiffs rescheduled his deposition for February 26, 2025. The February 26 deposition date has been agreed upon and noticed since January 14, 2025. *See* **Exhibit A**. Plaintiffs also agreed to hold the deposition at the Houston offices of EIG's and LBV's counsel, upon request from Mr. Rinker. *See* **Exhibit B**. Mr. Rinker—without legal support—requested advance copies of deposition topics and exhibits. On February 5, 2025, Plaintiffs informed Mr. Rinker's counsel that the request for advance copies of deposition topics and exhibits would not be approved. *See* **Exhibit C**.

Mr. Rinker's counsel informed Plaintiffs yesterday—one week before the scheduled deposition—that Mr. Rinker would refuse to attend his deposition because Plaintiffs will not provide advance copies of topics and exhibits, and that he cannot be made available for deposition until April or May. *See* **Exhibit D**. Mr. Rinker is not legally entitled to condition his deposition on receipt of advance copies of deposition topics or exhibits, and if he fails to appear at his deposition, his failure to appear will be in violation of Federal Rule of Civil Procedure 45.

Given the impasse on this dispute, Plaintiffs would appreciate an opportunity to have Your Honor evaluate their position and work toward a resolution of this matter prior to Mr. Rinker's February 26, 2025 deposition.

Sincerely,

*/s/ Kerry J. Miller*
Kerry J. Miller

**EXHIBIT 13**