# Appendices 1 & 2

**to Joint Memorandum of Law in Support of Motion to Dismiss the Consolidated Second Amended Class Action Complaint**

## APPENDIX 1

### *BANKS* SURVEY OF JURISDICTIONS RECOGNIZING STRICT LIABILITY FOR AN ABNORMALLY DANGEROUS CONDITION OR ACTIVITY

| # | Jurisdiction | Case | Abnormally dangerous condition/activity recognized? | Restatement of Torts §§ 519-520 applied? |
|---|---|---|---|---|
| 1 | Alabama | *Harper v. Regency Development Co.*, 399 So. 2d 248, 252-53 (Ala. 1981). | Yes. | Yes. |
| 2 | Alaska | *Yukon Equip., Inc. v. Fireman's Fund Ins. Co.*, 585 P. 2d 1206, 1208-09 (Alaska 1978). | Yes. | Yes. |
| 3 | Arizona | *Correa v. Curbey*, 124 Ariz. 480, 481, 605 P.2d 458 (App. 1979). | Yes. | Yes. |
| 4 | Arkansas | *Mangrum v. Pigue,* 359 Ark. 373, 381-82, 198 S.W.3d 496, 499-500 (2004). | Yes. | Yes. |
| 5 | California | *Ahrens v. Superior Court*, 197 Cal. App. 3d 1134, 1142, 243 Cal. Rptr. 420, 423 (1988). | Yes. | Yes. |
| 6 | Colorado | *Bayer v. Crested Butte Mountain Resort, Inc.*, 960 P.2d 70, 81 (Colo. 1998). | Yes. | Yes. |
| 7 | Connecticut | *Gonzalez v. O&G Indus.*, 341 Conn. 644, 662, 267 A.3d 766, 778 (2021). | Yes. | Yes. |
| 8 | Delaware | *Spence v. Funk*, 396 A.2d 967 (Del. 1978). | Yes. | Yes. |

| 9 | District of Columbia | *See Nat'l Tel. Coop. Ass'n v. Exxon Corp.*, 38 F. Supp. 2d 1 (D.D.C. 1998) (predicting DCC would adopt Restatement); *Delahanty v. Hinckley*, 564 A.2d 758, 761 (D.C. Cir. 1989) (not explicitly adopting Restatement it but applying it to claim in the case). | Yes. | Has applied it (without explicitly adopting) |
| 10 | Florida | *Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp.*,460 So. 2d 510, 512 (Fla. 3d DCA 1984). | Yes. | Yes. |
| 11 | Georgia | *Gullock v. Spectrum Scis. & Software*, 146 F. Supp. 2d 1364 (M.D. Ga. 2001). | Yes. | Predicts GA Supreme Court would adopt. |
| 12 | Guam | | No recognized COA[1] | |
| 13 | Hawaii | *Machado-Avilla v. Doris Duke Found. for Islamic Art*, No. 12-00170 LEK-RLP, 2013 2013 WL 1817085 (D. Haw. Apr. 26, 2013). | Yes. | Yes. |
| 14 | Idaho | *Boswell v. Steele*, No. 44093, 2017 WL 3880753, at *2 (Idaho Ct. App. Sep. 6, 2017). | Yes. | No. Common law used. |

---

[1] Notably, Guam has a statute that provides for strict liability for manufacturers of toxic substances for all damages resulting from human exposure to toxic substances at levels above federally permitted levels of exposure. For a non-manufacturer "who is responsible for the claimant's exposure to the toxic substances . . . shall be liable for damages under this Chapter if their *negligence* results in the claimant's exposure to toxic substances."  10 GCA Section 41104 *(emphasis added).*

| 15 | Illinois | *In re Chicago Flood Litigation*, 176 Ill.2d 179, 210, 680 N.E.2d 265, 223 Ill. Dec. 532 (Ill. 1997). | Yes. | Yes. |
|----|----------|---------|------|------|
| 16 | Indiana | *Bridges v. Ky. Stone Co.*, 425 N.E.2d 125 (Ind. 1981). | Yes. | Yes. |
| 17 | Iowa | *Maguire v. Pabst Brewing Co.*, 387 N.W.2d 565, 568-69 (Iowa 1986). | Yes. | Yes. |
| 18 | Kansas | *Williams v. Amoco Prod. Co.*, 241 Kan. 102, 115, 734 P.2d 1113 (1987). | Yes. | Yes. |
| 19 | Kentucky | *Fletcher v. Tenneco, Inc.*, No. 91-118, 81 F. Supp 1186, 1192 (E.D. Ky. Feb. 22, 1993). | Yes. | Yes. |
| 20 | Louisiana | *Ashland Oil v. Miller Oil Purchasing Co.*, 1979 U.S. Dist. Lexis 11927 (M.D. La. 1979). | Yes. | Yes. |
| 21 | Maine | *Higgins v. Huhtamaki, Inc.*, No. 1:21-cv-00369-NT, 2022 WL 2274876 (D. Me. June 23, 2022). | Yes. | Yes. |
| 22 | Maryland | *Rich v. Plumbing*, No. SAG-23-705, 2023 WL 6049488 (D. Md. Sep. 15, 2023). | Yes. | Yes. |
| 23 | Massachusetts | *Stearns v. Metro. Life Ins. Co.*, 308 F. Supp. 3d 471 (D. Mass. 2018). | Yes. | Yes. |

