# Exhibit B

# Limetree Bay Ventures, LLC and Limetree Bay Energy, LLC's Supplemental Memorandum

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** <br> Plaintiffs, <br> v. <br> **LIMETREE BAY VENTURES, LLC,** <br> **et al.,** <br> Defendants. | **Civil Action No. 2021-0253** |
| **HELEN SHIRLEY, et al.,** <br> Plaintiffs, <br> v. <br> **LIMETREE BAY VENTURES, LLC,** <br> **et al.,** <br> Defendants. | **Civil Action No. 2021-0259** |
| **MARY L. MOORHEAD,** <br> Plaintiffs, <br> v. <br> **LIMETREE BAY VENTURES, LLC,** <br> **et al.,** <br> Defendants. | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,** <br> Plaintiffs, <br> v. <br> **LIMETREE BAY VENTURES, LLC,** <br> **et al.,** <br> Defendants. | **Civil Action No. 2021-0261** |

**LIMETREE BAY VENTURES, LLC AND LIMETREE BAY ENERGY, LLC'S**
**SUPPLEMENTAL BRIEFING**

Limetree Bay Ventures, LLC ("LBV") and Limetree Bay Energy, LLC ("LBE") join in the

arguments, and incorporate by reference the points and authorities, cited by EIG Global Energy

Partners, LLC ("EIG GEP") in its supplemental briefing attached as Exhibit A to the Joint

Memorandum of Law in Support of Motion to Dismiss filed by LBV, LBE, Limetree Bay

Terminals, LLC ("Terminals"), Limetree Bay Refining, LLC ("LBR"), and EIG GEP.

The claims asserted against LBV and LBE in the Consolidated Second Amended Class

Action Complaint (the "SAC") are derivative of the claims asserted against LBR and Terminals. Plaintiffs admit that LBV and LBE are holding companies organized under the laws of Delaware. SAC ¶¶ 35-36. Plaintiffs further allege that LBV, and later LBE, were set up to hold the interests of LBR and Terminals and that these entities created layers of separation between the Refinery and the Restart Defendants. SAC, ¶ 64, 176. As such, the SAC acknowledges that LBV and LBE are district and separate entities from both LBR and Terminals.  It is black-letter law that members of a limited liability company are not liable for the tortious acts of district corporate entities in which they hold only an economic interest. As such, and for the reasons and authorities stated in EIG GEP's supplemental briefing, Plaintiffs' failure to state a veil-piercing claim against LBV and LBE is fatal to their claims.

Moreover, there are no well-pled allegations of any act by LBV or LBE that could subject them to liability. First, Plaintiffs conflate allegations pertaining to LBV, LBE, Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC, LBR, and Terminals by collectively referring to such entities as the "Limetree Defendants." SAC ¶ 3. Such impermissible group pleading cannot be credited because it does not specify which acts are attributable to LBV and LBE. *See, e.g., Batista v. Countrywide Home Loans, Inc.*, 627 F. App'x 178, 179 (3d Cir. 2015) (affirming dismissal where the complaint "fail[ed] to attribute wrongful conduct to any particular defendant"); *Shaw v. Hous. Auth. Of Camden*, 201; WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."). Moreover, to the extent Plaintiffs allege that all "Defendants" own or operate the Refinery, SAC ¶ 34, or that the "Limetree Defendants" performed work on or operated the Refinery, *see, e.g.,* SAC ¶¶ 12, 104, it is inconsistent with the allegations that LBV and LBE are holding companies, SAC ¶¶ 35-36, and is otherwise conclusory and therefore "not

2

entitled to be assumed true" for purposes of a motion to dismiss. *Ashcroft v. lqbal*, 556 U.S. 662, 665 (2009); *see also* Exhibit A (EIG GEP's supplemental briefing) at pp. 13-14(citing cases regarding impermissible group pleading).

The only non-conclusory allegation of any conduct by LBV is that it secured a financing package in November 2018 to fund the restarting of the Refinery," and issued a statement to the press in February 2021 indicating that the Refinery "has successfully resumed operations and begun production and commercial sales of refined product." SAC ¶ 45. As to LBE, the SAC alleges that LBR and Terminals "transferred from Limetree Bay Ventures to the newly formed" LBE. SAC ¶ 35. But even if these statements are true, none of them provide a basis to impose liability on LBV and LBE.

Accordingly, the SAC fails to state a claim against LBV and LBE and should be dismissed.

Dated:  September 12, 2025

*/s/ Adam B. Zuckerman*

Kenneth M. Klemm (solely with respect to case nos. 21-00253, 00260 & 00261, admitted *pro hac vice*)
Adam B. Zuckerman (solely with respect to case nos. 21-00253, 00259 & 00260, admitted *pro hac vice*)
Anne Derbes Wittmann (admitted *pro hac vice*)
Leonard J. Yanez (admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
kklemm@bakerdonelson.com
azuckerman@bakerdonelson.com
awittmann@bakerdonelson.com
lyanez@bakerdonelson.com

*and*

Amy L. Champagne (solely with respect to case nos. 21-00253, 00259 & 00261, admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8912
achampagne@bakerdonelson.com

*and*

Dated:  September 12, 2025

*/s/ Adam N. Marinelli*

Adam N. Marinelli (V.I. Bar No. 1294)
BOLTNAGI PC
Merchants Financial Center
4608 Tutu Park Mall, Suite 202
St. Thomas, Virgin Islands 00802-1816
Telephone: (340) 774-2944
amarinelli@vilaw.com

***Counsel for Limetree Bay Ventures, LLC and Limetree Bay Energy, LLC***

4

## **CERTIFICATE OF SERVICE**

I certify that on September 12, 2025, the foregoing notice was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send a notification of such filing (NEF) to all counsel of record.

/s/ Adam B. Zuckerman
Adam B. Zuckerman