**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,**<br><br>  **Plaintiffs,**<br><br>  **v.**<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>  **Defendants.** | **Civil Action No. 2021-0253** |
| **HELEN SHIRLEY, et al.,**<br>  **Plaintiffs,**<br>  **v.**<br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>  **Defendants.** | **Civil Action No. 2021-0259** |
| **MARY L. MOOREHEAD, et al.,**<br>  **Plaintiffs,**<br>  **v.**<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>  **Defendants.** | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,**<br><br>  **Plaintiffs,**<br>  **v.**<br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>  **Defendants.** | **Civil Action No. 2021-0261** |

**DEFENDANTS LIMETREE BAY TERMINALS, LLC, EIG GLOBAL ENERGY PARTNERS, LLC, LIMETREE BAY ENERGY, LLC, AND NOMINAL DEFENDANT LIMETREE BAY REFINING, LLC, LIMETREE BAY VENTURES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO EXTEND DEADLINE IN AMENDED SCHEDULING ORDER**

Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"),

Limetree Bay Ventures, LLC ("Ventures"), EIG Global Energy Partners, LLC ("EIG GEP")

Limetree Bay Energy, LLC ("Energy"), and Nominal Defendant Limetree Bay Refining, LLC ("Refining") (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion to Extend Deadline in the Amended Scheduling Order (Dkt. No. 1160, as corrected by Dkt. No. 1161), showing the Court as follows:

## INTRODUCTION

Good cause exists to extend (or grant relief from) the current October 17, 2025 amendment/joinder deadline because Defendants cannot file an answer containing crossclaims, if necessary, while their joint Rule 12 motion is pending, *see* Fed. R. Civ. P. 12(a)(4). Several co-defendants have sought or obtained preliminary settlement approval that could result in their dismissal before Rule 12 practice concludes. If those parties are dismissed before Defendants can answer and assert contribution/apportionment claims, Virgin Islands law will prevent allocation of fault to them at trial because apportionment under 5 V.I.C. § 1451(d) is limited to defendants—not non-parties or dismissed settling parties. *See World Fresh Mkts., LLC v. Palermo*, 74 V.I. 455, 466 (V.I. 2021). A modest, targeted extension tied to the Rule 12 ruling cures the prejudice confronting Defendants without impacting other case deadlines or the trial date set for November 2026.

## RELEVANT BACKGROUND

This consolidated class action commenced on June 9, 2021, with the filing of the initial Class Action Complaint in *Boynes v. Limetree Bay Ventures, LLC*, No. 1:21-cv-00253 (Dkt. No. 1), alleging emissions during the 2021 restart of the Limetree Bay Refinery on St. Croix. Related actions (Nos. 1:21-cv-00259, 00260, 00261) were consolidated thereunder. Plaintiffs filed the Consolidated Second Amended Class Action Complaint (CSAC) on August 4, 2025 (Dkt. No. 1327), asserting claims including negligence, nuisance, and trespass against Defendants.

Defendants timely filed a joint motion to dismiss the CSAC on September 12, 2025 (Dkt. No. 1426), which remains pending.  Under Fed. R. Civ. P. 12(a)(4), this tolls the deadline for an answer until 14 days after the Court rules on the motion.

Pursuant to Fed. R. Civ. P. 12(b), certain defenses may be asserted by a motion to dismiss, including the failure to state a claim on which relief can be granted.  Any such motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  This rule ensures that a motion to dismiss takes procedural precedence, and, as a result, the motion must be resolved before a responsive pleading is due.  *See Sinanan v. Quinn*, 2025 WL 1811281, at *3 (W.D. Pa. 2025) ("Because Defendants have filed a partial motion to dismiss under Rule 12(b)(6), their motion must be resolved before their responsive pleading is due.")  "Under the Federal Rules of Civil Procedure, the timely filing of a motion to dismiss tolls the time allowed for filing an answer to the complaint." *Brobson v. Borough of New Hope*, 2000 WL 1738669, at *2 (E.D. Pa. 2000) (citing Fed. R. Civ. P. 12(a)(4)).  Moreover, "it is the majority view that when a party files a 'partial motion to dismiss,' the motion 'suspends the time by which [the party] must respond to the entirety of the [c]omplaint pursuant to Rule 12(a).'" *Doshi v. Blinken*, 2024 WL 3509486, at 9 (D.D.C. 2024) (citations omitted).

The Amended Scheduling Order (Dkt. No. 1160, corrected by Dkt. No. 1161) sets October 17, 2025 as the deadline for amending pleadings and adding parties.  This deadline risks passing before the motion to dismiss is resolved, preventing Defendants from filing crossclaims for contribution in an answer.  Meanwhile, several co-defendants (ArcLight Capital Partners, LLC; ArcLight Energy Partners Fund VI, L.P.; ArcLight Limetree AIV, L.P.; Limetree Bay Holdings, LLC; Limetree Bay Preferred Holdings, LLC; and Freepoint Commodities LLC) have pending motions for preliminary settlement approval (Dkt. Nos. 1098, 1198) which, if granted, could lead

to their dismissal. Under Virgin Islands law, apportionment of fault is limited to remaining defendants, not dismissed or non-parties. *See* 5 V.I.C. § 1451(d); *Palermo*, 74 V.I. at 466. Without crossclaims preserving these parties for apportionment purposes, Defendants could be unable to allocate fault proportionally.

