IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>    Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0259 |
| MARY L. MOORHEAD, et. al.,<br>    Plaintiffs,<br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br><br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0261 |

## EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION

COME NOW Plaintiffs, by and through undersigned counsel, and respectfully move this



Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 2

Honorable Court for an Order compelling Fermin Rodriguez to appear for deposition on October 15, 2025, at 9:00 a.m., at the Law Office of Lee J. Rohn and Associates, LLC, 56 King Street, Third Floor, Christiansted, VI 00820, and in support thereof state as follows:

Plaintiffs began attempting to depose Fermin Rodriguez in January 2025. It was represented that Attorney Andrew Simpson was Mr. Rodriguez's point of contact and Mr. Rodriguez would cooperate with scheduling his deposition. (**Exhibit "1"**). Mr. Rodriguez's deposition was first noticed for February 19, 2025, then postponed on February 17, 2025, so that it could coincide with Plaintiffs' counsel's visit to St. Croix for a refinery inspection in May 2025. (**Exhibit "2"**). However, his deposition did not go forward at that time due to scheduling changes in the site inspection.

Thereafter, Mr. Rodriguez's deposition was noticed again for July 9, 2025. (**Exhibit "3"**). On July 3, 2025, Plaintiffs' counsel received an email from Attorney Simpson stating that "on July 3, 2025, in preparing Fermin Rodriguez for his deposition, he informed Mr. Rodriguez that he was coming to his deposition as counsel for PHRT to protect their business confidence." At that time, Mr. Rodriguez stated that he wanted to have counsel who represented him. Attorney Simpson represented that Mr. Rodriguez may be entitled to counsel appointed by the insurer for LBR and that Attorney Simpson was in the process of contacting LBR's insurance carrier to provide Mr. Rodriguez counsel, but that it would not be accomplished by the scheduled date of Mr. Femin's deposition. (**Exhibit "4"**). It was represented that the deposition would be rescheduled.

As a result, the site inspection of the refinery was cancelled and rescheduled to coincide with Mr. Rodriguez's deposition. However, no attorney for the LBR insurer ever appeared on

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 3

behalf of Mr. Rodriguez.

Thereafter, no attorney for the LBR insurer appeared on behalf of Mr. Rodriquez and attorney, Joseph Klock, Jr., out of Coral Gables, Florida, was contacted based on the representation that he might be representing Mr. Rodriguez. On July 28, 2025, an email was sent to Attorney Klock explaining what had occurred and asking to reschedule Mr. Rodriguez's deposition. (**Exhibit "5"**) On July 29, 2025, Attorney Klock responded that he represented Mr. Rodriguez and that Mr. Rodriguez would invoke his Fifth Amendment rights and decline to answer <u>any</u> questions in <u>any </u>deposition. (**Exhibit "6"**). He further refused to provide any dates for Mr. Rodriguez to be deposed.

As a result, Plaintiffs' counsel determined it would now be necessary to subpoena Mr. Rodriguez for deposition, despite prior representation, on his behalf, that he would voluntarily reschedule his deposition. Efforts were then made by two process servers on St. Croix to serve Mr. Rodriguez. However, they were unable to serve Mr. Rodriguez due to security at the refinery office where he works, as well as at the gated community on the refinery property where he resides.

On August 13, 2025, Mr. Fermin Rodriguez was named by Defendant Limetree Bay Terminals, LLC, as a non-retained expert, (**Exhibit "7"**) and there were efforts to have Limetree Bay Terminals, LLC produce him that were not successful.

On August 29, 2025, Plaintiffs' counsel, Attorney Charest, issued a subpoena to Attorney Klock for documents and inquired about Mr. Rodriguez's deposition. (**Exhibit "8"**).

The documents received in response to the subpoena indicated that counsel for LBR, Attorney Carolyn O'Conner, had been in communication with Attorney Klock and appeared to be

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 4

and represented that AIG would agree for her, as counsel, to prepare Mr. Rodriguez and attend Mr. Rodriguez's deposition as counsel. She reached out to Attorney Klock on July 31, 2025, to determine Attorney Klock's position on Mr. Rodriguez exerting Fifth Amendment Privilege. It appears no response was made by Attorney Klock. (**Exhibit "9"**).

On September 5, 2025, Plaintiffs' counsel were at the refinery on a site visit during which Mr. Rodriguez was present. As a result, a subpoena was obtained and the Notice of Deposition, and Subpoena to appear for a deposition on September 18, 2025, were personally served on Mr. Rodriguez during the sire visit at the refinery. (**Exhibit "10"**).

On September 5, 2025, Plaintiffs sent Attorney Klock the Notice of Fermin Rodriguez's deposition and Proof of Service on Fermin Rodriguez. (**Exhibit "11"**).

On September 5, 2025, undersigned counsel, who intended to take the deposition of Mr. Rodriguez for the Plaintiffs, called Attorney Klock to meet and confer as to Mr. Rodriguez's deposition. Counsel was told that Attorney Klock was in a meeting. The undersigned left a message that Mr. Rodriguez had been served to attend a deposition in St. Croix at the undersigned's office on September 18, 2025, and inquired whether Attorney Klock would be representing Mr. Rodriguez at that deposition. The undersigned was assured that Attorney Klock would return the call. When no return call was received, a follow-up email with the Return of Service and Notice of Deposition was sent.

