**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2021-0253 |
| | ) | |
| v. | ) | |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| Defendants. | ) | |
| | ) | |
| **HELEN SHIRLEY, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2021-0259 |
| | ) | |
| v. | ) | |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| Defendants. | ) | |
| | ) | |
| **MARY L. MOORHEAD, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2021-0260 |
| | ) | |
| v. | ) | |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| Defendants. | ) | |
| | ) | |
| **BEECHER COTTON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2021-0261 |
| | ) | |
| v. | ) | |
| | ) | |
| **LIMETREE BAY VENTURES, LLC, et al.,** | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants EIG Global Energy Partners, LLC, Limetree Bay Ventures, LLC, Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC's ("Moving Defendants") "Joint Motion to File Exhibit Under Seal" ("Motion") (Dkt. No. 1299). In the Motion, Moving Defendants request leave to file under seal "Exhibit 8," a Grand Jury Subpoena. (Dkt. No. 1299 at 2). In support of their request, Moving Defendants state that while "Rule 6(e) of the Federal Rules of Criminal Procedure impose no obligation of secrecy on grand jury witnesses . . . grand jury investigations operate in secret and are generally afforded protection from disclosure." (Dkt. No. 1299 at 2 (citing *Douglas Oil Co. of California v. Petrol Strops Northwest*, 441 U.S. 211, 217-22 (1979)). For the reasons discussed below, the Court will grant the Moving Defendants' Motion.

There is a common law public right of access to judicial records and proceedings. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). This right of access "extends beyond" the public's "ability to attend open court proceedings"; it also encompasses the right of the public "to inspect and to copy" judicial records. *Id*. A document is deemed a judicial record when it "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id*. Judicial records include "the material filed in connection" with "pretrial motions of a nondiscovery nature." *Id*. at 192-93; *see also Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (detailing the "wide variety of civil records and documents" that have received "the presumption of public access").

The "strong presumption" of public access "disallows the routine and perfunctory closing of judicial records." *In re Cendant Corp.*, 260 F.3d at 193-94. This presumption attaches when a document becomes a judicial record. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, "[t]he presumption is just that, and thus may be rebutted."

2

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). The party seeking the sealing of judicial proceedings and records bears "the burden" of demonstrating "that the interest in secrecy outweighs the presumption." *Leucadia*, 998 F.2d at 165. Specifically, the movant must show that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In doing so, "specificity is essential" because "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194.

Rule (6)(e)(6) of the Federal Rules of Criminal Procedure provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Thus, as Moving Defendants correctly note, "grand jury investigations operate in secret and are generally afforded protection from disclosure." (Dkt. No. 1299 at 2). While Rule 6 does not require "a veil of secrecy be drawn over all matters occurring in the world that happen to be investigated by a grand jury," it does serve to "protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980). Thus, "[w]here it applies, Rule 6(e)(6) displaces any First Amendment or common-law right of access." *In re Press Application for Access to Jud. Recs. in Case No. 23-SC-31*, 704 F.Supp.3d 161, 168 (D.D.C. 2023). Because the grand jury subpoena—which Moving Defendants represent as "requesting many of the same documents requested in the Rule 2004 Subpoena" filed as Exhibit 7 (Dkt. Nos. 1301 at 6, 1301-7)—would implicate both "the substance of testimony" and "the strategy or direction of the investigation," Rule 6(e)(6) applies to Exhibit 8 and displaces the

3

common-law right of access. The Court will therefore grant Moving Defendants' "Joint Motion to File Exhibit Under Seal." (Dkt. No. 1299).

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Moving Defendants' "Joint Motion to File Exhibit Under Seal" (Dkt. No. 1299) is **GRANTED**; and it is further

**ORDERED** that Moving Defendants shall have up to and including Wednesday, October 8, 2025 to file **UNDER SEAL** Exhibit 8 referenced in Moving Defendants' "Joint Motion to File Exhibit Under Seal" (Dkt. No. 1299); and it is further

**ORDERED** that the Clerk's Office shall grant access to the sealed document to counsel for Plaintiffs and Moving Defendants.

**SO ORDERED.**

Dated: October 6, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge