**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 2021-0253** |
| **LIMETREE BAY VENTURES, LLC, et al.,** | |
| **Defendants.** | |
| **HELEN SHIRLEY, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0259** |
| **MARY L. MOOREHEAD, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,** **Plaintiffs,** **v.** **LIMETREE BAY VENTURES, LLC, et al.,** **Defendants.** | **Civil Action No. 2021-0261** |

**PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR LEAVE TO
EXTEND DEADLINE IN AMENDED SCHEDULING ORDER**

1

## INTRODUCTION

In their Motion for Leave to Extend Deadline in Amended Scheduling Order (the "Motion," Dkt. No. 1461),[1] Moving Defendants[2] ask this Court for leave to extend the current October 17, 2025 amendment/joinder deadline set forth in the Amended Scheduling Order (Dkt. No. 1160, as corrected by Dkt. No. 1161). This Motion, premised on two errors of law, should be denied.

## RELEVANT FACTUAL BACKGROUND

This litigation commenced nearly four and a half years ago, in June 2021 (*see* Dkt. No. 1), mere weeks after the devastating contamination incidents at the Limetree Bay Refinery. Since that time, while Plaintiffs have aggressively pursued their claims, Defendants have sought to delay, including, notably, by moving to stay discovery;[3] moving to extend deadlines while simultaneously requesting a stay of Plaintiffs' deposition discovery;[4] and now seeking to extend the deadline to amend pleadings and add parties until 60 days after the Court's ruling on Defendants' pending joint motion to dismiss.

The Amended Scheduling Order establishes October 17, 2025 as the deadline to amend pleadings and add parties. The parties, including the Moving Defendants, stipulated to this deadline.[5] Now, nearly six months after the entry of the Amended Scheduling Order and just weeks before a deadline to which they agreed, Moving Defendants request an extension.

---

[1] References to "Dkt. No. __" refer to docket entries in the *Boynes* matter.

[2] The "Moving Defendants" include Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"), Limetree Bay Ventures, LLC ("Ventures"), EIG Global Energy Partners, LLC ("EIG GEP"), Limetree Bay Energy, LLC ("Energy"), and Nominal Defendant Limetree Bay Refining, LLC ("Refining").

[3] Dkt. No. 485.

[4] Dkt. No. 978.

[5] Dkt. No. 1148-1.

## ANALYSIS

### I.   A Rule 12(b) Motion Does Not Prevent a Party from Filing an Answer During the Pendency of Such Motion

As a threshold matter, Moving Defendants repeatedly insist, invoking Federal Rule of Civil Procedure 12(a)(4), that they *cannot* file an answer while their Rule 12(b) motion is pending.[6] But Rule 12(a)(4) merely "*tolls* the time *allowed* for filing an answer to the complaint," and does not otherwise affect the procedural rights of the parties, *Sinanan v. Quinn*, No. 1:24-0192, 2025 WL 1811281, at *4 (W.D. Pa. June 4, 2025) (emphasis added); *see Toll*, *Black's Law Dictionary* (12th ed. 2024) ("(Of a time period, esp. a statutory one) to stop the running of; to abate"):

> Unless the court sets a different time, serving a motion under this rule *alters* these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4) (emphasis added). In other words, Rule 12(a)(4) modifies the deadline for responsive pleadings, but it does not prohibit them from being filed in advance of that deadline. *See, e.g.*, *Lucas v. Toxey*, No. 1:23-CV-01458, 2025 WL 793276, at *3 (M.D. Pa. Mar. 12, 2025); *Frederick v. State Farm Fire & Cas. Co.*, No. 1:22-CV-1262, 2023 WL 12056690, at *2 (M.D. Pa. Feb. 3, 2023). Consistent with this understanding, defendants have sometimes chosen to file an answer during the pendency of their motion to dismiss. *See, e.g.*, *Healthcare Servs. Grp., Inc. v. Skyline Servs. Grp.*, No. 17-2703, 2018 WL 637773, at *1 n.2 (E.D. Pa. Jan. 30, 2018). Such answers have even included third-party claims similar to the ones Moving Defendants purportedly

