**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0253 |
| HELEN SHIRLEY, et al.,<br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0259 |
| MARY L. MOOREHEAD, et al.,<br>    Plaintiffs,<br>    v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0260 |
| BEECHER COTTON, et al.,<br><br>    Plaintiffs,<br>    v.<br>LIMETREE BAY VENTURES, LLC, et al.,<br>    Defendants. | Civil Action No. 2021-0261 |

**DEFENDANTS LIMETREE BAY TERMINALS, LLC, LIMETREE BAY VENTURES, LLC, EIG GLOBAL ENERGY PARTNERS, LLC, LIMETREE BAY ENERGY, LLC, AND NOMINAL DEFENDANT LIMETREE BAY REFINING, LLC'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO EXTEND DEADLINE IN AMENDED SCHEDULING ORDER**

Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"),

Limetree Bay Ventures, LLC ("Ventures"), EIG Global Energy Partners, LLC ("EIG GEP"),

Limetree Bay Energy, LLC ("Energy"), and Nominal Defendant Limetree Bay Refining, LLC

("Refining") (collectively, "Defendants"), by and through undersigned counsel, hereby submit this

Reply to Plaintiffs' Response in Opposition (Dkt. No. 1492) and state as follows:

### I.      Plaintiffs Misconstrue the Purpose of Defendants' Motion.

This dispute is governed by Rule 16(b)(4)'s good-cause standard and the Court's case-

management discretion—not by whether Defendants could file an answer while their Rule 12(b)

motion is pending.  Plaintiffs' Opposition therefore misses the point.  The relief sought is narrow,

administrative, and anticipatory—a limited, event-tied clarification to ensure that, if certain

defendants are later dismissed through settlement while the joint Rule 12 motion remains under

advisement, Defendants retain the ability to assert crossclaims or third-party claims necessary to

preserve apportionment rights under 5 V.I.C. § 1451(d).

Courts within the Third Circuit recognize the orderly sequence of Rule 12 practice:

dispositive motions are resolved before answers are required, and answering prematurely risks

waiver controversies and duplicative pleading.  *See Martinez v. Colombian Emeralds, Inc.*, 51

V.I. 174, 189–91 (V.I. 2009) (Rule 12(b)(6) motions must be made "before pleading," and

threshold timeliness/default issues should be addressed first); *Wellness Publ'g v. Barefoot,* 2008

U.S. Dist. LEXIS 1514, at 13–16 (D.N.J. Jan. 8, 2008) (recognizing that simultaneous Rule 12

motions and answers can create procedural issues and are "hardly an efficient way to proceed");

*see also Turbe v. Gov't of V.I.,* 938 F.2d 427 (3d Cir. 1991).  That sequencing furthers the Third

Circuit's core policy against piecemeal litigation and in favor of conserving judicial resources.  *See*

*Davis v. Wells Fargo*, 824 F.3d 333, 341–42 (3d Cir. 2016) (purpose of res judicata "to avoid

piecemeal litigation and conserve judicial resources").

A Rule 12(b) motion is a responsive motion that tolls—not eliminates—the time to answer

under Rule 12(a)(4).  Consistent with Rule 12(a)(4)(A), this Court routinely tolls the time to answer

2

until fourteen days after a Rule 12 decision.  Requiring Defendants to answer now—solely to assert potentially premature crossclaims—would manufacture the very inefficiency *Wellness* warned against, invite unnecessary waiver disputes under the "before pleading" sequence recognized in *Martinez*, and create exactly the kind of duplicative, piecemeal filings *Davis* counsels against. Defendants' Motion simply asks the Court to align the scheduling order with this established framework and to prevent unintended loss of apportionment rights due to overlapping deadlines. That is classic "good cause."

Moreover, even if Defendants were required to file an answer now, that step would not resolve the underlying concern. Should certain defendants be dismissed through settlement before the Court issues its Rule 12 ruling, Defendants would still face the same need for leave to amend or to assert a third-party complaint under Rule 14 to preserve apportionment rights. In other words, forcing an early answer would multiply pleadings without curing the timing problem the Motion seeks to avoid.

Plaintiffs' central rebuttal—that Defendants can "just answer now" and lodge crossclaims—misses both the standard and the stakes.  Even accepting that some courts have permitted answers while Rule 12 motions are pending, Rule 16(b)(4) does not require the least prudent option; it authorizes the sensible one.  Forcing an answer now would (i) result in duplicative re-pleading after the Court's Rule 12 ruling; (ii) risk avoidable waiver quarrels given the "before pleading" sequence recognized in *Martinez*; and (iii) needlessly complicate the preservation of apportionment rights if settlements alter party composition while the Rule 12 motion is under advisement.  A brief, event-tied clarification avoids all three problems without prejudicing Plaintiffs or moving any other deadline.

