# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** <br><br>    **Plaintiffs,** <br><br>    **v.** <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br>    **Defendants.** | **Civil Action No. 2021-0253** |
| **HELEN SHIRLEY, et al.,** <br>    **Plaintiffs,** <br>    **v.** <br> **LIMETREE BAY VENTURES, LLC, et al.,** <br>    **Defendants.** | **Civil Action No. 2021-0259** |
| **MARY L. MOORHEAD, et al.,** <br>    **Plaintiffs,** <br>    **v.** <br><br> **LIMETREE BAY VENTURES, LLC, et al.,** <br>    **Defendants.** | **Civil Action No. 2021-0260** |
| **BEECHER COTTON, et al.,** <br><br>    **Plaintiffs,** <br>    **v.** <br> **LIMETREE BAY VENTURES, LLC, et al.,** <br>    **Defendants.** | **Civil Action No. 2021-0261** |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER AND REOPEN FACT DISCOVERY

Plaintiffs, by and through their undersigned counsel, respectfully oppose certain Defendants' Motion to Amend the Scheduling Order and Reopen Fact Discovery.[1] For the reasons set forth herein, the motion should be denied.

## I.    INTRODUCTION

Consistent with a strategy of delay that Defendants have pursued throughout this litigation, nearly *two months after* a discovery deadline that they agreed to, Defendants now seek to reopen fact discovery indefinitely and for no legitimate purpose, let alone "good cause." This is just the latest of many attempts by Defendants in this litigation to slow the progress of this matter and deny Plaintiffs their day in Court, including previous efforts opposing Plaintiffs' attempts to confer pursuant to Rule 26(f),[2] moving to stay discovery,[3] moving to extend deadlines while simultaneously requesting a stay of Plaintiffs' deposition discovery,[4] and seeking to extend deadlines in the Court's Amended Scheduling Order,[5] among other tactics. The present motion is more of the same, premised on disagreements with the Court's prior orders, a desire to continue litigating arguments the Court has taken under advisement, and an unsupported showing of "diligence" that the record belies.

It has been four and a half years since this litigation commenced, immediately following the disastrous contamination incidents at the Limetree Bay Refinery in early 2021. As Defendants

---

[1] *See* Dkt. Nos. 1616 and 1617 (Memorandum of Law in Support of Motion, "Brief"). Unless otherwise noted, "Dkt. No.__" refers to docket entries in the *Boynes* matter. "Defendants" refers to Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("LBT") and nominal Defendant Limetree Bay Refining, LLC ("LBR"), which are the only Defendants that filed the motion seeking to reopen discovery.
[2] Dkt. No. 488.
[3] Dkt. No. 485.
[4] Dkt. No. 978.
[5] Dkt. No. 1461.

admit, extensive discovery has occurred in this case. Plaintiffs need to proceed to trial and vindicate their rights without further delay and consistent with the operative Scheduling Order to which all the parties agreed. Defendants' purported failure to complete discovery within the Court's schedule is a problem of their own making and a product of their lack of diligence. Defendants' shortcomings should not be rewarded by amending the Scheduling Order and reopening discovery, which would only further delay the trial in this matter and prejudice Plaintiffs. Defendants have not demonstrated "good cause"—or, for that matter, any reasonable justification—for the broad, indefinite reopening of fact discovery that they seek from this Court.

## II.    RELEVANT FACTUAL AND LEGAL BACKGROUND

Beginning on May 19, 2021, Plaintiffs filed class action lawsuits against Defendants and other entities on behalf of those who suffered injuries and damages from the contamination incidents at the Limetree Bay Refinery. Since filing their initial complaints, Plaintiffs have aggressively pursued their claims through the related bankruptcy proceedings,[6] in seeking and securing injunctive relief from this Court,[7] and in pursuing the merits of their claims in an efficient and expeditious manner, including advancing the matter into discovery as quickly as possible.[8]

The Court entered the original Scheduling Order on June 11, 2024, setting deadlines for the completion of fact and expert discovery, class certification, dispositive and Daubert motions,

---

[6] Shortly after Plaintiffs filed suit, LBR filed for bankruptcy and stayed the district court litigation. *See In re Limetree Bay Servs., LLC*, No. 21-BK-32351, Dkt. No. 1454 (Bankr. S.D. Tex. May 20, 2022) (order confirming Chapter 11 plan). Plaintiffs initially sought to mediate with the debtor and non-debtor defendants through the bankruptcy process, but negotiations eventually failed around September 2022. *See Cotton*, Dkt. Nos. 132, 132-5.

[7] Dkt. Nos. 388–90.

