## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES,** *et al* | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 1:21-253** |
| | : |
| **LIMETREE BAY VENTURES, LLC,** *et al* | : |

\* \* \*

| | |
|---|---|
| **HELEN SHIRLEY,** *et al* | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 1:21-259** |
| | : |
| **LIMETREE BAY VENTURES, LLC,** *et al* | : |

\* \* \*

| | |
|---|---|
| **FRANCIS E. CHARLES,** *et al* | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 1:21-260** |
| | : |
| **LIMETREE BAY VENTURES, LLC,** *et al* | : |

\* \* \*

| | |
|---|---|
| **BEECHER COTTON,** *et al* | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 1:21-261** |
| | : |
| **LIMETREE BAY VENTURES, LLC,** *et al* | : |

## ORDER

**AND NOW**, this 11th day of March 2026, following reassignment leading to our review of the parties' progress under the April 11, 2025 Order in No. 1:21-cv-253 (ECF 1160) confirming discovery deadlines have passed, otherwise consistent with Rule 1, reminding the parties they cannot ignore Orders, and for good cause, it is **ORDERED** we:

1.    **Require** counsel and parties to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies"), Default Order on Electronic Discovery absent a private agreement which we will enforce as a matter of contract law if within our limited subject

matter jurisdiction, and Protocols for Remote Video Proceedings found at www.paed.uscourts.gov.

2. **Stay** the presently untimely efforts at discovery (absent consent) and anticipated motions for class certification next week subject to leave under a trial scheduling Order later this month after our review consistent with this Order;

3. **Require** lead counsel for the parties shall <u>meaningfully</u> meet and confer compliant with our Policies (more than email) to allow the lead Plaintiff's counsel in No. 1:21-cv-253 to file a joint fulsome Status Memorandum under the one *Boynes* caption (No. 1:21-cv-253) not exceeding twenty pages (with no attached exhibits or supplemental filings) concisely offering difference in views (if any) on or before **March 20, 2025:**

    a. Signed by each Defendant's trial counsel <u>and</u> a co-lead and liaison trial counsel for Plaintiffs (ECF 528);

    b. Showing cause as to why we should not require all filings filed only under the first filed No. 1:21-cv-253 without prejudice to review of each claim or review of class certification arguments;

    c. Detailing:

        i. the status of settlements in principle allowing us to narrow the parties including a need for preliminary or final approval hearings over the next thirty days if resolving claims on a class basis;

        ii. the status of specific mediation efforts including dates and participating parties as well as showing cause, absent meaningful progress, as to why we should not appoint a Rule 53 Settlement Master;

d. the status of the parties' compliance with the June 11, 2024 and April 11, 2025 Orders in No. 1:21-cv-253 (ECFs 677, 1160) including summarizing the key points for all parties in pending discovery motions which remain ripe after Limetree Bay Services, LLC's confirmed bankruptcy plan in No. 21-32351 (S.D. Tex.) and specific witnesses to be deposed beyond the court-ordered deadlines should we find good cause beyond pendency of motions;

e. Defining dates to potentially close fact and expert discovery upon good cause, move for pre-trial evidentiary relief, and attach counsel for trial (including anticipated duration) between early November 2026 to mid-January 2027;

4. **Require** all Movants continuing to seek dispositive relief file a Joint Summary of the Movant's and Respondent's Arguments (as we can read briefs) not exceeding five pages (and not attaching other materials) on or before **March 20, 2026** including ample space for an opposing view consistent with counsels' professionalism obligations under our Policies and common sense;

5. **Require** all parties seeking relief in a pending Complaint, counterclaim, or cross-claim shall email an updated and detailed written demand under Rule 408 by no later than **March 19, 2026**, attaching all key documents in support of their demand, only upon all parties claimed to be responsible for any claim of relief other than those already settled in principle. All responding parties shall email a detailed written Response under Rule 408 (assuming you do not win a dispositive motion) on or before **March 27, 2026**;

6. **Withdraw** the reference of pre-trial matters to the United States Magistrate Judge subject to our appointing a Rule 53 Discovery Master as warranted;

7. **Attach** lead counsel for the Plaintiffs and trial counsel for each Defendant to participate in a trial scheduling telephone conference over ZoomGov on **March 30, 2026** at **4:00 P.M.** (1-646-828-7666; Meeting ID: 161 652 9263; Passcode: 338052) or otherwise designate an

3

attorney who will speak on your behalf and whose trial calendar will govern for trial scheduling; and,

8.    **Deny** as moot, consistent with this Order, the Motions to amend the scheduling Orders or otherwise excusing the delay reserving ruling on the propriety of non-compliance with scheduling Orders to date:

a.    ECFs 1461, 1616, 1639 in No. 1:21-cv-253;

b.    ECFs 1190, 1342, 1364 in No. 1:21-cv-259;

c.    ECFs 1263, 1415, 1438 in No. 1:21-cv-260; and,

d.    ECFs 1457, 1609, 1632 in No. 1:21-cv-261.

_____
**KEARNEY, J.**

4