**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al., | |
| *Plaintiffs,* | Civil Action No. 2021-0253 |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| *Defendants.* | |
| | |
| BP PRODUCTS NORTH AMERICA INC., | Civil Action No. 2021-0253 |
| *Cross-Claimant,* | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| *Cross-Claim Defendants.* | |
| | |
| HELEN SHIRLEY, et al., | |
| *Plaintiffs,* | Civil Action No. 2021-0259 |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| *Defendants.* | |

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., | Civil Action No. 2021-0259 |
| _Cross-Claimant,_ | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| _Cross-Claim Defendants._ | |
| FRANCIS E. CHARLES, et al., | Civil Action No. 2021-0260 |
| _Plaintiffs,_ | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| _Defendants._ | |
| BP PRODUCTS NORTH AMERICA INC., | Civil Action No. 2021-0260 |
| _Cross-Claimant,_ | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| _Cross-Claim Defendants._ | |

| | |
|---|---|
| BEECHER COTTON, et al., | Civil Action No. 2021-0261 |
| *Plaintiffs,* | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| *Defendants.* | |
| BP PRODUCTS NORTH AMERICA INC., | Civil Action No. 2021-0261 |
| *Cross-Claimant,* | |
| v. | |
| LIMETREE BAY VENTURES, LLC, et al., | |
| *Cross-Claim Defendants.* | |

## <u>DEFENDANT BP PRODUCTS NORTH AMERICA INC.'S LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND RELATED RELIEF</u>

Defendant BP Products North America Inc. ("BPPNA"), by and through undersigned counsel, submits this Limited Opposition to Plaintiffs' Motion and Memorandum of Law in Support of Preliminary Settlement Approval and Related Relief (Dkt. No. 1744), showing the Court as follows:

## INTRODUCTION

On May 8, 2026, Plaintiffs filed their Motion and Memorandum of Law in Support of Preliminary Settlement Approval and Related Relief, seeking preliminary approval of settlements with certain defendants to this case,[1] and to certify a settlement class (Dkt. No. 1744) ("Second Preliminary Approval Motion"). As explained more fully below, preliminary approval of these settlements (the "Proposed Group 2 Settlements") would unduly prejudice BPPNA because the settlements include "Bar Orders"[2] that target and would extinguish BPPNA's pending cross-claims for common law indemnification, common law contribution, and statutory apportionment of fault pursuant to 5 VIC § 1451(d) against Elite, and BPPNA's pending cross-claim for statutory apportionment of fault as to the remaining Group 2 Settling Defendants (*see* Dkt. No. 1743) (the "Cross-Claims").

The Bar Orders further purport to otherwise (1) preclude any right to pro rata reduction or credit for the settlement amount against any judgment Plaintiffs may

---

[1] These defendants are Universal Plant Services (VI), LLC ("UPS"), Excel Construction and Maintenance VI, Inc. ("Excel"), Elite Turnaround Specialists, Ltd. ("Elite"), and Versa Integrity Group, Inc. ("Versa") (collectively, the "Group 2 Settling Defendants"). This Court already approved a preliminary settlement comprising ArcLight Capital Partners, LLC, ArcLight Energy Partners Fund VI, L.P., ArcLight Limetree AIV, L.P., Limetree Bay Holdings, LLC, Limetree Bay Preferred Holdings, LLC (collectively, "ArcLight"), Freepoint Commodities LLC ("Freepoint, and together with ArcLight, the "ArcLight/Freepoint Settling Defendants"), and Pinnacle Services, LLC ("Pinnacle," and together with the ArcLight/Freepoint Settling Defendants, the "Group 1 Settling Defendants") (Dkt. Nos. 1686, 1687).

