**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al, <br><br> Plaintiffs, <br><br> v. <br><br> LIMETREE BAY REFINING, LLC, et al <br><br> Defendants. | Case No. 1:21-CV-00253 |

**DECLARATION OF CHARLES E. LOCKWOOD, ESQ. IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

I, CHARLES E. LOCKWOOD, Esq., declare under penalty of perjury that the foregoing is true and correct and hereby affirm and state as follows:

1.      I am an admitted member in good standing of the USVI Bar and the Bar of this Court.

2.      I have previously entered my appearance in this matter for the above-mentioned Arclight Defendants and I confirm my continuing obligations pursuant to section I(K) of this Court's Policies and Procedures (February 2026) as the attorney moving for *pro hac vice* admission of Attorney Brier herein.

3.      I drafted and I hereby subscribe to the facts stated in my Motion for the admission of Attorney Daniel T. Brier *pro hac vice* to which this Declaration is attached.

4.       My clients, the ArcLight Defendants, have specifically selected Attorney Brier and his colleagues, Attorney Donna Walsh and John B. Dempsey, because they have specialized experience in complex litigation and have served as co-counsel with Kirkland & Ellis, which also represents the Arclight Defendants in his matter, in multiple energy related class actions in various district courts and in the Third Circuit.  On behalf of my clients, I

**EXHIBIT D**

request to have these lawyers enter their *pro hac* appearances to work in collaboration with myself and my colleagues and Kirkland & Ellis to assume primary responsibility for defending the recently asserted cross-claims against the ArcLight Defendants.

5.    I have conferred by email with opposing counsel and confirmed that no counsel of record in this matter objects to the *pro hac vice* admission of Attorney Brier subject to his compliance with Rule 51(f) of Appendix V of 5 V.I.C., Rule 83.1(3) of the Local Rules of Civil Procedure, and the Court's Policies and Procedures (February 2026).

6.    Attorney Brier's Pro Hac Vice Application and his Declaration in compliance with Rule 83.1 of the Local Rules of Civil Procedure, and this Court's Policies & Procedures (February 2026) are attached to my Motion for his admission as **Exhibits A and C**. Attorney Brier is an attorney with the law firm Myers, Brier & Kelly, LLP, 425 Biden Street, Suite 200, Scranton, PA 18503, Telephone No. (570) 342-6100, Email: dbrier@mbklaw.com.

7.    Attorney Brier is admitted to, and in good standing with, the Bar of the Commonwealth of Pennsylvania since 1988. As evidence thereof, *see* Certificate of Good Standing from the Supreme Court of Pennsylvania attached to my Motion for his admission as **Exhibit B**.

8.    The admission of Attorney Brier will constitute his first appearance before the District Court of the Virgin Islands in a *pro hac vice* capacity and the only matter in which he is presently admitted *pro hac vice*.

9.    By his signature on the attached application, Attorney Brier confirms that he has not been professionally disciplined, nor has he been suspended from the practice of law in any jurisdiction or received a public reprimand by the highest disciplinary authority of any Bar in which he has been a member, that he has read and familiarized himself with the

Declaration of CEL in Support of Motion to Admission Pro Hac vice
Page 3

Rules of Professional Responsibility for the USVI and this Court, that he agrees to be bound by the grievance procedures of the Virgin Islands Bar Association, and he provides his good faith assurance of fully advising me, as counsel who moved for the *pro hac vice* admission, of the current status of the case for which his *pro hac vice* status has been granted and of all material developments in the case and subjects himself to the Rules, Policies & Procedures and disciplinary and contempt jurisdiction of this Court.

10.     The $250.00 fee for Attorney Brier's *pro hac vice* admission was previously paid in connection with ECF No. 1745, which was denied without prejudice.  A proposed order is attached for the Court's consideration.

For the foregoing reasons and for reasons set forth in Attorney Daniel T. Brier's Declaration and Questionnaire, I respectfully request his admission be permitted.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 22, 2026                           */s/ Charles E. Lockwood, Esq.*