**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** *et al.* | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PRELIMINARY SETTLEMENT APPROVAL AND RELATED RELIEF**

Plaintiffs, on behalf of themselves and the proposed settlement class, respectfully submit this reply in support of their Motion and Memorandum of Law in Support of Preliminary Settlement Approval and Related Relief (the "Motion"). Dkt. 1744.[1]

**I.      The Court's Class Certification Decision Should Not Be Deferred**

In its opposition to the Motion, Defendant BP repeats its previously rejected argument that the Court should defer considering certification of Plaintiffs' proposed settlement class until the Court addresses certification of Plaintiffs' proposed litigation class(es). BP Opp. at 12-13. Even if BP had standing to object to the proposed Settlement on this basis—which it does not[2]—such a proposal should be denied outright, given that the Court has already conditionally certified the proposed settlement class in connection with its preliminary approval of the ArcLight/Freepoint and Pinnacle Settlements. *Boynes,* 2026 WL 439681, at *16; Dkt. 1686. The Court's prior analysis

---

[1] Plaintiffs reply to the following: (1) Defendant BP Products North America Inc.'s ("BP") Limited Opposition to Plaintiffs' Motion for Preliminary Settlement Approval and Related Relief ("BP Opp.", Dkt. 1749); (2) Defendants Limetree Bay Terminals, LLC ("LBT") and Limetree Bay Refining, LLC, a Nominal Defendant's ("LBR") Limited Objection to Plaintiffs' Motion for Preliminary Settlement Approval and Related Relief ("LBT/LBR Limited Objection", Dkt. 1755); and (3) Memorandum in Response Filed By EIG Global Energy Partners, LLC, Limetree Bay Ventures, LLC, and Limetree Bay Energy, LLC ("EIG Defendants") to Motion for Preliminary Settlement Approval and Related Relief ("EIG Memorandum", Dkt. 1751). BP, LBT, LBR and the EIG Defendants are sometimes referred to herein as "the Responding Defendants."

[2] A non-settling defendant in a class action, such as BP, generally lacks standing to object to a partial settlement unless it can demonstrate that it will suffer formal legal prejudice (e.g., the loss of a legal claim or cause of action, or the invalidation of its contract rights). *See Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 439681, at *16 (D.V.I. Feb. 16, 2026). BP identifies no such prejudice that would result from provisional certification of the proposed settlement class.

1

and findings with respect to those settlements make it well-equipped to consider and grant provisional certification of the same proposed settlement class here. In addition, Plaintiffs and the Settling Contractor Defendants have demonstrated through their Motion that such certification is warranted. Indeed, the Court will "likely be able to" certify the proposed settlement class for purposes of judgment on the settlement proposal (Fed. R. Civ. P. 23(e)(1)); the requirements of the federal rules of civil procedure are likely to be met; and—critically—the Court need not address manageability issues that might otherwise arise in the context of a trial, nor resolve BP's denials or legal defenses. In short, the Court has already granted provisional certification of an identical settlement class after extensive analysis. The same result should follow here.

In addition, the Court has already rejected BP's attempt to defer considering certification of Plaintiffs' proposed settlement class, explicitly denying the request in connection with the ArcLight/Freepoint and Pinnacle settlements because a "partial settlement may occur simultaneous to the ongoing litigation." *Boynes*, 2026 WL 439681, at \*12 n.15. Deferral is even less appropriate now, *after* the Court has conditionally certified the same settlement class in connection with the earlier settlements. Such an unnecessary delay of the Court's consideration of the proposed Settlement directly contravenes the well-established public policy favoring settlement of complex litigation. *Cf. In re K-Dur Antitrust Litig.*, No. CIV. A. 01-1652 (JAG), 2007 WL 5297757, at \*5 (D.N.J. Oct. 10, 2007) (deferring settlement class certification only because briefing on the motion to certify the litigation was to be completed in less than one week, with oral argument scheduled just one month later).

In short, deferring consideration of the settlement class under BP's proposal risks unnecessary delay in the Court's consideration of the proposed Settlement and settlement class certification. The remaining justifications BP offers for delay are highly speculative and cannot

support postponing the Court's consideration of the Settlement or the certification of the settlement class for any extended period.

BP's alternative request—that the Court explicitly limit the scope of the preliminary settlement class to no broader than what was set forth in the First Preliminary Approval Order—is equally unavailing and wholly unnecessary. The Contractor Settlement Agreements foreclose any ambiguity on this point. The Agreements explicitly state that they are "subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Settlement Agreement," and that such Order shall "[g]rant final certification of the Settlement Class for settlement purposes only."[3] The proposed order submitted with the Motion likewise explicitly contemplates that the Court will provisionally certify the settlement class for settlement purposes only. Dkt. No. 1744-5. This Court can readily consider the proposed settlement class here, and any future proposed litigation class or classes, on their own terms and without prejudice to BP. No clarifying order is needed.

