## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** *et al.* | : | |

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Clifford Boynes, Margaret Thompson, Delia Almestica, Edna Santiago, Guidrycia Wells, Mary L. Moorhead, Sirdrina Isaac-Joseph, Esther Clifford, Ryan Alleyne, Agnes Augustus, Alvina Jean-Marie Ilarraza, Helen Shirley, Cristel Rodriguez, John Sonson, Isidore Jules, Virginie George, and Minor Child O.N., through undersigned counsel, respectfully move this Court to certify a class under Federal Rule of Civil Procedure 23(a) and (b)(3) as follows:

> *All persons or entities who (a) owned or rented property in the Affected Geographic Area of St. Croix on or after February 3, 2021; or who (b) resided in, worked in, owned or operated a business in, or were present in the Affected Geographic Area during the time period from February 3, 2021 to May 26, 2021 (the "Class").*

The Affected Geographic Area is outlined in blue ("Proposed Class A") below:



Plaintiffs' claims arise from the catastrophic restart of the Limetree Bay Refinery on St. Croix (the "Refinery"), which caused a series of toxic releases impacting the Affected Geographic Area. Throughout the Refinery restart, Defendants[1] disregarded warnings and

---

[1] Defendants for the purposes of this Motion are: Limetree Bay Ventures, LLC; Limetree Bay Energy, LLC; Limetree Bay Terminals, LLC ("LBT"); EIG Global Energy Partners, LLC; BP Products North America, Inc.; and Limetree Bay Refining, LLC (as a nominal defendant). Plaintiffs have reached settlements that have been preliminarily approved or submitted for preliminary approval with the remaining defendants.

critical opportunities to prevent harm, despite knowing the Refinery sat adjacent to a vulnerable community that relies on cisterns to collect rainwater for its water supply.

In short, Defendants prioritized speed and cost savings over safety to restart a long-idled and severely deteriorated refinery despite known corrosion, underscoped project design, equipment failures, and repeated upsets. Defendants' premature restart of the Refinery immediately, and predictably, resulted in an onslaught of significant contamination incidents that had devastating consequences for Plaintiffs and Class members. Plaintiffs now seek certification of their claims.

As summarized below and as supported by Plaintiffs' accompanying memorandum in support, class certification is warranted because Plaintiffs can easily satisfy all requisites pursuant to Federal Rule 23(a)—numerosity, commonality, typicality, and adequacy—and Federal Rule 23 (b)(3)—predominance and class action superiority. The Class is also easily ascertainable. Indeed, this Court recently preliminarily certified a broader class for purposes of settlement, already applying a rigorous analysis and recognizing that "common questions of law and fact stemming from the Release Events' effect on Class members predominate over any individual factual questions, such as the specific degree of damages incurred." Dkt. 1687 at 20.

First, Plaintiffs easily satisfy the **numerosity** requirement, because there are thousands of properties and individuals in the proposed Class area. Specifically, the Affected Geographic Area is 26.5 square miles, includes 7,562 residential properties with cisterns, as well as commercial properties, and, as of the 2020 census, had a population of 22,000 individuals. *See In re NFL Players Concussion Inj. Litig.*, 821 F.3d 410, 426 (3d Cir. 2016) ("Numerosity is generally satisfied if there are more than 40 class members.").

Second, Plaintiffs satisfy the **commonality** requirement, because Defendants' negligent

2

conduct in designing, permitting, constructing, commissioning, controlling, maintaining, and operating the Refinery are the central liability questions for each Class member, and the answer to those questions will be uniform for each of them. *See Halley v. Honeywell Int'l, Inc.*, No. 10-3345, 2016 WL 1682943, at *7, *aff'd in relevant* part, 861 F.3d 481, 487 (D.N.J. Apr. 26, 2016) (finding commonality met where the class members' claims would depend on a "common contention regarding [defendant's] conduct … capable of classwide resolution"). Common questions capable of classwide resolution include whether Defendants underscoped and rushed the Refinery restart, pursued a permitting strategy aimed to circumvent safety requirements, and disregarded pervasive quality failures and upsets leading to the May 12, 2021 release; whether BP functioned as a de facto owner/operator of the Refinery; and whether BP's withholding of resources and relentless pressure caused the releases. Because each Class member's claims turn on the same conduct by the Defendants, commonality is met.

