**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** *et al* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** *et al* | : | |

## ORDER

**AND NOW**, this 10th day of July 2026, upon considering the Responses (ECF 1788, 1789) to our June 25, 2026 Order (ECF 1777) granting parties leave to show cause as to why we should continue to preclude public access on a line-by-line basis reminding the parties an agreement governing confidentiality in discovery does not affect our collective obligation to public access (particularly in a case involving an alleged substantial number of persons affected by our consideration of the pending Motion for class certification (ECF 1768)), finding Defendants continue to insist on precluding public access over substantial amounts of data creating ancillary litigation unduly burdening the Court inconsistent with Rule 1 but consistent with the notice provided in our governing Policies (I.G.)*,* and upon further finding a specific basis to seek assistance through a federal court experienced Special Master who will afford the parties the time to study each objection on these claimed materials for their ripeness (as we do not seal stale financial or confidential information) and otherwise consistent with *Avandia* to be promptly paid by the parties seeking to preclude public access and with leave to hold *in camera* hearings to review each claim and file a report and recommendation by no later than **August 15, 2026** with objections to the report and recommendation due within forty-eight hours of the Special Master's filing so as to further the ends of justice under Rule 1, it is **ORDERED** the parties objecting to public access to the sealed and redacted information in whole or in part are granted leave to, on or before **July 15, 2026**, either file: a Notice withdrawing their objections or narrowing their objections to less

than twenty presently-precluded documents; a Notice identifying a Rule 53 Special Master agreed by all parties**;** or, absent withdrawal or an agreed identified Special Master, **show cause** in Memoranda not exceeding five pages as to why we should not appoint the Honorable Thomas I. Vanaskie (*Ret.*) or the Honorable Mitchell S. Goldberg (*Ret*) to serve as the Rule 53 Special Master consistent with the obligations imposed under this Order.

**KEARNEY, J.**