**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** *et al.* | : | |

**PLAINTIFFS' MOTION IN SUPPORT OF
<u>PRELIMINARY SETTLEMENT APPROVAL AND RELATED RELIEF</u>**

Plaintiffs on behalf of themselves and the proposed Settlement Class, through their undersigned counsel, respectfully move this Court to enter an Order granting preliminary approval of a proposed Settlement that resolves Plaintiffs' claims against Defendants EIG Global Energy Partners, LLC, Limetree Bay Ventures, LLC, and Limetree Bay Energy, LLC ("EIG, LBV, and LBE Defendants")[1] arising from the series of environmental releases from the Limetree Bay Refinery that occurred from February 2021 to May 2021. Should preliminary approval of the Settlement be granted, Plaintiffs respectfully requests that it be administered jointly with the ArcLight/Freepoint Settlement and the Pinnacle Settlement ("Group 1 Settlements"), which the Court preliminarily approved on February 16, 2026,[2] as well as the Contractor Settlements ("Group 2 Settlements") currently pending before the Court.

*Terms of the Settlement:* The Settlement Class is defined as all persons or entities: (a) who owned or rented property (real and/or personal) in the Affected Geographic Area on or after February 3, 2021; or (b) who resided in, worked in, owned or operated a business in, or were

---

[1] The proposed Settlement with the EIG, LBV, and LBE Defendants also provides for the release of certain Settling Insurers, as further set forth in the Settlement Agreement, which is attached to this Motion as Exhibit 1. In addition to the Settlement Agreement, Plaintiffs attach the following exhibits in further support of the Motion: the Long Form Notice (Exhibit 2), Summary Notice (Exhibit 3), Claim Form (Exhibit 4), and Claimant Payment Formula (Exhibit 5).

[2] Dkt. 1686; *see Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 439681, at *1 (D.V.I. Feb. 16, 2026) ("*Prelim. App. Opinion*").

1

present in the Affected Geographic Area during the time period from February 3, 2021 to May 26, 2021; it includes, without limitation, all persons or entities who are retained clients of any law firms comprising Class Counsel before the date of execution of the Settlement Agreement and who assert or could assert claims arising out of the Incidents.[3] The "Affected Geographic Area" means the western portion of the Island of St. Croix, more particularly described as bounded by 64.74 degrees West Longitude and the sea.[4] Under the terms of the proposed Settlement, Settlement Class members will recover $35 million from the EIG, LBV, and LBE Defendants and Settling Insurers in exchange for a release of all claims against the EIG, LBV, and LBE Defendants and the Settling Insurers on the basis of, arising from, or relating to the claims alleged in the litigation.[5]

*The Proposed Settlement Merits Preliminary Approval:* As an initial matter, Plaintiffs have satisfied the prerequisites of Federal Rule of Civil Procedure 23(a) in connection with the Settlement Class, consistent with the Court's prior findings in granting preliminary approval of the Group 1 Settlements: (i) the proposed Settlement Class, consisting of thousands of members, is sufficiently numerous; (ii) there are common issues of law and fact underlying the personal injury and property damage allegedly suffered by Plaintiffs as a result of the Releases; (iii) the Class representatives' claims are typical of the proposed Settlement Class in that their claims arise from the same events (the Releases) and are based on common legal theories; and (iv) Class Counsel and the proposed Class representatives will adequately represent the Settlement Class. *Prelim. App. Opinion*, 2026 WL 439681, at *5–8.

---

[3] Ex. 1 § II ¶ 52. Although not precisely the same, the Settlement Class is defined in substantially similar terms to that approved in connection with the Group 1 Settlements. *See* Dkt. 1686.

[4] Ex. 1 § II ¶ 1.

[5] Ex. 1 § VI ¶ 1. The proposed Settlement Agreement also contains a Bar Order provision (see Ex. 1, Ex. A) to which the Contractor Defendants have objected. As Plaintiffs have respectfully submitted to the Court, the Group 2 Settling Defendants are attempting to expand the scope of the settlement agreements beyond their original terms. Dkt. 1790.

Plaintiffs have also satisfied Rule 23(b)(3)'s predominance requirement in connection with the Settlement Class because "common questions of law and fact stemming from the Releases' effect on class members predominate over any individual factual questions, such as the specific degree of damages incurred." *Id.* at *9. In addition, a class action is the superior method for resolving this litigation. *Id.* at *9–10 (concluding there is "no doubt" that the class action is a superior method for resolving instant litigation).

*Co-Lead Counsel Should Be Appointed as Class Counsel:* Plaintiffs move to reconfirm the appointment of Kerry Miller of Miller Thibodeaux Dysart Veith & Paschal, L.L.P., Daniel Charest of Burns Charest LLP, and Shanon J. Carson of Berger Montague PC as Co-Lead Class Counsel for the Settlement Class, and Lee J. Rohn of Lee J. Rohn & Associates LLC as Liaison Counsel. The Court previously reaffirmed these appointments in granting preliminary approval of the Group 1 Settlements. *Id*. at *7. The Court should reach the same result here, as counsel ably satisfy each of the Rule 23(g)(1)(A) factors given their extensive work in this matter and their experience in similar complex class actions. *See* Dkt. 454.

