**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** *et al.* | : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**
**SUMMARY JUDGMENT, VENUE, AND RULE 702 MOTION DEADLINES**

In line with their patterned conduct, Defendants ask the Court to upend the very schedule it entered less than four months ago following an extensive scheduling conference, attempting again to postpone resolution of Plaintiffs' case contrary to Rule 1. The motion *sub judice* rests on a single premise: that extensions to the class briefing schedule, which <u>Defendants themselves have benefitted from</u>, overly compressed the close of certification briefing and the current August 5, 2026, dispositive motions. But this argument does not establish the good cause Defendants must show to warrant the relief they seek.

## I.    RELEVANT BACKGROUND

The Court's Scheduling Order (Dkt. No. 1731) vacated four prior schedules, including the June 11, 2024, Order (Dkt. No. 677), which required that dispositive and Daubert motions be filed thirty days after the Court's ruling on class certification. In place of this contingent-deadline approach, the Court set date-certain deadlines: class certification motions were due June 5, 2026, with responses due June 22, 2026; and motions for summary judgment, transfer of venue, or Rule 702 relief are due August 5, 2026, with responses due August 19, 2026. In light of ongoing settlement discussions between the parties, the Court extended the deadline by which Plaintiffs needed to move for class certification to June 15, 2026, with responses due no later than June 29, 2026. (Dkt. No. 1760). The Court pushed Defendants' class certification response deadline again

1

to July 10, 2026, with Plaintiffs' reply due July 20, 2026. (Dkt. No. 1766). The parties have complied with these deadlines without incident.

Defendants point to the resulting compression between close of class certification briefing and the still-operative dispositive motions deadline as good cause for their motion. But this sixteen-day period does not entitle Defendants to the relief they seek under Rule 16.

## II.    LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Strict adherence to a judge's scheduling order "is critical to achieving the primary goal of the judiciary: to serve the just, speedy, and inexpensive determination of every action." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006) (internal quotation omitted); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) ("[S]cheduling orders are at the heart of case management."). The standard for modifying deadlines in a judge's scheduling order is higher than that for amendments of party pleadings and places the focus on the moving party's due diligence rather than on the interests of justice or prejudice to the non-moving party. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp. Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The party moving for modification of the judge's scheduling order under Federal Rule of Civil Procedure 16(b)(4) bears the burden of demonstrating good cause and due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84.

## III.    ANALYSIS

Whether good cause exists "turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329 (3d Cir. 2009). Defendants have not demonstrated diligence in seeking their requested relief. The dispositive motion deadline has been set since March. (Dkt. No. 1731). Defendants have therefore known of the "good cause" that they claim for nearly five months. Yet Defendants have not raised this issue, including in the recent joint stipulation regarding the class

2

certification briefing schedule. (Dkt. No. 1786). Defendants instead waited to file the instant motion only nineteen days before the current dispositive-motion deadline.[1] Such "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 561 (D.N.J. 2022) (internal quotation omitted). And Defendants fail to acknowledge that the Court's June 10, 2026, Order extended Defendants' <u>own</u> certification opposition deadline by roughly eighteen days to Defendants' <u>benefit</u>, not prejudice.

Defendants have not demonstrated any inability to meet the Court's current deadlines. There is no rule that a "motion for summary judgment cannot be filed before class certification is resolved." *See In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, No. 20-22207-CIV, 2022 WL 18586131, at *1 (S.D. Fla. Nov. 21, 2022). And there is "no legal basis for conflating class certification issues with the litigation of the merits of Plaintiffs' claims." *In re Broiler Chicken Grower Antitrust Litig. (No. II)*, No. 6:20-MD-2977-RJS-CMR, 2024 WL 3223665, at *5 (E.D. Okla. June 7, 2024) (quotation omitted). Moreover, here Defendants fail to articulate any reason as to why or how resolution of class certification will impact their ability to move for summary judgment under the current deadline. To the contrary, and by way of example, to this point BP has (erroneously) challenged Plaintiffs' claims on the basis that it was a mere contractual counterparty and not an owner/operator of the Limetree Bay Refinery. (*See, e.g.*, Dkt. No. 1364 ("Motion to Dismiss") at 2).[2] To the extent BP reasserts this argument in moving for summary judgment, the

---

[1] Notably, Limetree Bay Ventures, LLC, Limetree Bay Energy, LLC, and EIG Global Energy Partners, LLC joined this motion "solely in an abundance of caution, as they have entered into a proposed settlement agreement with Plaintiffs that is the subject of a pending motion for preliminary approval," which, should it be granted, will moot their joinder in the motion. (Dkt. No. 1804-1 at 2). This motion is primarily driven by BP Products North America, Inc.'s ("BP") desires, rather than any case-wide necessity.

