**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al., Plaintiffs, <br><br> v. <br><br> LIMETREE BAY VENTURES, LLC, et al., Defendants. | Civil Action No. 2021-0253 |

### DEFENDANT LIMETREE BAY TERMINALS, LLC'S JOINDER TO PLAINTIFFS' MEMORANDUM ON PROPOSED BAR ORDER

Defendant Limetree Bay Terminals, LLC ("LBT") joins plaintiffs' Memorandum on the Proposed Bar Order (Dkt. No. 1790) and asks the Court to enter the proposed bar order attached as Exhibit B to plaintiffs' memorandum (Dkt. No. 1790-2).

The Contractor Defendants' insurance policies cover claims against the Contractor Defendants. Those insurance policies also cover claims against "additional insureds," which are entities other than the Contractor Defendants. Here, the Contractor Defendants agreed to add LBT as an additional insured. Thus, LBT has sought insurance coverage from the Contractor Defendants' insurers for the plaintiffs' claims against LBT. LBT's ability to obtain insurance coverage from those insurers for the plaintiffs' claims against LBT does not depend on plaintiffs' or LBT's claims against the Contractor Defendants or their liability to the plaintiffs or LBT.

Thus, LBT's claims against the Contractor Defendant's insurers (which the Contract Defendants attempt to include in the bar order) are "truly independent claims [] beyond the scope of a settlement bar." *See In re PNC Fin. Servs. Grp., Inc.*, 440 F. Supp. 2d 421, 451 (W.D. Pa. 2006). If LBT seeks insurance under that policy, LBT is not attempting to shift to the Contractor Defendant any part of the liability asserted by plaintiffs. LBT instead seeks to enforce rights against insurers that the insurance policy gives LBT directly. Those rights arise from the insurance itself, not from the Contractor Defendant's alleged liability to plaintiffs or LBT.

1

Contrary to the Contractor Defendants' position, preserving LBT's claims against those insurers is consistent with the Contractor Defendants' settlements. Each provides that the bar order is "intended to preclude any liability of [the Contractor Defendant] and any of its . . . insurers" for any "claim that arises from a Plaintiffs' or Settlement Class Members' claim *and* where the alleged injury or damage to such person or entity *arises from [the Contractor Defendant's] alleged liability* to a Plaintiff, the Class, or any Settlement Class Member." See, e.g., Dkt. No. 1744-1 at 19 (emphasis added). LBT's claims against the Contractor Defendants' insurers do not arise from the Contractor Defendants' alleged liability to the plaintiffs. So those claims do not fall within the intent of the bar order.

That intent is also reflected in the definition of Non-Released Parties because it includes "any of the Defendants in the Litigation (including their . . . insurers . . . ) . . . ." See, e.g., Dkt. No. 1744-1 at 6. That encompasses the Contractor Defendants' insurers because they are also LBT's insurers. The definition of each Contractor Defendant expressly "excludes any Non-Released Parties." That means that barring claims against the Contractor Defendants does not include claims against the Contractor Defendants' insurers in their capacity as LBT's insurers.

With that background, it becomes clear that it is the Contractor Defendants who are trying to expand the prior agreement. The prior agreement did not attempt to bar claims by LBT against the Contractor Defendants' insurers in their capacity as insurers of LBT. The Contractor Defendants' new proposed bar order, created during the parties' recent negotiations, seeks to extend the bar to apply to claims like that. The Court should reject that gambit.

For the same reason, the Contractor Defendants' arguments that this issue somehow should have been raised earlier is misplaced. This only arose once the Contractor Defendants sought to broaden the bar order after the settlements were submitted for court approval.

Date: July 24, 2026

**Beckstedt & Kuczynski LLP**

s/ Carl A. Beckstedt III
Carl A. Beckstedt III, Esq.
VI Bar No. 684
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: 340-719-8086 / Fax: 800-886-6831
carl@beckstedtlaw.com

**Weinberg Wheeler Hudgins Gunn & Dial, LLC**

*s/ Shubra Mashelkar*
Shubhra Mashelkar, Esq.
Georgia Bar No. 475388
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
Tel: 404-876-2600 / Fax: 404-875-9433
smashelkar@wwhgd.com
*Admitted Pro Hac Vice (1:21-cv-00253)*

*Attorneys for Defendant Limetree Bay Terminals, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 24, 2026, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing through the Notice of Electronic Filing to all parties through their counsel of record.

s/ Carl A. Beckstedt III

3