**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLIFFORD BOYNES,** ***et al*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 1:21-253** |
| | : | |
| **LIMETREE BAY VENTURES, LLC,** ***et al*** | : | |
| | : | |

# BAR ORDER

**AND NOW**, this 27th day of August 2026, consistent with the parties' agreements preliminarily approved in today's accompanying Preliminary Approval Order as to less than all defendants, and for good cause, we enter this **BAR ORDER** upon finding:

A. Plaintiffs in Nos. 2021-0253, 2021-0259, 2021-0260, and 2021-0261 (the "Consolidated Cases" or the "Litigation") Clifford Boynes, Margaret Thompson, Delia Almestica, Edna Santiago, Guidrycia Wells, Mary L. Moorhead, Sirdrina Isaac-Joseph, Esther Clifford, Ryan Alleyne, Agnes Augustus, Alvina Jean-Marie Ilaraza, Helen Shirley, Cristel Rodriguez, John Sonson, Isidore Jules, Virginie George, and Minor Child O.N. (collectively, "Plaintiffs") on behalf of themselves and any Settlement Class Members as defined in Plaintiffs' respective settlement agreements with Settling Defendants (defined below) have entered and intend to enter into Class Action Settlement Agreements with certain defendants to the Litigation;

B. This Court, on February 16, 2026 (ECF 1686), entered an Order granting preliminary approval of settlements reached between Plaintiffs and ArcLight Capital Partners, LLC ("ArcLight CP"), ArcLight Energy Partners Fund VI,L.P. ("ArcLight Energy"), ArcLight Limetree AIV, L.P. ("ArcLight Limetree,"), Limetree Bay Holdings, LLC ("LBH"), Limetree Bay Preferred Holdings, LLC ("LBPH," and together with ArcLight Limetree, ArcLight Energy, ArcLight CP, and LBH

"ArcLight"), and Freepoint Commodities, LLC ("Freepoint") (the "ArcLight/Freepoint Agreement"), and Pinnacle Services, LLC (the "Pinnacle Agreement," and together with the ArcLight/Freepoint Agreement, the "Group 1 Agreements") (ArcLight, Freepoint, and Pinnacle collectively, the "Group 1 Settling Defendants");

C. Plaintiffs and Versa Integrity Group, Inc. ("Versa") entered into a Class Action Settlement Agreement dated October 14, 2025 (the "Versa Agreement"), which is conditioned upon entry by the Court of a Bar Order as set forth in Section 24 of the Agreement;

D. Plaintiffs and Universal Plant Services (VI), LLC ("UPS") entered into a Class Action Settlement Agreement dated October 24, 2025 (the "UPS Agreement"), which is conditioned upon entry by the Court of a Bar Order as set forth in Section 25 of the UPS Agreement;

E. Plaintiffs and Elite Turnaround Specialists, Ltd. ("Elite") entered into a Class Action Settlement Agreement dated November 25, 2025 (the "Elite Agreement"), which is conditioned upon entry by the Court of a Bar Order as set forth in Section 24 of the Elite Agreement;

F. Plaintiffs and Excel Construction and Maintenance VI, Inc. ("Excel") entered into a Class Action Settlement Agreement dated May 7, 2026 (the "Excel Agreement"), which is conditioned upon entry by the Court of a Bar Order as set forth in Section 25 of the Excel Agreement;

G. The Versa, UPS, Elite, and Excel Agreements shall refer collectively to the Group 2 Agreements, and Versa, UPS, Elite, and Excel as the Group 2 Settling Defendants;

H. Defendant BP Products North America Inc. ("BP") filed an Answer, Affirmative Defenses and Cross-Claim (Dkt. No. 1743) against certain defendants to this action (the "Cross-

Claim") on May 4, 2026;

I. BP has agreed to voluntary withdrawal of its Cross-Claim as to any Settling Defendants on the condition this Bar Order applies to all earlier, pending, and future Settlement Agreements between Plaintiffs and any Defendant to this Litigation, including but not limited to the Group 1 Settling Defendants, Group 2 Settling Defendants, and the Group 3 Settling Defendants;

J. No other Defendant filed a Cross-Claim;

K. Plaintiffs, on one hand, and Limetree Bay Ventures, LLC ("LBV"), Limetree Bay Energy, LLC ("LBE"), and EIG Global Energy Partners, LLC ("EIG GEP") (collectively, the "EIG Defendants" or the "Group 3 Settling Defendants"), on the other hand, entered into a Class Action Settlement Agreement (the "Group 3 Agreement") on July 13, 2026 conditioned upon entry by the Court of a Bar Order as set forth in Section XIV, 6 of the EIG Agreement (ECF 1796-2); and,