3

| 24 | Michigan | *Holder v. Enbridge Energy, L.P.*, No. 1:10-CV-752, 2011 WL 3878876, at *3 (W.D. Mich. Sep. 2, 2011). | Yes. | Yes. |
|---|---|---|---|---|
| 25 | Minnesota | *Keenan v. Boeing Aircraft Corp.*, No. 19-CV-3135 (NEB/ECW), 2020 WL 6947400, at *4 (D. Minn. Nov. 25, 2020). | Yes. | Yes. |
| 26 | Mississippi | *Teledyne Exploration Co. v. Dickerson*, 253 So. 2d 817 (Miss. 1971). | Yes. | Yes. |
| 27 | Missouri | *Bennett v. Mallinckrodt, Inc.*, 698 S.W.2d 854, 868-69 (Mo. Ct. App. 1985). | Yes. | Yes. |
| 28 | Montana | *Chambers v. City of Helena*, 2002 MT 142, 310 Mont. 241, 49 P.3d 587, 590 (Mont. 2002). | Yes. | Yes. |
| 29 | Nebraska | *Baker v. Big Ox Energy, LLC*, No. 8:18-cv-00493-JMG-CRZ, 2019 WL 1506706 (D. Neb. Apr. 5, 2019). | Yes. | Yes. |
| 30 | Nevada | *Valentine v. Pioneer Chlor Alkali Co. Inc.*, 109 Nev. 1107, 864 P.2d 295 (1993). | Yes. | Yes. |
| 31 | New Hampshire | | No Recognized COA | |

4

| 32 | New Jersey | *Bahrle v. Exxon Corp.*, 279 N.J. Super. 5, 652 A.2d 178 (Ct. App. Div. 1995). | Yes. | Yes. |
|----|------------|----|------|------|
| 33 | New Mexico | *First National Bank v. Nor-Am Agricultural Products, Inc.,* 88 N.M. 74, 79, 537 P.2d 682, 687 (Ct. App.1975). | Yes. | Yes. |
| 34 | New York | *Doundoulakis v. Town of Hempstead,* 42 N.Y.2d 440, 368 N.E.2d 24, 398 N.Y.S.2d 401 (1977)). | Yes. | Yes. |
| 35 | North Carolina | *Woodson v. Rowland,* 329 N.C. 330, 407 S.E.2d 222 (1991). | Yes. | No. Common Law Used. |
| 36 | North Dakota | | No Recognized COA | |
| 37 | Northern Mariana Islands | | No Recognized COA | |
| 38 | Ohio | *Doherty v. Ohio State Univ.*, No. 89AP-746, 1990 WL 86772, at *6-8 (Ohio Ct. App. June 26, 1990). | Yes. | Yes.[2] |
| 39 | Oklahoma | *Williams v. W. Enters.*, No. CIV-05-436-R, 2006 WL 8436112, at *1 (W.D. Okla. Oct. 17, 2006). | Yes. | Yes. |

[2] But the court in *Doherty* recognized that "[a]lthough Restatement Section 519 has never been explicitly adopted by the courts of Ohio, the rule nevertheless appears to be an accurate restatement of Ohio law on this issue. *Doherty*, 1990 Ohio App. WL 86772 , at *6 n.11 (citing *Bradford Glycerine Co.* v. *St. Marys Woolen Mfg. Co.*, 60 Ohio St. 560 (1899); *O'Day* v. *Shouvlin*, 104 Ohio St. 519 (1922); *Walczesky* v. *Horvitz Co.*, 26 Ohio St. 2d 146 (1971). *See also Slack v. Fort Defiance Constr. & Supply, Inc.*, 2004-Ohio-6520, ¶¶ 14-15 (Ct. App. 2004) (following *Doherty* and applying the Restatement).