Discovery is well underway: Document production closed July 14, 2025 (extended from prior deadlines); expert identifications were due August 13, 2025 (Dkt. Nos. 1347-1352); rebuttals September 10, 2025 (Dkt. Nos. 1408-1412); and fact discovery closes October 17, 2025. Defendants have actively participated, serving interrogatories, requests for production, and subpoenas (e.g., Dkt. Nos. 1164, 1215, 1216, 1294, 1319 1376, 1382). This motion is diligent, filed more than two weeks before the October 17, 2025 deadline to add parties or amend pleadings.

<u>**ARGUMENT AND CITATION TO AUTHORITIES**</u>

**I.     Good Cause Exists to Modify the Scheduling Order Under Fed. R. Civ. P. 16(b)(4)**

Pursuant to Fed. R. Civ. P. 16(b)(4) and LRCi 16.1(b), a scheduling order may be modified for good cause with the judge's consent. Good cause focuses on the movant's diligence. *See Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); LRCi 16.1. Defendants are diligent: they timely moved under Rule 12 (Dkt. No. 1426), which, by law, tolls their answer obligation, and they bring this targeted motion before the amendment cutoff to preserve contribution and apportionment rights. Because crossclaims must be asserted in a pleading, Fed. R. Civ. P. 7(a), 13(g), and an answer is procedurally unavailable during the pendency of a Rule 12 motion, a short extension keyed to the Rule 12 ruling is the least-restrictive means to align the pleading schedule with the Court's existing briefing schedule. *See Ngai v. Old Navy*, No. 07-5653, 2008 WL 11383768, at *2 (D.N.J. 2008) (emphasizing that good cause under Rule 16(b)(4) requires

4

diligence, which is absent when a party fails to act promptly despite having relevant information). Unlike in *Ngai*, where the court denied an extension due to the movant's lack of diligence in identifying a third-party manufacturer despite possessing relevant information, Defendants have acted diligently by filing this motion more than two weeks before the October 17, 2025, deadline and are constrained by the procedural barrier of the pending Rule 12 motion (Dkt. No. 1426).

Furthermore, Defendants are not obligated to file an answer concurrently with their pending motion to dismiss. The Federal Rules of Civil Procedure explicitly provide that a motion to dismiss under Rule 12(b) must be filed before a responsive pleading, and the filing of such a motion tolls the time for filing an answer. Fed. R. Civ. P. 12(b), 12(a)(4); *Brobson*, 2000 WL 1738669, at *7; *Doshi*, 2024 WL 3509486, at 9. Requiring Defendants to file an answer with crossclaims while the motions to dismiss are pending would contravene the procedural structure of Rule 12, which prioritizes resolution of dispositive motions before requiring responsive pleadings. This procedural constraint establishes good cause for the requested extension, as the amendment deadline may expire before Defendants can file an answer containing crossclaims, risking loss of apportionment rights under Virgin Islands law.

## II.     Virgin Islands Law Requires Preservation of Co-Defendants for Apportionment, Necessitating This Extension

Virgin Islands substantive law mandates this relief to avoid prejudice, as it limits apportionment of fault to named defendants remaining in the case at the time of trial. Under 5 V.I.C. § 1451(d), the trier of fact apportions liability only among "defendants," not non-parties or dismissed settling parties. *Palermo*, 74 V.I. at 466 (holding § 1451(d) is substantive and courts may not extend apportionment to non-defendants); *see also Gov't of the V.I. v. Connor*, 60 V.I. 597, 607 (V.I. 2014).

Because apportionment under § 1451(d) applies only to remaining defendants, Defendants must preserve co-defendants' party status through crossclaims and/or third-party complaints; those procedural mechanisms are the proper means to keep or bring parties within "defendant" status for apportionment. *See* V.I. R. Civ. P. 13(g), 14; *Palermo*, 74 V.I. at 466 & nn. 2-4. Without such pleadings, Defendants risk joint-and-several exposure with only settlement offsets—contrary to contribution principles recognized by § 1451(d). Pending settlement-approval motions (e.g., Dkt. Nos. 1098, 1198) threaten dismissal of co-defendants; absent crossclaims/third-party practice to maintain their party status, apportionment would be precluded. *Palermo*, 74 V.I. at 466.