The undersigned again called and left a similar message for Attorney Klock that went unanswered. Around September 11, 2025, the undersigned spoke to Emanuel Jan, Attorney Klock's assistant, and explained the urgency of the situation and the need for a response from

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 5

Attorney Klock. His assistant represented that he was in meetings, but that he would return the call. However, Attorney Klock never returned the call. The undersigned left more messages over the next few days with no response from Attorney Klock.

On September 15, 2025, the undersigned called again and spoke to Attorney Klock's assistant. The assistant indicated to the undersigned that Mr. Rodriguez was actually represented by LBR's counsel, Carolyn O'Conner. The undersigned then emailed Attorney O'Connor and inquired if she was going to be Mr. Rodriguez's counsel and if Mr. Rodriguez intended to invoke the Fifth Amendment. Plaintiffs followed the email up with a letter. (**Exhibit "12"**). Attorney O'Conner responded that she did not represent Mr. Rodriguez, but that she believed Attorney Klock did.

The undersigned then emailed Attorney Simpson to inquire as to what, if anything, he knew about Mr. Rodriguez's deposition. Attorney Simpson stated that Attorney Klock had been and was in Santo Domingo, Dominican Republic. Attorney Simpson stated that he had reached out to Mr. Rodriguez, who told Attorney Simpson that Attorney Klock had told him that he did not need to attend the deposition, as he was invoking his Fifth Amendment rights. Attorney Simpson further informed the undersigned that Mr. Rodriguez was not even on St. Croix, as he was in Puerto Rico with his wife, who was undergoing surgery. (**Exhibit "13"**).

The undersigned investigated whether Attorney Klock has been admitted pro hac vice in this case, and determine that he has not been. (**Exhibit "14"**).

Further, a witness in a civil proceeding cannot invoke a blanket Fifth Amendment Privilege and may only raise the privilege in response to specific questions, *Nat'l Life Ins. V. Hartford*

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 6

*Accident & Indem. Co.*, 615 F.2d 595, 596 (3d Cir. 1980). Therefore, Plaintiffs are entitled to ask questions of Mr. Rodriguez during his deposition and Mr. Rodriguez will have to respond on a question-by-question basis. Further, to the extent, Plaintiffs' deposition questions may only incriminate the entities Mr. Rodrigues worked for or with, as opposed to him personally, Mr. Rodriguez may not invoke the Fifth Amendment Privilege. This is because the Fifth Amendment is designed to prevent the use of the legal process to force an accused to provide incriminating testimony in a personal capacity only. *United States v. White*, 322 U.S. 694, 698 (1944). Corporations or other entities are "not entitled to invoke the Fifth Amendment's privilege against self-incrimination." *E.g.*, *In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 258 (3d Cir. 2015); *Braswell v. United States*, 487 U.S. 99, 104-05 (1988). This rule applies even if the witness is in management or ownership of the entity—the only exception being if the entity is a sole proprietorship, which none of the defendants here are. *See In re Grand Jury*, 786 F.3d at 258-61.

Further, Mr. Rodriguez has never provided Plaintiffs with any target or subject letter to evaluate if such a privilege somehow exists.

Mr. Rodriguez was properly served with a Fed. R. of Civil P. 45 subpoena. Proof of service has been filed with this Court [Doc #1397]. There has been no objection to the subpoena filed despite ample time to do so. Under Fed. R. Civ. P. 45(g), the Court may hold in contempt a person who, having been served, fails to appear. Because it appears that Mr. Rodriguez has been given improper legal advice that caused him not to appear, Plaintiffs request that Mr. Rodriguez be ordered to appear for his deposition at the Law of Office of Lee J. Rohn and Associates, LLC at

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 7

56 King Street, Third Floor, Christiansted, VI 00820, at 9:00 a.m. on October 15, 2025. The deadline for fact discovery in this case is October 17, 2025.

Further, Plaintiffs request that this Court caution Mr. Rodriguez that he is not entitled to give a blanket refusal to answer pursuant to his 5th Amendment privilege and may only do so in response to specific questions posed to him during his deposition. Pursuant to Rule LRCi 7.1(f), the undersigned has conferred with the Defendants' counsel, however, only ETS' counsel responded that it does not oppose this motion.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court Grant this Motion to Compel and order Fermin Rodriguez to appear for deposition on October 15, 2025, at 9:00 a.m. at the Law Offices of Lee J. Rohn and Associates, LLC, 56 King Street, Third Floor, Christiansted, VI 00820 and answer deposition questions on a question-by-question basis, and that he must provide Plaintiffs with any target or subject letter to support any claim of privilege.

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiffs

DATED:  October 3, 2025                    BY:    /s/ Lee J.  Rohn
Lee J.  Rohn, Esq.
VI Bar No. 52
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com

Boynes, Clifford, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action), Case No. 1:21-CV-00253-WAL-GWC
**EMERGENCY MOTION TO COMPEL FERMIN RODRIGUEZ TO APPEAR FOR DEPOSITION**
Page 8

## <u>CERTIFICATE OF SERVICE</u>

**THIS IS TO CERTIFY** that on October 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All Counsel of Records

BY: ___/s/ Lee J.  Rohn_____(kjg)