---

[6] *See* Defendants' Memorandum of Law in Support of the Motion ("Memorandum," Dkt. No. 1461-1) at 2 ("Defendants *cannot* file an answer containing crossclaims, if necessary, while their joint Rule 12 motion is pending." (emphasis added)); *id.* at 4 ("[A]n answer is *procedurally unavailable* during the pendency of a Rule 12 motion . . . ." (emphasis added)); *id.* at 5 ("Defendants . . . are *constrained* by the procedural barrier of the pending Rule 12 motion." (citation omitted) (emphasis added)).

seek to make here. *Zohar CDO 2003-1, Ltd. v. Croscill Home LLC*, No. 17–1797–JFB–SRF, 2018 WL 881758, at *4 (D. Del. Feb. 14, 2018).

Moving Defendants identify no authority that undermines the above analysis. They first make the unremarkable observation that Rule 12(b) permits certain defenses like the failure to state a claim to be asserted in a motion to dismiss and that such a motion must precede the answer. *See* Memorandum at 2 (citing Fed. R. Civ. P. 12(b)). Moving Defendants then indicate that the justification for this rule is to "ensure[] that a motion to dismiss takes procedural precedence." *Id.* (citing *Sinanan*, 2025 WL 1811281, at *3). But neither the text of Rule 12(b) nor its underlying justification prevents an answer from being filed during the period *after* the 12(b) motion is filed but *before* it is ruled upon. Unsurprisingly, the cases cited by Moving Defendants state only that a timely 12(b) motion extends the time by which a defendant must file its answer; they do not hold— or even suggest—that a defendant is obligated to wait until after the disposition of the motion to do so. *Id.* (citing *Brobson v. Borough of New Hope*, No. Civ. A. 00–0003, 2000 WL 1738669 (E.D. Pa. Nov. 22, 2000)) ("Under the Federal Rules of Civil Procedure, the timely filing of a motion to dismiss tolls the time allowed for filing an answer to the complaint."); *Doshi v. Blinken*, No.: 23-3613 (RC), 2024 WL 3509486 (D.D.C. July 22, 2024) ("[I]t is the majority view that when a party files a 'partial motion to dismiss,' the motion 'suspends the time by which [the party] must respond to the entirety of the [c]omplaint pursuant to Rule 12(a).'" (second and third alterations in original))).[7] To the contrary, various courts have authorized defendants to file answers before any ruling had been issued on their motions to dismiss. *See, e.g.*, *Brunig v. Clark*, 560 F.3d 292, 294

---

[7] *See also* Memorandum at 5 (arguing without explanation that "[r]equiring [Moving] Defendants to file an answer with crossclaims while the motions to dismiss are pending would contravene the procedural structure of Rule 12, which prioritizes resolution of dispositive motions before requiring responsive pleadings").

(5th Cir. 2009); *Moore v. Noggle*, No. 1:19-CV-3296-TWT, 2022 WL 205331, at *3 (N.D. Ga. Jan. 24, 2022). One court even contemplated *requiring* defendants to file answers while their motions to dismiss were still pending as a means of clarifying the key factual and legal issues in the case. *See In re Generic Pharms. Pricing Antitrust Litig.*, MDL No. 2724, 2022 WL 20838146, at *2 (E.D. Pa. Apr. 12, 2022).