## II.   Defendants Seek a Narrow Extension to Address a Potential Future Timing Conflict.

The motion was filed well before the deadline and in good faith to alert the Court to a foreseeable, not speculative, timing issue arising from three interrelated events: (i) the Court's forthcoming ruling on the pending Rule 12 motion; (ii) the potential settlement-based dismissal of co-defendants; and (iii) the subsequent filing of any answer and cross- or third-party claim. Defendants acted with diligence in identifying this intersection of events in advance rather than risking a procedural gap later.

While this concern may ultimately prove moot depending on the Court's rulings on the pending motions to dismiss and the timing of any settlement-based dismissals current uncertainty required Defendants to seek this limited clarification now.  If settlement approvals are granted before Defendants are permitted to answer under Rule 12(a)(4), Virgin Islands law would foreclose later apportionment of fault to those parties because § 1451(d) limits allocation to defendants remaining in the case. *See World Fresh Markets, LLC v. Palermo*, 74 V.I. 455, 466 (V.I. 2021) (apportionment under § 1451(d) is limited to "defendants," not non-parties).  And while *Palermo* recognizes Rule 14 as the mechanism to bring a settling actor back in as a third-party defendant (thereby permitting apportionment), that protection depends on timely, event-sensitive pleading— precisely what this modest clarification is designed to preserve.

Accordingly, Defendants respectfully request that the Court clarify that any answer, crossclaims under Rule 13(g), or third-party complaint under Rule 14 may be filed within the later of (a) 14 days after the Court's order resolving the pending Rule 12 motion(s), or (b) 14 days after any order dismissing through settlement any co-defendant as to whom apportionment is sought, without prejudice to apportionment rights under 5 V.I.C. § 1451(d).

The requested modification imposes no burden on Plaintiffs, affects no discovery or trial dates, and—if the timing issue never materializes—will be entirely moot. It simply ensures procedural continuity in the event of overlapping rulings or dismissals, a purpose Rule 16(b)(4) was designed to serve.

**III.    The Scheduling Order is Ambiguous as to Defendants' Obligation to Comply with the October 17 Deadline.**

Although not raised as a separate ground in the initial motion, the language of the Scheduling Orders underscores why Defendants acted prudently in seeking clarification. The Court's original Scheduling Order (Dkt. 677) set July 11, 2025 as the "deadline to amend the pleadings or to add parties," but it expressly stated that "Plaintiffs shall have up to and including July 11, 2025 within which to amend the pleadings or to add parties." When the Court later issued its Amended Scheduling Order (Dkt. 1160), it revised that deadline to October 17, 2025 but retained the same party-specific phrasing: "Plaintiffs shall have up to and including October 17, 2025 to amend the pleadings and to add parties." Neither order expressly applies that deadline to Defendants.

This textual distinction—particularly when both orders elsewhere refer to "the parties" collectively for discovery and expert deadlines—creates at least a reasonable ambiguity as to whether the amendment deadline binds Defendants. Defendants do not contend the limitation was intentional; rather, it appears to reflect an oversight or a carryover from prior scheduling negotiations directed solely to Plaintiffs' anticipated amendments.

Recognizing this ambiguity after filing the motion, Defendants simply note it here as additional confirmation that their request for clarification was a good-faith, diligent effort to ensure compliance with the Court's directives. The ambiguity itself further demonstrates why a modest

Rule 16(b)(4) clarification is warranted: it avoids inconsistent interpretations, eliminates uncertainty, and promotes efficient case management without altering discovery or trial dates.

Defendants' request thus remains a narrow procedural safeguard, not an open-ended license to amend, and the scheduling language provides an additional reason to grant the relief requested.

**IV.    The Requested Extension Is Modest and Non-Prejudicial.**

Plaintiffs identify no concrete prejudice beyond speculation.  The requested clarification would not disturb discovery, dispositive-motion, or trial deadlines and, as *Davis v. Wells Fargo* underscores, promotes efficiency by avoiding piecemeal filings while the Court resolves threshold Rule 12 issues.  Defendants acted diligently and proactively, filing their motion before the existing deadline to flag a foreseeable timing conflict rather than seeking relief after the fact.  That diligence satisfies Rule 16(b)(4)'s good-cause standard, which "depends in part on a party's diligence." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Plaintiffs' suggestion that Defendants could simply "file an answer now" does not establish prejudice or inefficiency; it would instead create duplicative pleadings and potential waiver disputes while the Rule 12 motions remain pending.

Rule 16(b) exists to encourage precisely this type of anticipatory case-management motion—one that prevents, rather than creates, scheduling disputes.  By contrast, a short, event-linked extension preserves the orderly sequence contemplated by Rule 12(a)(4), avoids unnecessary motion practice later, and imposes no burden on any party.  The request is neither dilatory nor open-ended; it is a narrowly tailored safeguard designed to maintain procedural consistency and fairness.  Because the motion was filed in diligence, affects no other deadlines, and seeks only to harmonize the scheduling order with the pending Rule 12 posture, good cause exists under both Fed. R. Civ. P. 16(b)(4) and LRCi 16.1.