[8] *See, e.g.*, Dkt. No. 483 (Plaintiffs' Motion and Supporting Memorandum of Law to Compel Certain Defendants to Participate in a Rule 26(f) Conference) ("[C]ompelling Defendants to participate in a Rule 26(f) Conference—that is mandated by the Federal Rules of Civil Procedure—is a critical step in advancing this litigation and ensuring that the Parties start the process of identifying and addressing issues pertinent to this complex matter, including the development of a proposed discovery plan.").

and trial in November 2026.[9] Discovery proceeded in accordance with the Court's initial Scheduling Order and consistent with discovery practice in similarly complex matters. Discovery-related matters relevant to the present motion include the following:

Plaintiffs' Notices of Voluntary Dismissal: In January 2025 Plaintiffs filed a notice of voluntary dismissal of several of the then-named plaintiffs. Dkt. No. 904. Plaintiffs did so with the specific intent of "furthering the efficiency of" the litigation and "reduc[ing] the complexity of this action" given that the case was in discovery and the parties were continuing "to navigate the logistics of this consolidated but still complex litigation." *Id*. The Court agreed. In a July 25, 2025 Order and Memorandum Opinion, the Court confirmed that Plaintiffs' voluntary dismissal (without prejudice) of these plaintiffs was effective, explaining that the dismissed plaintiffs, by virtue of their dismissal, "thus became unnamed, or absent, putative class members on the respective dates of the filing of the notices." Dkt. No. 1316 at 11–12. Notably, in its analysis, the Court observed that "discovery of absent class members is disfavored" and indicated that the Court would consider permitting **written** discovery **only if** the party seeking the **written** discovery could make a "strong showing" of need for that **written** discovery. *Id*. The Court could not have been more clear or direct in its guidance, including that "[t]he burden lies with the party seeking discovery to make the necessary showing." *Id.* at 12.

Despite the Court's Order, on August 28, 2025, LBT filed a Notice seeking depositions of nineteen individuals who are not named parties. Dkt. No. 1382. Of those nineteen, thirteen had been absent class members for the entire litigation and six had been absent class members since

---

[9] Dkt. No. 677. In entering its Scheduling Order, the Court rejected yet another of Defendants' attempts to delay discovery, this time finding that Defendants' proposal that fact discovery "open 30 days after Defendants file their replies in support of their dispositive motions" did not "present any reason for delaying the start of discovery beyond the filing of this Scheduling Order." *Id*. at 1.

noticing their voluntary dismissal in January 2025. In violation of the Court's July 25, 2025 Order that confirmed the voluntary dismissal of certain named plaintiffs, LBT did not even attempt to propound written discovery or make the requisite showings of its need for depositions of these individuals under the well-established discovery framework for absent class members—either in its filings or in response to Plaintiffs' immediate request for LBT to articulate its need for the discovery. *See* Dkt. No. 1415. Plaintiffs accordingly filed a motion for a protective order and to quash the subpoenas "[i]n the absence of <u>any</u> showing of need, strong or otherwise, for such discovery." *Id*. at 2 (emphasis in original). That motion is now fully briefed and pending before the Court. To date, Defendants have never articulated a specific need that would justify obtaining written discovery, let alone burdensome depositions, from any absent class member.

<u>Plaintiffs' Authorizations:</u> As an initial matter, when Defendants served document requests on Plaintiffs in June 2024, Defendants failed to provide Plaintiffs with any proposed authorizations. Plaintiffs properly objected to the Defendants' request because of this omission. Instead of promptly correcting their error and providing proposed authorizations for Plaintiffs' consideration, Defendants waited two months to follow up, until their co-defendant Versa served a proposed set of authorizations on November 6, 2024.

After extensive negotiations between the parties, in January 2025, Plaintiffs agreed to produce authorizations tailored to the categories of damages that each of the named Plaintiffs seeks. After the parties reached agreement as to the form and substance of the HIPAA authorization to be produced, on January 30 and March 3, 2025, Plaintiffs produced signed HIPAA authorizations for eleven named Plaintiffs. Following additional negotiations, a Court hearing, and subsequent back-and-forth between the parties, signed HIPAA authorizations for additional named Plaintiffs were produced to Defendants. Thus, Plaintiffs have produced signed HIPAA

authorizations to allow for discovery of their sensitive medical and personal information, with most of these authorizations produced by March 3, 2025, **seven months before** the close of fact discovery.

The Agreed-Upon Amended Scheduling Order: On April 8, 2025, the Court held a hearing regarding Defendants' Motion to Extend Pretrial Deadlines, during which Defendants consented to a revised Scheduling Order. Dkt. Nos. 978, 1144. Thereafter the Court entered a revised Scheduling Order that specifically extended certain discovery deadlines based on an agreement between the parties. Dkt. No 1160. The Court's Amended Scheduling Order established October 17, 2025 as the deadline for fact discovery. The parties, including Defendants, stipulated to this deadline, and all parties were certainly aware of it.[10]