[2] Each of the proposed settlements contain nearly substantively identical Bar Orders (collectively, the "Bar Orders" and individually, the UPS, Excel, Elite, and Versa Bar Orders). *See* Dkt. No. 1744-1 ¶ 25 (UPS Bar Order); Dkt. No. 1744-2 ¶ 25 (Excel Bar Order); Dkt. No. 1744-3 ¶ 24 (Elite Bar Order); Dkt. No. 1744-4 ¶ 24 (Versa Bar Order). Henceforth, BPPNA cites to the Elite Bar Order as a representative example of the Bar Orders.

obtain against BPPNA, and (2) preclude the right to assert a third-party claim against the Group 2 Settling Defendants.[3]  The Bar Orders are unduly prejudicial and contrary to Virgin Island's public policy of precluding a windfall or double recovery to Plaintiffs.  To allow such Bar Orders would further be contrary to the Court's Order on the First Preliminary Approval Motion ("First Preliminary Approval Order") which expressly "retain[ed] all opportunities afforded to [non-settling defendants] under Rules 13 and 14 of the Federal Rules of Civil Procedure to pursue cross-claims, including against settling co-defendants."  Dkt. No. 1687 at 31.

Preserving BPPNA's statutory rights to allow for proportionate judgment reduction would encourage settlement while also promoting equity and deterrence. A mediation is scheduled for June 11, 2026 between the Plaintiffs and some of the remaining Non-Settling Defendants.  Should the continuing settlement efforts fail, however, the Non-Settling Defendants should not be penalized down the road with having to bear an undue proportion of the risk of exposure in any subsequent verdict.

This risk is particularly acute for BPPNA.  Despite BPPNA's good faith efforts, there has been little engagement by Plaintiffs with respect to a settlement with BPPNA.  Absent the relief sought herein, BPPNA would remain exposed to the totality of any verdict arising out of its role as an entity that did not own, operate or control the refinery at issue in this litigation.  The Bar Orders would preclude any

---

[3] This objection applies with equal force to any other Non-Settling Defendants. As of the date of this filing, "Non-Settling Defendants" collectively refers to BPPNA and Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Terminals"), Limetree Bay Ventures, LLC ("LBV"), EIG Global Energy Partners, LLC, and intervening nominal defendant Limetree Bay Refining, LLC ("LBR").

jury allocation of fault among the universe of potential defendants, which would legitimately reflect each party's allocated responsibility, and will discourage Plaintiffs from negotiating settlements that do not fairly approximate the proportionate responsibility of other defendants.

With respect to settlement class certification, BPPNA re-adopts and incorporates by reference the arguments set forth on pages 10-11 of Certain Defendants' Response in Opposition to Plaintiffs' Motion For Preliminary Settlement Approval and Related Relief with respect to the Group 1 Settling Defendants (Dkt. No. 1172) ("First Preliminary Approval Motion"), seeking deferral of any determination of a settlement class until such time as the Court determines whether to certify a litigation class for trial. Pursuant to this Court's March 31, 2026 Order (Dkt. No. 1731), class certification briefing on all liability classes is scheduled to commence on June 5 and will continue through at least June 22, 2026. Waiting to determine class certification collectively will not prejudice Plaintiffs and will promote both efficiency and fairness.

Accordingly, BPPNA respectfully requests that this Court (1) deny Plaintiffs' request to enter the Bar Orders, or alternatively, enter revised bar orders that do not deprive BPPNA of the benefit of the jury's allocation of fault or otherwise distort the comparative fault scheme set forth under 5 VIC § 1451(d); and (2) defer consideration of Plaintiffs' settlement class certification until the court considers Plaintiffs' proposed litigation class(es), or, alternatively, order a settlement class no broader than that set forth in the First Preliminary Approval Order.