Accordingly, the Court should proceed to consider the proposed Settlement, including certification of the proposed settlement class, as set forth in the Motion and related submissions.

## II.    The Bar Order Provisions in the Contractor Settlements Are Not Improper

No party can dispute that bar order provisions serve an important—and appropriate—role for partial settlements in complex litigation. In cases involving multiple defendants, where a right to contribution might inhibit such settlements, "modern settlements increasingly incorporate settlement bar orders into partial settlements." *Eichenholtz v. Brennan*, 52 F.3d 478, 486 (3d Cir. 1995) (discussing state settlement bar statutes allowing a bar to the right of contribution if a settlement is made in good faith and non-settling defendants are entitled to a setoff against any

---

[3] Dkt. No. 1744-1, ¶20; 1744-2, ¶21; 1744-3, ¶20; 1744-4, ¶20.

judgment entered against them). Several of the Responding Defendants acknowledge the vital role that well-crafted bar orders play in achieving finality for settling defendants.[4]

The bar order provisions at issue here essentially bar any non-settling Defendant from bringing certain claims against the Settling Contractor Defendants but provide <u>any</u> defendant that subsequently has a judgment entered against them in the litigation with a pro tanto credit equal to the dollar amount of the Contractor Settlements.[5] These negotiated terms are not per se improper. And the primary cases cited by the Responding Defendants to the contrary are all distinguishable. For instance, the Court in *McDermott* explicitly "considered how a settlement with less than all of the defendants *in an admiralty case* should affect the liability of nonsettling defendants." *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 207 (1994) (emphasis added). To this end, in deciding to adopt a proportionate share approach over a pro tanto approach, the Court's decision in *McDermott* was "especially" influenced by its consistency with a seminal admiralty case, *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). *Id*. at 217. Similarly, the *Eichenholtz* court evaluated "the particular settlement contribution bar adopted by the district court" and found the court did not abuse its discretion in imposing a bar order with a proportionate judgment reduction provision that was particular to the case at bar. *Eichenholtz*, 52 F.3d at 486-87.

In *World Fresh Markets,* the court's analysis focused on whether it could adopt a common law rule providing for apportionment among non-parties that may have contributed to a plaintiff's injury, and the court found that the lower court did not err when it declined to apportion damages between World Fresh Market and a prior defendant that had settled. *World Fresh Markets, LLC v.*

---

[4] *See* LBT/LBR Limited Objection at n. 1 ("Defendants do not oppose the principle that partial settlements can appropriately include bar orders as a mechanism to encourage resolution of complex multi-party litigation. Indeed, Defendants are themselves engaged in ongoing settlement discussions with Plaintiffs and recognizes the vital role that well-crafted bar orders play in achieving finality for settling defendants. This objection is therefore not that bar orders are *per se* improper or unavailable in this litigation."); EIG Memorandum at n.1 (noting that the EIG Defendants share the views set forth in footnote one of the LBT/LBR Limited Objection).
[5] Dkt. 1744-1, ¶25; 1744-2, ¶25; 1744-3, ¶24; 1744-4, ¶24.

*Palermo*, 74 V.I. 455,466–67 (2021). Likewise, in this Court's Memorandum Opinion granting preliminary approval of the prior settlements in this matter, it addressed the Opposing Defendants' arguments with respect to the specific contribution provisions of the underlying settlement agreements, ultimately denying Defendants' requested relief, including a mechanism to preserve any claim for pro tanto reduction or credit, but acknowledging that Defendants "retain every opportunity to continue to make renewed arguments at the time of Final Approval." *Boynes*, 2026 WL 439681, at *16.

In addition to the general availability of bar orders as a tool for the Court to employ in this circumstance, the bar orders before the Court present no real impediment as applied to this case. To begin, when the bar order provisions at issue were initially contemplated and negotiated by the parties, none of the Defendants in the litigation had filed any cross-claims against any of the Settling Contractor Defendants. The Court-ordered deadline to amend pleadings and add parties passed on October 17, 2025 according to the Court's Amended Scheduling Order (Dkt. No. 1160, as corrected by Dkt. No. 1161). And no party timely filed any contemplated cross claims before that Court-imposed deadline.

Despite the Court-ordered deadline, BP filed cross-claims against Settling Defendant Elite Turnaround Specialists, Ltd. ("ETS") and other defendants on May 4, 2026—the only set of cross-claims asserted by any party—for common law indemnification, common law contribution, and, in the alternative, statutory allocation. Dkt. 1743. Despite knowing that it could have filed contribution and/or apportionment claims before the Court's deadline to amend pleadings and add parties, BP failed to do so. *See* Dkt. 1492, 5-7. Regardless of BP's tactical decisions, its claims are untimely under the Court's schedule and, as such, should be stricken or dismissed. And, aside from BP's single set of untimely cross-claims against ETS, no other claims would be affected by the

proposed bar orders in this case. Accordingly, regardless of any conceptual challenges to the bar order provisions, as applied, these provisions should not prevent approval of the relevant Settlement Agreements.