Third, Plaintiffs claims are **typical** of the Class. Like all Class members, Plaintiffs allege that Defendants' negligent, reckless, and otherwise wrongful conduct caused hazardous and toxic substances to be released into the Affected Geographic Area, resulting in property contamination and harmful chemical exposure. Plaintiffs and Class members advance the same legal theories against the same Defendants, relying on the same operative facts regarding the failed Refinery restart, the ensuing releases, and the dispersion and impact of those releases throughout the Affected Geographic Area. *See Josephat v. St. Croix Alumina, LLC*, No. 1999-0036, 2000 WL 1679502, at *5 (D.V.I. Aug. 7, 2000) ("If Defendants course of conduct gives rise to all of the class members' claims, and if Defendants have not taken any action unique to the named Plaintiff, then the representative's claims is typical.").

Fourth, the **adequacy** requirement is satisfied on both prongs. Class counsel—who have

3

investigated, litigated, obtained injunctive relief, defeated dismissal and discovery stay attempts, completed extensive fact and expert discovery, and secured significant settlements—are plainly qualified to represent the Class. And Plaintiffs, each of whom has actively participated in the litigation and suffered the same injuries from the same releases as Class members, share fully aligned interests with the Class and present no conflicts.

Fifth, Rule 23(b)(3)'s **predominance** requirement is satisfied because the core elements of Plaintiffs' claims—duty, breach, and causation—can all be established through common evidence of Defendants' conduct, knowledge, and control over the restart, without resort to individualized inquiries. Damages likewise are susceptible to classwide proof: cistern remediation costs can be calculated using a per-unit methodology by Plaintiffs' experts; real estate damages can be assessed through mass appraisal techniques given the uniformity of affected properties; and classwide medical monitoring damages are established because all Class members were exposed to the same toxic chemicals presenting unacceptable health risks regardless of individual exposure levels.

Sixth, a class action is clearly "**superior** to other available methods for the fair and efficient adjudication of the controversy." *Swede v. Wood-Mode, Inc.*, 2019 WL 6771742, at *3 (M.D. Pa. Dec. 12, 2019) (citation modified). As this Court concluded in its February 16, 2026 opinion, "[t]here can be no doubt that the class action vehicle is a superior method to resolving the instant litigation, when compared to individual suits by each class member." Dkt. 1687 at 21.

Lastly, the Class is **ascertainable** because membership turns on objective, verifiable criteria—presence within the Affected Geographic Area between February 3 and May 26, 2021—and reliable mechanisms exist to identify members through deeds, leases, tax records, utility accounts, employment and business records, or personal attestation. The geographic boundaries of the Affected Geographic Area are grounded in rigorous expert analysis of air dispersion modeling,

statistics, and contamination sampling, and are further corroborated by an independent community impact survey and Defendants' own post-incident investigations, which found contamination at over 90% of the roughly 2,000 properties inspected after the May 12, 2021 release.

Pursuant to this Court's Policies and Procedures, Part IV(B), the parties participated in a Zoom conference on June 10, 2026, to discuss the instant motion. Plaintiffs explained why the proposed Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). BP indicated it does not oppose numerosity but did not agree that any other Rule 23 requirement had been met. The remaining Defendants stated they could not identify their objections without reviewing the specifics of Plaintiffs' motion. Following the conference, Plaintiffs' counsel emailed a summary of Plaintiffs' position with supporting authority and requested Defendants' basis for opposition by June 12. On June 12, BP responded that meaningful conferral required Plaintiffs to first provide the proposed class definition, claims for certification, and proposed trial structure. Plaintiffs provided that information the same day, and on June 15, BP indicated that it opposes class certification because it believes that the proposed class is not ascertainable, that neither commonality nor predominance is satisfied, that Plaintiffs are not typical of the class, and that a class action is not superior to individualized or coordinated proceedings. As of the filing of this Motion, no other Defendant has provided any explanation of its opposition.

WHEREFORE Plaintiffs respectfully request an Order: (1) certifying the proposed Class pursuant to Rule 23(a) and (b)(3); and (2) appointing the Plaintiffs as Class Representatives; and (3) appointing Kerry Miller of Miller Thibodeaux Dysart Veith & Paschal, LLC, Daniel Charest of Burns Charest LLP, and Shanon J. Carson of Berger Montague PC as Co-Lead Class Counsel.