*The Proposed Settlement Is Sufficiently Fair, Reasonable, and Adequate:* At this stage, the court need not reach ultimate conclusions on the merits. *Curiale v. Lenox Grp., Inc.*, 2008 WL 4899474, at *4 (E.D. Pa. Nov. 14, 2008) (citation omitted). "At the preliminary approval stage, the bar to meet the 'fair, reasonable, and adequate' standard is lowered, and the court is required to determine whether 'the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible

approval.'" *In re NFL Players Concussion Inj. Litig.*, 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) (citation omitted).

The proposed Settlement here easily meets this standard given (1) the Settlement is the product of arm's-length negotiations by experienced and qualified counsel who adequately represented the class; and (2) the relief provided is adequate and will be fairly allocated, especially given (i) the $35 million all-cash relief obtained relative to the costs and uncertainty of ongoing litigation, *see Prelim. App. Opinion*, 2026 WL 439681, at *12; (ii) the proposed method of processing claims and distributing relief—described in the Claim Form, Notice Plan, and Claimant Payment Formula—which fairly distributes payments to Settlement Class Members through a point system that accounts for the specific nature of the harm experienced by each Class Member, *see, e.g.*, *In re Computron Software, Inc.*, 6 F. Supp. 2d 313, 321 (D.N.J. 1998); and (iii) Counsel's intention to only seek attorneys' fees not to exceed one-third of the Gross Settlement Fund, an amount commonly found by courts in the Third Circuit to be fair, reasonable, and adequate, *see, e.g.*, *Ahrendsen v. Prudent Fiduciary Servs., LLC*, No. CV 21-2157, 2023 WL 4139151, at *5 (E.D. Pa. June 22, 2023); *Katz v. DNC Servs. Corp.*, No. CV 16-5800, 2023 WL 2955887, at *10 (E.D. Pa. Apr. 14, 2023).

*The Proposed Notice Program Should Be Approved:* Plaintiffs adopt the robust Notice Plan approved for the Group 1 Settlements (Dkts. 1637, 1686) and submit updated versions of the previously approved notices and related documents. *See* Exs. 2 and 3. The Plan includes (1) individually mailed Short-Form Notices to the Class; (2) email notice to known addresses; (3) Publication Notice, including local radio and print; (4) a Settlement Website making the Long-Form Notice, Claim Form, and other key documents accessible to Class Members; (5) a toll-free information number; and (6) information available at local law offices. *See* Dkt. 1099 at 24–26.

The Notice Plan satisfies Rule 23 and due process and constitutes the best notice practicable under the circumstances. *See Stechert v. Travelers Home & Marine Ins. Co.*, No. 17-0784-KSM, 2021 WL 5235221, at \*10 (E.D. Pa. Nov. 9, 2021); *see also* Dkt. 1099-7 (Epiq Declaration) ¶ 44. Further, the proposed Notice complies with Rule 23(c)(2)(B) because it describes the action and claims at issue; the Settlement Class; the Settlement benefits; Class Members' rights, including to opt out or object; the binding effect of a class judgment; the date of the fairness hearing; and other information relevant to informed decision-making. *See In re NFL Players Concussion Inj. Litig.*, 821 F.3d 410, 435 (3d Cir. 2016). Finally, Plaintiffs request that the Court confirm the appointment of Epiq as Settlement Administrator, as the Court did in connection with the Group 1 Settlements. Dkt. 1686.

For the foregoing reasons, and those set forth in Plaintiffs' Memorandum of Law filed in support of the Motion ("Memorandum"), Plaintiffs respectfully request that this Court grant preliminary approval of the proposed Settlement. A Proposed Order granting the Motion is attached hereto and to Plaintiffs' Notice Attaching Proposed Order for Preliminary Approval of a Class Action Settlement as to Less Than All Defendants ("Notice"), filed contemporaneously herewith.[6]

DATED: July 14, 2026                    Respectfully submitted,

                                        BY:    /s/ *Y. Michael Twersky*
                                               Shanon J. Carson
                                               Yechiel Michael Twersky
                                               John Kerrigan
                                               BERGER MONTAGUE PC
                                               1818 Market Street, Suite 3600

---

[6] Plaintiffs emailed all Defendants seeking confirmation that they did not object to the relief requested in the Preliminary Approval Order. No Defendant responded with an objection, except that the Contractor Defendants' objection to the Bar Order—previously stated, reflected at Dkt. 1790, and further described in the Memorandum and Notice—remains. Separately, ArcLight and Freepoint indicated that they seek expedited consideration given the proposed joint administration of the settlements.

Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
mitwersky@bm.net
jkerrigan@bm.net

DATED: July 14, 2026             BY:    */s/ Lee J. Rohn*
                                        Lee J. Rohn
                                        Rhea R. Lawrence
                                        1108 King Street, Suite 3 (mailing)
                                        56 King Street, Third Floor (physical)
                                        Christiansted, St. Croix
                                        U.S. Virgin Islands 00820
                                        Telephone: (340) 778-8855
                                        lee@rohnlaw.com
                                        rhea@rohnlaw.com

                                        Counsel for the *Cotton* Plaintiffs


DATED: July 14, 2026             BY:  */s/ Daniel H. Charest*
                                        Warren T. Burns
                                        Daniel H. Charest
                                        Martin D. Barrie
                                        Quinn M. Burns
                                        Anna Katherine Benedict
                                        BURNS CHAREST LLP
                                        900 Jackson Street, Suite 500
                                        Dallas, Texas 75202
                                        Telephone: (469) 904-4550
                                        wburns@burnscharest.com
                                        dcharest@burnscharest.com
                                        mbarrie@burnscharest.com
                                        qburns@burnscharest.com
                                        abenedict@burnscharest.com

DATED: July 14, 2026             BY:    */s/ Korey A. Nelson*
                                        Korey A. Nelson
                                        H. Rick Yelton
                                        BURNS CHAREST LLP
                                        365 Canal Street, Suite 1170
                                        New Orleans, LA 70130
                                        Telephone: (504) 799-2845
                                        knelson@burnscharest.com
                                        ryelton@burnscharest.com

6

DATED: July 14, 2026                BY:   */s/ Timothy W. Burns*
                                          Timothy W. Burns
                                          BURNS BAIR LLP
                                          10 E. Doty Street, Suite 600
                                          Madison, Wisconsin 53703
                                          Telephone: (608) 286-2302
                                          tburns@burnsbair.com

DATED: July 14, 2026                BY:   */s/ Vincent Colianni II*
                                          Vincent Colianni, II
                                          Vincent A. Colianni
                                          Marina Leonard
                                          COLIANNI & LEONARD LLC
                                          2120 Company Street
                                          Christiansted, VI 00820
                                          Telephone: (340) 719-1766
                                          vinny@colianni.com
                                          vince@colianni.com
                                          marina@colianni.com

DATED: July 14, 2026                BY:   */s/ C. Jacob Gower*
                                          C. Jacob Gower
                                          GOWER LEGAL LLC
                                          1919 Pine Street
                                          New Orleans, LA 70118
                                          Telephone: (337) 298-9734
                                          jacob@gowerlegal.com

                                          Counsel for the *Shirley* Plaintiffs

DATED: July 14, 2026                BY:   */s/ Kerry J. Miller*
                                          Kerry J. Miller
                                          Paul C. Thibodeaux
                                          Rebekka C. Veith
                                          C. Hogan Paschal
                                          Carly E. Jonakin
                                          MILLER THIBODEAUX DYSART VEITH &
                                          PASCHAL, L.L.P.
                                          643 Magazine Street, Suite 405
                                          New Orleans, Louisiana 70130
                                          Telephone: (504) 977-9150
                                          kmiller@mtdvp.com
                                          pthibodeaux@mtdvp.com
                                          rveith@mtdvp.com
                                          hpaschal@mtdvp.com

7

cjonakin@mtdvp.com

DATED: July 14, 2026    BY:   */s/ Hugh Lambert*
            Hugh Lambert
            J. Christopher Zainey
            Brian Mersman
            LAMBERT ZAINEY SMITH & SOSO, APLC
            701 Magazine Street
            New Orleans, Louisiana 70130
            Telephone: (504) 581-1750
            Facsimile: (504) 529-2931
            hlambert@lambertainey.com
            czainey@lambertzainey.com
            bmersman@lambertzainey.com

DATED: July 14, 2026    BY:   */s/ John K. Dema*
            John K. Dema
            LAW OFFICES OF JOHN K. DEMA, PC
            1236 Strand Street, Suite 103
            Christiansted, St. Croix, VI 00820

DATED: July 14, 2026    BY:   */s/ Jennifer Jones*
            Jennifer Jones
            9003 Havensight Mall, Ste. 319
            St. Thomas, V.I. 00802
            Telephone: (340) 779-7386
            jjones@vienvironmentallaw.com

            Counsel for the *Boynes* Plaintiffs

DATED: July 14, 2026     BY: */s/ John K. Dema*
            John K. Dema (V.I. Bar. No. 357)
            LAW OFFICES OF JOHN K. DEMA, PC
            1236 Strand Street, Suite 103
            Christiansted, St. Croix, VI 00820
            Telephone: (340) 773-6142
            jdema@demalaw.com

DATED: July 14, 2026    BY: */s/ Hugh Lambert*
            Hugh Lambert
            J. Christopher Zainey, Esq.
            Brian Mersman, Esq.
            LAMBERT ZAINEY SMITH & SOSO, APLC
            701 Magazine Street
            New Orleans, Louisiana 70130
            Telephone: (504) 581-1750

8

Facsimile: (504) 529-2931
hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

Counsel for the *Moorhead* Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing with the Court's ECF system on July 14, 2026.


<u>*/s/ Y. Michael Twersky*</u>
Y. Michael Twersky