[2] Plaintiffs have vigorously opposed this argument in the past (*see* Dkt. No. 1402) and will continue to do so. Further, the Court denied BP's Motion to Dismiss on April 20, 2026 (Dkt. No. 1740), finding, among other things, that "Plaintiffs sufficiently plead tort claims arising from BP Products' alleged role in managing and restarting the Facility . . . ."

3

Court's pending decision on class certification does not impact BP's ability to make that argument again.

As for the Rule 702 motions, Defendants are not being "force[d] to brief in the dark" (Dkt. No. 1804-1 at 5); Defendants already briefed the issues bearing on the relevant experts in their certification opposition. (Dkt. No. 1793 at 35–46). And Defendants have not demonstrated what impact an undecided class certification motion would have on their ability to make their venue arguments. The number of individual claimants alone—regardless of whether a class is ultimately certified—is such that the facts bearing on transfer, if any exist, exist now. Defendants do not need a ruling on class certification to know that; Defendants already do.

Worse, Defendants' preferred relief would prejudice Plaintiffs, as it risks delaying trial. The requested extension would render the dispositive motions deadline contingent on an unscheduled future ruling, reviving the open-ended structure the Court specifically abandoned when it vacated the June 11, 2024 Order's deadlines and replaced them with set dates, reason alone to deny the relief Defendants seek. *E.g.*, *Professional Adjusting Sys. of Am., Inc. v. General Adjustment Bureau, Inc.*, 55 F.R.D. 404, 405 (E.D. Pa. 1972) ("[T]he Court cannot deem reasonable an extension of time which is dependent on the deciding of a motion to transfer."). Shifting the schedule in this way would render every pretrial deadline <u>and the trial date itself</u> contingent on the timing of a ruling with no date certain, which would, in turn, entirely displace the current pretrial deadlines and potentially force yet another round of schedule modifications on the eve of trial preparation. *See In re Broiler Chicken*, 2024 WL 3223665, at *4 (quotation omitted) ("[D]elay of summary judgment would substantially delay all other contingent trial preparations, such as submission of exhibit lists, deposition designation, jury instructions, and motions in limine—all of which depend on the court's summary judgment decision."). Because of contamination from the releases, Plaintiffs and the putative class have been forced to endure "the health costs of drinking,

cooking with, or bathing in oil-contaminated water" for more than five years. *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024). Plaintiffs cannot wait any longer for resolution of their claims.

Rather than account for this prejudice, Defendants improperly rely on *Reese v. U.S. Airways, Inc.*, for the proposition that an extension is appropriate if it will not affect the trial date. (Dkt. No. 1804-1 at 4 (citing *Reese v. U.S. Airways, Inc.*, No. 2010-088, 2011 U.S. Dist. LEXIS 119504, at *1–4 (D.V.I. Oct. 14, 2011))). But, as Defendants note, *Reese* "extend[ed] discovery and expert deadlines" while leaving "the dispositive motion deadline and trial date . . . unchanged." *Id.* The relief Defendants seek here would have the opposite effect—directly changing the dispositive motion deadline and thereby likely impacting the trial date.

Defendants' lack of diligence in seeking this relief and failure to articulate any reasonable basis for seeking it are more than sufficient to find Defendants failed to show "good cause" to amend the Scheduling Order and, thus, the motion should be denied. In addition, however, Defendants ignore the significant prejudice to Plaintiffs should Defendants' motion be granted, which provides further compelling support for denying Defendants' motion. This litigation has been pending since 2021 and has already been rescheduled numerous times. Plaintiffs and the putative class members have waited more than five years for a resolution on the merits, and continued uncertainty over the dispositive motions' resolution, particularly the open-ended uncertainty of Defendants' preferred relief, imposes real harm on Plaintiffs and the putative class. *See Shirsat v. Mut. Pharm. Co. Inc.*, No. CIV.A 93-3202, 1995 WL 695109 at *2 (E.D. Pa. Nov. 21, 1995) (citing *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)) (emphasizing that a plaintiff "enjoys the right to pursue his case and to vindicate his claim expeditiously").

## IV.    CONCLUSION

Defendants fail to demonstrate good cause to justify amending the Scheduling Order in this matter, and their request would prejudice Plaintiffs with further delay of the ultimate resolution of their claims. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion.