L. To protect the rights of Remaining Defendants (defined below) to have the trier of fact allocate fault amongst all Defendants to the Litigation regardless of whether they have settled before trial, the provisions of this Bar Order apply to all pending, earlier, and future Settlement Agreements between Plaintiffs and a Defendant that, before trial, has been, is, or is hereafter dismissed from this Litigation by reason of settlement with Plaintiffs (each, a "Settling Defendant," and collectively, the "Settling Defendants"), including but not limited to the Group 1 Settling Defendants, Group 2 Settling Defendants, and the Group 3 Settling Defendants, and shall amend and supersede any inconsistent provision in the Group 1 Agreements previously preliminarily approved at ECFs 1686 and 1687, the Group 2 Agreements, and/or the Group 3 Agreement:

**IT** is **ORDERED,** upon finding the terms are fair and consistent with the parties' negotiated agreement and today's accompanying Order of preliminary approval of a settlement class settlement as to less than all Defendants:

1. Any and all Defendants to this action are barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim, whether styled as a cross-claim, a third-party claim, or as a claim in a separate action or in some other way, against Settling Defendants and any of their predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, insurers, and reinsurers arising under any federal, state, U.S. Virgin Islands, or foreign statutory or common-law rule, however styled, whether for common law, implied, contractual, or express indemnification, or contribution, or otherwise denominated, including claims for breach of contract or for negligence, where the claim is or arises from Plaintiffs' claims in the Litigation and the alleged injury to such person or entity arises from that person's or entity's alleged liability to a Plaintiff or any Settlement Class Member, including any claim in which a person or entity seeks to recover from Settling Defendants and any of their predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, insurers, and reinsurers for (i) any amounts such person or entity has paid or might become liable to pay to a Plaintiff, the Class, or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by a Plaintiff, the Class, or any Settlement Class Member. Except as provided below in paragraph 3, all such claims are extinguished, discharged, satisfied, and unenforceable.

2. This Bar Order is intended to, and shall have the effect of, precluding any liability of the Settling Defendants and any of their predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, insurers, and reinsurers to any of the Defendants or any of their predecessors, successors, direct or indirect subsidiaries, affiliates, assigns, insurers, and reinsurers for common law, implied, contractual, or express indemnification, contribution, or otherwise, on any cross-claim, third-party, or other claim that arises from a Plaintiffs' or Settlement Class Members' claim and where the alleged injury or damage to such person or entity arises from Settling Defendants' alleged liability to a Plaintiff, the Class, or any Settlement Class Member.

3. Notwithstanding the terms of 1 and 2 above, with respect to any joint and several claim (*i.e.*, any claim in the operative complaint other than punitive damages directed at a specific party or any claim pled against a specific party that is not joint and several) which may be asserted against a Defendant who has not been dismissed from this action, either by reason of settlement or otherwise (the "Remaining Defendants"), the following shall apply:

   (i) **Verdict form.** For any claim in this Litigation submitted by the Court to the trier of fact, any Settling Defendant shall be included on the verdict form or other fact-finding instrument with any Remaining Defendant, so the trier of fact can determine the proportionate share of fault attributable to each. For the avoidance of doubt, and notwithstanding BP's voluntary withdrawal of the Cross-Claim as to any Settling Defendants as a condition of this Bar Order, for purposes of the verdict form and apportioning fault, each and every Settling Defendant shall be deemed to qualify as a "defendant" to the Litigation against whom "recovery is allowed" under 5 V.I.C. § 1451(d) or other applicable statute or common law by which the trier of fact will allocate

the proportionate share of fault attributable to each such defendant, regardless of Settling Defendants' settlement or dismissal from the Litigation prior to the allocation of fault under this subsection (i). Plaintiffs shall not object, on the basis that Settling Defendants are not parties to this action or are not a "defendant" to the Litigation against whom "recovery is allowed" under 5 V.I.C. § 1451(d), to the inclusion of Settling Defendants on the verdict form and the submission of evidence of their conduct and fault for purposes of apportionment of all categories of damages subject to joint and several liability. Nothing in this Bar Order precludes a party from moving under Rule 50 of the Federal Rules of Civil Procedure at the close of evidence presented at trial to narrow the list of Defendants to be listed on the verdict sheet or from arguing to the trier of fact regarding the proportionate share of fault to be allocated to any Defendant on the verdict form to the extent otherwise permitted. Nor does this Bar Order allow the submission of inadmissible evidence at trial, including evidence (fact or expert) that has not been disclosed and/or produced in discovery, which is now closed. Any such and all other objections are preserved under this Bar Order. Additionally, no finding, allocation, or apportionment of fault (including any allocation of punitive damages) made against any Settling Defendant under this subsection shall (a) constitute an adjudication of liability against any Settling Defendant outside of this proceeding, (b) have any res judicata, collateral estoppel, or issue- or claims-preclusive effect against any Settling Defendant in any proceeding, or (c) be admissible against any Settling Defendant in any other action, the same being made solely for the limited purpose of fault apportionment among Remaining Defendants.