| 40 | Oregon | *Burkett v. Freedom Arms Inc.*, 299 Or. 551, 555, 704 P.2d 118 (1985). | Yes. | No. Common Law Used. |
|---|---|---|---|---|
| 41 | Pennsylvania | *Estes Express Lines v. U.S.A. Lamp & Ballast Recycling, Inc.*, Civil Action No. 2:21-cv-609, 2023 WL 3027433, at *3 (W.D. Pa. Apr. 20, 2023). | Yes. | Yes. |
| 42 | Puerto Rico | | No Recognized COA | |
| 43 | Rhode Island | | No Recognized COA | |
| 44 | South Carolina | *Warwick v. S.C. Elec. & Gas Co.*, No. 3:15-cv-04897-JMC, 2016 WL 1566805, at *9 (D.S.C. Apr. 19, 2016). | Yes. | Yes. |
| 45 | South Dakota | | No Recognized COA | |
| 46 | Tennessee | *Leatherwood v. Wadley*, 121 S.W.3d 682 (Tenn. Ct. App. 2003). | Yes. | No. Common Law Used. |
| 47 | Texas | | No Recognized COA | |
| 48 | Utah | *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 274-75 (Utah 1982). | Yes. | Yes. |
| 49 | Vermont | *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, 2017 WL 3726435, at *2 (D. Vt. May 1, 2017). | Yes. | Yes. |

| 50 | Virgin Islands | *Barnes v. Century Aluminum Co.*, No. 05-062, 2014 U.S. Dist. LEXIS 5593 (D.V.I. Jan. 16, 2014). | Courts other than the Supreme Court have recognized the tort. | Courts other than the Supreme Court have applied the Restatement. |
|----|----------------|-----------|-----------|-----------|
| 51 | Virginia | *Richmond, Fredericksburg & Potomac R. Co. v. Davis Indus., Inc.*, 787 F. Supp. 572, 575 (E.D. Va. 1992). | Yes. | No. Common Law Used. |
| 52 | Washington | *Klein v. Pyrodyne Corp.*, 117 Wn.2d 1, 810 P.2d 917, 920 (Wash. 1991). | Yes. | Yes. |
| 53 | West Virginia | *Peneschi v. Nat'l Steel Corp.*, 170 W. Va. 511, 295 S.E.2d 1 (1982). | Yes. | Yes. |
| 54 | Wisconsin | *Harrington v. Simms*, No. 21-CV-1182-SCD, 2023 WL 4034422 (E.D. Wis. June 15, 2023). | Yes. | Yes. |
| 55 | Wyoming | | No Recognized COA | |

## APPENDIX 2

### *BANKS* SURVEY OF JURISDICTIONS RECOGNIZING
### MEDICAL MONITORING ABSENT A PRESENT PHYSICAL INJURY

| # | Jurisdiction | Case | Medical Monitoring Recognized Absent Present Injury? |
|---|---|---|---|
| 1 | Alabama | *Hinton v. Monsanto Co.*, 813 So.2d 827, 831-32 (Ala. 2001) | No |
| 2 | Alaska | *In re NHL Players' Concussion Injury Litigation*, 327 F.R.D. 245, 260, 262 (D. Minn. 2018)[1] | Not addressed |
| 3 | Arizona | *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 832-33 (Ariz. 2018)[2] | Yes |
| 4 | Arkansas | *In re Prempro*, 230 F.R.D. 555, 569 (E.D. Ark. 2005) | No |
| 5 | California | *Lockheed Martin Corp. v. Superior Court*, 63 P.3d 913, 918 (Cal. 2003) | Yes |
| 6 | Colorado | *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1224 (D. Col. 2018)[3] | Federal district court predicts yes |
| 7 | Connecticut | *Bowerman v. United Illuminating*, No. 04-cv-940115436S, 1998 Conn. Super. LEXIS 3575, at *3-5 (Conn. Sup. Ct. Dec. 15, 1998) | No[4] |
| 8 | Delaware | *K.G. v. A.I. Dupont Gosp. For Child.*, 393 F. App'x 884, 892 & n.6 (3d Cir. 2010)[5] | Federal appellate court declines to make prediction |
| 9 | District of Columbia | *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816 (D.C. Cir. 1984) (applying District of Columbia law)[6] | Federal appellate court predicts yes |
| 10 | Florida | *Petito v. A.H. Robins Co.*, 750 So.2d 103 (Fla. Dist. Ct. App. 1999) | Yes |

[1] *See id.* (noting that Alaska "do[es] not have any court decision that clearly addresses the issues related to medical monitoring").