### III.    No Prejudice to Other Parties Justifies Granting This Motion

No party will be prejudiced by this targeted relief. Discovery remains open through October 17, 2025, and dispositive motions are not due until June 30, 2026 (Dkt. 1160). Fact and expert deadlines remain open, so the parties can accommodate any crossclaims filed following a ruling on the pending motions to dismiss (Dkt. 1426). The requested 60-day, post-MTD-ruling extension is narrowly tailored to align the pleading schedule with the Court's briefing schedule and will not disturb any trial setting or other case-management milestones.

Virgin Islands courts favor modest schedule adjustments where, as here, there is no concrete prejudice and the case can continue on the merits. The motion is also timely and transparent: it is filed more than two weeks before the current October 17, 2025 deadline, giving all parties ample notice and avoiding any surprise. Any theoretical prejudice is minimal and fully curable within the existing schedule. *See DeGroat v. Rickard*, No. 3:16-cv-1186, 2018 WL 8756047, at *1-2 (M.D. Pa. 2018) (granting extension to amend where changes caused no undue prejudice, explaining that prejudice requires concrete burdens such as additional discovery or cost, not mere inconvenience).

By contrast, denying this modest extension would substantially prejudice Defendants. As explained above, apportionment under 5 V.I.C. 1451(d) is limited to "defendants," not non-parties and the Supreme Court of the Virgin Islands has held that the statute does not permit apportionment against dismissed settling parties. *Palermo*, 74 V.I. at 466. Without crossclaims/third-party practice preserved before settling co-defendants are dismissed, Defendants risk disproportionate exposure untethered to their alleged share of fault—precisely the harm § 1451(d) and contribution principles are designed to avoid. *See id.* Granting the requested, narrowly tailored extension avoids that prejudice while preserving the status quo and the Court's orderly management of the case.

**CONCLUSION**

For the above-stated reasons, Defendants Limetree Bay Terminals, LLC, Limetree Bay Ventures, LLC, EIG Global Energy Partners, LLC, Limetree Bay Energy, LLC, and Nominal Defendant Limetree Bay Refining, LLC respectfully request that the Court GRANT this motion and extend the October 17, 2025 deadline for amending pleadings and adding parties until 60 days after resolution of the pending motions to dismiss (Dkt. No. 1426) or provide such other relief as necessary to permit the filing of crossclaims and/or third-party complaints.

Respectfully submitted,

**BECKSTEDT & KUCZYNSKI LLP**

Dated: September 30, 2025

*/s/ Carl A. Beckstedt III*
Carl A. Beckstedt III, Esq.
VI Bar No. 684
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
carl@beckstedtlaw.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL LLC**

Dated: September 30, 2025        /s/Shubhra R. Mashelkar
                                 Shubhra R. Mashelkar
                                 Ga. Bar No. 475388
                                 3344 Peachtree Road, NE
                                 Suite 2400
                                 Atlanta, GA  30326
                                 Tel: (404) 876-2600 / Fax: (404) 875-9433
                                 smashelkar@wwhgd.com
                                 *Admitted Pro Hac Vice*

                                 *Attorneys for Defendant Limetree Bay Terminals, LLC*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Dated: September 30, 2025        /s/ Joseph Hanlon
                                 Carolyn F. O'Connor, Esq.
                                 V.I. Bar No.: R2100
                                 Joseph T. Hanlon, Esq.
                                 V.I. Bar No.: R2099
                                 7 Giralda Farms
                                 Madison, NJ 07940
                                 Telephone: (973) 624-0800
                                 Carolyn.oconnor@wilsonelser.com
                                 Joseph.hanlon@wilsonelser.com

                                 *Attorneys for Nominal Defendant Limetree Bay Refining, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

Dated: September 30, 2025        /s/ Adam B. Zuckerman
                                 Kenneth M. Klemm (solely with respect to case nos. 21-00253, 00260 & 00261, admitted *pro hac vice*)
                                 Adam B. Zuckerman (solely with respect to case nos. 21-00253, 00259 & 00260, admitted *pro hac vice*)
                                 Anne Derbes Wittmann (admitted *pro hac vice*)
                                 Leonard J. Yanez (admitted *pro hac vice*)

8

201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
kklemm@bakerdonelson.com
awittmann@bakerdonelson.com
lyanex@bakerdonelson.com

*and*

Amy L. Champagne (solely with respect to case nos. 21-00253, 00259 & 00261, admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8912
achamagne@bakerdonelson.com

*and*

**BOLTNAGI P.C.**

Dated: September 30, 2025

*/s/ Adam N. Marinelli*
Adam N. Marinelli (V.I. Bar No.: 1294)
Merchants Financial Center
4608 Tutu Park Mall, Suite 202
St. Thomas, Virgin Islands 00802-1816
Telephone: (340) 774-2944
amarinelli@wwhgd.com

*Attorneys for Defendants Limetree Bay Ventures, LLC, Limetree Bay Energy, LLC, and EIG Global Energy Partners, LLC*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 30, 2025, a true and correct copy of the foregoing, was served via CM/ECF on all counsel of record.