II.    **Maintaining the Deadlines from the Amended Scheduling Order Does Not Prejudice the Defendants**

Proceeding from the erroneous premise that they cannot file an answer while their Rule 12(b) motion is pending, Moving Defendants compound their error by claiming that they will be prejudiced if the Court declines to extend the Amended Scheduling Order's amendment/joinder deadline. *See* Memorandum at 4–6. Specifically, Moving Defendants argue that they will be unable to allocate fault proportionally to co-defendants who enter into settlements if they are dismissed before Moving Defendants can answer and assert contribution/apportionment claims against them. *Id.* at 2, 5 (citing *World Fresh Mkts., LLC v. Palermo*, 74 V.I. 455, 466 (V.I. 2021)). But Moving Defendants ignore a straightforward alternative: *filing an answer in accordance with the Amended Scheduling Order's deadline.*

Moreover, the *Palermo* case upon which Moving Defendants rely is entirely consistent with this approach. Although the court in *Palermo* held that Virgin Islands law did not *mandate* apportionment by the trier of fact among non-defendants, *id.* at 462–63, it observed that a defendant is free to serve a summons and complaint on a co-defendant or non-party on the basis of Federal Rules of Civil Procedure 13(g) and 14, respectively. *Id.* at 466 & n.2.. There is thus nothing preventing Moving Defendants from asserting any viable contribution/apportionment claims in a timely manner. *See* Fed. R. Civ. P. 13(g) ("[A] crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action

against the crossclaimant."); *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir. 1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a)[,] cross-claims should be contained in a defendant's answer."). Contrary to Moving Defendants' claim, a promptly filed answer is the least restrictive means of aligning the present pleading schedule with the corresponding briefing schedule, since this course of action preserves both of these carefully contemplated and agreed-upon schedules.

At the same time, nothing would prevent this Court from continuing to consider the already-filed motion to dismiss. Filing an answer does not moot a pending Rule 12(b) motion. *See, e.g.*, *Brunig*, 560 F.3d at 294; *Beary v. W. Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985); *Martin v. United States*, No. 23-2758 (TJK), 2025 WL 304797, at *3 n.3 (D.D.C. Jan. 27, 2025); *Harvest Small Bus. Fin. v. Mitnick*, No. 8:24-cv-00032-MRA-DFM, 2025 WL 819069, at *2 n.1 (C.D. Cal. Jan. 24, 2025). And even if it did, Moving Defendants could assert in their answer their defense against Plaintiffs of failure to state a claim. *See* Fed. R. Civ. P. 12(h)(2)(A) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a) . . . ."); *id.* 7(a)(2) (pleadings include "an answer to a complaint"); *see, e.g.*, *Collura v. Ford*, No. 13–4066, 2016 WL 409228, at *27 (E.D. Pa. Feb. 3, 2016) ("[T]he defense of failure to state a claim can be raised at any point . . . .").

Moving Defendants argue that a scheduling order may be modified for good cause with the judge's consent and that "[g]ood cause focuses on the movant's diligence." Memorandum at 4 (citing *Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). But Moving Defendants do not identify any efforts made in discovery to develop claims against other defendants or non-parties. And even if Moving Defendants had been diligent, this is not *sufficient* to show good cause. *See*

6

*Premier*, 970 F.3d at 319 ("[W]hether 'good cause' exists under Rule 16(b)(4) depends *in part* on a plaintiff's diligence." (emphasis added)); *Race Tires*, 614 F.3d at 85 ("[The plaintiffs] acknowledge[] on appeal that [they] had the burden to demonstrate good cause *and* due diligence . . . ." (emphasis added)). It is common sense that good cause in this context requires that the movant show some purpose for the modification. *See Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (describing "the importance of the amendment" as one relevant factor in the Rule 16(b)(4) analysis). In light of the legal errors committed by Moving Defendants, it is evident that they have failed to show any such purpose.

Moving Defendants' claim of prejudice fundamentally hinges on their supposed inability to preserve the party status of current co-defendants who may be dismissed from the case following settlement. *See* Memorandum at 6. Because they may do so through a timely answer filed prior to the deadline set forth in the Amended Scheduling Order, this Court should refuse the invitation to modify the Order.

## CONCLUSION

For the above reasons, Moving Defendants' motion for leave to extend the deadline in the Amended Scheduling Order should be denied.