Plaintiffs cite several cases to support the proposition that Defendants may file an answer during the pendency of the Rule 12(b) motion, but these cases are distinguishable and do not undermine the good-cause basis for the requested extension. For example, *Lucas v. Toxey*, No. 1:23-CV-01458, 2025 WL 793276, at *3 (M.D. Pa. Mar. 12, 2025), actually reinforces Defendants' position by denying a motion for default and confirming that a Rule 12(b) motion is a responsive pleading that "postpones the deadline for the answer" under Rule 12(a)(4), without suggesting that an early answer is required or prudent in all circumstances. Similarly, *Frederick v. State Farm Fire & Cas. Co.*, No. 1:22-CV-1262, 2023 WL 12056690, at *2 (M.D. Pa. Feb. 3, 2023), deferred the responsive-pleading deadline under Rule 12(a)(4)(A) in a straightforward insurance dispute without considering crossclaims, apportionment rights under Virgin Islands law, or the risks of duplicative pleadings and waiver disputes present here. *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009), a non-binding Fifth Circuit decision, merely held that filing an answer does not moot a pending Rule 12(b) motion but did not involve the unique timing conflicts with settlements or local apportionment statutes like 5 V.I.C. § 1451(d), nor did it mandate early filing over judicial efficiency.

Finally, *Moore v. Noggle*, No. 1:19-CV-3296-TWT, 2022 WL 205331, at *3 (N.D. Ga. Jan. 24, 2022), a non-binding district-court decision, recognized that courts "do not interpret [Rule 12(b)'s timing] as strictly" and may, in their discretion, reach Rule 12 arguments filed after an answer or treat them under Rule 12(c). It neither required early answers nor addressed multi-defendant settlement timing, crossclaims, or the Rule 16(b)(4) good-cause standard. As a non-binding decision, it offers no assurance to Defendants facing materially different procedural and statutory circumstances, and it omits the case-management and apportionment context present

7

here.  Accordingly, *Moore* provides no basis to compel premature answers or to deny the modest,

event-tied case-management relief needed to avoid forfeiture under 5 V.I.C. § 1451(d).


Respectfully submitted,

**BECKSTEDT & KUCZYNSKI LLP**

Dated: October 21, 2025

*/s/ Carl A. Beckstedt III*
Carl A. Beckstedt III, Esq.
VI Bar No. 684
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
carl@beckstedtlaw.com


**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL LLC**

Dated: October 21, 2025

*/s/ Shubhra R. Mashelkar*
Shubhra R. Mashelkar
Ga. Bar No. 475388
*Admitted Pro Hac Vice (1:21-cv-00253 only)*
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA  30326
T: 404-876-2600 / F: 404-875-9433
smashelkar@wwhgd.com

*Attorneys for Defendant Limetree Bay Terminals, LLC*


**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Dated: October 21, 2025

*/s/ Joseph Hanlon*
Carolyn F. O'Connor, Esq.
V.I. Bar No.: R2100

8

Joseph T. Hanlon, Esq.
V.I. Bar No.: R2099
7 Giralda Farms
Madison, NJ 07940
Telephone: (973) 624-0800
Carolyn.oconnor@wilsonelser.com
Joseph.hanlon@wilsonelser.com

*Attorneys for Nominal Defendant Limetree Bay Refining, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

Dated: October 21, 2025

*/s/ Amy Champagne*
Kenneth M. Klemm (solely with respect to case nos. 21-00253, 00260 & 00261, admitted *pro hac vice*)
Adam B. Zuckerman (solely with respect to case nos. 21-00253, 00259 & 00260, admitted *pro hac vice*)
Anne Derbes Wittmann (admitted *pro hac vice*)
Leonard J. Yanez (admitted *pro hac vice*)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
kklemm@bakerdonelson.com
awittmann@bakerdonelson.com
lyanex@bakerdonelson.com

*and*

Amy L. Champagne (solely with respect to case nos. 21-00253, 00259 & 00261, admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8912
achamagne@bakerdonelson.com

*and*

**BOLTNAGI P.C.**

9

Dated: October 21, 2025

*/s/ Adam N. Marinelli*
Adam N. Marinelli (V.I. Bar No.: 1294)
Merchants Financial Center
4608 Tutu Park Mall, Suite 202
St. Thomas, Virgin Islands 00802-1816
Telephone: (340) 774-2944
adam.marinelli@vilaw.com

*Attorneys for Defendants Limetree Bay Ventures,
LLC, Limetree Bay Energy, LLC, and EIG Global
Energy Partners, LLC*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on October 21, 2025, a true and correct copy of the foregoing,

was served via CM/ECF on all counsel of record.