Rum Fungus Motion to Compel: Through discovery, Defendant LBT sought from certain Non-Party Law Firms "the entire case file(s) related to all litigation concerning *baudoinia compniacensis*" ("Rum Fungus Documents"). Dkt. No. 1212-1. On May 15, 2025, LBT moved to compel these documents. Dkt. No. 1218. After extensive briefing and oral argument, Magistrate Judge Henderson denied LBT's motion in a well-reasoned, fifteen-page Order on August 19, 2025. Dkt. No. 1367. The Court found that the documents LBT sought bear no relevance to the present litigation and that LBT failed to "carry its burden to demonstrate the relevance of its subpoena, particularly given the heightened burden parties face when subpoenaing non-parties." *Id*. at 14. LBT appealed the Magistrate Judge's Order to the District Court and, thereafter, moved to vacate the Order, which Plaintiffs have opposed. *See* Dkt. Nos. 1460, 1491, 1521. Those motions are pending before the Court and were fully briefed long before Defendants filed the present motion. If Defendants truly believe the Rum Fungus Documents are imperative for their expert reports

---

[10] Dkt. No. 1148-1.

(which they are not), they should have filed the present motion prior to the service of expert reports on November 7. Instead, Defendants waited nearly another month.

Magistrate Judge Henderson's Recusal: It is common knowledge that Magistrate Judge Henderson is a St. Croix resident who was raised on St. Croix, and that certain of his third-degree relatives may have been included in Plaintiffs' original class definition at the inception of this case. Despite knowing of these purported conflicts from the outset of this litigation, Defendants waited until September 15, 2025, to move to recuse Judge Henderson, purportedly out of concern as to his ability to serve as an unbiased arbiter given his family connections to the case. Dkt. No. 1429. Magistrate Judge Henderson granted Defendant LBT's motion without a response from Plaintiffs and recused himself on September 19, 2025. Dkt. No. 1446 at 3 ("The Court issues this Order without the necessity of a response."). After Magistrate Judge Henderson recused himself, Defendants moved to vacate Judge Henderson's Order denying Defendants' motion to compel the Rum Fungus Documents. As explained in the Non-Party Law Firms' opposition to that motion, LBT's efforts are entirely tactical and lack any basis. Dkt. No. 1491.

Expert Discovery: Expert discovery is well underway—the parties have exchanged initial expert reports and supporting materials and are coordinating expert depositions, among other activities. Indeed, expert rebuttal reports are due on December 22, 2025. Dkt. No. 1540. Defendants can obtain discovery relating to Plaintiffs' experts and their findings, including through depositions of those experts. This includes the opportunity to depose Plaintiffs' experts Marco Kaltofen and Ricardo Alvarez and obtain information concerning any sampling done at putative class members' properties that these experts may have relied upon in preparing their reports.[11] If

---

[11]Further showing Defendants' true motive of delay, instead of asking for leave to conduct limited discovery, Defendants seek a blanket order to "reopen fact discovery." Dkt. No. 1616-1.

discovery is reopened, all parties' experts may need to supplement their reports, and expert depositions may have to be reopened.

## III.    LEGAL STANDARD

Strict adherence to a judge's scheduling order "is critical to achieving the primary goal of the judiciary: to serve the just, speedy, and inexpensive determination of every action." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006) (internal quotation omitted); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management."). A discovery schedule set forth in a scheduling order may only be modified for good cause and with the judge's consent. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (citing Fed. R. Civ. P. 16(b)(4)). The standard for modifying deadlines in a judge's scheduling order is higher than that for amendments of party pleadings and places the focus on the moving party's due diligence rather than on the interests of justice or prejudice to the non-moving party. *See id.*; *see also Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The party moving for modification of a judge's scheduling order under Federal Rule of Civil Procedure 16(b)(4) bears the burden of demonstrating good cause and due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84.

"To establish good cause under Rule 16, a [movant] must show why the discovery sought could not have been obtained during the discovery period." *Yarmey v. Univ. of Pennsylvania*, No. 20-cv-5535, 2024 WL 1556387, at *3 (E.D. Pa. Apr. 10, 2024) (internal quotation omitted); *see also Holmes v. Grubman*, 568 F.3d 329, 335 (3d Cir. 2009) ("Whether good cause exists turns on the diligence of the moving party." (internal quotation omitted)). A party's assertion that further discovery is needed, without more, will not suffice. *See* Wright & Miller, Fed. Prac. & Proc. § 1522.2 (3d ed.) (Modifying Scheduling Orders); *see also U.S. v. 27.93 Acres of Land, More of Less, Situate in Cumberland Cnty, Commonwealth of Pa. Tract No. 364-07*, 924 F.2d 506, 511 (3d

7

Cir. 1991). "Generally, where there has not been a change in the law, newly discovered facts, or any other changed circumstances, a party will not be able to show good cause." *DLJ Mortgage Capital, Inc. v. Sheridan*, No. 16-cv-85, 2018 WL 2656223, at \*1 (D.V.I. June 4, 2018) (internal quotation omitted).