## ARGUMENT AND CITATION TO AUTHORITIES

I.    **The Proposed Settlements Should Not Be Preliminarily Approved Because the Bar Orders Strip Multiple Legal Rights of BPPNA and Conflict With Virgin Islands Law.**

### A. BPPNA Has Standing to Challenge the Proposed Group 2 Settlements

Non-settling defendants are permitted to object to a partial settlement where they can demonstrate that they will suffer some legal prejudice as a result of a partial settlement. There is a consensus that non-settling defendants have standing to object to a partial settlement that purports to strip it of a legal claim or cause of action—for indemnity or contribution for example—or to invalidate its contract rights. *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995)*; accord, In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 716 n.12 (E.D. Pa. 2001).

BPPNA has standing to challenge the Proposed Group 2 Settlements because the Bar Orders will be used against BPPNA to argue that (1) in the case of the Elite Bar Order, Elite is no longer subject to the Cross-Claims; and (2) with respect to all of the Bar Orders, BPPNA should be precluded from any right of apportionment against all of the Group 2 Settling Defendants.

### B. The Court Should Not Enter the Bar Orders Because They Extinguish BPPNA's Pending Cross-Claims and/or Right to Apportionment Under Virgin Islands Law

The Proposed Group 2 Settlements are conditioned on entry by the Court of the Bar Orders.  The Court should not approve the Proposed Group 2 Settlements because the Bar Orders (1) expressly extinguish BPPNA's pending Cross-Claims for contribution and indemnity against Elite and/or (2) prevent BPPNA from obtaining

proper proportionate allocation under governing law as to each of the Group 2 Settling Defendants.

The Proposed Group 2 Settlements as written prevent BPPNA's pending Cross-Claims and prevent BPPNA from asserting potential third-party claims against Group 2 Settling Defendants.  The Elite Bar Order specifically precludes BPPNA's pending cross-claim against Elite.  In relevant part, Paragraph 24 of the Proposed Elite Settlement Agreement (Dkt. No. 1744-3 (emphasis added)) provides:

> ***Any and all Defendants to this action*** . . . are ***barred***, enjoined, and restrained from commencing, ***prosecuting***, or asserting any claim, ***whether styled as a cross-claim, a third-party claim,*** or as a claim in a separate action or in some other way, ***against Elite*** arising under any federal, ***state, U.S. Virgin Islands,*** or foreign ***statutory or common-law rule,*** however styled, whether for ***common law,*** implied, contractual, or express ***indemnification, or contribution, or otherwise denominated***, including claims for breach of contract or for negligence, ***where the claim is or arises from Plaintiffs' claims and the alleged injury to such person or entity arises from that person's or entity's alleged liability to a Plaintiff or any Settlement Class Member,*** including any claim in which a person or entity seeks to recover from Elite for (i) any amounts such person or entity has paid or might become liable to pay to a Plaintiff, the Class, or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys fees from defending any claim by a Plaintiff, the Class, or any Settlement Class Member.  ***All such claims are hereby extinguished, discharged, satisfied, and unenforceable.***

BPPNA and the Cross-Claims are covered by the plain language of the Bar Orders, which apply to "[a]ny and all Defendants to this action" and which prevent Defendants from "prosecuting . . . any claim, whether styled as a cross-claim [or] a

third-party claim . . . against Elite . . . where the claim is or arises from Plaintiffs' claims." *See, e.g.*, *id.* Plaintiffs' own operative complaint alleges that the Group 2 Settling Defendants: (1) "knowingly pushed forward with a hurried and substandard Refinery restart that did not adequately repair the deplorable condition of the Refinery" (Second Amended Consolidated Class Action Complaint, Dkt. No. 1327 ("SAC") ¶ 111), (2) together with several Group 1 Settling Defendants as well as LBV, LBE, Terminals, and LBR, acted "negligent[ly] and reckless[ly]" by "fail[ing] to repair the Refinery in any proper manner and caused the Refinery to fall into a perilous and unsafe condition, ripe for the inevitable, but entirely preventable, Incidents that immediately followed" (*id.* ¶ 112), and (3) "rushed forward" with restarting the refinery despite "the significant risks it posed" (*id.* ¶ 113). The Cross-Claims, including as asserted against Elite, are premised on these and other allegations set forth in the SAC and would be extinguished under the Bar Orders.