## III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court enter the proposed order filed with the Motion.

DATED: May 26, 2026

Respectfully submitted,

BY: /s/ *Daniel H. Charest*
Warren T. Burns
Daniel H. Charest
Martin D. Barrie
Quinn M. Burns
Anna Katherine Benedict
BURNS CHAREST LLP
901 Main Street, Suite 5800
Dallas, Texas 75202
Telephone: (469) 904-4550
wburns@burnscharest.com
dcharest@burnscharest.com
mbarrie@burnscharest.com
qburns@burnscharest.com
abenedict@burnscharest.com

DATED: May 26, 2026

BY: /s/ *Korey A. Nelson*
Korey A. Nelson
H. Rick Yelton
BURNS CHAREST LLP
201 Saint Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

DATED: May 26, 2026

BY: /s/ *Timothy W. Burns*
Timothy W. Burns
BURNS BAIR LLP
10 E. Doty Street, Suite 600
Madison, Wisconsin 53703
Telephone: (608) 286-2302
tburns@burnsbair.com

DATED: May 26, 2026

BY: ___/s/ *Vincent Colianni II*___
Vincent Colianni, II
Vincent A. Colianni
Marina Leonard
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

DATED: May 26, 2026

BY: ___/s/ *C. Jacob Gower*___
C. Jacob Gower
GOWER LEGAL LLC
1919 Pine Street
New Orleans, LA 70118
Telephone: (337) 298-9734
jacob@gowerlegal.com

Counsel for the *Shirley* Plaintiffs

DATED: May 26, 2026

BY: _/s/ *Y. Michael Twersky*___
Shanon J. Carson
Yechiel Michael Twersky
John Kerrigan
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
mitwersky@bm.net
jkerrigan@bm.net

DATED: May 26, 2026

BY: ___/s/ *Lee J. Rohn*___
Lee J. Rohn
Rhea R. Lawrence
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com
rhea@rohnlaw.com

Counsel for the *Cotton* Plaintiffs


DATED: May 26, 2026                    BY:    */s/ Kerry J. Miller*
                                              Kerry J. Miller
                                              Paul C. Thibodeaux
                                              Rebekka C. Veith
                                              C. Hogan Paschal
                                              Carly E. Jonakin
                                              MILLER THIBODEAUX DYSART VEITH &
                                              PASCHAL, L.L.P.
                                              643 Magazine Street, Suite 405
                                              New Orleans, Louisiana 70130
                                              Telephone: (504) 977-9150
                                              kmiller@mtdvp.com
                                              pthibodeaux@mtdvp.com
                                              rveith@mtdvp.com
                                              hpaschal@mtdvp.com
                                              cjonakin@mtdvp.com


DATED: May 26, 2026                    BY:    */s/ Hugh Lambert*
                                              Hugh Lambert
                                              J. Christopher Zainey
                                              Brian Mersman
                                              LAMBERT ZAINEY SMITH & SOSO, APLC
                                              701 Magazine Street
                                              New Orleans, Louisiana 70130
                                              Telephone: (504) 581-1750
                                              Facsimile: (504) 529-2931
                                              hlambert@lambertainey.com
                                              czainey@lambertzainey.com
                                              bmersman@lambertzainey.com


DATED: May 26, 2026                    BY:    */s/ John K. Dema*
                                              John K. Dema
                                              LAW OFFICES OF JOHN K. DEMA, PC
                                              1236 Strand Street, Suite 103
                                              Christiansted, St. Croix, VI 00820


DATED: May 26, 2026                    BY:    */s/ Jennifer Jones*
                                              Jennifer Jones
                                              9003 Havensight Mall, Ste. 319
                                              St. Thomas, V.I. 00802
                                              Telephone: (340) 779-7386
                                              jjones@vienvironmentallaw.com


8

Counsel for the *Boynes* Plaintiffs

DATED: May 26, 2026          BY: */s/ John K. Dema*

           John K. Dema (V.I. Bar. No. 357)
           LAW OFFICES OF JOHN K. DEMA, PC
           1236 Strand Street, Suite 103
           Christiansted, St. Croix, VI 00820
           Telephone: (340) 773-6142
           jdema@demalaw.com

DATED: May 26, 2026          BY: */s/ Hugh Lambert*

           Hugh Lambert
           J. Christopher Zainey, Esq.
           Brian Mersman, Esq.
           LAMBERT ZAINEY SMITH & SOSO, APLC
           701 Magazine Street
           New Orleans, Louisiana 70130
           Telephone: (504) 581-1750
           Facsimile: (504) 529-2931
           hlambert@lambertainey.com
           czainey@lambertzainey.com
           bmersman@lambertzainey.com

Counsel for the *Moorhead* Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, a true and correct copy of the foregoing document was electronically served pursuant to the Federal Rules of Civil Procedure.

*/s/ Daniel H. Charest*

           Daniel H. Charest

9