Respectfully submitted,

DATED: June 15, 2026                    BY:    */s/ Daniel Charest*
                                        Warren T. Burns, Esq.
                                        Daniel H. Charest., Esq.
                                        Martin D. Barrie, Esq.
                                        Quinn M. Burns, Esq.
                                        Anna Katherine Benedict, Esq.
                                        BURNS CHAREST LLP
                                        901 Main Street, Suite 5800
                                        Dallas, Texas 75202
                                        Telephone: (469) 904-4550
                                        wburns@burnscharest.com
                                        dcharest@burnscharest.com
                                        mbarrie@burnscharest.com
                                        qburns@burnscharest.com
                                        abenedict@burnscharest.com

DATED: June 15, 2026                    BY:    */s/ Korey A. Nelson*
                                        Korey A. Nelson, Esq.
                                        H. Rick Yelton, Esq.
                                        BURNS CHAREST LLP
                                        201 St. Charles Ave., Suite 2900
                                        New Orleans, LA 70170
                                        Telephone: (504) 799-2845
                                        knelson@burnscharest.com
                                        ryelton@burnscharest.com

DATED: June 15, 2026                    BY:    */s/ Kerry J. Miller*
                                        Kerry J. Miller, Esq.
                                        Paul C. Thibodeaux, Esq.
                                        Rebekka C. Veith, Esq.
                                        C. Hogan Paschal, Esq.
                                        Carly Jonakin McCleskey, Esq.
                                        MILLER, THIBODEAUX, DYSART, VEITH
                                        & PASCHAL, LLP
                                        643 Magazine Street, Suite 405
                                        New Orleans, Louisiana 70130
                                        Telephone: (504) 977-9150
                                        kmiller@mtdvp.com
                                        pthibodeaux@mtdvp.com
                                        rveith@mtdvp.com
                                        hpaschal@mtdvp.com
                                        cmccleskey@mtdvp.com

6

DATED: June 15, 2026                 BY:   _/s/ Y. Michael Twersky_
                                     Shanon J. Carson, Esq.
                                     Yechiel Michael Twersky, Esq.
                                     John Kerrigan, Esq.
                                     BERGER MONTAGUE PC
                                     1818 Market Street, Suite 3600
                                     Philadelphia, PA 19103
                                     Telephone: (215) 875-3000
                                     scarson@bm.net
                                     mitwersky@bm.net
                                     jkerrigan@bm.net


DATED: June 16, 2026                 BY:   _/s/ Lee J. Rohn_
                                     Lee J. Rohn, Esq.
                                     Rhea R. Lawrence, Esq.
                                     1108 King Street, Suite 3 (mailing)
                                     56 King Street, Third Floor (physical)
                                     Christiansted, St. Croix
                                     U.S. Virgin Islands 00820
                                     Telephone: (340) 778-8855
                                     lee@rohnlaw.com
                                     rhea@rohnlaw.com


DATED: June 15, 2026                 BY: _/s/ John K. Dema_
                                     John K. Dema, Esq. (V.I. Bar. No. 357)
                                     LAW OFFICES OF JOHN K. DEMA, PC
                                     1236 Strand Street, Suite 103
                                     Christiansted, St. Croix, VI 00820
                                     Telephone: (340) 773-6142
                                     jdema@demalaw.com


DATED: June 15, 2026                 BY:   _/s/ Hugh Lambert_
                                     Hugh Lambert, Esq.
                                     J. Christopher Zainey, Esq.
                                     Brian Mersman, Esq.
                                     LAMBERT ZAINEY SMITH & SOSO, APLC
                                     701 Magazine Street
                                     New Orleans, Louisiana 70130
                                     Telephone: (504) 581-1750
                                     Facsimile: (504) 529-2931
                                     hlambert@lambertainey.com
                                     czainey@lambertzainey.com
                                     bmersman@lambertzainey.com


DATED: June 15, 2026                 BY:   _/s/ Vincent Colianni II_
                                     Vincent Colianni, II, Esq.

7

Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

DATED: June 15, 2026          BY: ___/s/ C. Jacob Gower_____
                              C. Jacob Gower, Esq.
                              GOWER LEGAL LLC
                              1919 Pine Street
                              New Orleans, LA 70118
                              Telephone: (337) 298-9734
                              jacob@gowerlegal.com

DATED: June 15, 2026          BY: ___/s/ Jennifer Jones_____
                              Jennifer Jones, Esq.
                              9003 Havensight Mall, Ste. 319
                              St. Thomas, V.I. 00802
                              Telephone: (340) 779-7386
                              jjones@vienvironmentallaw.com

                              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Court's ECF system on June 15, 2026, which sent notice to counsel of record.

                              */s/ Daniel H. Charest_____*
                              Daniel H. Charest

8