Respectfully submitted,

DATED: July 21, 2026

BY: /s/ *Daniel H. Charest*
Warren T. Burns, Esq.
Daniel H. Charest, Esq.
Martin D. Barrie, Esq.
Quinn M. Burns, Esq.
Anna Katherine Benedict, Esq.
BURNS CHAREST LLP
901 Main Street, Suite 5800
Dallas, Texas 75202
Telephone: (469) 904-4550
wburns@burnscharest.com
dcharest@burnscharest.com
mbarrie@burnscharest.com
qburns@burnscharest.com
abenedict@burnscharest.com

DATED: July 21, 2026

BY: /s/ *Korey A. Nelson*
Korey A. Nelson, Esq.
H. Rick Yelton, Esq.
BURNS CHAREST LLP
201 Saint Charles Avenue, Suite 2900
New Orleans, LA 70170
Telephone: (504) 799-2845
knelson@burnscharest.com
ryelton@burnscharest.com

DATED: July 21, 2026

BY: /s/ *Timothy W. Burns*
Timothy W. Burns
BURNS BAIR LLP
10 E. Doty Street, Suite 600
Madison, Wisconsin 53703
Telephone: (608) 286-2302
tburns@burnsbair.com

DATED: July 21, 2026

BY: /s/ *Vincent Colianni II*
Vincent Colianni, II, Esq.

6

Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

DATED: July 21, 2026          BY:  */s/ C. Jacob Gower*
                                   C. Jacob Gower, Esq.
                                   GOWER LEGAL LLC
                                   1919 Pine Street
                                   New Orleans, LA 70118
                                   Telephone: (337) 298-9734
                                   jacob@gowerlegal.com

                                   Counsel for the *Shirley* Plaintiffs

DATED: July 21, 2026          BY:  */s/ Y. Michael Twersky*
                                   Shanon J. Carson, Esq.
                                   Yechiel Michael Twersky, Esq.
                                   John Kerrigan, Esq.
                                   BERGER MONTAGUE PC
                                   1818 Market Street, Suite 3600
                                   Philadelphia, PA 19103
                                   Telephone: (215) 875-3000
                                   scarson@bm.net
                                   mitwersky@bm.net
                                   jkerrigan@bm.net

DATED: July 21, 2026          BY:  */s/ Lee J. Rohn*
                                   Lee J. Rohn, Esq.
                                   Rhea R. Lawrence, Esq.
                                   1108 King Street, Suite 3 (mailing)
                                   56 King Street, Third Floor (physical)
                                   Christiansted, St. Croix
                                   U.S. Virgin Islands 00820
                                   Telephone: (340) 778-8855
                                   lee@rohnlaw.com
                                   rhea@rohnlaw.com

                                   Counsel for the *Cotton* Plaintiffs

DATED: July 21, 2026          BY:  */s/ Kerry J. Miller*
                                   Kerry J. Miller, Esq.
                                   Paul C. Thibodeaux, Esq.

7

Rebekka C. Veith, Esq.
C. Hogan Paschal, Esq.
Carly E. Jonakin, Esq.
MILLER THIBODEAUX DYSART VEITH &
PASCHAL, L.L.P.
643 Magazine Street, Suite 405
New Orleans, Louisiana 70130
Telephone: (504) 977-9150
kmiller@mtdvp.com
pthibodeaux@mtdvp.com
rveith@mtdvp.com
hpaschal@mtdvp.com
cjonakin@mtdvp.com

DATED: July 21, 2026                    BY:  _/s/ Hugh Lambert_____
Hugh Lambert, Esq.
J. Christopher Zainey, Esq.
Brian Mersman, Esq.
LAMBERT ZAINEY SMITH & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

DATED: July 21, 2026                     BY:  _/s/ John K. Dema_____
John K. Dema, Esq.
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820

DATED: July 21, 2026                    BY:  _/s/ Jennifer Jones_____
Jennifer Jones, Esq.
9003 Havensight Mall, Ste. 319
St. Thomas, V.I. 00802
Telephone: (340) 779-7386
jjones@vienvironmentallaw.com

Counsel for the *Boynes* Plaintiffs

DATED: July 21, 2026                    BY: _/s/ John K. Dema_____
John K. Dema, Esq. (V.I. Bar. No. 357)
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820
Telephone: (340) 773-6142

8

jdema@demalaw.com

DATED: July 21, 2026                    BY: */s/ Hugh Lambert*
Hugh Lambert, Esq.
J. Christopher Zainey, Esq.
Brian Mersman, Esq.
LAMBERT ZAINEY SMITH & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

Counsel for the *Moorhead* Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Court's ECF system on July 21, 2026, which sent notice to counsel of record.

*/s/ Daniel H. Charest*
Daniel H. Charest

9