(ii) **Proportionate Reduction.** Any Remaining Defendant shall be entitled to a reduction of the judgment equal to the greater of (1) the proportionate share of fault allocated by the trier of fact to Settling Defendants, as reflected in a final, non-appealable judgment or (2) the dollar amount of Settling Defendants' total settlements. Notwithstanding 5 V.I.C. § 1451 or any other applicable statutory or common-law rule: (A) no Remaining Defendant shall be responsible for the proportionate share of fault allocated by the trier of fact to Settling Defendants; and (B) no Remaining Defendant shall be responsible for any judgment entered in favor of any Plaintiff or Settlement Class Member in an amount greater than the share of fault apportioned to that Remaining Defendant by the trier of fact under subsection (i) of this Section. The specific portion of any final, non-appealable judgment found by the trier of fact to be the responsibility of any Settling Defendant that exceeds the dollar amount of that Settling Defendant's settlement with Plaintiffs shall not be recoverable by any Plaintiff or Settlement Class Member, and each Plaintiff and Settlement Class Member expressly agrees to disclaim any right of recovery with respect to such portion and agrees to forfeit it.

4. Each and every Settling Defendant is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any former, current, and future Defendants to this action, whether styled as a cross-claim, a third-party claim, or a separate action in some other way, arising under federal, state, U.S. Virgin Islands, or foreign statutory or common-law rule, common law, contractual and express indemnification or contribution, or otherwise denominated, including claims for breach of contract and for negligence, where the claim arises from Plaintiffs' claims and the alleged injury to a Settling Defendant arises from its alleged liability to the Class or any Settlement Class Member, including any claim in which a Settling Defendant seeks to recover from any person or entity (including another Released Party) (i) any amounts Settling

Defendants have paid or might become liable to pay to the Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Settlement Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

5. Nothing in this Bar Order operates to extinguish, discharge, satisfy, render unenforceable, bar, enjoin, restrain, release, or otherwise affect or preclude any rights or claim that any Defendant may have or seek to assert against any insurer or reinsurer in that Defendant's capacity as an insured or an additional insured under any insurance policy (or under any reinsurance contract), including under any insurance policy (or under any reinsurance contract) issued to or covering any other Settling Defendant. The provisions of paragraphs 1(a) through 1(d) of this Bar Order do not apply to rights and claims preserved by this paragraph 1(e). This paragraph 1(e) does not apply to the following policies: Illinois Union Insurance Company, policy no. CPYG24882895 007; National Fire & Marine Insurance Company, policy no. 42-XIF-100868-03; Westchester Surplus Lines Insurance Company, policy no. G72503284 001; Scottsdale Insurance Company, policy no. ENS0008376; Ace American Insurance Company, policy no. PHF D38250097 004; Indian Harbor Insurance Company, policy nos. CEO7420840, CEO742084004, CEO742084005, CEO742084006,CEO742084007, and CEO742084008; Lloyd's of London Syndicate 1084 and Apollo Liability Consortium 9984, as joint subscribers, policy no. ENCAS2000011; and AXIS Surplus Insurance Company, policy no. EAU646295/01/2020; provided, however, that this paragraph 1(e) continues to apply to and preserve rights and claims made under all of these listed policies by Limetree Bay Terminals, LLC, LBV, or LBE and, further, this paragraph 1(e) continues to preserve rights and claims as to all policies not listed.

6. No response to the BP Cross-Claim is required by Settling Defendants and BPs Cross-Claim is hereby withdrawn as to a Settling Defendant by entry of this Bar Order.

7. This Bar Order is effective immediately; provided, however, if the Court does not grant final approval of any Settlement Agreement, or if such Settlement Agreement does not reach the Effective Date for any reason, then the Defendant(s) party to such Settlement Agreement(s) shall be deemed never to have been a "Settling Defendant" hereunder for any purpose and shall revert to being a "Remaining Defendant" under the terms of this Bar Order.

**KEARNEY, J.**