[2] *See id.* (recognizing medical monitoring as a form of recovery in connection with nuisance claims).

[3] *See id.* (while it remains a "close call," predicting that the Colorado Supreme Court would in the appropriate case recognize a tort claim for medical monitoring absent present injury).

[4] Note, however, that the Connecticut Supreme Court addressed medical monitoring in *Dougan v. Siikorsky Aircraft Corp.*, 251 A.3d 583 (Conn. 2020), but declined to rule on the propriety of medical monitoring based on the facts of that case, whether construed as a claim or remedy.

[5] *See id.* at 892 ("[W]e decline to predict whether the Delaware Supreme Court might acknowledge some variant of a medical monitoring claim.").

[6] *See id.* (predicting that the District of Columbia would recognize a tort claim for medical monitoring absent present injury).

| 11 | Georgia | *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1302 (N.D. Ga. 2005)[7] | Federal district court predicts no |
|----|---------|------|------|
| 12 | Guam | *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993) | Yes |
| 13 | Hawaii | *Almond. v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020)[8] | Not addressed |
| 14 | Idaho | *Almond. v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020)[9] | Not addressed |
| 15 | Illinois | *Berry v. City of Chicago*, 181 N.E.3d 679 (Ill. 2020) | No |
| 16 | Indiana | *Hostetler v. Johnson Controls, Inc.*, No. 3:15-cv-2262020 WL 5543081, at *4 n.4 (N.D. Ind. 2020)[10] | Federal appellate court declines to make a prediction |
| 17 | Iowa | *Pickrell v. Sorin Group USA, Inc.*, 293 F. Supp. 3d 865 (S.D. Iowa 2018)[11] | Federal district court predicts no |
| 18 | Kansas | *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1523 (D. Kan. 1995)[12] | Not addressed |
| 19 | Kentucky | *Wood v. Wyeth-Ayerst Labs*, 82 S.W.3d 849, 859 (Ky. 2002) | No |
| 20 | Louisiana | *Burmaster v. Plaquemines Parish Gov't*, 982 So.2d 795, 806 (La. 2008)[13] | No |
| 21 | Maine | *Bernier v. Raymark Indus., Inc.*, 516 A.2d 534, 543 (Me. 1986)[14] | No |
| 22 | Maryland | *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 77 (Md. 2013) | Yes |
| 23 | Massachusetts | *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009)[15] | No |

[7] *See id.* (determining that Georgia law does not support a medical monitoring remedy for asymptomatic plaintiffs). Note, however, that the Georgia Supreme Court recently stated that it expresses no opinion on the viability of medical monitoring absent a current physical injury. *Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310, 314 n.2 (Ga. 2019).

[8] *See id.* (observing that Hawai'i "do[es] not have any court decision that clearly addresses the issues related to medical monitoring").

[9] *See id.* (observing that Idaho "do[es] not have any court decision that clearly addresses the issues related to medical monitoring").

[10] *See id.* ("It is unclear if Indiana would even recognize a claim for damages for medical monitoring based on an increased risk of future injury."); *but see Johnson v. Abbott Labs.*, 2004 WL 3245947, at *3 (Ind. Cir. Ct. 2004) (holding that Indiana does not recognize medical monitoring as a claim).

[11] *See id.* (predicting that the Iowa Supreme Court would be unlikely to adopt a medical monitoring cause of action rooted in a negligence theory, especially absent an actual injury).

[12] *See id.* (dismissing medical monitoring claim because it is a remedy, not an independent tort claim, without discussion of physical injury requirement).

[13] Medical monitoring absent a present injury is statutorily prohibited in Louisiana. *See* La. Civ. Code art. 2315(B).

[14] *See also Higgins v. Huhtamaki, Inc.*, No. 1:21-cv-00369, 2022 WL 2274876, at *10-11 (D. Me. June 23, 2022) (following *Bernier*).

[15] *See id.* (element of present injury satisfied so long as there is at least a "subcellular change").