Respectfully submitted,

DATED: October 14, 2025                    BY:  /s/ *Quinn M. Burns*
                                                Warren T. Burns, Esq.
                                                Daniel H. Charest., Esq.
                                                Martin D. Barrie, Esq.
                                                Quinn M. Burns, Esq.
                                                Anna Katherine Benedict, Esq.
                                                BURNS CHAREST LLP
                                                900 Jackson Street, Suite 500
                                                Dallas, Texas 75202
                                                Telephone: (469) 904-4550
                                                wburns@burnscharest.com
                                                dcharest@burnscharest.com

mbarrie@burnscharest.com
qburns@burnscharest.com
abenedict@burnscharest.com

DATED: October 14, 2025          BY: ___/s/ Korey A. Nelson_____
Korey A. Nelson, Esq.
H. Rick Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

DATED: October 14, 2025          BY: ___/s/ Timothy W. Burns_____
Timothy W. Burns
BURNS BAIR LLP
10 E. Doty Street, Suite 600
Madison, Wisconsin 53703
Telephone: (608) 286-2302
tburns@burnsbair.com

DATED: October 14, 2025          BY: ___/s/ Vincent Colianni II_____
Vincent Colianni, II, Esq.
Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

DATED: October 14, 2025          BY: ___/s/ C. Jacob Gower_____
C. Jacob Gower, Esq.
GOWER LEGAL LLC
1919 Pine Street
New Orleans, LA 70118
Telephone: (337) 298-9734
jacob@gowerlegal.com

Counsel for the *Shirley* Plaintiffs

DATED: October 14, 2025          BY: ___/s/ Y. Michael Twersky_____
Shanon J. Carson, Esq.

8

Yechiel Michael Twersky, Esq.
John Kerrigan, Esq.
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
mitwersky@bm.net
jkerrigan@bm.net

DATED: October 14, 2025            BY:    _/s/ Lee J. Rohn_____
Lee J. Rohn, Esq.
Rhea R. Lawrence, Esq.
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com
rhea@rohnlaw.com

Counsel for the *Cotton* Plaintiffs

DATED: October 14, 2025            BY:    _/s/ Kerry J. Miller_____
Kerry J. Miller, Esq.
Paul C. Thibodeaux, Esq.
E. Blair Schilling, Esq.
Rebekka C. Veith, Esq.
C. Hogan Paschal, Esq.
Carly E. Jonakin, Esq.
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
bschilling@fishmanhaygood.com
rveith@fishmanhaygood.com
hpaschal@fishmanhaygood.com
cjonakin@fishmanhaygood.com

DATED: October 14, 2025            BY:    _/s/ Hugh Lambert_____
Hugh Lambert, Esq.
J. Christopher Zainey, Esq.
Brian Mersman, Esq.
LAMBERT ZAINEY SMITH & SOSO, APLC

9

701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

DATED: October 14, 2025          BY:   */s/ John K. Dema*
John K. Dema, Esq.
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820

DATED: October 14, 2025          BY:   */s/ Jennifer Jones*
Jennifer Jones, Esq.
9003 Havensight Mall, Ste. 319
St. Thomas, V.I. 00802
Telephone: (340) 779-7386
jjones@vienvironmentallaw.com

Counsel for the *Boynes* Plaintiffs

DATED: October 14, 2025          BY: */s/ John K. Dema*
John K. Dema, Esq. (V.I. Bar. No. 357)
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820
Telephone: (340) 773-6142
jdema@demalaw.com

DATED: October 14, 2025          BY:   */s/ Hugh Lambert*
Hugh Lambert, Esq.
J. Christopher Zainey, Esq.
Brian Mersman, Esq.
LAMBERT ZAINEY SMITH & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

Counsel for the *Moorhead* Plaintiffs

10

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Court's ECF system on October 14, 2025, which sent notice to counsel of record.

/s/ *Quinn M. Burns*
Quinn M. Burns