Objections to discovery requests, made in good faith and during the normal course of discovery, do not constitute good cause to reopen discovery after the close of the Court's discovery deadline. *See Dow Chemical Canada, Inc. v. HRD Corp.*, 287 F.R.D. 268, 271 (D. Del. 2012), *aff'd* 587 F. App'x 741 (3d Cir. 2014). Although the good cause standard focuses on the movant's diligence, the Court may also consider any prejudice to the party opposing modification, including any potential delay of a trial date. *Id.* at 270.

## IV.    ARGUMENT

### A.    Defendants' disagreements with the Court's Orders in this case do not constitute good cause to reopen fact discovery.

#### 1.    Orders issued by Magistrate Judge Henderson do not require the Court to reopen fact discovery.

Nothing about the timing or circumstances of Magistrate Judge Henderson's recusal in this case constitutes good cause to amend the operative Scheduling Order. Defendants' motion for recusal was itself untimely and unwarranted, as has already been briefed. *See* Dkt. No. 1491. Importantly, Defendants now claim that what they allege to be Magistrate Judge Henderson's "unwaivable conflict" existed under the previous class definition. Brief at 7 n.7. Defendants should have raised the issue when the case was reassigned to Magistrate Judge Henderson over three years ago on May 2, 2022. Defendants' failure to investigate any relationship between the Magistrate Judge and the purported class until after August 4, 2025, reflects Defendants' lack of diligence in litigating this case, and counsels against a finding of good cause here. *See Stone Hedge Props. v. Phoenix Capital Corp.*, 71 F. App'x 138, 141 (3d Cir. 2003) (finding a recusal motion filed three

8

years after the movant had the information needed to identify the conflict was not timely); *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 171 (4th Cir. 2014) (deciding a recusal motion was untimely where the movant had access to all the information predicating its motion a year before it first raised the issue).

Plaintiffs dispute that the geographic location of two of Magistrate Judge Henderson's third-degree relatives' homes within the putative class area, without any evidence of improper influence and before those third-degree relatives have any interest in the case, is sufficient to establish any conflict—much less an unwaivable conflict that would require recusal. *See* Dkt. No. 1491. "Judges are presumed to be impartial," and a judge's decision to recuse "in light of the highly-contested nature" of the litigation or "in an abundance of caution" is not evidence that recusal was required. *Centennial Bank v. Servisfirst Bank, Inc.*, No. 8:16-cv-88, 2020 WL 1061446, at *2 (M.D. Fla. Mar. 4, 2020) (quotations omitted). The fact that Magistrate Judge Henderson recused himself, without the benefit of Plaintiffs' briefing opposing recusal, does not support a finding of good cause to amend the operative Scheduling Order.

Defendants identify the following pre-recusal actions taken by Magistrate Judge Henderson to support their motion to reopen fact discovery: (1) refusing to stay discovery during an informal conference on March 12, 2025; (2) entering "the Parties' agreed-to Amended Scheduling Order" on April 11, 2025 following negotiations between the parties; and (3) denying Defendants' motion to compel files from third-party law firms concerning unrelated rum fungus litigation. Brief at 7, 12. None of these actions support a finding of good cause.

First, a judge's instructions for parties to comply with the discovery schedule in place cannot constitute good cause to later amend the schedule. To hold otherwise would eliminate the good cause requirement completely. Defendants do not identify how or why the absence of a stay

prevented them from complying with the Scheduling Order. To the contrary, Defendants acknowledge that a stay of deposition discovery was not necessary to complete discovery, but only to avoid the potential repetition of depositions following the addition of a new nominal defendant (a concern which, as Magistrate Judge Henderson correctly observed, lacked merit). The March 12, 2025 denial of a stay of discovery was not a change in the law or circumstances but rather a reaffirmation of the status quo and therefore does not establish good cause to reopen discovery now. *See DLJ Mortgage Capital, Inc.*, 2018 WL 2656223, at *1.

Second, a judge's entering of a scheduling order <u>negotiated and agreed to by the parties</u> cannot constitute good cause to later amend that schedule. Defendants assert without support that they would not have agreed to an only three-month extension of discovery but for Magistrate Judge Henderson's indications that he was not inclined to grant an extension. But Defendants chose to negotiate with Plaintiffs rather than present any evidence that an additional extension would be necessary to complete discovery. And again, a judge's inclination to keep parties to the operative discovery schedule (and indeed grant a three-month extension), especially in litigation that is already several years old, does not constitute good cause to amend that schedule.

Finally, Defendants separately (and again without merit) moved to vacate Magistrate Judge Henderson's order regarding discovery of the Rum Fungus Documents following his recusal. *But see* Dkt. No. 1491 (explaining why neither the recusal nor the interests of justice warrant the vacatur that Defendants request). Of course, unless the Court either sustains Defendants' objections to the order or grants vacatur, the order remains binding. Defendants' disagreement with the order does not render it an "unresolved discovery issue involving third parties" (Brief at 12)—the issue is resolved, just against Defendants. If the Court were to grant Defendants' motion to reopen discovery, Defendants would still not be entitled to seek the Rum Fungus Documents. Defendants

10

thus cannot demonstrate good cause to reopen discovery based on Magistrate Judge Henderson's ruling on this issue.