The Proposed Group 2 Settlements also bar the apportionment of fault to the Group 2 Settling Defendants. For example, Paragraph 24 of the Proposed Elite Settlement Agreement (Dkt. No. 1744-3 (emphasis added)) continues, in pertinent part:

> [I]f the Class or any Settlement Class Member obtains any joint and several judgment against any Defendants who have not been dismissed from this action, either by reason of settlement or otherwise (the "Remaining Defendants"), or a judgment against a single Defendant to this action, if only one Defendant remains and all other Defendants have been previously dismissed from this action, that is based upon, arises out of, or relates to any Plaintiffs' claim for which judgment against such Defendant(s) has been entered, ***that Remaining Defendant(s) shall be***

> ***entitled to a pro tanto judgment credit, by which the
> judgment will be reduced by the dollar amount of the
> Elite settlement.***

This applicable paragraph in each of the respective Bar Orders, coupled with the first, precludes any potential right to pro rata reduction or credit—as opposed to merely pro tanto credit—for the Proposed Group 2 Settlements against any judgment that Plaintiffs may obtain against BPPNA. *See also* UPS Bar Order; Excel Bar Order; Versa Bar Order. Should this Court grant the Second Preliminary Approval Motion and enter the Bar Orders, BPPNA's ability to apportion fault among the Group 2 Settling Defendants, prosecute pending Cross-Claims for indemnity and contribution against Elite, and/or to seek a proportionate reduction of liability would be compromised because the Bar Orders also prevent BPPNA from asserting a third-party claim against the Group 2 Settling Defendants. These provisions are in tension with the Supreme Court of the Virgin Islands' decision in *World Fresh Markets, LLC v. Palermo,* 74 V.I. 455 (2021), and encourage inflated recovery to Plaintiffs for their alleged injuries.

In *Palermo*, the Supreme Court of the Virgin Islands expressly recognized that third-party claims are permitted against settling defendants. *Id.* at 466-67. The Court held that section 1451(d) of the Virgin Islands Code limits apportionment of fault to "defendants," which does not include settling defendants who are no longer parties to the case. *Id.* The Court reasoned that that its interpretation of section 1451(d) created "very little risk that a plaintiff who settles with one defendant may receive a windfall in the form of double recovery" because it was consistent with

applicable procedural rules that allow a party to "return a settling defendant to the case in order to provide for apportionment of liability." *Id.* at 466 (opining that nothing in the plain text of Rule 14 prohibits a non-settling defendant from naming the settling defendant as a third-party defendant after becoming aware of the settlement). Accordingly, "since a third-party defendant is a defendant, section 1451(d) would require apportionment to prevent the plaintiff from receiving a double recovery." *Id.* at 467.

The Bar Orders are at odds with the Court's rationale in *Palermo* as they expressly foreclose BPPNA's right to preserve apportionment against settling parties via both the Cross-Claims and/or via potential third-party claims asserted pursuant to Rule 14. This Court expressly endorsed the *Palermo* rationale in the First Preliminary Approval Order.[4] As such, the Bar Orders are eliminating a substantive right *of BPPNA*, without any corresponding benefit accruing to BPPNA.

The Bar Orders are also in tension with governing law favoring a proportionate fault rule because they allow only for pro tanto and not pro rata reduction. *See Eichenholtz*, 52 F.3d at 487 (affirming district court's determination that "the proportionate judgment reduction is the fairest method" because it shifts "[t]he risk of a 'bad' settlement [to] the plaintiffs, who have a financial incentive to make certain that each defendant bears its share of the damages"). The Proposed Group 2

---

[4] *See* Dkt. No. 1687 at 28-31 (holding that the proposed settlement does not infringe on the right of opposing defendants, including BPPNA, to pursue cross-claims because they "retain all opportunities afforded to them under Rules 13 and 14 of the Federal Rules of Civil Procedure to pursue cross-claims, including against settling co-defendants") (relying on *Palermo*).