2

| 24 | Michigan | *Henry v. Dow Chemical Co.*, 701 N.W.2d 684, 686 (Mich. 2005) | No |
|----|----------|-------------|------|
| 25 | Minnesota | *In re NHL Players' Concussion Injury Litigation*, 327 F.R.D. 245, 260, 264 (D. Minn. 2018)[16] | No |
| 26 | Mississippi | *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 5 (Miss. 2007) | No |
| 27 | Missouri | *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 718 n.7 (Mo. 2007) | Yes |
| 28 | Montana | *In re Zantac (Ranitidine) Products Liability Litigation*, 546 F. Supp. 3d 1152, 1167 (S.D. Fla. 2021)[17] | Not addressed |
| 29 | Nebraska | *Trimble v. ASARCO, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000)[18] | Federal appellate court predicts no |
| 30 | Nevada | *Badillo v. American Brands, Inc.*, 16 P.3d 435, 437 (Nev. 2001) | Yes |
| 31 | New Hampshire | *Brown v. Saint-Gobain Performance Plastics Corp.*, 300 A.3d 949, 952 (N.H. 2023) | No |
| 32 | New Jersey | *Theer v. Philip Carey Co.*, 628 A.2d 724, 733 (N.J. 1993) | Yes |
| 33 | New Mexico | | Not addressed[19] |
| 34 | New York | *Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18-19 (N.Y. 2013)[20] | No |
| 35 | North Carolina | *Curl v. American Multimedia, Inc.*, 654 S.E.2d 76, 81 (N.C. App. 2007) | No |
| 36 | North Dakota | *Mehl v. Canadian Pacific Railway Ltd.*, 227 F.R.D. 505, 518-19 (D.N.D. 2005) | No |
| 37 | Ohio | *Hirsch v. CSX Transportation., Inc.*, 656 F.3d 359, 363 (6th Cir. 2011) | Yes |
| 38 | Oklahoma | *McCormick v. Halliburton Co.*, 895 F. Supp.2d 1152, 1155-59 (W.D. Okla. 2012) | No |
| 39 | Oregon | *Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 187 (Or. 2008) | No |

---

[16] *See id.* (element of present injury satisfied by cell damage caused by exposure to the hazard).

[17] *See id.* (dismissing medical monitoring claim under Montana law, and noting a lack of guidance from the Montana Supreme Court on the issue).

[18] *See id.* (dismissing medical monitoring claim, and noting that Plaintiffs still have not cited any Nebraska authority for the proposition that damages may be awarded for future medical monitoring costs in the absence of a present physical injury).

[19] It appears that no New Mexico court has ruled on the availability of medical monitoring as a cause of action or remedy.

[20] *See id.* (element of present injury satisfied by clinically demonstrable accumulation of toxic substance in body).

| 40 | Pennsylvania | *Redland Soccer Club, Inc., v. Dep't of the Army*, 696 A.2d 137 (Pa. 1997) | Yes |
| 41 | Rhode Island | *Miranda v. DaCruz*, No. PC 04-2210, 2009 WL 3515196, at *7-8 (R.I. Super. Ct. 2009) | No |
| 42 | South Carolina | *Easler v. Hoechst Celanese Corp.*, No. 7:14–00048, 2014 WL 3868022, at *5 n.5 (D.S.C. Aug. 5, 2014) | No |
| 43 | South Dakota | | Not addressed[21] |
| 44 | Tennessee | *Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 575 n.8 (6th Cir. 2005)[22] | Federal appellate court predicts yes |
| 45 | Texas | *Temple-Inland Forest Products Corp. v. Carter*, 993 S.W.2d 88, 93 (Tex. 1999) | No |
| 46 | Utah | *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993) | Yes |
| 47 | Vermont | VT. STAT. TIT. 12, § 7201 | Yes |
| 48 | Virgin Islands | *Purjet v. Hess Oil Virgin Islands Corp.*, 22 V.I. 147, 154 (D.V.I. 1986) | No |
| 49 | Virginia | *Ball v. Joy Technologies, Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) | No |
| 50 | Washington | *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1014 (S.D. Ind. 2015)[23] | No |
| 51 | West Virginia | *Bower v. Westinghouse Electric Corp.*, 522 S.E.2d 424, 426 (W. Va. 1999) | Yes |
| 52 | Wisconsin | *Alsteen v. Wauleco, Inc.*, 802 N.W.2d 212, 216, 218 (Wis. App. 2011) | No |
| 53 | Wyoming | *In re Copley Pharm., Inc.*, 161 F.R.D. 456, 469 (D. Wyo. 1995)[24] | Not addressed |

---

[21] It appears that no South Dakota court has ruled on the availability of medical monitoring as a cause of action or remedy.

[22] *See id.* ("[W]e note that although Tennessee law is murky on the issue of whether claims for medical monitoring are cognizable, there are reasons why such claims are most probably proper.").

[23] *See id.* (observing that Washington does not recognize a standalone claim for medical monitoring).

[24] *See id.* (denying motion to dismiss medical monitoring claims in nationwide class action lawsuit, albeit without any discussion of Wyoming law; further holding that medical monitoring constitutes and equitable remedy).