Because none of Defendants' disagreements with the actions or rulings of Magistrate Judge Henderson demonstrate that Defendants could not have complied with the Scheduling Order if they had acted diligently, those disagreements do not establish good cause to reopen fact discovery.

**2.      Defendants' disagreement with the Court's Order finding certain plaintiffs to be absent class members does not excuse Defendants' failure to seek discovery from those individuals in accordance with the Court's orders.**

Plaintiffs filed a notice of dismissal for twenty-five named plaintiffs on January 7, 2025, and a notice of dismissal for a twenty-sixth named plaintiff on February 27, 2025, rendering all 26 of these dismissed plaintiffs absent class members for the remainder of the suit. On July 25, 2025, the Court determined that those notices of dismissal were "proper and legally effective," and thus "automatic and immediate" upon filing. Dkt. No. 1316 at 21–22. The Court noted that "a defendant who wishes to prevent a plaintiff from invoking its unfettered right to dismissal under Rule 41 may do so by taking the simple step of filing an answer," but that no defendant (including LBT and LBR) had availed itself of the opportunity to answer Plaintiffs' Consolidated Class Action Complaint. *Id*. at 20. The Court observed that defendants may continue to seek discovery from the absent class members "**under the discovery framework for absent class members**," which requires a "**strong showing needed to compel absent class member discovery**." *Id*. at 22 (emphasis added).

Defendants' argument that Plaintiffs "blocked" Defendants' efforts to obtain discovery from the absent class members is both false and a thinly veiled objection to the Court's July 25, 2025 Order. On August 28, 2025, nearly eight months after receiving notice of the voluntary dismissals and a month after the Court confirmed that those dismissals were effective as of their

11

date of filing, Defendants filed a notice of intent to serve subpoenas for depositions of nineteen absent putative class members. Dkt. No. 1382. Because Defendants did not even attempt to serve written discovery and failed to make a sufficient showing of need for depositions—despite the Court warning them that such a showing was necessary for absent class member discovery— Plaintiffs filed a motion for a protective order and to quash the subpoenas, which is now fully briefed and pending before the Court.

Defendants may disagree with the Court's determination that certain individuals they sought to depose were rendered absent class members by Plaintiffs' filing of a notice of voluntary dismissal in January 2025, but that disagreement does not excuse Defendants' failure to serve any written discovery or to properly notice their depositions ***and*** timely make the requisite showings of need before the close of fact discovery.

Had they acted diligently, Defendants could have served those subpoenas even while litigating the propriety of the voluntary dismissals. In fact, they knew that they should have done so, because Magistrate Judge Henderson indicated in May 2025 that merely noticing depositions for these individuals as if they were still parties was insufficient. *See* Brief at 9. Further, there is no question that the other thirteen individuals were always absent class members, and Defendants should have understood their burden for seeking discovery from the start of the litigation. Instead of acting diligently and proactively, Defendants waited until the last minute and then proceeded to notice the issuance of subpoenas for all nineteen absent class members without showing need, in direct contravention of the Court's Order. Plaintiffs' filing of the motion for a protective order and motion to quash was compliant with and in furtherance of the Court's July 25, 2025 Order, and of the known and established framework for discovery of absent class members in the Third Circuit.

Plaintiffs' actions did not "block" diligent discovery efforts by Defendants and do not constitute good cause to reopen discovery. *See Dow Chemical Canada, Inc.*, 287 F.R.D. at 271.

Defendants argue that the voluntary dismissal of former named plaintiffs was a circumstance outside of their control that caused delay. *See* Brief at 19. But Defendants do not explain their failure to seek depositions from the thirteen individuals who were absent class members for the entire litigation until nearly the close of fact discovery, or their failure to timely make any kind of showing as to the need for the discovery sought from those absent class members. Defendants cannot prove they acted diligently to obtain the discovery they seek, or that obtaining the discovery within the Court's schedule would have been impossible despite their diligent efforts. *See Yarmey*, 2024 WL 1556387, at *3. Defendants' motion should be denied.

**B.      Defendants have not shown that the discovery sought is critical to the case and, regardless, Defendants' specific discovery requests are the subject of pending motions before this Court.**

Each of the purported issues Defendants rely on to argue for reopening discovery is the subject of separate motion practice currently pending before this Court. Specifically, Defendants have fully briefed, *inter alia*, objections to Magistrate Judge Henderson's August 19, 2025 Order and the motion to vacate that Order (Dkt. Nos. 1386, 1460), their motions to compel compliance with third-party subpoenas (Dkt. Nos. 1503, 1505), and their opposition to Plaintiffs' motion for a protective order and motion to quash subpoenas to absent class members (Dkt. No. 1451). Further, co-defendant BP, who does **not** join the present motion, has fully briefed the issue of its subpoenas of medical records and its opposition to Plaintiffs' objections to those subpoenas. Dkt. No. 1605. Thus, these issues are already under advisement before the Court.