Settlements collectively total only $6,745,000 in a case in which Plaintiffs are seeking more than a billion dollars in damages. *See* Dkt. Nos. 1744, 1744-1, 1744-2, 1744-3, 1744-4. Such amounts are unlikely to account for the full scope of liability assigned to the Group 2 Settling Defendants.[5] Accordingly, the Bar Orders should not be entered because they do not adequately preserve BPPNA's rights to apportion fault among any of the Group 2 Settling Defendants.

For the foregoing reasons, this Court should reject these portions of the Proposed Group 2 Settlements that extinguish BPPNA's pending Cross-Claims and undercut BPPNA's right to statutory allocation as to the Group 2 Settling Defendants. Alternatively, this Court should modify the Bar Orders to preserve a mechanism that does not deprive BPPNA of the benefit of the jury's fault allocation under the Virgin Islands' statutory allocation scheme.

**II.** **Settlement Class Certification Should be Deferred, or Alternatively, This Court's Order Regarding Preliminary Certification Should be No Broader Than the First Preliminary Approval Order.**

For the reasons set forth on pages 10-11 of the First Preliminary Approval Motion, which BPPNA re-adopts and incorporates by reference, and due to the approaching deadlines governing class certification briefing in June 2026, BPPNA respectfully requests that the Court defer consideration of Plaintiffs' request in the Second Preliminary Approval Motion to certify Plaintiffs' proposed settlement class

---

[5] Conversely, Plaintiffs have sought to impose a converse pro rata reduction in the settlement agreements with the ArcLight/Freepoint Settling Defendants which is more highly valued at $17.5 million. *See* Dkt. No. 1099-1.

until the Court addresses certification of Plaintiffs' proposed litigation class(es) for the purposes of trial.  *See* Dkt. No. 1731.[6]

Alternatively, should this Court elect to move forward with consideration of the Second Preliminary Approval Motion and settlement class certification, BPPNA respectfully requests that the Court make clear in any Order issued in response to the Motion that the scope of the preliminary settlement class is no broader than as set forth in the First Preliminary Approval Order.

Respectfully submitted,

Dated: May 18, 2026

/s/ *Chivonne Thomas*

Schuyler A. Smith, Esq. (V.I. Bar No. 1271)
ssmith@hamiltonmillerlaw.com
Jennifer Brooks, Esq. (V.I. Bar No. 1109)
jmiller@hamiltonmillerlaw.com
Chivonne Thomas, Esq. (V.I. Bar No. 1186)
cthomas@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, VI P.C.
150 Southeast Second Avenue, # 1200
Miami, Florida 33131
Telephone: 305-379-3686

*and*

Lori B. Leskin (admitted *pro hac vice*)
lori.leskin@arnoldporter.com
David A. Kerschner (admitted *pro hac vice*)
david.kerschner@arnoldporter.com
Robert T. Franciscovich (admitted *pro hac vice*)
robert.franciscovich@arnoldporter.com
Rebecca D. Maller-Stein (admitted *pro hac vice*)
rebecca.maller-stein@arnoldporter.com
Matthew F. Medina (admitted *pro hac vice*)

---

[6] Deferring consideration of a settlement class will not prejudice Plaintiffs.  Indeed, all but one of the Proposed Group 2 Settlements were executed in October or November 2025 yet were not submitted to the Court for preliminary approval for more than six months.  *See* Dkt. Nos. 1744-1, 1744-3, 1744-4.

matthew.medina@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000

Rhonda R. Trotter (admitted *pro hac vice*)
rhonda.trotter@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, Suite 4400
Los Angeles, CA 90017
Telephone: (213) 243-4000

*Attorneys for Defendant BP Products North America*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, a true and correct copy of the foregoing document was electronically served to all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Chivonne Thomas*

_____
Chivonne Thomas