Plaintiffs have extensively briefed their opposition to Defendants' position on each of these issues and maintain their opposition. Regardless, even if the Court finds merit in any of the issues raised by Defendants or their co-defendants regarding these outstanding motions, the Court can

13

appropriately tailor relief for Defendants specific to those motions. Defendants do *not* explain how or why the pendency of any of these discrete discovery motions, even if meritorious, would require a broad reopening of all fact discovery and the attendant delay of expert discovery, class certification, and trial—delays that would significantly prejudice Plaintiffs.

The impropriety of Defendants' current motion to amend the Scheduling Order is apparent from the motion itself. Defendants do not offer the Court any workable extended deadlines within which they allege that they could reasonably complete fact discovery. *See* Dkt. No. 1616-1 (Proposed Order). In fact, Defendants' proposed order does not contain any proposed new deadline for the close of fact discovery at all, in violation of Local Rule of Civil Procedure 7.1. *Compare id*., *with* LRCi 7.1(e) ("In the case of a request for the extension of any deadline, the draft order shall set forth the actual date of the new deadline . . . ."). Of course, Defendants could not comply with Local Rule 7.1 because Defendants do not identify any outstanding discovery need that is not the subject of a separate motion already pending before this Court. In other words, Defendants' entitlement to any future fact discovery is entirely contingent on achieving favorable results from this Court in the pending motions. The Court can and should consider relief for Defendants' specific purported discovery needs in the context of the pending motions concerning those specific issues. The Court should deny Defendants' present motion to indefinitely reopen fact discovery

In addition to the foregoing, expert discovery remains open, so Defendants can seek discovery of the data on which Plaintiffs' experts rely (which has, of course, been produced) and investigate Plaintiffs' experts' methods. Defendants complain that they have been "deprived of the ability to depose" absent class members whose properties may be implicated in Plaintiffs' experts' opinions (Brief at 10), but they do not explain how such depositions are necessary to avoid prejudice to them during expert discovery. Depositions of Plaintiffs' experts are more than

sufficient, and Defendants have not articulated any reasonable justification for obtaining additional discovery from absent class members.[12]

**C.    Defendants have no one to blame but themselves given their failure to diligently pursue and complete discovery within the Court's deadlines.**

Whether good cause exists "turns on the diligence of the moving party." *Holmes*, 568 F.3d at 329. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 561 (D.N.J. 2022) (internal quotation omitted). Because Defendants cannot show that they acted diligently to obtain discovery from the named Plaintiffs or absent class members, they should not be allowed to delay this litigation to pursue such discovery now.

First, Defendants complain that "[t]o date, no medical records have been produced" pursuant to the HIPAA authorization forms that Plaintiffs provided for each of the named Plaintiffs. Brief at 11. Yet Defendants had the vast majority of those signed authorizations by March 2025 and had **seven months** before the close of fact discovery to seek medical records pursuant to those authorizations or to raise any issues with respect to the forms with Plaintiffs or the Court. But Defendants did nothing.

Second, Defendants assert that they have been "deprived of the ability to depose any of these [absent class members] or obtain any information whatsoever" from them (Brief at 10), but their argument is clearly contradicted by the record before this Court. This Court has instructed Defendants that, even to do written discovery, they would need to make the requisite showing to seek discovery from absent class members, because such discovery is "disfavored." Dkt. No. 1316

---

[12] Indeed, all the testing data relied on by Marco Kaltofen was produced to Defendants by September 11, 2025.

15

at 22 (explaining such discovery would be permissible "<u>if the proper showing is made</u>" (emphasis added)). As Plaintiffs have argued extensively, Defendants never made the requisite showing to justify their efforts to obtain depositions from absent class members within the Court's discovery deadlines—not even when seeking discovery from individuals who have <u>never</u> been named in this case. *See* Dkt. No. 1415.

In fact, Defendants' purported inability to seek discovery from any of these individuals is a product of their failure to demonstrate any justification for imposing the costs and burdens of litigation, and especially depositions, on absent class members. The failure to timely and appropriately seek the discovery earlier cannot form the basis of good cause to reopen fact discovery now, and accordingly Defendants' motion should be denied. *See Faiella*, 341 F.R.D. at 561; *see also Riya Dev Corp. v. Amguard Ins. Co.*, No. 22-cv-6415, 2024 WL 1329302, at *4 (D.N.J. Mar. 28, 2024) (deciding that, because the moving party knew that the witnesses it sought to depose had relevant information before the close of discovery, the party acting diligently could have complied with the discovery schedule, and thus there was no good cause to reopen fact discovery for additional depositions).

The circumstances of this motion further indicate Defendants' lack of diligence and underscore the absence of good cause here. *See Marlowe Patent Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 697–701 (D.N.J. 2013). In *Marlowe*, the plaintiff sought to amend the scheduling order after the close of discovery to "complete certain outstanding discovery" that would be necessary to "refine the issues in this litigation . . . [and] facilitate settlement." *Id*. at 697. The *Marlowe* court found the plaintiff's reasoning insufficient to establish good cause, where the motion to reopen discovery was not filed until two months after discovery had closed and the request "would undoubtedly result in additional expense, inconvenience and delay for all

16

concerned." *Id*. at 701. Moreover, the court noted that schedule had been set long ago, and the parties had relied on the plaintiff's representations in conducting it, and to allow a movant "to unilaterally change the course of this action now would be inappropriate." *Id*.

Here, like in *Marlowe*, Defendants have moved to amend the Scheduling Order nearly two months **after** the close of discovery, based on certain "unresolved" discovery issues. Brief at 12. But even if there were a need for further discovery here, such a need is insufficient to establish good cause. *See, e.g.*, *Celularity Inc. Evolution Biolgyx, LLC*, 2025 WL 3140818, at *5 (D.N.J. Nov. 10, 2025) (finding no good cause to justify further discovery because the court was "unconvinced" that the moving party did not appreciate the importance of the information sought prior to the close of discovery); *see also* Wright & Miller, Fed. Prac. & Proc. § 1522.2 (3d ed.) (Modifying Scheduling Orders).

Defendants do not seek a limited amendment to address the specific unresolved issues, but rather an indefinite reopening of all of fact discovery. Such a request would impose "additional expense, inconvenience and delay," and cannot be justified in light of Defendants' failure to comply with the Scheduling Order. *See Marlowe*, 293 F.R.D. at 701.

> **D.** **The prejudice to Plaintiffs far outweighs any purported benefits of reopening discovery.**

On their own, Defendants' lack of diligence and failure to articulate any reasonable basis for the open-ended relief that they seek are more than sufficient to find that they have failed to show "good cause" to amend the Scheduling Order and reopen discovery. In addition, however, the significant prejudice to Plaintiffs should such relief be granted provides further compelling support for denying Defendants' motion.

While Defendants have sought to delay this matter at every turn (including through the present motion), Plaintiffs have aggressively sought to push their case, including at the pleading

stage, the related bankruptcy proceedings, seeking and obtaining injunctive relief, and during the fact discovery period, where Plaintiffs diligently pursued discovery in compliance with the Court's imposed deadlines. Reopening discovery now, and delaying the progress of this matter indefinitely, would greatly prejudice Plaintiffs, who have waited four and a half years for a trial on the merits of their claims and to seek justice for the injuries they suffered as a result of Defendants' conduct. There are putative class members who, for over four and a half years, have had to be enrolled in a water program because they cannot afford to remedy the oil in their cisterns. Granting Defendants' motion and reopening fact discovery would grind this matter to a halt and would almost certainly force the Court to move back the trial date to 2027, nearly six years after the underlying contamination events.

In similar circumstances, courts have found that modifying scheduling orders would prejudice non-moving parties and fail to advance long-pending matters. *See, e.g.*, *Freeman v. Kmart Corp.*, No. 2005-CV-0074, 2009 WL 995626, at *2 (D.V.I. Apr. 14, 2009) (finding that reopening discovery would prejudice plaintiff and that plaintiff "is entitled to advance this case to trial without further delay"); *see also Race Tires Am., Inc.*, 614 F.3d at 84 (affirming the district court's application of Rule 16(b)(4) to deny motion for leave to amend filed after scheduling order deadline and noting that district court "understandably wanted this complicated case to move forward to its ultimate resolution"); *see also Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 50 V.I. 727, 739–40 (D.V.I. 2008) (finding that extensions sought by movant would prejudice non-moving parties' "efforts to adjudicate this matter in an orderly and prompt manner . . . [and] would also disrupt, without any 'good cause,' the semblance of order that the Court sought to establish

18

with its Scheduling Order"). Such is the case here, where further delaying the progress of this matter indefinitely, and without sufficient justification, would greatly prejudice Plaintiffs.[13]

## V.    CONCLUSION

Defendants fail to demonstrate good cause to justify amending the Scheduling Order in this matter, and their request to reopen fact discovery indefinitely would prejudice Plaintiffs with further delay. Plaintiffs respectfully request that the Court deny Defendants' motion.

Respectfully submitted,

DATED: December 19, 2025            BY:    /s/ Quinn M. Burns
                                           Warren T. Burns, Esq.
                                           Daniel H. Charest., Esq.
                                           Martin D. Barrie, Esq.
                                           Quinn M. Burns, Esq.
                                           Anna Katherine Benedict, Esq.
                                           BURNS CHAREST LLP
                                           900 Jackson Street, Suite 500
                                           Dallas, Texas 75202
                                           Telephone: (469) 904-4550
                                           wburns@burnscharest.com
                                           dcharest@burnscharest.com
                                           mbarrie@burnscharest.com
                                           qburns@burnscharest.com
                                           abenedict@burnscharest.com

DATED: December 19, 2025            BY:    /s/ Korey A. Nelson
                                           Korey A. Nelson, Esq.
                                           H. Rick Yelton, Esq.

---

[13] The cases cited by Defendants on this point are inapposite. *See Kissman v. St. Thomas Marina Corp.*, Civ. No. 2018-18, 2020 WL 13561719 (D.V.I. Sept. 9, 2020) (allowing joinder of new parties where "their addition as counterclaim-defendants would not likely result in great disruption" and depositions had not been taken and "several months remain[ed] until the fact discovery deadline"); *800 Cooper Fin., LLC v. Liu*, Civ. No. 16-736, 2023 WL 2523853 (D.N.J. Mar. 15, 2023) (granting counterclaim plaintiffs' motion to reopen discovery where (1) counterclaim defendant's conduct contributed to discovery delays; (2) counterclaim defendant was unable to make good faith argument that it will be prejudiced by delay; and (3) trial date had not yet been scheduled).

19

BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

DATED: December 19, 2025              BY:    */s/ Vincent Colianni II*
                                             Vincent Colianni, II, Esq.
                                             Vincent A. Colianni, Esq.
                                             Marina Leonard, Esq.
                                             COLIANNI & LEONARD LLC
                                             2120 Company Street
                                             Christiansted, VI 00820
                                             Telephone: (340) 719-1766
                                             vinny@colianni.com
                                             vince@colianni.com
                                             marina@colianni.com

DATED: December 19, 2025              BY:    */s/ C. Jacob Gower*
                                             C. Jacob Gower, Esq.
                                             GOWER LEGAL LLC
                                             1919 Pine Street
                                             New Orleans, LA 70118
                                             Telephone: (337) 298-9734
                                             jacob@gowerlegal.com

DATED: December 19, 2025              BY:    */s/ Y. Michael Twersky*
                                             Shanon J. Carson, Esq.
                                             Yechiel Michael Twersky, Esq.
                                             John Kerrigan, Esq.
                                             BERGER MONTAGUE PC
                                             1818 Market Street, Suite 3600
                                             Philadelphia, PA 19103
                                             Telephone: (215) 875-3000
                                             scarson@bm.net
                                             mitwersky@bm.net
                                             jkerrigan@bm.net

DATED: December 19, 2025              BY:    */s/ Lee J. Rohn*
                                             Lee J. Rohn, Esq.
                                             Rhea R. Lawrence, Esq.
                                             1108 King Street, Suite 3 (mailing)
                                             56 King Street, Third Floor (physical)
                                             Christiansted, St. Croix

20

U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com
rhea@rohnlaw.com

DATED: December 19, 2025          BY:    */s/ Kerry J. Miller*
                                         Kerry J. Miller, Esq.
                                         Paul C. Thibodeaux, Esq.
                                         E. Blair Schilling, Esq.
                                         Rebekka C. Veith, Esq.
                                         C. Hogan Paschal, Esq.
                                         Carly E. Jonakin, Esq.
                                         FISHMAN HAYGOOD, L.L.P.
                                         201 St. Charles Avenue, 46th Floor
                                         New Orleans, Louisiana 70170
                                         Telephone: (504) 586-5252
                                         kmiller@fishmanhaygood.com
                                         pthibodeaux@fishmanhaygood.com
                                         bschilling@fishmanhaygood.com
                                         rveith@fishmanhaygood.com
                                         hpaschal@fishmanhaygood.com
                                         cjonakin@fishmanhaygood.com

DATED: December 19, 2025          BY:    */s/ Hugh Lambert*
                                         Hugh Lambert, Esq.
                                         J. Christopher Zainey, Esq.
                                         Brian Mersman, Esq.
                                         LAMBERT ZAINEY SMITH & SOSO, APLC
                                         701 Magazine Street
                                         New Orleans, Louisiana 70130
                                         Telephone: (504) 581-1750
                                         Facsimile: (504) 529-2931
                                         hlambert@lambertainey.com
                                         czainey@lambertzainey.com
                                         bmersman@lambertzainey.com

DATED: December 19, 2025          BY:    */s/ Jennifer Jones*
                                         Jennifer Jones, Esq.
                                         9003 Havensight Mall, Ste. 319
                                         St. Thomas, V.I. 00802
                                         Telephone: (340) 779-7386
                                         jjones@vienvironmentallaw.com

DATED: December 19, 2025          BY: */s/ John K. Dema*
                                         John K. Dema, Esq. (V.I. Bar. No. 357)
                                         LAW OFFICES OF JOHN K. DEMA, PC

21

1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820
Telephone: (340) 773-6142
jdema@demalaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, a true and correct copy of the foregoing document was electronically served pursuant to the Federal Rules of Civil Procedure.

*/s/ Quinn M. Burns*
Quinn M. Burns

23